IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY § | | Civil Action No. |
| § | | 4:11-CV-03061-GHM |
| Plaintiff, § | | |
| v. § | | |
| § | | |
| T. WADE WELCH & ASSOCIATES, § | | |
| ROSS W.WOOTEN, T. WADE WELCH, § | | |
| AND JOSEPH H. BOYLE § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS T. WADE WELCH & ASSOCIATES AND T. WADE WELCH'S PARTIAL REPLY TO ONEBEACON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a), 9(b), 12(b)(1) & 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now, T. Wade Welch & Associates and T. Wade Welch, and file this Partial Reply to OneBeacon's Memorandum of Law in Opposition to Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 8(a), 9(b), 12(b)(1) & 12(b)(6).[1]  Dkt. No. 21.  In support thereof, T. Wade Welch & Associates and T. Wade Welch (the "Welch Defendants") state as follows:

OneBeacon has failed to elucidate any reasons for denying the Welch Defendants Motion to Dismiss OneBeacon's Fifth Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Welch Defendants moved to dismiss the Fifth Cause of Action because it was based on contingent future events.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("[a]

---

[1] This reply addresses OneBeacon's response relating to *Defendants T. Wade Welch & Associates and T. Wade Welch's Motion to Dismiss OneBeacon's Fifth Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(1)*.  The Welch Defendants intend to file a separate reply relating to the *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8(a), 9(b) & 12(b)(6)*.

1

claim is **not** ripe for adjudication if rests upon **contingent future events that may not occur as anticipated, or indeed may not occur at all**.")  First, the Colorado Office of Attorney Regulation had not yet made a determination regarding "certain proceedings;" and second, DISH had not initiated any proceedings or made a monetary demand on either the Welch Defendants or OneBeacon. Dkt. No. 21.

OneBeacon now concedes, for the purposes of the Welch Defendants' Motion, that "DISH has not made a monetary claim demand on [the Welch Defendants] or filed a lawsuit against them" based on the *AirComm* Litigation. Dkt No. 32 at 44.[2]  Thus, OneBeacon is left with its contention that the Fifth Cause of Action is ripe because "certain proceedings . . . have not been concluded, and there is a real possibility that there will be future action taken against the Welch Defendants with those proceedings, for which the Welch Defendants will seek coverage under the 2008 Policy." *Id*. at 44-45.

Those "certain proceedings"[3] OneBeacon refers to are a Colorado OAR investigation—instigated by disgruntled opposing counsel for AirComm—stemming from a discovery dispute that occurred during the *AirComm* Litigation.  However, since the filing of the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Colorado OAR has concluded

---

[2] OneBeacon's argument regarding the expiration of the tolling agreements is confused and only lends support to the Welch Defendants vis-à-vis DISH's non-existent suit against them.  Also, the facts surrounding *AirComm* stand in stark contrast to the *Russian Media Group* Litigation, where DISH served OneBeacon with **two** *Stowers* Demands (December 2010 and June 2011), invited OneBeacon to attend the mediation between it and Russian Media Group and settled that case in August 2011.  In *AirComm*, there was no monetary demand by DISH on OneBeacon or on the Welch Defendants, neither OneBeacon nor the Welch Defendants were invited to attend any settlement mediations, and *AirComm* settled nearly a year before *Russian Media Group*.

[3] OneBeacon inexplicably filed its Response (Dkt. No. 32) in contravention to its own email stating that "The Court has ordered that any pleading filed in this matter referencing the Colorado investigation be filed under seal." Dkt No. 26, Exh. 1.  While OneBeacon attempts to skirt this requirement by reference to "certain proceedings," it then inserts a footnote, alluding to the fact that these "certain proceedings" are "**disciplinary proceedings**" related to the *AirComm* Litigation. Dkt. No. at 44, n.19 (emphasis in original).  This inappropriate gambit buttresses the Welch Defendant's position that OneBeacon seeks to wield the judicial process for improper purposes.  The Welch Defendants, in order to set the public record straight, are now forced to file this reply in the same manner as OneBeacon.  However, by doing so, the Welch Defendants are not waiving any rights asserted in their Motion for Protective Order (Dkt. Nos. 15, 20) or their Response in Opposition to OneBeacon's Motion to Unseal (Dkt No. 26).

its investigation. The Colorado OAR found, with the benefit of all the pleadings and relevant documents to review (i.e., **with the benefit of 20/20 hindsight)**, and with the right (and obligation) to pass on the Welch Defendants' conduct, that the Welch Defendants committed no wrongdoing. Exhibit 1 is a true and correct copy of the Colorado OAR letter.[4] OneBeacon must now admit there is now no possibility that there "will be future action taken against the Welch Defendants with those proceedings, for which the Welch Defendants will seek coverage under the 2008 Policy." Therefore, given OneBeacon's concession and the Colorado OAR's finding, OneBeacon's Fifth Cause of Action is necessarily moot.

Moreover, while not central to this Reply, it is interesting that OneBeacon makes heavy weather of the court's discovery order in the *AirComm* Litigation (Dkt. No. 32, at 44, n.19), glossing over the fact that the Welch Defendants—as noted in their Motion—did not participate in either the briefings or hearing on the matter before Judge Wheeler and were not allowed to defend themselves. Dkt. No. 21, at 7, n.3. But when given the opportunity to do just that before the Colorado OAR, the Welch Defendants were exonerated. Exh. 1. The fact the Colorado OAR has resolved the *AirComm* inquiry in the Welch Defendants' favor shows exactly why this information is protected and why it is an ethical violation to reveal such: because of the harm that can come to an attorney's reputation when another attorney makes a baseless claim against him with the state bar. *See* Dkt. No. 6. Thus, OneBeacon's attempts to portray the Welch Defendants as the bad actors are that much more egregious, given the ultimate result.[5] The consequences of OneBeacon's conduct will be addressed at the appropriate time.

---

[4] Although the Welch Defendants are forced to reference these proceedings given OneBeacon's conduct, the Welch Defendants do not think it is proper to set forth the contents of the OAR letters as a matter of public record; therefore, they are being filed under seal.

[5] Ironically, while attempting to cast the Welch Defendants in a negative light, OneBeacon itself has breached its duties to its insured under Texas law, failed to protect sensitive information and engaged in other questionable tactics. *See* Dkt. Nos. 24 & 30.

But as stated above, OneBeacon's claim is moot because "certain proceedings" have terminated; thus, the event that might have occurred is **certain not to** occur. *Texas*, 523 U.S. at 300 ("a claim is **not** ripe for adjudication if it rests upon **contingent future events that may not occur as anticipated, or indeed may not occur at all**.")  Accordingly, given that the Colorado OAR has found no wrongdoing, and because DISH has made no monetary demand or filed suit, this Court should dismiss OneBeacon's Fifth Cause of Action Pursuant to Federal Rule of Civil Procedure 12(b)(1).

RESPECTFULLY SUBMITTED this 14th day of December, 2011:

          **Miller, Scamardi & Carraba, P.C.**

          /s/ David L. Miller
          David L. Miller
          SBN 14067300
          Federal I.D. #8833
          6525 Washington Avenue
          Houston, Texas  77007
          TEL: (713) 861-3595
          FAX: (713) 861-3596
          dmiller@millerscamardi.com

          **ATTORNEYS FOR DEFENDANTS T. WADE WELCH & ASSOCIATES AND T. WADE WELCH**

*Of Counsel:*

Diane F. Burgess
SBN:  24036594
Federal I.D. #34380
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston, Texas  77007
TEL: (713) 861-3595
FAX: (713) 861-3596
dburgess@millerscamardi.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 14th day of December, 2011, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, or by United States First Class Mail, Return Receipt Requested, to the following:

| | |
|---|---|
| Veronica M. Bates | Ross W. Wooten |
| Alissa K. Christopher | 3126 Redgum Drive |
| William E. Murray | Katy, Texas 77449 |
| Barry G. Flynn | |
| *Attorneys for Plaintiff* | Joseph H. Boyle |
| | 820 Gessner, Suite 940 |
| | Houston, Texas 77024 |
| | *Named Defendants* |

/s/ David L. Miller