**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBEACON INSURANCE COMPANY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | 4:11-cv-03061-GHM |
| **T. WADE WELCH & ASSOCIATES, ROSS W.** | § | |
| **WOOTEN, T. WADE WELCH, AND JOSEPH** | § | |
| **H. BOYLE, CHAD HAGAN AND DAVID** | § | |
| **NOLL,** | § | |
| **Defendants.** | § | **JANUARY 19, 2012** |

**ONEBEACON INSURANCE COMPANY'S**
**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW OneBeacon Insurance Company, pursuant to the *Rule 16 Scheduling Order*, entered by the Court on January 3, 2012, and *Fed. R. Civ. P.* 15(a)(2), and files this amended original complaint for declaratory judgment and would show the Court the following:

**I.    THE PARTIES**

1.    Plaintiff, OneBeacon Insurance Company (hereinafter referred to as "Plaintiff" or "OneBeacon") is a Pennsylvania insurance corporation with its principal place of business located at 601 Carlson Parkway, Minnetonka, Minnesota 55305.

2.    Defendant T. Wade Welch & Associates (hereinafter referred to as the "Welch Firm") is a Texas company doing business in Texas that may be served at T. Wade Welch & Associates 2401 Fountainview Drive, Suite 700, Houston, Texas 77057.

3.    Defendant Ross W. Wooten (hereinafter referred to as "Wooten") is an individual citizen of Texas who may be served with process at his residence located at 3126 Redgum Drive, Katy, Texas 77449.

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 1**

4.     Defendant T. Wade Welch (hereinafter referred to as "Welch") is an individual citizen of Texas residing at 321 Bunker Hill Road, Houston, Texas 77024 who may be served with process at Welch & Associates, 2401 Fountainview Drive, Suite 700. Houston, Texas 77057.

5.     Defendant Joseph H. Boyle (hereinafter referred to as "Boyle") is an individual citizen of Texas residing at 5903 Madrone Meadow Drive, Katy, Texas 77494 and may be served at his place of business Hagan Noll & Boyle, LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024.

6.     Defendant Chad Hagan (hereinafter referred to as "Hagan") is an individual citizen of Texas who may be served at his place of business Hagan Noll & Boyle, LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024.

7.     Defendant David Noll (hereinafter referred to as "Noll") is an individual citizen of Texas residing who may be served at his place of business Hagan Noll & Boyle, LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024.

## II.   JURISDICTION

8.     The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57, 28 *U.S.C.* § 1332 and 28 *U.S.C.* § 2201.  There exists complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.  VENUE

9.     Venue is proper in this matter pursuant to 28 *U.S.C.* § 1391, because substantial part of the events or omissions giving rise to the claims occurred in this district.

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 2**

## IV.   FACTUAL ALLEGATIONS

### A.   <u>The 2007 Application</u>.

10.    The Welch Firm, by and through Welch, prepared, executed and submitted to OneBeacon an insurance application dated December 6, 2007 (hereinafter referred to as the "2007 Application") in connection with renewing its existing insurance coverage with OneBeacon.

11.    In the 2007 Application, the Welch Firm, by and through Welch, answered "No" to the following question:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

12.    In the 2007 Application, the Welch Firm, by and through Welch, "[d]eclare[d] after diligent inquiry that the above statements and particulars [in the 2007 Application] are true and that no material facts have been suppressed or misstated."

13.    Thereafter, OneBeacon issued Lawyers Professional Liability Policy No. LAP-0978-07 to the Welch Firm for the policy period December 20, 2007 to December 20, 2008 (the "2007 Policy").  The 2007 Policy has a retroactive date of January 4, 1995 and a $15,000 deductible for each claim as well as a $5,000,000 limit for each claim.  The aggregate deductible for each claim under the 2007 Policy is $15,000, and the aggregate limit of liability under the 2007 Policy is $5,000,000.

14.    OneBeacon relied upon the representations made in the 2007 Application in determining to issue and in issuing the 2007 Policy.

---

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 3**

**B.**     <u>The 2008 Application.</u>

15.     The Welch Firm, by and through Welch, prepared, executed and submitted to OneBeacon an insurance application dated December 19, 2008 (hereinafter referred to as the "2008 Application") in connection with renewing its insurance coverage with OneBeacon.

16.     In the 2008 Application, the Welch Firm, by and through Welch, answered "No" to the following question:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

17.     In the 2008 Application, the Welch Firm, by and through Welch, "[d]eclare[d] after diligent inquiry that the above statements and particulars [in the 2008 Application] are true and that no material facts have been suppressed or misstated."

18.     Thereafter, OneBeacon issued Lawyers Professional Liability Policy No. LAP-1734-08 to the Welch Firm for the policy period December 20, 2008 to December 20, 2009 (the "2008 Policy"). The 2008 Policy has a retroactive date of January 4, 1995 and a $15,000 deductible for each claim as well as a $5,000,000 limit for each claim. The aggregate deductible for each claim under the 2008 Policy is $15,000, and the aggregate limit of liability under the 2008 Policy is $5,000,000.

19.     OneBeacon relied upon the representations made in the 2008 Application in determining to issue and in issuing the 2008 Policy.

**C.**     **The 2007 Policy Language.**

20.     The 2007 Policy contains the following language:

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 4**

**VII.**   **EXCLUSIONS** -- This policy does not apply to:

    A.    any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the first Lawyers' Professional Liability Insurance Policy issued by us to the named insured and continuously renewed and maintained in effect to the inception of this policy period:

* * *

    2.    you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; [or]

    3.    you could foresee that a claim would be made against you;

* * *

21.    The term "You" is defined in the 2007 Policy as follows:

P.    **You** means:

    1.    the **named insured** and any **predecessor** of such entity;

    2.    any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured**, but only while performing **professional legal services** on behalf of it;

    3.    **your** lawful spouse, but only with respect to loss resulting from **professional legal services** of the **named insured;**

    4.    any lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured;**

    5.    any lawyer listed in the **named insured's** Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made, but only as respects **professional legal services** rendered by such lawyer while associated with a prior firm;

---

6.      any non-lawyer employee of independent contractor of the **named insured,** but only as respects **professional legal services** rendered on behalf of the **named insured;** and

7.      the estate, heirs, executors, administrators, assigns and representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent that **you** would otherwise be provided coverage under this policy.

(boldface in original).

22.     The 2007 Policy also contains the following language:

C.      Your Assistance and Cooperation

1.      **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim.  Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us.** **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have.  **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims,** assume any obligation or incur any expense, without **our** prior written consent.

(boldface in original).

23.     The 2007 Policy also contains the following language:

B.      **Application**
By acceptance of this policy, **you** agree that the statements made in the application are personal representations, that they are material and that this policy is issued in reliance upon such representations.  This policy represents all agreements existing between **you** and **us,** or any of **our** agents, relating to this insurance.

(boldface in original).

ONEBEACON  INSURANCE  COMPANY'S  AMENDED  COMPLAINT  FOR  DECLARATORY JUDGMENT—PAGE 6

**D.**     **The 2008 Policy Language.**

24.     The 2008 Policy contains the following language:

**VII.**     **EXCLUSIONS** – This policy does not apply to:

    A.     any **claim** arising out of a **wrongful act** occurring prior to the **policy period** if, prior to the effective date of the first Lawyers' Professional Liability Insurance Policy issued by **us** to the **named insured** and continuously renewed and maintained in effect to the inception of this **policy period**:

* * *

    2.     **you** had a reasonable basis to believe that **you** had committed a **wrongful act,** violated a disciplinary rule, or engaged in professional misconduct; [or]

    3.     **you** could foresee that a **claim** would be made against **you**;

* * *

25.     The term "You" is defined in the 2008 Policy as follows:

    P.     **You** means:

    1.     the **named insured** and any **predecessor** of such entity;

    2.     any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured,** but only while performing **professional legal services** on behalf of it;

    3.     **your** lawful spouse, but only with respect to loss resulting from **professional legal services** of the **named insured;**

    4.     any lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured;**

    5.     any lawyer listed in the **named insured's** Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made, but

---

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 7**

only as respects **professional legal services** rendered by such lawyer while associated with a prior firm;

6.   any non-lawyer employee of independent contractor of the **named insured,** but only as respects **professional legal services** rendered on behalf of the **named insured**; and

7.   the estate, heirs, executors, administrators, assigns and representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent that **you** would otherwise be provided coverage under this policy.

(boldface in original).

26.   The 2008 Policy also contains the following language:

B.   **Application**
By acceptance of this policy, **you** agree that the statements made in the application are personal representations, that they are material and that this policy is issued in reliance upon such representations.   This policy represents all agreements existing between **you** and **us,** or any of **our** agents, relating to this insurance.

(boldface in original).

E.   **The Connecticut Litigation.**

27.   EchoStar Communications Corporation n/k/a DISH Network Corporation and Kelly Broadcasting Systems, Inc. (collectively referred to as "DISH") made a claim against the Welch Firm and Wooten relating to sanctions ordered against DISH during the Welch Firm's representation of DISH ("DISH Claim") in the lawsuit styled *Russian Media Group, LLC v. EchoStar Communications Corporation and Kelly Broadcasting Systems, Inc.*, Civil Action Number 3:03-cv-01263-WWE in the United States District Court for the District of Connecticut (hereinafter referred to as the "Connecticut Litigation").

---

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 8**

28.    The Connecticut Litigation involves allegations that Russian Media Group, LLC ("RMG") purchased certain assets of SkyView World Media, LLC from SkyView's bankruptcy trustee and that DISH misappropriated and interfered with several of those assets in a number of ways.

29.    DISH asserts that the Welch Firm, through its agents, employees and attorneys, including Wooten, and Wooten individually, committed negligent acts, errors, and omissions during the representation of DISH, which resulted in a sanctions order that precluded DISH from contesting liability and/or damages and/or raising defenses to essentially all of the claims made by RMG in the Connecticut Litigation.

30.    Specifically, DISH asserts that the Welch Firm committed the following allegedly wrongful acts:

Mr. Wooten failed to serve any answers or objections (or any responses whatsoever) to RMG's discovery requests served on August 31, 2005 [hereinafter referred to as the "2005 Discovery"], resulting in the entry of an order on February 23, 2006 requiring DISH to respond to the discovery requests no later than March 16, 2006 [hereinafter referred to as the "2006 Discovery Order"]. The order further provided that should DISH fail to respond to the discovery by the Court's March 16, 2006 deadline, DISH would be precluded from: (a) disputing RMG's evidence as to any of the claims to which the requests related; and (b) asserting any defenses at issue in any unanswered discovery.

Without notifying, consulting with or obtaining approval from DISH, and notwithstanding his knowledge that DISH could not assemble the required responses within such a short period of time, Mr. Wooten agreed not only to the terms and conditions of the proposed discovery order but also to the terms of the sanctions to be imposed (which were ultimately imposed) for non-compliance.
Mr. Wooten failed to comply with the Court's order by providing unverified interrogatory answers to RMG that merely referred RMG to unspecified documents without providing references to particular Bates numbers that Wooten allegedly represented he would provide.

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 9**

On July 20, 2007, Magistrate Judge Fitzsimmons granted RMG's Motion for Sanctions (allegedly based upon Mr. Wooten's failure to comply with the court's order to respond to discovery requests) [hereinafter referred to as the "Sanctions Order"]. Mr. Wooten objected to the sanctions but allegedly took no steps to cure the alleged inadequacies in the discovery responses. On February 12, 2008, Judge Eginton affirmed the sanctions order.

31.    DISH alleges that in March of 2008, another lawyer in the Welch Firm saw a faxed letter to Wooten from RMG's counsel setting forth claims for hundreds of millions of dollars worth of damages and punitive damages and forwarded the letter to DISH.    This forwarded letter is allegedly the first notice to DISH of the 2006 Discovery Order, the Sanctions order, the February 12, 2008 order upholding the Sanctions Order, and/or the consequences of the sanctions order.    DISH asserts that it ultimately produced in excess of 5,000 pages of documents in response to RMG's discovery requests and moved to vacate the sanctions against it.    On October 27, 2010, Magistrate Judge Fitzsimmons heard DISH's Motion to Vacate Sanctions.  A ruling was never made on said motion, the Connecticut Litigation was resolved by settlement.

32.    Upon information and belief, Welch, as sole principal of the Welch Firm, was responsible for overseeing the Welch Firm's representation of DISH in the Connecticut Litigation , which was handled by Wooten, Boyle, and others while said individuals were employees, agents and/or attorneys with the Welch Firm.

33.    DISH requested that the Welch Firm, Welch individually, Wooten, and Boyle toll any statute of limitations relating to the DISH Claim, and the Welch Firm, Welch individually, Wooten, and Boyle executed written agreements tolling a statute of limitations relating to the DISH Claim.

F.      **The Colorado Litigation.**

34.     The Welch Firm, Welch individually, Boyle, Hagan, Noll and Attorney Damon H. Meeks ("Meeks") (another attorney employed by the Welch Firm), represented, provided legal advice to and/or performed legal services for DISH in the matter captioned *Air Communication & Satellite, Inc. v. Echostar Satellite Corporation*, Case No. 00CV3130, pending in the Colorado State District Court in Arapahoe County (the "Colorado Litigation").

35.     In the Colorado Litigation, DISH was under an obligation, as early as November 2002, to provide certain electronic information and documents to the plaintiff.

36.     DISH provided the Welch Firm with a laptop computer (the "Laptop") containing information and documents responsive to discovery requests of the plaintiff in the Colorado Litigation, which information and documents, as counsel to DISH, the Welch Firm was under an obligation to disclose, provide, and produce.

37.     The Welch Firm did not disclose the existence of the Laptop or its contents until about December 31, 2008, and it did not provide and/or produce the information on the Laptop until sometime in or about January 2009.

38.     The Welch Firm was found by the court in the Colorado Litigation to have wilfully withheld both the knowledge of the Laptop and the production of the Laptop and its contents.

39.     The Welch Firm's conduct in wrongfully withholding information concerning the Laptop and information stored on the Laptop occurred prior to the execution of the 2007 Application and the 2008 Application.

40.     The court in the Colorado Litigation entered certain orders adverse to DISH as a result of the lack of timely and proper compliance with discovery.

41.     In connection with the legal representation, advice, and services provided to it in the Colorado Litigation, DISH requested that the Welch Firm, Welch individually, Boyle, Hagan, and Noll toll any statute of limitations relating to claims DISH may have against the Welch Firm, Welch individually, Boyle, Hagan, and Noll relating to the Colorado Litigation.

42.     On or about December 9, 2009, the Welch Firm, Welch individually, Boyle, Hagan, and Noll executed written agreements tolling any statute of limitations relating to claims DISH may have against the Welch Firm, Welch individually, Boyle, Hagan, and Noll relating to the Colorado Litigation.

43.     Upon information and belief, the aforementioned tolling agreements relating to the Colorado Litigation remain in effect, and the statutes of limitations on DISH's claims against the Welch Firm, Welch individually, Boyle, Hagan, and Noll relating to the Colorado Litigation remain tolled.

## V.      FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS TO AVOID THE 2007 POLICY

44.     OneBeacon hereby incorporates by reference paragraphs 1 through 43 above as though said paragraphs were set forth more fully in this First Cause of Action.

45.     At the time the Welch Firm, by and through Welch, made the aforementioned representations in the 2007 Application, Welch knew that a court had determined that the actions of Welch and Wooten in the matter captioned *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, Civil Action No. 03-K-607 (D. Colo) were unreasonable and vexatious and

---

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 12**

ordered personal sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 U.S.C. § 1927. *See Dominion Satellite, Inc. v. EchostarSatellite, L.L.C.*, 430 F.3d 1269 (10th Cir. 2005).

46.     Welch's representation in the 2007 Application that Welch and members of his firm had never been fined or sanctioned was false and, upon information and belief, Welch knew said representation to be false when it was made.

47.     The aforementioned representations made by the Welch Firm, by and through Welch, on the 2007 Application were material to the risk insured and were relied upon by OneBeacon in determining to issue and in issuing the 2007 Policy.

48.     By making the aforementioned false representations in the 2007 Application, the Welch Firm, by and through Welch, intended to deceive OneBeacon.

49.     OneBeacon discovered the falsity of the aforementioned representations in the 2007 Application on or after May 31, 2011.

50.     Before the ninety-first (91st) day after discovering the falsity of the aforementioned representations in the 2007 Application and by letter dated August 19, 2011, OneBeacon gave notice to the Welch Firm and Welch individually that, based upon the aforementioned misrepresentations, it refused to be bound by the 2007 Policy.

51.     Based on the foregoing, OneBeacon seeks a declaration, pursuant to 28 U.S.C. 2201 & 2202, that the 2007 Policy is void *ab initio* or otherwise of no effect such that there is no coverage for the DISH Claim or any other claim under that policy.

## VI.    SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS TO AVOID THE 2008 POLICY

ONEB/1072626/11214761v.2

52.     OneBeacon hereby incorporates by reference paragraphs 1 through 43 above as though said paragraphs were set forth more fully in this Second Cause of Action.

53.     At the time the Welch Firm, by and through Welch, made the aforementioned representations in the 2008 Application, Welch knew that a court had determined that the actions of Welch and Wooten in the matter captioned *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, Civil Action No. 03-K-607 (D. Colo) were unreasonable and vexatious and ordered personal sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 *U.S.C.* § 1927. *See Dominion Satellite, Inc. v. EchostarSatellite, L.L.C.*, 430 F.3d 1269 (10th Cir. 2005).

54.     Welch's representation in the 2008 Application that Welch and members of his firm had never been fined or sanctioned was false and, upon information and belief, Welch knew said representation to be false when it was made.

55.     The aforementioned representations made by the Welch Firm, by and through Welch, on the 2008 Application were material to the risk insured and were relied upon by OneBeacon in determining to issue and in issuing the 2008 Policy.

56.     By making the aforementioned false representations in the 2008 Application, the Welch Firm, by and through Welch, intended to deceive OneBeacon.

57.     OneBeacon discovered the falsity of the aforementioned representations in the 2008 Application on or after May 31, 2011.

58.     Before the ninety-first (91st) day after discovering the falsity of the aforementioned representations in the 2008 Application and by letter dated August 19, 2011,

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 14**

OneBeacon gave notice to the Welch Firm and Welch individually that, based upon the aforementioned misrepresentations, it refused to be bound by the 2008 Policy.

59.     Based on the foregoing, OneBeacon seeks a declaration, pursuant to 28 *U.S.C.* 2201 & 2202, that the 2008 Policy is void *ab initio* or otherwise of no effect such that there is no coverage for the Laptop Claim or any other claim under that policy.

## VII.   THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST WOOTEN TO AVOID COVERAGE UNDER THE 2007 POLICY FOR LACK OF COOPERATION

60.     OneBeacon hereby incorporates by reference paragraphs 1 through 43 above as though said paragraphs were set forth more fully in this Third Cause of Action.

61.     Wooten has not cooperated with OneBeacon in its investigation and/or defense of the DISH Claim.

62.     Particularly, but not by way of any limitation, Wooten has failed and refused to (a) submit to examination and/or interrogation by OneBeacon's investigator; and (b) meet with OneBeacon's investigator for the purpose of investigating the DISH Claim.

63.     The foregoing failure and refusal of Wooten to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

64.     Based on the foregoing, OneBeacon seeks a declaration, pursuant to 28 *U.S.C.* 2201 & 2202, that there is no coverage under the 2007 Policy for Wooten relating to the DISH Claim.

## VIII.  FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS TO EXCLUDE COVERAGE UNDER THE 2007 POLICY

65.     OneBeacon hereby incorporates by reference paragraphs 1 through 43 above as though said paragraphs were set forth more fully in this Fourth Cause of Action.

66.     Prior to the effective date of the first policy issued by OneBeacon to the Welch Firm and continuously renewed and maintained in effect to the inception of the 2008 Policy, Attorney Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct in connection with the handling of the Connecticut Litigation.   Additionally, Attorney Wooten could foresee that a claim would be made against him and/or the Welch Firm as a result of Wooten's handling of the Connecticut Litigation.   Therefore, the exclusions set forth above preclude coverage for the DISH Claim under the 2007 Policy.

67.     Based on the foregoing, OneBeacon seeks a declaration, pursuant to 28 *U.S.C.* 2201 & 2202, that the DISH Claim is not covered under OneBeacon Lawyers' Professional Liability Policy # LAP-0978-07.

## IX.    FIFTH CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS TO EXCLUDE COVERAGE UNDER THE 2008 POLICY

68.     OneBeacon hereby incorporates by reference paragraphs 1 through 43 above as though said paragraphs were set forth more fully in this Fifth Cause of Action.

69.     Under the 2008 Policy, a "Claim" is defined, in part, as "a written request received by **you** to toll or waive a statute of limitations relating to a **potential claim**." (emphasis in original).

70.     By requesting that the Welch Firm, Welch individually, Boyle, Hagan, and Noll execute tolling agreements in connection with the Colorado Litigation, DISH asserted a claim

against the Welch Firm, Welch, Boyle, Hagan, and Noll in connection with the Colorado Litigation.

71.     OneBeacon was provided with a notice of potential claims by DISH against the Welch Firm, Welch individually, Boyle, Hagan, and Noll relating to the Colorado Litigation, which claims were made under the 2008 Policy.

72.     Prior to the effective date of the first policy issued by OneBeacon to the Welch Firm and continuously renewed and maintained in effect to the inception of the 2008 Policy, the Welch Firm had a reasonable basis to believe that it or one of its attorneys had committed a wrongful act in connection with the Colorado Litigation.  Additionally, the Welch Firm could foresee that a claim would be made against it and/or one of its attorneys as a result of the handling of the Colorado Litigation.  Therefore, the exclusions set forth above preclude coverage under the 2008 Policy for any claim DISH may have against the Welch Firm, Welch individually, Boyle, Hagan, and Noll in connection with Colorado Litigation.

73.     Based on the foregoing, OneBeacon seeks a declaration, pursuant to 28 *U.S.C.* 2201 & 2202, that any claim DISH may have in connection with the Colorado Litigation is not covered under OneBeacon Lawyers' Professional Liability Policy # LAP-1734-08.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff OneBeacon respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment in favor of Plaintiff for the following:

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 17**

1.  Declaration that OneBeacon's Policy No. LAP-0978-07 is void *ab initio* or otherwise of no effect such that there is no coverage for the DISH Claim;

2.  Declaration that OneBeacon's Policy No. LAP-0978-07 does not provide coverage for the DISH Claim;

3.  Declaration that OneBeacon has no obligation under its Policy No. LAP-0978-07 for the DISH Claim;

4.  Declaration that OneBeacon's Policy No. LAP-1734-08 is void *ab initio* or otherwise of no effect such that there is no coverage for the Laptop Claim and any other claim that may arise out of the facts surrounding the Colorado Litigation and/or the Laptop Claim;

5.  Declaration that OneBeacon's Policy No. LAP-1734-08 does not provide coverage for the Laptop Claim and any other claim that may arise out of the facts surrounding the Colorado Litigation and/or the Laptop Claim;

6.  Declaration that OneBeacon has no obligation under its Policy No. LAP-1734-08 for the Laptop Claim and any other claim that may arise out of the facts surrounding the Colorado Litigation and/or the Laptop Claim;

7.  All reasonable and necessary attorney's fees incurred by OneBeacon in this lawsuit; and

8.  All other relief to which OneBeacon is entitled.

Dated January 19, 2012.


THE PLAINTIFF,
ONEBEACON INSURANCE COMPANY

BY _____
Barry G. Flynn, Esq.
Gordon & Rees, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Phone: (713) 961-3366
Fax: (713) 961-3938
Email: bflynn@gordonrees.com

---

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 18**

William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
100 Pearl Street, 14th Floor
Hartford, CT 06103
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com

ONEB/1072626/11214761v.2

## CERTIFICATION OF SERVICE

I hereby certify that on January 19, 2012, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System.

Barry G. Flynn, Esq.
Gordon & Rees, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Phone: (713) 961-3366
Fax: (713) 961-3938
**EMAIL: BFLYNN@GORDONREES.COM**

**ONEBEACON INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT—PAGE 20**

ONEB/1072626/11214761v.2