IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY § <br> Plaintiff, § <br> § <br> V. § <br> § <br> T. WADE WELCH & ASSOCIATES, ROSS W. § <br> WOOTEN, T. WADE WELCH, AND JOSEPH § <br> H. BOYLE, CHAD HAGAN AND DAVID § <br> NOLL, § <br> Defendants. § <br> § | CIVIL ACTION NO. <br> 4:11-cv-03061-GHM <br><br> FEBRUARY 13, 2012 |

### ONEBEACON INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DISH NETWORK CORPORATION'S MOTION TO INTERVENE

The plaintiff, OneBeacon Insurance Company, through its undersigned counsel, hereby submits this memorandum in opposition to *DISH Network Corporation's Motion to Intervene* dated January 13, 2012 (the "*Motion to Intervene*").

I.  INTRODUCTION.

Dish Network Corporation ("DISH"), should not be permitted to intervene in this insurance coverage declaratory judgment action between OneBeacon Insurance Company ("OneBeacon") and its insured, T. Wade Welch & Associates (the "Welch Firm"), based upon admitted speculation that the outcome of this litigation "may" render DISH unable to obtain funds to satisfy a judgment against the Welch Firm that DISH does not yet have and may never obtain. Such a speculative and contingent interest cannot form the basis for mandatory or permissive intervention in this action by DISH.[1] In addition to being unable to establish the necessary direct, substantial, and legally

---

[1] While DISH claims that this Court has supplemental jurisdiction over its "proposed claims and defenses," nowhere has DISH articulated those alleged claims and defenses. Indeed, DISH cannot articulate any claims directly against OneBeacon, the insurer of the tortfeasor DISH claims caused it damage. *See infra* Section III.A.1. Nor would it be appropriate for DISH to rely upon its claims against the Welch Firm to establish diversity jurisdiction, as those legal malpractice claims are not properly asserted in this insurance coverage declaratory action. Finally, *Ruiz v. Estelle*, 161 F.3d 814 (5th Cir 1998), cited by DISH to support its claim that there is supplemental jurisdiction over its unstated claims and defenses is distinguishable because that case relied upon a federal statute, 18 *U.S.C.*

protectable interest, DISH likewise cannot establish that it is so situated that the disposition of this matter will impair any interest it may have. Nor can DISH establish that the existing parties to this litigation will not adequately protect any interest it may have.

DISH's request to intervene in this action should be seen for what it really is – an attempt to delay the orderly progression of this case[2] and put undue pressure on OneBeacon to infuse money to fund a settlement of its malpractice claims against the Welch Firm. Accordingly, DISH's *Motion to Intervene* should be Denied.

## II. FACTUAL BACKGROUND.

### A. The Claims Asserted and the DISH Malpractice Claim.

OneBeacon has set forth the factual background of this matter in great detail in *OneBeacon Insurance Company's Memorandum of Law in Opposition to Motions to Dismiss of T. Wade Welch & Associates and T. Wade Welch Pursuant to Fed. R. Civ. P. 8(a), 9(b) & 12(b)(6)* dated December 12, 2011 (Dkt. 32), so OneBeacon will not burden the court by reiterating all of those facts here. For the purposes of the motion at issue here, suffice it to say that DISH has asserted a legal malpractice claim (the "Malpractice Claim") against the Welch Firm in connection with its handling of the action captioned *Russian Media Group, LLC v. EchoStar Communications Corporation & Kelly Broadcasting Systems, Inc.*, Civil Action Number 3:03-cv-01263-WWE, pending in the United States District Court for the District of Connecticut (the "Russian Media Litigation").

The Welch Firm and its principal, T. Wade Welch ("Welch") (collectively, the "Welch Defendants"), requested coverage for the Malpractice Claim under a lawyers' professional liability insurance policy issued by OneBeacon to the Welch Firm for the period of time from December 20, 2007 to December 20, 2008 (the "2007 Policy"). OneBeacon filed this action on August 22, 2011,

---

§ 3626(a)(3)(F), that conveyed an explicit right of certain parties to intervene in matters relating to the operation state prison facilities and to oppose the relief sought. *See Ruiz*, 161 F.3d at 817.

[2] Although DISH's *Motion to Intevene* has not yet been ruled upon, and DISH has no claims pending against it in this action, DISH has filed a procedurally inappropriate motion to dismiss.

2

seeking, *inter alia*, a determination that the 2007 Policy is void *ab initio* as a result of the Welch Defendants' misrepresentations on their insurance application and, in the alternative, that coverage for the Malpractice Claim is excluded under the 2007 Policy.[3] Notwithstanding the fact that it became aware of this lawsuit within about a week after its filing, DISH waited almost five months to seek to intervene.

DISH's *Motion to Intervene* focuses on the First Cause of Action and Fourth Cause of Action in *OneBeacon's Amended Complaint for Declaratory Judgment* dated January 19, 2012 (Dkt. 52),[4] both of which relate to coverage under the 2007 Policy. The First Cause of action seeks a declaration that the 2007 Policy is void *ab initio* or otherwise of no effect as a result of material misrepresentations made by the Welch Firm on an application for insurance it submitted to OneBeacon.

The Fourth Cause of Action seeks a declaration that coverage is excluded for the Malpractice Claim, alleging that, prior to the effective date of the first policy issued by OneBeacon to the Welch Firm on December 20, 2006, Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct and/or that Wooten could foresee that a claim would be made against him and/or the Welch Firm in connection with the handling of the Russian Media Litigation.

The Welch Defendants have filed a counterclaim asserting claims for breach of contract, breach of the duty of good faith and fair dealing, violation of *Texas Insurance Code* §§ 541 & 542, negligence, and violation of the *Texas Deceptive Trade Practices Act. See Defendants T. Wade Welch & Associates and T. Wade Welch's First Amended Answer, Affirmative Defenses and*

---

[3] OneBeacon seeks similar declaratory relief with respect to a policy it issued to the Welch Firm for the period of time from December 20, 2008 to December 20, 2009 (the "2008 Policy"), and also seeks a declaration that defendant Ross W. Wooten ("Wooten"), an attorney formerly employed by the Welch Firm, is not afforded coverage under the 2007 Policy for his failure to cooperate with OneBeacon in investigating the Malpractice Claim.

[4] OneBeacon amended its complaint just six days after DISH filed its *Motion to Intervene*. However, the amendment does not appear to have substantive impact on DISH's claim that it should be allowed to intervene in this action.

*Counterclaim to OneBeacon Insurance Company's Amended Complaint for Declaratory Judgment* dated February 1, 2012 (Dkt. 61).

B. **Policy Language Relevant to the Motion to Intervene.**

It is important to note that the 2007 Policy does not provide third parties with rights to bring direct actions against OneBeacon as a result of any wrongful act by the Welch Firm. Indeed, the policy does not even permit the Welch Firm to bring an action until there has been a judgment entered against it, and it does not permit any claimant to join OneBeacon in any action against its insured:

> No action can be brought against **us** unless, as a condition precedent, **you** have fully complied with all the terms of the policy, <u>and the amount of **your** obligation has been fully and finally determined either by judgment against **you** after actual trial or by written agreement of **you**, the claimant and **us**. Nothing contained in this policy gives any person or organization the right to join **us** as co-defendant in any action against **you** to determine **your** liability</u>. . . .

2007 Policy, Section X.A. (bold in original; underlining added (attached hereto as **Exhibit 1**); *see also* 2008 Policy, Section X.A. (attached hereto as **Exhibit 2**). Moreover, the 2007 Policy explicitly prohibits an insured from assigning any interest it may have in the policy without the written consent of OneBeacon: "Neither this policy nor **your** interest in this policy may be assigned without **our** written consent." 2007 Policy, Section X.C.; *see also* 2008 Policy, Section X.C.

III. **ARGUMENT.**

A. **DISH Cannot Intervene as of Right.**

DISH should not be permitted to intervene as of right in this insurance coverage declaratory judgment action, because it has not satisfied and cannot satisfy three of the four requirements necessary to intervene in this case under *Fed. R. Civ. P.* 24(a).[5] Particularly, DISH does not have a direct, substantial, and legally protectable interest in these proceedings. Additionally, contrary to

---

[5] The deadline for joining new parties to this action is March 19, 2012, so OneBeacon does not contest the fact that DISH's motion is timely under *Fed. R. Civ. P.* 24(a).

4

DISH's assertion, it has not established that anything that occurs in this case will impede or impair its ability to pursue its legal malpractice claim against the Welch Defendants. DISH is, in fact, presently pursuing the Malpractice Claim against the Welch Defendants through arbitration. Finally, any interest DISH may have in these proceedings is adequately represented by the Welch Defendants, who have counsel zealously litigating this matter and presenting their claims and defenses in an effort to obtain a declaration the 2007 Policy provides coverage for the Malpractice Claim. Accordingly, DISH's motion to intervene as of right under *Fed. R. Civ. P.* 24(a) should be denied.

*Fed. R. Civ. P.* 24 governs whether a party may intervene in a particular lawsuit. Rule 24 contains two distinct subsections – one providing for intervention as of right and one governing permissive intervention. Rule 24(a), which governs intervention as of right, provides, in pertinent part, as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Fed. R. Civ. P.* 24(a). As the United States Court of Appeals for the Fifth Circuit stated:

> It is well-settled that to intervene as of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.1978). It is the movant that bears the burden of establishing its right to intervene and showing that it has

satisfied each of the requirements of Rule 24(a). *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991).

### *1. DISH has not established a direct, substantial, and legally protectable interest.*

DISH has not established a sufficient interest in this litigation such that it may intervene under *Fed. R. Civ. P.* 24(a). In *New Orleans Pub. Serv. Inc. v. United Gas Pipeline Co.*, 732 F.2d 452 (5th Cir. 1984) (en banc), the Fifth Circuit noted that "interest," as used in the second requirement of Rule 24(a) is to be construed narrowly, defining it as a "direct, substantial, legally protectable interest in the proceedings." *Id.* at 463 (citations omitted); *see also Donaldson v. United States, 400 U.S. 517, 531, 91 S. Ct. 534, 542, 27 L. Ed. 2d 580 (1971)* (stating the putative intervenor's interest had to be a "a significantly protectable interest"). The *United Gas Pipeline* court expounded on the meaning of "direct, substantial, legally protectable interest" by explaining:

> By requiring that the applicant's interest be not only "direct" and "substantial," but also "legally protectable," it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant. This is reflected by the requirement that the claim the applicant seeks intervention in order to assert be a claim as to which the applicant is the real party in interest.

*United Gas Pipeline.* at 464 (emphasis in original). "The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and ***not necessarily the person who will ultimately benefit from the recovery***." *Id.* (emphasis added; citations omitted). The *United Gas Pipeline* court specifically refused to allow intervention as of right based upon a purely economic interest, stating:

> We hold that an economic interest alone is insufficient, as a legally protectable interest is required for intervention under *Rule 24(a)(2)*, and such intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action.

*Id.* at 466. After making that finding, the court analyzed whether the intervenors were third-party beneficiaries to the contract at issue in that case such that they could independently and directly

6

assert rights under it. Holding, in that case, that the intevenors were not third party beneficiaries, the court ruled that the intervenors could not intervene as of right because they did not have a direct, substantial and legally protectable interest.

In this case, DISH does not have a direct, substantial and legally protectable interest in this insurance coverage action. It is well-settled under Texas law that DISH cannot assert a direct action against OneBeacon to recover any proceeds under any of the subject insurance policies. *See Cowley v. Tex. Snubbing Control, Inc.*, 812 F. Supp. 1437, 1445 (S.D. Miss. 1992), *aff'd*, 15 F.3d 180 (5th Cir. 1994) ("Under Texas law, persons injured by an insured are not third-party beneficiaries of the insurance contract before a judgment is obtained against the insured." (internal quotation marks omitted)); *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1027 (N.D. Tex. 1995) ("A claimant does not have any legally cognizable interest in the insurance contract until judgment is entered against the insured."); *see also* Tex. R. Civ. P. 38(c) & 51(b) (prohibiting joinder of an insurance company by an injured third party in a tort action except in the instance of an insurance company liable by statute or contract to the person injured).[6] Thus, unless and until DISH obtains a judgment against the Welch Defendants, it cannot proceed directly against OneBeacon to attempt to obtain funds that may be available under the 2007 Policy.

Additionally, DISH has not established its status as a third-party beneficiary to the 2007 Policy between the Welch Defendants and OneBeacon such that it may assert rights thereunder. The general rule under Texas law is that "persons injured by an insured are **not** third-party beneficiaries of the insurance contract before a judgment is obtained against the insured." *Cowley v. Tex. Snubbing Control, Inc.*, 812 F. Supp. 1437, 1445 (S.D. Miss. 1992), *aff'd*, 15 F.3d 180 (5th Cir.

---

[6] Even though *Fed. R. Civ. P.* 24(c) **requires** a party seeking intervention to file "a *pleading* that sets out the claim or defense for which intervention is sought," DISH has filed no such pleading, and its motion to join in the Welch Defendants' motion to dismiss is not a "pleading" under the Federal Rules of Civil Procedure. *See Fed. R. Civ. P.* 7(a) (only complaints, answers, third-party complaints, and replies to answers are pleadings). As a result, DISH's failure to and inability to file a pleading with respect to OneBeacon, is an additional ground for denial of the *Motion to Intervene*.

7

1994) (internal quotation marks omitted) (emphasis added); *see also Dairyland Mut. Ins. Co. v. Childress*, 650 S.W.2d 770 (Tex. 1983) (a third person not a party to a contract of insurance will not have a claim to enforce the contract unless it was made for that specific person's benefit). While the Texas Supreme Court has established an exception to that rule in cases where the subject insurance is, by law, compulsory (such as automobile insurance), *see Childress*, 650 S.W.2d. 770 (Tex. 1983), that exception does not apply here, because lawyers' professional liability insurance is not mandated in Texas. Thus, DISH cannot avail itself of the benefit of the holding in *Childress* – that tort victims are third party beneficiaries to compulsory insurance – to establish a direct, substantial, and legally protectable interest.

Any interest DISH has in this case is indirect, speculative, contingent, unfixed, and based upon events that have not yet occurred and may never occur – namely, (1) DISH's successful prosecution of a claim for legal malpractice against the Welch Defendants and (2) the Welch Defendants' success in securing a judgment in this case in their favor declaring that the insurance policies in question are effective and that OneBeacon has a duty do defend and indemnify the Welch Defendants with respect to the Malpractice Claim.[7] Put simply, DISH seeks to intervene in this case based upon the contention that it *might* succeed in proving that the Welch Firm committed malpractice and that it *may* be able to recover damages in connection with its *Stowers* demand.

DISH has not satisfied and cannot satisfy the second requirement of *Fed. R. Civ. P.* 24(a), and as a result, its motion to inter vene in this action as of right should be denied.

---

[7] To the extent DISH asserts an interest in protecting its privileged information, the Welch Defendants, as former counsel to DISH, have an independent duties to DISH at common law and under *Tex. R. Prof. C.* 1.05 concerning such information. There are certain exceptions to any duty the Welch Defendants have, such as those allowing a lawyer to reveal privileged information when it is necessary to do so to comply with a court order or other law (*Tex. R. Prof. C.* 1.05(c)(2) and unprivileged confidential information to defend against a claim of wrongful conduct by the lawyer (*Tex. R. Prof. C.* 1.05(d)(2)). These duties are more than adequate to protect DISH's interest in preserving privileged information without intervention in this case. Additionally, the issues concerning the Welch Firm's former law clerk and his employment with Gordon & Rees LLP have already been decided by this Court. *See Order* dated Feb. 6, 2012 (Dkt. 65).

### 2. *DISH is not so situated that the disposition of this action will impair or impede its ability to protect that interest.*

DISH also has not satisfied the second requirement of *Fed. R. Civ. P.* 24(a), because it has not shown that it is so situated that the disposition of this action will impair or impede its ability to protect its interests.

In assessing whether DISH's interests may be impaired under *Fed. R. Civ. P.* 24(a), the Court should not rely upon DISH's unsupported and speculative claim that "[i]n all likelihood, [it] can be made whole only if this Court finds that OneBeacon's policies cover the Welch Defendants' malpractice" *Memorandum of Points and Authorities in Support of DISH Network Corporation's Motion to Intervene ("Memorandum")*, Jan. 13, 2012, at 7. At least one court has rejected the very same argument where the victim presented no evidence of the alleged insolvency of the tortfeasor, just as DISH fails to do here. *See Trinity Universal Ins. Co. v. Turner Funeral Home*, Consol. No. 1:02-cv-231 & No. 1:02-cv-298, No. 1:03-cv-083, 2003 U.S. Dist. LEXIS 22106, * (E.D. Tenn. Sept. 18, 2003) ("Undoubtedly, a finding of no coverage in these consolidated actions, will leave [the insured] with fewer assets from which to satisfy a judgment. However, [the insured] is and has been an ongoing business; and, there is no allegation in the record that [the insured] is insolvent.") (attached hereto as **Exhibit 3**).

Here, the Welch Firm continues to operate, and DISH has provided absolutely no evidence that the Welch Firm and its principal, Welch,[8] are insolvent or are without sufficient assets with which to satisfy any judgment DISH may obtain. As a result, DISH's claim that its ability to collect on a judgment it has not obtained (and may never obtain) will be impaired does not satisfy the third requirement of Rule 24(a).

---

[8] The Welch Firm is a sole proprietorship, and Welch is its sole principal.

9

Likewise, aside from being speculative, DISH's argument that it has an interest that may be impaired because it "*may* also *be* able to recover the damages established in *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929)," *Memorandum* at 7 (emphasis added), is nonsensical and circular and does not support DISH's argument that intervention is necessary or permitted. Indeed, DISH concedes that the rights that may be afforded by *Stowers* are personal to the insured – here, the Welch Firm – and may not be asserted by DISH directly against OneBeacon. *Memorandum* at 7; *see also Becker v Allstate Ins Co.*, 678 S.W.2d 561, 561 (Tex. App. 1984). That being the case, it can come as no surprise that the coverage determination in this action will have preclusive effect on whether the Welch Firm may assert and maintain a *Stowers* claim, and DISH's presence in this litigation will have no bearing on those personal rights of the Welch Firm one way or the other.[9]

As a number of the cases cited by DISH in its *Memorandum* highlight, the type of situational impairment contemplated by Rule 24(a) is where there is an identity of material issues in both the coverage action and the underlying tort liability action. *See, e.g. National Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d. 604 (E.D. Tex. Jan. 6 2005) (whether employee tortfeasor was acting within the scope of his employment with the insured was primary issue in both the coverage and underlying tort liability lawsuit); *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 310 (N.D. Tex. 2004) (where issue of permissive use of automobile was at heart of both coverage action and tort liability action, "[t]he current disposition may as a practical matter impair or impede Intervenors' ability to protect their interest in a finding of permissive use in the [underlying lawsuit]"); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1122 (5th Cir. 1981) (Permissive use of automobile was main coverage issue in declaratory judgment action).

---

[9] DISH's claim that it may recover damages in excess of the limits of the OneBeacon policy is also meritless because DISH withdrew its purported *Stowers* demand of $5,000,000 before OneBeacon responded to it, thereafter demanding that OneBeacon pay $12,000,000 or more to settle DISH's claims against the Welch Defendants.

10

DISH has not identified any central issue in this coverage action that is also central to the prosecution of the Malpractice Claim, such that the determination of that issue in this case will impair its ability to prosecute its Malpractice Claim against the Welch Defendants. That is because the issues in this case – (1) whether the Welch Firm committed fraud on its insurance application and (2) whether Wooten's knowledge of certain facts concerning the Russian Media Litigation prior to the inception of the first OneBeacon policy exclude coverage – are not central to the Malpractice Claim.[10] Since DISH has not satisfied the third requirement of *Fed. R. Civ. P.* 24(a), its motion to intervene as of right should be denied.

> 3. *To the extent DISH has any direct, substantial, and legally protectable interest in this litigation, it is adequately protected by the Welch Defendants.*

Finally, intervention pursuant to *Fed. R. Civ. P.* 24(a) is inappropriate because DISH has not shown that any interest it may have in this litigation is not adequately represented by the existing parties. The principal defendants in the present lawsuit, the Welch Defendants, have filed appearances, are represented by counsel, and are defending the rescission and exclusion claims asserted by OneBeacon. Moreover, those defendants have asserted counterclaims against OneBeacon.

A simple review of this court's docket reveals that the Welch Defendants are zealously and vigorously litigating this case. In fact, thus far, the Welch Defendants have filed a motion to disqualify, an objection to the substitution of OneBeacon's counsel, a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1), and a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), in support of which motions and objections they have submitted over 120 pages of legal memoranda. All of the foregoing were filed before the Welch Defendants even filed an answer.

---

[10] Although it mentions certain conduct of Wooten prior to the inception of the first OneBeacon policy on December 20, 2006, DISH's arbitration complaint against the Welch Defendants focuses, undoubtedly by design, on Wooten's conduct after December 20, 2006 as the basis for its legal malpractice claim.

11

In light of the foregoing facts, it cannot be argued that the Welch Defendants will not vigorously and zealously litigate this case to attempt to obtain a declaration that there is coverage under the 2007 Policy for the Malpractice Claim. Since a determination that there is no coverage under the 2007 Policy will leave the Welch Defendants without any insurance funds to use to satisfy, in whole or part, any judgment DISH may obtain against them, the Welch Defendants' have sufficient incentive to advance their claims and defenses in this lawsuit and their interests are precisely aligned with those of DISH. Therefore, assuming DISH has a direct, substantial, legally protectable interest in this litigation – which OneBeacon disputes – that interest will be more than adequately represented in this litigation.[11]

It should also be noted that a number of the cases cited by DISH in its *Memorandum* in which the courts held intervention under Rule 24(a) appropriate involve circumstances where the parties to the coverage litigation defaulted or were pro se, thus warranting a finding that the tort vitctims' interests[12] were not adequately protected. *See Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308 (N.D. Tex. 2004) (*Memorandum* at 6) (defendant tortfeasor was not represented by counsel, did not answer the complaint or file any response to the action, and, as a result, had been defaulted); *Hartford Cas. Ins. Co. v. Border States Traffic Supply, Inc.*, No. EP-08-CV118-PRM, 2009 W.L. 224107, *2 (W.D. Tex. Jan 12, 2009) (*Memorandum* at 6) (pro se defendant who was found to not represent adequately victim's interest because interest was adverse to victim's interest).[13]

---

[11] DISH's claim that the Welch Defendants could stipulate that they committed malpractice after the effective date of the first OneBeacon policy and, thereby, avoid the coverage issue in OneBeacon's Fourth Cause of Action is inaccurate. *See OneBeacon's Memorandum of Law in Opposition to DISH Network Corporation's Motion to Join the Welch Defendants' Motion to Dismiss*, of even date herewith.

[12] As explained above, most of the cases in which the court found an interest sufficient to satisfy *Fed. R. Civ. P.* 24(a), were cases in which there was compulsory insurance at issue, thus rendering the tort victim a third party beneficiary with a direct interest as a matter of law under the subject policies. *See supra*, Section III.A.1.

[13] DISH's citation to *Border States* as authority for the proposition that a determination of any adversity (even unrelated to the coverage litigation) is sufficient to warrant a finding of inadequate representation is a blatant

Since DISH has not established that the existing parties to this litigation will not adequately protect any interest it may have, its motion to intervene as of right under *Fed. R. Civ. P.* 24(a) should be denied.

> 4. *There is no binding authority in this circuit directly on point, and the caselaw cited by DISH is distinguishable.*

Contrary to DISH's contention, there is no binding authority in this Circuit holding that a party in DISH's position may intervene as of right in a declaratory judgment action brought by an insurer against its insured. Indeed, while DISH relies upon *Ranger Ins. Co. v. United Housing of N.M., Inc.*, 488 F.2d 682 (5th Cir. 1974) (*Memorandum* at 7), that case is inapposite, because the insurance policy at issue there contained a direct action clause that allowed the tort victim to proceed directly against the tortfeasor's insurer, thus providing that tortfeasor with a direct, substantial, and legally protectable interest.[14]

As has already been discussed above, in part, the cases that DISH presents to the Court as supportive of its motion are factually and procedurally different than the case at bar. *See National Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d. 604 (E.D. Tex. Jan. 6 2005) (*Memorandum* at 6) (insurer actually chose to add the tort victim as a defendant in its declaratory judgment suit, and the tort victim filed a third party complaint against the insurer in the underlying tort liability suit seeking a coverage determination; coverage issue was whether the employee tortfeasor was acting within the scope of his employment with the insured, and that very issue was important to the liability of the insured in the underlying tort liability lawsuit); *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 310 (N.D. Tex. 2004) (*Memorandum* at 6) (defaulted *pro se* insured, compulsory automobile

---

misrepresentation of the finding in that case. The court there found that, because the remaining party sought to show only that the policy's exclusions did not apply him, and the victim's interest was to enforce the policy, generally, the interests were "adverse," such that the remaining party would not adequately represent the victim. *See Border States*, 2009 W.L. 224107 at *3 n.5. The fact that the Welch Defendants will be adverse to DISH with respect to the Malpractice Claim is not relevant here. What is relevant is whether the Welch Defendants will adequately protect any interest of DISH in this case.

14 Moreover, the issue in *Ranger* was whether the tortfeasor was an indispensable party under *Fed. R. Civ. P.* 19(b).

13

insurance, and issue of permissive use of automobile central to coverage determination "a contested and significant issue in the [underlying tort liability lawsuit]");[15] *Hartford Cas. Ins. Co. v. Border States Traffic Supply, Inc.*, No. EP-08-CV118-PRM, 2009 WL 224107, *2 (W.D. Tex. Jan 12, 2009) (*Memorandum* at 6) (compulsory automobile insurance policy and *pro se* insured that was found not able adequately to protect the victim's interests); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120 (5th Cir. 1981) (*Memorandum* at 6) (issue was standing to appeal, case involved compulsory automobile insurance, insurer chose to name tort victim in coverage action, and issue of permissive use overlapped between coverage action and liability action).[16]

The facts of the present case are vastly different from *Ranger, Breaux, Bituminous, Border States*, and *Dairyland*. As discussed above, (1) neither Texas law nor the 2007 Policy provide DISH with a direct right against OneBeacon; (2) OneBeacon did not name DISH as a defendant or seek to add it as a party to this litigation; (3) DISH does not have third party beneficiary status because the insurance at issue is not compulsory; and (4) the principal defendants have filed appearances and are zealously represented by counsel. Accordingly, DISH's motion to intervene as of right under *Fed. R. Civ. P.* 24(a) should be denied.

B.     **DISH Should Not Be Permitted to Intervene Under Fed. R. Civ. P. 24(b).**

This Court should not permit DISH to intervene under *Fed. R. Civ. P.* 24(b), because, as discussed above already, DISH has not presented a common question of law or fact that this action shares with its Malpractice Claim.

---

[15]   It is important to note that the *Bituminous* court required the intervening victim to file a pleading setting forth the claim or defense they intended to assert and, presumably, to diligently litigate whatever that claim or defense was. *Bituminous*, 223 F.R.D. at 311 n.4.

[16]   In determining that the tort victims had a right to appeal the lower court's judgment – and not whether they could intervene as of right under *Fed. R. Civ. P.* 24(a) – the *Dairyland* court appears to have relied upon a waiver/estoppel theory, stating: "It is decisive to our holding that Dairyland named the appellants as defendants in its declaratory judgment action." *Daryland*, 654 F.2d. at 1123.

Rule 24(b), which provides for permissive intervention, provides, in pertinent part, as follows:

> On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

*Fed. R. Civ. P.* 24(b)(1). The Court's determination of whether a party should be permitted to intervene under Rule 24(b) is "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *United Gas Pipeline*, 732 F.2d at 471. In determining whether to permit intervention under Rule 24(b)(3), the Court must consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Fed. R. Civ. P.* 24(b)(3). Additionally, "In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *United Gas Pipeline*, 732 F.2d at 472 (denying permissive intervention, in part, because parties to lawsuit were adequately represented and holding that where there was no indication that the existing parties would be remiss or inadequate, there is a presumption of adequacy).[17]

In this case, as is discussed above, DISH has not established a common question of law or fact that is material to and will be decided in both this action and its legal malpractice action. Additionally, the Welch Defendants have vigorously advanced their defenses and claims, and, having significant financial interests at stake, it is presumed that they will zealously pursue coverage under the 2007 Policy. As demonstrated by DISH's filing of a procedurally defective motion to dismiss, which is without merit, DISH's presence in this case will do nothing to advance

---

[17] The *United Gas Pipeline Court* noted that the existing party, a public utility company, had ample financial incentive to vigorously pursue the litigation, because there was no assurance that, if it lost, it would be able to pass through the increased costs at stake to third parties. 732 F.2d at 472 n.41.

this case toward conclusion or contribute to the full development of the underlying factual issues. Any interest DISH may have in this action is more than adequately represented by the Welch Defendants.

## IV. CONCLUSION.

DISH should not be permitted to intervene as of under *Fed. R. Civ. P.* 24(a), because it does not have a direct, substantial, and legally protectable interest in these proceedings, it has not established that anything that occurs in this case will impede or impair its ability to pursue its legal malpractice claim against the Welch Defendants, and any interest it may have is adequately represented by the Welch Defendants. Nor should the Court exercise its discretion and allow DISH to intervene under *Fed. R. Civ. P.* 24(b), because, among other things, DISH's presence will only serve to unnecessarily delay these proceedings. Accordingly, DISH's *Motion to Intervene* should be denied.

Dated February 13, 2012.

THE PLAINTIFF,
ONEBEACON INSURANCE COMPANY

BY _____
Barry G. Flynn, Esq.
Gordon & Rees, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Phone: (713) 961-3366
Fax: (713) 961-3938
Email: bflynn@gordonrees.com

William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com

16

## CERTIFICATION OF SERVICE

I hereby certify that on February 13, 2012, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

_____
William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com