## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ONE BEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is defendants T. Wade Welch & Associates and T. Wade Welch's (the "Welch Defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Dkt. 19. Having considered the motion, responsive filings, and applicable law, the court is of the opinion that the motion (Dkt. 19) should be DENIED.

### I. BACKGROUND

This is a declaratory judgment action filed by OneBeacon Insurance Company ("OneBeacon") seeking a judgment that OneBeacon's Policy No. LAP-0978-07 and LAP-0978-08 are both void *ab initio*, do not provide coverage for certain claims made or to be made by third party EchoStar Communications Corporation n/k/a DISH Network Corporation and Kelly Broadcasting Systems, Inc. (collectively, "DISH"), and that OneBeacon has no obligation under the policies for any such claims. Dkt. 52. OneBeacon issued the policies, which are professional liability policies, to T. Wade Welch & Associates (the "Welch Firm") after the Welch Firm completed insurance applications in connection with renewing its existing insurance coverage. *Id.* Both applications contained the following question:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

*Id.* Defendant T. Wade Welch answered the question "no" when completing the applications for the 2007 and 2008 policies. *Id.*; *see also* Dkt. 80, Exhs. 1, 3. Both of the policies contain a provision stating that "all statements made in the application are personal representations, that they are material and that this policy is issued in reliance upon such representations." Dkt. 52. Both of the policies also contain the following exclusion:

> This policy does not apply to:
> A.     any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the first Lawyer's Professional Liability Insurance Policy issued by us to the named insured and continuously renewed and maintained in effect to the inception of this policy period:
> . . .
> 2.     you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; [or]
> 3.     you could foresee that a claim would be made against you . . . .

*Id.*

In October 2004—prior to Welch's completion of the applications for the 2007 and 2008 policies—a federal district court in Colorado ordered sanctions against Welch, defendant Ross W. Wooten (then an associate with the Welch Firm), and another attorney for unreasonable and vexatious conduct while representing Echostar Satellite L.L.C., which was contesting an arbitration award that Dominion Satellite, Inc. ("Dominion") was attempting to enforce. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1272 (10th Cir. 2005). The district court awarded costs, expenses, and attorneys' fees to Dominion. *Id.* Welch, Wooten, and the other attorney appealed the sanctions, and the Tenth Circuit affirmed. *Id.*

2

The Welch Firm represented DISH in two other cases that are also at issue in this litigation. The Welch Firm represented DISH in a lawsuit in Connecticut styled *Russian Media Group, LLC v. EchoStar Communications Corp. and Kelly Broadcasting Systems, Inc.*, Civil Action No. 3:03-cv-01263-WWE ("*Russian Media Group* Litigation"). Dkt. 52. Russian Media Group moved for sanctions relating to issues with discovery that was propounded in 2005 in that case, and the magistrate judge granted Russian Media Group's motion for sanctions relating to the discovery issues in 2007. *Id.* The district judge affirmed the sanctions. *Id.* According to OneBeacon, DISH then made a claim against the Welch Firm and Wooten for their handling of the *Russian Media Group* Litigation. *Id.* DISH also requested that the Welch Firm and other defendants toll any statute of limitations relating to the claim, and the Welch Firm, Welch individually, Wooten, and defendant Joseph Boyle executed written tolling agreements. *Id.*

The Welch Firm also represented DISH in a Colorado case styled *Air Communication & Satellite, Inc. v. Echostar Satellite Corp.*, Case No. 00CV3130 ("*Air Communication* Litigation"). *Id.* Discovery issues also arose during the *Air Communication* Litigation, which OneBeacon contends resulted in certain orders adverse to DISH. *Id.* DISH allegedly requested that the Welch Firm, Welch individually, Boyle, defendant Chad Hagan, and defendant David Noll sign tolling agreements relating to any claims DISH may have against them relating to the *Air Communication* Litigation, and they allegedly did so on or about December 9, 2009. *Id.*

OneBeacon filed this lawsuit against Welch, the Welch Firm, Wooten, and Boyle on August 22, 2011, seeking a declaratory judgment that the policies are void, do not provide coverage, or that it otherwise has no obligation under the policies. Dkt. 1. On October 27, 2011, Welch and the Welch Firm moved to dismiss OneBeacons' first, second, and fourth causes of action as they relate to the Welch Firm and Welch pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 19.

3

OneBeacon amended its complaint on January 19, 2012, which changed the factual bases of its claims somewhat and added Hagan and Noll as defendants.  Dkt. 52.  The amended complaint seeks the same relief as the original complaint.

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 554 (internal citations omitted).  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.*

## III. Analysis

The Welch Defendants argue that (1) OneBeacon has not stated a claim that the insurance policy is void based on a misrepresentation because OneBeacon did not provide notice of the purported material misrepresentation in the policy application within 91 days of learning of the purported misrepresentation as required by section 705.005(b) of the Texas Insurance Code; (2)

4

OneBeacon has not stated a claim that the purported misrepresentation in the policy application was material; (3) OneBeacon has not alleged fraud with particularity as required by Federal Rule of Civil Procedure 9(b); (4) OneBeacon's fourth cause of action should be dismissed with regard to the Welch Defendants because there is an exception to the exclusion upon which it relies for innocent insureds; (5) OneBeacon's interpretation of question 42 in the insurance policy is incorrect as the question should be read as referring only to decisions emanating from a state bar disciplinary body; and (6) any attempt to amend the complaint would be futile.

OneBeacon argues that (1) it has stated the facts necessary to assert a cause of action for invalidating an insurance policy based on fraud and is not required to plead compliance with Texas Insurance Code § 705.005(b); (2) it has sufficiently pled the who, what, when, where, and how of the alleged fraud; (3) whether the purported misrepresentation was material is a question of fact; and (4) the insurance policy is not ambiguous and has no exception to the exclusion upon which OneBeacon relies.  Dkt. 32.

### 1.     Texas Insurance Code Section 705.005.

The Welch Defendants argue that OneBeacon fails to state a claim for its first and second causes of action, which seek a declaratory judgment that both the 2007 and 2008 policies are void, because OneBeacon cannot show compliance with section 705.005 of the Texas Insurance Code. Dkt. 19-1 at 11-12.  OneBeacon argues that it is not required to plead that it has met the notice requirements of section 705.005.  Dkt. 32 at 22.  Under section 705.005, a defendant may only use as a defense that a misrepresentation was made on an insurance application if the insurer "shows at trial that before the 91st day after the date the [insurer] discovered the falsity of the representation, the [insurer] gave notice that the [insurer] refused to be bound by the policy." Tex. Ins. Code Ann. § 705.005.  OneBeacon did not plead that it gave notice that it refused to be bound in its original

complaint, but in its first amended complaint, OneBeacon alleges that it discovered the alleged

falsity in the 2007 and 2008 applications on or after May 31, 2011, and that it advised the Welch

Defendants that it refused to be bound by the policies due to the alleged misrepresentations on or

before August 19, 2011, which was within 91 days after the date OneBeacon claims that it

discovered the alleged misrepresentations.  Dkt. 52 ¶¶ 49, 50 (amended complaint).  Thus, the court

need not determine if OneBeacon is required to plead compliance with section 705.005, as the

amended complaint clearly alleges compliance.  Accordingly, the Welch Defendants' motion to

dismiss counts one and two for failure to plead compliance with section 705.005 is DENIED.

### 2.    Materiality of Alleged Misrepresentations.

The Welch Defendants next argue that OneBeacon's first and second causes of action should

be dismissed because "the court is not required to accept the truth of OneBeacon's conclusory

allegation that the Welch Defendants' response to Question No. 42 in the 2007 and 2008 policy

applications was a material misrepresentation."  Dkt. 19-1 at 15.  Under section 705.004 of the Texas

Insurance Code, an insurer may not rescind its policy based on a misrepresentation by the insured

unless the misrepresentation was material to the risk insured.  Tex. Ins. Code Ann. § 705.004.

"Materiality to the risk is viewed at the time of the issuance of the policy, not at the time the loss

occurred," and "the principal inquiry in determining materiality is whether the insurer would have

accepted the risk if the true facts had been disclosed."  *Robinson v. Reliable Life Ins. Co.*, 569

S.W.2d 28, 29-30 (Tex. 1978).  The Welch Defendants assert that alleged misrepresentation was not

material because the payment of attorneys' fees pursuant to the court order in *Dominion* cannot be

material to an insured risk as the policy expressly excludes attorneys' fees from coverage.  Thus,

the idea that OneBeacon would have refused coverage had it known about the *Dominion* order is,

according to the Welch Defendants, inconsistent.  Dkt. 19-1 at 16.  The court, however, must

construe the facts alleged in the complaint in the light most favorable to OneBeacon, and in so doing, the court finds that it is plausible that OneBeacon would have refused coverage if it had known about the *Dominion* order, even though the policy itself excludes coverage for attorneys' fees.

      **3.**        **Rule 9(b).**

      In OneBeacon's first and second causes of action, it alleges, "upon information and belief," that Welch knew the representations on the 2007 and 2008 applications that Welch and members of his firm had never been fined or sanctioned were false.  Dkt. 52.  The Welch Defendants argue that this representation is unsupported by any well-pled factual allegations and meets neither the notice pleading standard nor the heightened standard that applies to allegations sounding in fraud.  Dkt. 19-1 at 17.  OneBeacon notes that it has pled who committed the alleged fraud—Welch and the Welch Firm; what was allegedly misrepresented—the fact that Welch and Wooten had been sanctioned in *Dominion*; and when, where, and how the alleged misrepresentation took place—when Welch completed the 2007 and 2008 applications and answered question number 42 in the negative.  Dkt. 32 at 25-26.  As far as the allegations that Welch knew that he or members of his firm had been sanctioned, OneBeacon argues that it may plead state of mind on information and belief.  *Id.* at 26.

      In addition to the plausibility standard for pleadings, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *United Sates ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)).  However, this particularity requirement "does not 'reflect a subscription to fact pleading.'"  *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).  Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud,

which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard in *Twombly*).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "conditions of mind, such as scienter," may be plead generally. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Additionally, if "the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

Here, the court agrees with OneBeacon. It has adequately pled the who, what, when, where, and how of the alleged fraud, and it may plead Welch's state of mind upon information and belief because Welch's state of mind is not within the OneBeacon's knowledge.[1] Accordingly, OneBeacon's complaint contains sufficient details about the alleged misrepresentation to meet Rule 9(b)'s standards. Defendants' motion to dismiss the first and second causes of action for lack of Rule 9(b) specificity is DENIED.

---

[1] The Welch Defendants argue that OneBeacon has had ample opportunity to view electronically stored information related to the *Russian Media Group* Litigation, so it has had access to the facts relating to the alleged fraud and therefore may not plead Welch's state of mind on information and belief. Dkt. 37. However, there is no certainty that a review of electronic documents would provide the necessary information about Welch's knowledge.

4.       **Fourth Cause of Action.**

In the fourth cause of action, OneBeacon alleges that prior to the effective date of the first policy issued by OneBeacon to the Welch Firm which was continuously renewed and maintained in effect to the inception of the 2008 policy, Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct in connection with the handling of the *Russian Media Group* Litigation and that he could foresee that a claim would be made against him or the Welch Firm in connection with the *Russian Media Group* Litigation. Dkt. 52.  The Welch Defendants move to dismiss OneBeacon's fourth cause of action, which seeks a declaratory judgment against all defendants to exclude coverage under the 2007 policy, because it focuses solely on the acts of defendant Wooten, who the Welch Defendants claim concealed the allegedly wrongful acts from them.  Dkt. 19-1.  The Welch Defendants argue that Wooten's failures cannot be attributed to them, as the insurance policy contains "separation of insureds" clauses that expressly waive the exclusion of coverage with respect to parties who "did not personally fail to comply, did not participate in failing to comply, or did not remain passive after learning about noncompliance with the requirements of this Section."  *Id.* (citing Dkt. 19-1, Exh. 1).  The Welch Defendants assert that OneBeacon would have to plead that the Welch Defendants personally knew about Wooten's conduct, that they participated in failing to comply, or that they remained passive after learning about Wooten's alleged noncompliance in order to state a claim.  *Id.*

OneBeacon argues that the exclusion upon which it relies, contained in Section VII.A of the 2007 policy, excludes coverage of claims if Wooten had prior knowledge of wrongful acts, even if the other members of the firm did not, and that the "separation of insureds" clauses upon which the Welch Defendants rely do not provide an exception to or modify the exclusion of coverage in section

VII.A because these clauses do not apply to the exclusion listed in section VII.A.  Dkt. 32.  The "separation of insureds" clauses are in sections VII.B and IX of the 2007 policy.  Dkt. 37.

The Welch Defendants assert that (1) OneBeacon's use of section VII.A rather than VII.B is a "sleight of hand," as section VII.B is the proper exclusion to apply to Wooten's conduct, and OneBeacon recognized this in an investigation reservation of rights letter, which did not even mention section VII.A; and (2) the term "you" is ambiguous, so it should be construed against the insurer as not including Wooten.  *Id.*

      **a.  Separation of Insureds.**  The fourth cause of action is based on the exclusion contained in Section VII.A of the 2007 policy.  Section VII.A excludes claims arising out of a wrongful act occurring prior to the effective date of the first policy issued by OneBeacon if "**you** [as defined in the 2007 policy] had a reasonable basis to believe that **you** had committed a **wrongful act**, violated a disciplinary rule, or engaged in professional misconduct; [or] . . . **you** could foresee that a **claim** would be made against **you**. . . . *Id.* & Welch Decl., Exh. 1 (boldface type in original for defined terms).  Sections VII.B and IX also deal with exclusions.  The exclusion in Section VII.B applies to "any intentional, criminal, dishonest, malicious or fraudulent act, error, omission or personal injury . . . ."  Dkt. 19-3.  It "does not apply to any of **you** who did not commit, did not participate in committing, or who did not remain passive after learning about one or more of the acts or omissions described in this exclusion."  *Id.*  Section IX is entitled "Reporting of Claims and Wrongful Acts."  *Id.*  Section IX.A deals with "notice of claims," and section IX.A.2 states, in its entirety:

> Whenever coverage under this policy would be excluded, suspended or lost *because of noncompliance with this Section entitled Reporting of Claims and Wrongful Acts*, we agree to waive this exclusion, suspension or loss of coverage with respect to each of you who did not personally fail to comply, did not participate in failing to comply,

or did not remain passive after learning about noncompliance with the requirements of this Section.

Dkt. 19-3, § IX.A.2 (emphasis added).

The Welch Defendants argue that the court should construe the separation of insureds language to the exclusion listed in Section VII.A.  Dkt. 19-3.  OneBeacon notes that the "separation of insureds" language is in Sections VII.B and IX.A of the 2007 policy, not Section VII.A, and argues that Sections VII.B and IX.A do not apply to the exclusions contained in Section VII.A.  Dkt. 32.  The court agrees with OneBeacon.  The separation of insureds provision in Section VII.B clearly applies only to claims that would otherwise be excluded from coverage under Section VII.B, as it discusses "acts or omission described in *this exclusion*."  The separation of insureds provision in Section IX.A likewise clearly only applies to claims that would be excluded for noncompliance with Section IX.  Notwithstanding any representations made in letters to the Welch Defendants, which the court will not consider for the purposes of this motion to dismiss, OneBeacon's first amended complaint alleges that the exclusion contained in Section VII.A applies—not the exclusions in Section VII.B or IX.  Section VII.A excludes claims that arose out of wrongful acts occurring prior to the policy period when "you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct" or "could foresee that a claim would be made against you."  "You" is broadly defined in the policy—it includes Wooten, who was an associate at the firm during the relevant time period.

The Welch Defendants strenuously argue that the court should apply the "separation of insureds" provisions to the Section VII.A exclusion even though the provisions are not listed under Section VII.A, asserting that it "defies logic that OneBeacon provides coverage to an innocent insured for intentional conduct, Exclusion VII.B, but not for mere negligence, Exclusion VII.A."

Dkt. 37.  The Welch Defendants cite *Maher & Williams v. Ace American Insurance Company*, No. 3:08cv1191, 2010 WL 3546234, at *1-6 (D. Conn. 2010), in support of their argument.  In *Maher & Williams*, the court was considering cross motions for summary judgment, not a motion to dismiss. A provision of the insurance policy at issue excluded "coverage for any Wrongful Act if the Firm, any Firm partner, or any member of the Firm's management or executive committee 'knew or should have reasonably foreseen on the inception date of such first policy that such Wrongful Act could be the basis of Claim.'"  2010 WL 3546234, at *8 (citing the policy).  The court noted that the prior knowledge exclusion "is designed to ensure that only risks from unknown losses are insured."  2010 WL 3546234, at *8 (citations and quotations omitted).  It considered whether an attorney at the firm, James L. Sullivan, "was one of the persons whose knowledge or reasonable foreseeability [was] contemplated by" the exclusion, whether knowledge of Sullivan's alleged malpractice should be imputed to individuals who were listed in the exclusion, or whether the firm had actual knowledge of the alleged wrongful acts.  *Id.*  The court specifically noted that "[o]n the inception date [of the policy], Sullivan was an 'insured' (as a person who 'was . . . a partner . . . of the Firm') but he was not any of the entities listed in the Prior-Knowledge Exclusion (the Firm, a Firm partner, or a member of the Firm's management committee)."  Here, unlike Sullivan in *Maher & Williams*, Wooten *is* one of the individuals listed in the Prior Knowledge Exclusion because he is one of the individuals contemplated by the definition of "you," and the exception expressly refers to those who are encompassed in the definition of the term "you."  Thus, *Maher & Williams* does not support the Welch Defendants' argument that the court should apply the separation of insureds provisions to Section VII.A even though they are not listed under Section VII.A.

It is not completely illogical to exempt an innocent insured with regard to the exclusion listed in 7.B but not 7.A.  Section 7.A relates to wrongful acts occurring prior to the policy period.  The

signature block for the application for this policy contains an affirmation that the individual completing the application has conducted a diligent inquiry to ensure that the statements made in the application were correct, and one of the questions in the application involves the type of conduct listed in exclusion 7.A.  *See* Dkt. 19-3 at application pp. 6-7 ("The undersigned authorized representative of the firm . . . [d]eclares after diligent inquiry that the above statements and particulars are true and that no material facts have been suppressed or misstated.").  It thus makes sense that the policy holds the insured firm accountable if OneBeacon issues an insurance policy in reliance on these statements and it later comes to light that someone in the firm had committed a wrongful act that was not disclosed—as it would appear in such an instance that a diligent inquiry was not made.  The firm has control over the extent of its inquiry into prior wrongful conduct. Section 7.B excludes coverage for intentional conduct of individuals.  The firm has little control over intentional conduct of individual members of its firm, so providing an exception to the exclusion for those who did not commit the intentional act does not "defy logic."

The Welch Defendants also argue that OneBeacon's reliance on Section VII.A rather than VII.B is a "sleight of hand" because OneBeacon represented to the Welch Defendants in earlier communication that it was going to rely on the exception contained in Section VII.B.  Whether this is a sleight of hand on OneBeacon's part because it made representations with regard to Section VII.B to the Welch Defendants is irrelevant to this motion to dismiss.

      **b.  Definition of "You."**  "You" is defined in the 2007 policy as follows:

> the **named insured** and any **predecessor** or such entity; . . . any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured**, but only while performing **professional legal services** on behalf of it; . . . any lawyer listed in the **named insured's** Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made . . . .

13

*Id.*

OneBeacon argues that this broad definition of "you" encompasses not only the Welch Firm, but also Wooten.  Dkt. 32.  Thus, coverage is excluded if Wooten knew or had a reasonable basis to believe he had committed a wrongful act, violated a disciplinary rule, or engaged in professional malpractice or could foresee a claim being made against him, even if the other members of the firm did not know.  *Id.*  The Welch Defendants argue that the definition of "you" is ambiguous because OneBeacon's use of the term in the policy is not consistent.[2]  Some portions of the policy use the terms "any of you" or "each of you," and the Welch Defendants argue that the use of the term "you" without the "any of" or "each of" qualifier should be construed as singular rather than plural.  Dkt. 37.

In support of their argument that the court should construe "you" as singular, the Welch Defendants cite *Transport Indemnity Co. v. Wyatt*, 417 So.2d 568, 570 (Ala. 1982).  In *Transport*, the Alabama Supreme Court determined that the term "any insured" in an insurance policy was ambiguous as it could be interpreted to mean "any one of the insureds" or could apply collectively to the whole.  417 So.2d at 571.  The court thus construed the term against the insurer.  *Id.*  The Alabama Supreme Court, however, was considering the term "any insured," not simply the term "insured."  *Id.*  While the Welch Defendants argue that the determination that the phrase "any insured" is ambiguous supports its assertion that "you" is ambiguous in the OneBeacon policy because it uses the terms "any of you" as well as "you," the portion of the policy at issue here

---

[2]  The Welch Defendant raised their argument with regard to the alleged ambiguity of the term "you" for the first time in their 47-page reply brief.  *Compare*, Dkt. 19-1, *with* Dkt. 37. Generally, courts will not consider arguments raised for the first time in the reply brief, as this deprives the opposing party of the opportunity to respond.  *Cf. Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Springs Industries, Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991).  However, since the court finds no merit in the argument, it will address the argument in order to avoid additional filings containing the same argument.

(Section 7.A) simply uses the term "you."  The term "you"—without "any of" attached—is unambiguously defined in the definition section of the policy to encompass multiple persons or entities.  Dkt. 19-3.  Attaching "each of" or "any of" to the term "you" limits it, but there is no limiting language in section VII.A.  The term, as used in Section VII.A, is thus not ambiguous and includes Wooten's alleged wrongful act.

Because section VII.A excludes claims that arose out of wrongful acts occurring prior to the policy period when "**you** had a reasonable basis to believe that **you** had committed a **wrongful act**, violated a disciplinary rule, or engaged in professional misconduct" or "could foresee that a **claim** would be made against **you**," and "you" is broadly defined to include Wooten, OneBeacon sufficiently states its fourth cause of action.  The Welch Defendants' motion to dismiss the fourth cause of action is therefore DENIED.

### 5.    Alleged Ambiguity of Question No. 42 in the 2007 and 2008 Applications.

The Welch Defendants argue that OneBeacon's reading of the contract is "myopic" because it "attempts to isolate provisions in the policies, rather than read them in harmony as the law requires." Dkt. 19-1 at 19-20.  Specifically, the Welch Defendants urge that the policy question that the Welch Firm allegedly answered falsely, Question No. 42, does not refer, as OneBeacon suggests, to the firm being sanctioned by a court.  *Id.* at 20.  Instead, the Welch Defendants assert that "[e]very word in the policy question surrounding 'sanction' and 'fine' rather plainly asks about acts a state bar can take against an attorney: (1) disbarred; (2) refused admission to practice law; (3) suspended; (4) reprimanded; and (5) placed on probation."  *Id.*  Thus, the Welch Defendants argue that OneBeacon's claims should be dismissed because "the contractual language is susceptible of only one plausible reading: that the terms 'fined' and 'sanctioned' only apply to decisions emanating from a state bar disciplinary body."  *Id.*

15

The Welch Defendants also argue that "a reasonable interpretation of the phrase 'any **complaint**, **grievance** or **action** by any court, administrative agency or regulatory body" is that it relates to an 'offensive' move by a state supreme court or other similar licensing body **initiating** a legal proceeding vis-a-vis a lawyer's license or lesser rules violation." *Id.* at 21.  They further argue that OneBeacon's interpretation of the phrase is absurd, as "lawyers under OneBeacon's policy could risk having their coverage excluded if they failed to report a fine for a cell phone inadvertently ringing in court." *Id.*  Finally, the Welch Defendants assert that the interpretation is "disavowed by other provisions of the policies" because "the policies provide coverage for disciplinary proceedings but not fines, such as for attorneys' fees." *Id.*  Thus, the Welch Defendants argue that it "defies common sense that Question No. 42 would relate to something that the policies do not cover." *Id.*

> Question No. 42 states:
>
> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory agency?

Dkt. 32.  Given the plain language of this question, it is the Welch Defendants' interpretation, not OneBeacon's, that is unreasonable.  First, the question clearly does not apply solely to actions by state bars.  The actions discussed in the question, including being *sanctioned*, are modified by the prepositional phrase "by any *court*, administrative agency or regulatory agency."  While certainly the question refers to actions by state bars, it also explicitly refers to actions by courts.  Second, the question does not only apply to offensive actions by a state supreme court or similar licensing body simply because it uses the phrase "any complaint, grievance or action."  This phrase is contained in a long list of actions about which the question inquires—it does not modify or in any way limit the other actions about which the question inquires.  Third, since the question specifically asks about

16

fines by courts, then certainly the person responding to the question should report if any person to whom the policy would apply had been fined by a court—even if the fine was merely for his or her cell phone going off in court.  It is reasonable for an insurance company that is considering providing coverage for legal malpractice to inquire about such fines even if the policy does not cover them because OneBeacon may conclude that an attorney who is willing to disregard court rules—including rules about cell phones—may also be willing to disregard other, more substantive rules.

The court finds that Question No. 42 is not ambiguous.  Accordingly, the Welch Firm's motion to dismiss based on the alleged ambiguity of Question No. 42 is DENIED.

### 6.    Futility of Amendment.

The Welch Defendants argue that any attempt to amend would be futile.  Dkt. 19-1.  There is no need to address this argument because the court finds no merit in the Welch Defendants' arguments that OneBeacon has failed to state a claim.

### IV. CONCLUSION

The Welch Defendants' motion to dismiss is DENIED.

Signed at Houston, Texas on April 5, 2012.

_____
Gray H. Miller
United States District Judge