UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONE BEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

ORDER

Pending before the court are third party Dish Network Corporation's ("Dish") sealed motion to intervene and memorandum in support thereof (Dkts. 45, 47) and Dish's sealed motion to join the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants T. Wade Welch & Associates (the "Welch Firm") and T. Wade Welch (collectively, the "Welch Defendants") (Dkt. 48). Having considered the motions, responsive briefing, and applicable law, the court is of the opinion that the motion to intervene should be GRANTED and the motion to join the Welch Defendants' motion to dismiss should be DENIED.

I. BACKGROUND

This is a declaratory judgment action in which plaintiff OneBeacon Insurance Company ("OneBeacon") seeks a declaration that two insurance policies it issued to the Welch Firm are void or do not provide coverage for certain claims that have been or may be made against the Welch Firm and the other defendants or that OneBeacon otherwise has no obligations under the policies for certain claims or potential claims. Dkt. 52. The policies were for malpractice, and the claims or potential claims OneBeacon seeks to avoid involve the Welch Firm's representation of Dish. Dkt. 46. Dish seeks to intervene in this action as a matter of right or, alternatively, Dish seeks permissive

intervention.  *Id.*  OneBeacon is opposed to the proposed intervention.  Dkt. 67.  Dish also moves

to join the Welch Defendants' motion to dismiss pursuant to Rule 12(b)(6). Dkt. 48.  OneBeacon is

opposed to that motion as well.  Dkt. 68.

## II. MOTION TO INTERVENE

### A.    Legal Standard

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right

when

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest
> that is related to the property or transaction that forms the basis of the controversy in
> the case into which she [or he] seeks to intervene; (3) the disposition of that case may
> impair or impede the potential intervener's ability to protect her interest; and (4) the
> existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004).  "[F]ailure to satisfy any one element precludes

the applicant's right to intervene."  *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).  However,

the inquiry is flexible and "'must be measured by a practical rather than technical yardstick.'"  *Id.*

(quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).  "Intervention should

generally be allowed where 'no one would be hurt and greater justice could be attained.'"  *Id.*

(quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Under Federal Rule of Civil Procedure 24(b), a "court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that

shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  "Permissive

intervention 'is wholly discretionary with the [district] court . . . even though there is a common

question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"  *New Orleans

Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984) (quoting Wright

& Miller, Federal Practice and Procedure: Civil § 1913 at 551)).

2

**B.      Analysis**

Dish contends that it has a significant interest in the outcome of this litigation because if OneBeacon succeeds in avoiding or excluding coverage under the policies it issued to the Welch Firm and the individual defendants, Dish may be unable to recover damages it allegedly sustained as a result of the defendants' alleged malpractice. Dkt. 47.  Additionally, Dish notes that the Welch Defendants, who are adverse to Dish because Dish intends to seek judgment against the Welch Firm for the full extent of the $12 million Dish paid to settle one of the cases that OneBeacon discusses in its amended complaint, will not adequately represent Dish"s interests in this case.  *Id.*

OneBeacon argues that Dish should not be permitted to intervene because Dish's argument that it may not be able to fully recover for a judgment against the Welch Firm that it does not even yet have is a speculative and contingent interest and cannot form the basis of either mandatory or permissive intervention.  Dkt. 67.  Additionally, OneBeacon argues that Dish cannot establish that it is so situated that the disposition of this matter will impair any interest it may have and it cannot establish that the existing parties to this litigation will not adequately protect Dish's interests.  *Id.*

Dish argues that OneBeacon is resorting "to hyper-technical labels and arguments in an attempt to paint DISH as a casual observer to these proceedings, who must passively watch as the Court determines rights and obligations that will decide whether DISH can recover potentially millions in malpractice damages."  Dkt. 71.  They assert that, under Texas law, injured third parties are considered beneficiaries of liability insurance policies before judgment is obtained against the insured.

**1.      Timeliness of Motion to Intervene**

In order to be allowed to intervene as a matter of right, Dish first must have timely filed its motion to intervene.  Dish points out that it moved to intervene when OneBeacon's declaratory

judgment action was still in its infancy, and OneBeacon does not argue that the motion is untimely. Dkts. 47, 67.  Thus, the court finds that Dish's motion to intervene is timely.

### 2.    Related Interest

Next, Dish must show that its interest in this action is related to that which forms the basis of the controversy in this case—whether the insurance policies cover the claim or claims that have been or will be made by Dish.  In "order to meet this requirement, an applicant must point to an interest that is 'direct, substantial, [and] legally protectable.'" *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005) (quoting *New Orleans Pub. Serv.*, 732 F.2d at 463)).  The interest cannot be merely economic.  *Id.*  Rather, it must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant."  *New Orleans Pub. Serv.*, 732 F.2d at 464.  "With respect to a potential intervenor seeking to *defend* an interest being attacked by a plaintiff in a lawsuit, . . . the intervenor is a real party in interest when the suit was intended to have a 'direct impact' on the intervenor." *Ross*, 426 F.3d at 757 n.46.

Dish argues that it has a significant protectable interest in this case because "an unfavorable decision by the Court could foreclose DISH's interest in being made whole for the damages it incurred as a result of the blatant malpractice committed by the Welch Defendants."  Dkt. 47. OneBeacon argues that Dish does not have a direct, substantial, and legally protectable interest in this action, as it cannot assert a direct action against OneBeacon to recover any proceeds under any of the insurance policies unless and until it obtains a judgment against the Welch Defendants.  Dkt. 67.  OneBeacon asserts that Dish is not a third-party beneficiary of the 2007 policy between the Welch Defendants and OneBeacon because under Texas law persons injured by an insured are not third-party beneficiaries of the insurance contract until a judgment is obtained against the insured.

4

*Id.* OneBeacon contends that Dish's interest in this case is therefore indirect, speculative, contingent, unfixed, and based upon events that have not yet occurred and may never occur. *Id.*

Under Texas law, "a party injured by the insured is a third party beneficiary of a liability insurance policy, . . . [but] he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." *State Farm Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam).  However, the insurer may join a third-party tort plaintiff who has not yet obtained a judgment to its declaratory judgment action. *State & Cnty. Mut. Fire Ins. Co. v. Walker*, 228 S.W.3d 404, 411 (Tex. App.—Fort Worth 2007, no pet.); *see Standard Accident Ins. Co. v. Meadows*, 124 F. 2d 422, 424 (5th Cir. 1942).  This is because the injured party "derive[s] [its] right, if any, to collect insurance proceeds directly from the rights of the [insured].  Due to their shared legal interest, under Texas law, they are deemed in privity," and the injured party is properly joined as a party in a declaratory judgment action by the insurer. *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 669, 682 (N.D. Tex. 2009).

Dish could not bring a direct declaratory action against OneBeacon prior to judgment relating to the underlying claim. *See Ollis*, 768 S.W.2d at 723.  However, because Dish has a shared legal interest with the Welch Defendants, Dish would be properly joined as a party if OneBeacon had sought to join Dish. *See Walker*, 228 S.W.3d at 411.  And if that were the case, Dish would be required to defend its interest.  OneBeacon did not join Dish as a defendant, though, so Dish now seeks to intervene to defend its interest.  The interest it seeks to defend is a legally protectable interest—otherwise it would not be appropriate for the insurer to join a third-party tort plaintiff.  It is also an interest that belongs to Dish since Dish is deemed, under Texas law, to be in privity with the Welch Firm as far as the insurance policies are concerned.

5

### 3.    Impact of This Case on Dish's Interest

The third factor is whether Dish's protectable interest could be impaired or impacted by the court's disposition of this case. Dish argues that its interest could be impaired or impacted by an unfavorable decision in this case because an unfavorable disposition "could foreclose DISH's interest in being made whole for the damages it incurred." Dkt. 47 at 6. Additionally, Dish asserts that an unfavorable disposition may impact its ability to recover damages under the *Stowers* doctrine if the judgment it receives exceeds the limits of liability of the OneBeacon policy. *Id.* at 7. OneBeacon asserts that Dish has not met its burden of showing that the disposition of this action will impair or impede its ability to protect its interests as Dish has provided no evidence that the Welch Firm and/or Welch are insolvent or without sufficient assets to cover any judgment Dish may obtain. Dkt. 67 at 9. Additionally, OneBeacon asserts that Dish's argument with regard to a *Stowers* claim is nonsensical because Dish's presence in this litigation will have no bearing on the *personal* rights of the Welch Firm to bring a *Stowers* claim—a claim that can only be made by the insured. *Id.* at 10.

Dish relies heavily on *Dairyland Insurance Co. v. Makover* to support its argument that it has a protectable interest that will be impaired or impacted by an unfavorable decision in this case. In *Dairyland*, Ann and Bernard Makover, who were defendants in the district court, appealed the district court's denial of their post-trial motion for judgment n.o.v. or motion for a new trial and their post-trial motion to dismiss for lack of diversity jurisdiction. 654 F.2d 1120, 1122-23 (5th Cir. 1981). Dairyland, which is an insurance company that sought a declaratory judgment in the district court regarding coverage, argued that the Makovers, who were injured when their station wagon collided with an automobile owned by Dairyland's insured, lacked standing to appeal because they were not parties to the insurance policy at issue and were merely nominal defendants in a case involving

6

insurance coverage.  *Id.*  Dairyland asserted that "the availability of insurance proceeds to satisfy a potential judgment is only a remote and secondary consequence of this litigation," and that the Makovers were not "aggrieved by the judgment" and therefore had no standing to appeal.  *Id.* at 1123. The Fifth Circuit noted that Dairyland "apparently thought that the Makovers' interest was sufficiently affected to name them as defendants."  *Id.*  It held that the Makovers, "as potential judgment creditors claiming liability in a state court tort suit against the putative insured, [had] standing to appeal the judicial declaration that the policy of insurance issued by Dairyland does not cover the putative insured."  *Id.*  In reaching this conclusion, the court noted that Dairyland's naming of the Makovers as defendants was "decisive" to its holding.  *Id.*  Here, unlike in *Dairyland*, OneBeacon did not include Dish as a defendant in its declaratory judgment action, and the issue raised by the instant motion involves intervention, not standing to appeal.  Thus, the posture of *Dairyland* is too different from the posture of this case to be of much value in determining whether Dish's interest is sufficiently affected by this case to require intervention as a matter of right.

Regardless, the court finds that the plain language of Rule 24(a)(2) supports Dish's position that its interest could be impaired by an unfavorable disposition in this case.  The rule states that the court must permit intervention when "disposing of the action *may as a practical matter* impair or impede the movant's ability to protect that interest."  Fed. R. Civ. P. 24(a)(2) (emphasis added).  This is not a stringent standard requiring a definite showing that Welch Firm and/or Welch are unable to pay any judgment that Dish may secure.  Clearly, an unfavorable ruling *may*, as a practical matter, impair Dish's ability to recover if it is successful in the underlying claim.  Thus, measuring this factor with a "practical rather than technical yardstick," as the court must, the court finds that Dish has met its burden with regard to the third factor.

7

4.       **Adequacy of the Welch Defendants' Representation of Dish's Interests**

The final intervention factor is whether the existing parties adequately represent the potential intervenor's interests.  "The requirement of the Rule is satisfied if the applicant shows that representation of his [or her] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630 (1972) (citing 3B J. Moore, Federal Practice 24.09-1(4) (1969)).  It is, however, not so minimal as to "write the requirement completely out of the rule."  *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984).  If "the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) (quotations and citations omitted).  If a party asserts adversity of interest to overcome the presumption, such adversity must exist in the proceeding at issue.  *Bush*, 740 F.2d at 356.

Dish asserts that "[e]ven though DISH and the Welch Firm may share a common objective in this action (i.e., establishing coverage for DISH's claim under OneBeacon's policies), the Welch Defendants cannot adequately represent DISH's interests" because (1) Dish and the Welch Firm "will be directly adverse to each other in the malpractice proceeding"; and (2) the Welch Defendants may choose not to pursue certain defenses in this case because of this adversity in the underlying tort suit. Dkt 47 at 10.  OneBeacon argues that "the Welch Defendants are zealously and vigorously litigating this case" and will adequately represent any interest Dish has in this case.  Dkt. 67 at 12.

Here, Dish has the same ultimate goal in this case as the Welch Defendants—to show that the policies at issue cover the alleged malpractice.  Dish argues, however, that their interests are still adverse because the Welch Defendants "may not present all available arguments in this action" and

particularly may not be willing to advance arguments that may identify and highlight alleged acts of malpractice. Dkt. 71 at 9. Dish points to its motion to join the Welch Defendants' motion to dismiss, in which Dish advances an argument that highlights different actions allegedly taken by defendant Wooten that Dish alleges constitute malpractice. *See* Dkts. 47, 48, 71. The Welch Defendants did not point out these alleged separate negligent acts in their motion. This demonstrates that the adverse interests between Dish and the defendants in the underlying action may have an impact on the defendants' advocacy in this action—which is sufficient to overcome the presumption that Dish's interests are adequately represented.

Because Dish has met its burden with regard to each factor, Dish may intervene in this action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Moreover, even if Dish had not met every prong of the section 24(a)(2) test, the court would permit Dish to intervene under section 24(b)(1)(B), because its motion was timely and Dish and the Welch Defendants share a common defense. *See* Fed. R. Civ. P. 24(b)(1)(B). Accordingly, Dish's motion to intervene is GRANTED.

## IV. MOTION TO JOIN THE MOTION TO DISMISS

Dish has also moved to join the Welch Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 48. The court, however, has already ruled on that motion. *See* Dkt. 83. Dish's motion is therefore DENIED AS MOOT. Moreover, the court notes that the arguments advanced by Dish in its motion are more appropriate for the summary judgment stage.

## V. Conclusion

Dish's motion to intervene (Dkt. 45) is GRANTED.  Dish's motion to join in the Welch Defendants' motion to dismiss (Dkt. 48) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 12, 2012.

_____
Gray H. Miller
United States District Judge