UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONE BEACON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is a motion to dismiss filed by plaintiff and counterdefendant OneBeacon Insurance Company ("OneBeacon"). Dkt. 76. Having considered the motion, response, reply, and applicable law, the court is of the opinion that OneBeacon's motion should be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

This is an insurance coverage dispute. OneBeacon filed this action seeking a declaration that the insurance policies it issued to defendant and counterplaintiff T. Wade Welch & Associates (the "Welch Firm") for 2007 and 2008 are void or otherwise do not provide coverage for certain claims or potential claims. Dkt. 52. The Welch Firm and defendant and counterplaintiff T. Wade Welch (the "Welch Litigants") filed a counterclaim against OneBeacon for breach of insurance policies OneBeacon issued to the Welch Firm in 2006, 2007, and 2008, breach of the common law duty of good faith and fair dealing, unfair insurance practices in violation of Texas Insurance Code § 541, noncompliance with the prompt payment of claims sections of the Texas Insurance Code, negligence in failing to perform a reasonable investigation and promptly settle a third party's claims, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Dkt. 61. OneBeacon now seeks

dismissal of the counterclaim under a term in the insurance policies in which the Welch Litigants agreed not to file any action against OneBeacon unless and until a judgment was entered against them for a third-party claim. Dkt. 76-1. They also seek dismissal of the breach of contract claim as it relates to the 2006 policy because the policy is not at issue in this litigation, dismissal of the breach of good faith and fair dealing claim and negligence claim because OneBeacon owes no common law duty to the Welch Litigants, dismissal of the fraud allegations because the Welch Litigants have not pled the claims with particularity as required by Federal Rule of Civil Procedure 9(b), and dismissal of the claim under Texas Insurance Code § 541.060(a)(4) because OneBeacon's duty under that provision has allegedly not yet been triggered. *Id.*

## II. LEGAL STANDARD

### A.    Rule 12(b)(6) Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing

*Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.* at 1959.

## B.    Rule 9(b) Standard

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)).  However, this particularity requirement "does not 'reflect a subscription to fact pleading.'" *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).  Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted) (referring to the standard enunciated in *Twombly*).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)).  Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).  However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 185.  Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or

mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

### III. ANALYSIS

**A.      Alleged Agreement Not to Bring Claims**

OneBeacon argues that a judgment against the Welch Litigants is a condition precedent to any action by the Welch Litigants against OneBeacon relating to the 2007 and 2008 insurance policies, and that since there has been no judgment relating to the underlying cases, the counterclaims should be dismissed.  Dkt. 76-1 at 8.  The Welch Litigants argue that they are not bound by the conditions precedent in the policies because OneBeacon breached the policies.  Dkt. 92.

Both policies contain the following "no action clause":

> No action can be brought against **us** unless, as a condition precedent, **you** have fully complied with all terms of this policy, and the amount of **your** obligation to pay has been fully and finally determined either by judgment against **you** after actual trial or by written agreement of **you**, the claimant and **us**.  Nothing contained in this policy gives any person or organization the right to join **us** as co-defendant in any action against **you** to determine **your** liability.

Dkt. 76-1, Exh. A, § X.A (2007 Policy), Exh. B, § X.A (2008 Policy).  An "insurance company may ordinarily insist upon compliance with this condition for its own protection, but it may not do so after it is given the opportunity to defend the suit or to agree to the settlement and refuses to do either on the erroneous ground that it has no responsibility under the policy."  *Gulf Ins. Co. v. Parker Prods., Inc.*, 498 S.W.2d 676, 679 (Tex. 1973).  The Welch Litigants contend that OneBeacon attempted to rescind the policies in a letter dated August 19, 2011, repudiated the policies by filing this action on August 22, 2010, sent a letter refusing further defense on October 19, 2011, and rejected the Welch Litigants' request to settle one of the claims that are at issue in this case or defend

4

and indemnify them on December 14, 2011.  Dkt. 61.  The Welch Litigants did not file their counterclaim against OneBeacon until January 19, 2012.  Dkt. 50.  Thus, the counterclaim was not filed until after OneBeacon failed to defend the suit or settle, and according to the counterclaim, OneBeacon had no grounds to so refuse.  Accordingly, under *Gulf Insurance*, OneBeacon cannot now insist that the Welch Litigants honor the no-action clause.  OneBeacon's motion to dismiss the counterclaim for failure to comply with the no-action clause is DENIED.

## B.      Breach of Contract Claim – Count I

Count I of the Welch Litigants' counterclaim asserts that OneBeacon breached the 2006, 2007, and 2008 policies by attempting to rescind the policies in an August 19, 2011 letter to the Welch Litigants; repudiating the policies by filing this action; sending a letter refusing further defense on October 19, 2011;  rejecting the Welch Litigants' December 14, 2011 request to settle one of the claims at issue in this lawsuit; and "ultimately refusing to defend and indemnity" the Welch Litigants.  Dkt. 61.  OneBeacon requests dismissal of this claim as it relates to the 2006 policy.  Dkts. 76-1, 99.  OneBeacon asserts that it has not rescinded or sought any declaration relating to the 2006 policy, and that any claim for breach of that policy should therefore be dismissed.  Dkt. 76-1.  OneBeacon notes that the 2006 policy is mentioned in the factual background of the counterclaim, but that there is no other mention of the 2006 policy other than a conclusory statement in paragraph 88 that an October 19, 2011 letter refusing further defense was a repudiation of the 2006, 2007 and 2008 policies.  Dkt. 76-1.  OneBeacon argues that the conclusory allegation that OneBeacon breached the contracts is insufficient because there are no facts alleged establishing any of the bases for the alleged breach of the 2006 policy.  Dkt. 76-1 at 11.

The Welch Litigants argue that they have alleged facts sufficient to show, with regard to the 2006 policy, the existence of the agreement, performance, breach, and damages.  Dkt. 92.  The

Welch Litigants assert that OneBeacon attempted to rescind the 2007 and 2008 policies, but that this does not excuse OneBeacon from performing under the 2006 policy, and that some of the alleged wrongful acts occurred during the 2006 policy period.  *Id.*  Specifically, the Welch Litigants assert that sanctions orders issued in June and July of 2007 occurred during the 2006 policy period.  *Id.*  OneBeacon argues that any occurrences during the 2006 policy period did not trigger the policy because it is a *claims* made policy, not an *occurrence*-based policy.  Dkt. 99.

The declaration states:

> THIS POLICY IS WRITTEN ON A CLAIMS MADE AND REPORTED BASIS.  TO BE COVERED, A CLAIM OR SUIT MUST BE FIRST MADE OR BROUGHT AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD, OR SIXTY (60) DAYS THEREAFTER, OR DURING AN EXTENDED REPORTING PERIOD IF APPLICABLE.

Dkt. 99, Exh. A..  The policy clearly states that it is for claims "first made against you during the policy period and reported to us in writing during the policy period or within sixty (60) days thereafter; or . . . first made against you and reported to us in writing during any applicable Extended Reporting Period; and . . . are caused by a wrongful act which takes place before or during the policy period and after the retroactive date shown on the Declarations."  *Id.*  Thus, in order for a claim to trigger the policy, the claim must have both been made during the period of the policy and reported during the policy period or within 60 days.  The policy also states that the Welch Firm had to give notice of potential claims as soon as practicable, and that if the Welch Firm reported potential claims during the policy period and the actual claim was made subsequent to the policy period, the claim would be deemed made during the policy period.  *Id.*

The Welch Litigants do not plead that they became aware of the potential claims during the 2006 policy period or that they reported it during that period.  Dkt. 61.  In fact, the Welch Litigants

allege that Welch did not become aware of the sanctions order in one of the cases at issue until March 20, 2008, which was 90 days after the end of the 2006 policy period (December 20, 2006 until December 20, 2007).  *Id.* & Dkt. 76-1, Exh. A.  They provided the first notice of that claim to OneBeacon on April 7, 2008.  Dkt. 61.

Since the 2006 policy is clearly a claims-made policy and no claims are alleged to have been made during the period which was covered by the 2006 policy, the Welch Litigants fail to state a claim for breach of the 2006 policy.  OneBeacon's motion to dismiss Count I to the extent it alleges breach of the 2006 policy is GRANTED.

**C.    Breach of Duty of Good Faith and Negligence – Counts II and V**

In Count II of the counterclaim, the Welch Litigants allege that OneBeacon breached the common law duty of good faith and fair dealing owed to insureds in insurance contracts by refusing to pay, delaying in paying, or offering grossly inadequate and unconscionable sums to settle claims submitted by third-party EchoStar Communications Corporation (n/k/a DISH Network Corporation and Kelly Broadcasting Systems, Inc. (collectively, "DISH")).  Dkt. 61.  In Count V, the Welch Litigants allege that OneBeacon had a duty to perform a reasonable investigation and promptly settle DISH's claim and that it breached these duties by refusing to settle and failing to perform a reasonable investigation, causing OneBeacon damages in excess of $12,000,000.00. *Id.* OneBeacon moves for dismissal of both claims, arguing that an insurer does not owe a duty to its insured in the context of third-party claims other than the duty set forth in *Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. App. 1929).  The Welch Litigants argue that under Texas law an insurer owes a duty of good faith and fair dealing to its insureds and that they have alleged

7

multiple facts relating to OneBeacon's breach of that duty.[1]  Dkt. 92.  Moreover, they state that their negligence claim is a claim for a breach of the *Stowers* duty.  *Id.*  According to the Welch Litigants, OneBeacon did not timely respond to the Welch Litigants' notice of a potential claim, did not timely investigate once the potential claim was elevated to a claim, which was after OneBeacon received a *Stowers* demand from DISH, and did not send notice of rescission until 5 days before a settlement conference with DISH.  *Id.*  The Welch Litigants argue, in the alternative, that it is improper to dismiss the claim at this time because discovery is still in its early stages and additional discovery may reveal the circumstances regarding OneBeacon's failure to settle.  *Id.* at 13 n.7.

### 1.    The Insurer's Duty.

Under Texas law, "*Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands."  *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex. 2007).  The *Stowers* duty involves a duty to protect the insured by accepting reasonable settlement offers that are within policy limits.  *Id.* (citing *Stowers*, 15 S.W.2d at 547).

> "The *Stowers* duty is not activated by a settlement demand unless three prerequisites are met: (1) the claim against the insured is within the scope of coverage, (2) the demand is within the policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment."

---

[1]  The Welch Litigants argue that OneBeacon breached its duty of good faith and fair dealing because it failed to respond to the Welch Litigants after receiving notice of a potential claim, violating section 542.041(4) of the Texas Insurance Code; failed to commence an investigation for several months after elevating the incident to a claim and after receiving a *Stowers* demand, violating sections 542.055 and 542.056 of the Texas Insurance Code; ignored the first *Stowers* demand from DISH and did nothing to settle the DISH claim; failed to respond to the second *Stowers* demand from DISH; and sent notice of rescission of the Policy five days before a settlement conference yet attended the settlement conference.  Dkt. 92.  The Welch Litigants argue that these facts demonstrate that OneBeacon failed to effectuate a prompt settlement and denied the claim after its liability had become clear without any reasonable basis to do so.  *Id.*  The Welch Litigants also argue that OneBeacon "stalled Counter-Plaintiffs in an attempt to avoid liability under the polic(ies)."  *Id.*

*Id.* (quoting *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994)).  Similarly, Texas courts have refused to "recognize a cause of action for an insurer's negligent defense of a third party claim beyond *Stowers* and declined to expand the scope of the *Stowers* duty to allow for such a claim." *Taylor v. Allstate Ins. Co.*, 356 S.W.3d 92, 99 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).  The Texas Supreme Court has noted that "an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights" and that "[i]mposing an additional duty on insurers in handling third-party claims is unnecessary and therefore inappropriate." *Maryland Ins. Co. v. Head Indus. Coatings & Serv., Inc.*, 938 S.W.2d 27, 28-29 (Tex. 1996) (superseded in part by statute).

### 2.   Stowers.

With regard to stating a claim under *Stowers*, the Welch Litigants allege in the counterclaim that the policy limit in this case is $5 million and that on December 22, 2010, and again on June 14, 2011, DISH lodged its policy limits demand against OneBeacon.  Dkt. 61.  The Welch Litigants allegedly directed OneBeacon to pay the policy limits and obtain a release in response to the December 22, 2010, demand.  *Id.*  The Welch Litigants allegedly again demanded that OneBeacon pay policy limits and obtain a release on or about April 15, 2011.  *Id.*  The Welch Litigants allege that on this date they presented OneBeacon with a comprehensive memorandum detailing the potential liability of defendant Wooten and the high potential for a risk well in excess of the $5 million in policy limits and potentially upwards of $75 million.  *Id.*  DISH allegedly reiterated its *Stowers* demand to OneBeacon on June 14, 2011, and the Welch Litigants allegedly demanded that OneBeacon pay the policy limits in exchange for a release.  *Id.*  On December 9, 2011, DISH allegedly sent a demand letter to OneBeacon regarding the *Russian Media Group* Litigation and

requesting in excess of $12,000,000.00. On December 14, 2011, the Welch Litigants allegedly again asked OneBeacon to settle DISH's claim or defend and indemnify them and OneBeacon refused. *Id.* These allegations plausibly state that a *Stowers* duty was activated.

OneBeacon argues, however, that any claim pursuant to *Stowers* is premature because a *Stowers* claim cannot accrue until the insured is actually exposed to damages beyond the policy limit, which can only occur after a judgment has been entered in the underlying action. Dkt. 99. Indeed, under Texas law, "a *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final." *Street v. Honorable Second Ct. of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988). "[A] judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Id.* Here, there is no final judgment, so the *Stowers* claim is not ripe. Thus, because the Welch Litigants' negligence claim is based on an alleged breach of the *Stowers* duty and that claim is not ripe, the motion to dismiss the negligence claim (Count V) is GRANTED.

### 3.    *Good Faith and Fair Dealing.*

With regard to the alleged breach of the duty of good faith and fair dealing that does not implicate *Stowers*, OneBeacon argues that all claims based on this alleged duty should be dismissed, relying on Texas cases that hold that insurers have no duty of good faith and fair dealing with regard to third-party claims. The Welch Litigants argue that insurers do have a duty of good faith and fair dealing with regard to *first-party* claims, and that their claim is a first-party claim. Dkt. 92.

The Welch Litigants rely on *Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3d 1, 17 (Tex. 2007). In *Lamar Homes*, the Texas Supreme Court considered whether an insured's claim for defense costs was a "first party claim" as that term is used in section 542.060(a) of the Texas

Insurance Code. 242 S.W.3d at 16-17. Section 542.060(a) makes an insurer liable for a "claim" if it does not promptly respond to or pay the claim as required by the statute, and a "claim" is defined as "'a first party claim . . . .'" *Id.* at 16 (quoting Tex. Ins. Code §§ 542.051(2), 542.060(a)). The Texas Supreme Court reasoned that a "claim" for defense costs under the statute is a first-party claim rather than a third-party claim as the claim "concerns a direct loss to the insured." *Id.* at 17. It accordingly held that the insured's "right to a defense benefit under a liability insurance policy is a 'first-party claim' within the statute's meaning." *Id.* at 20.

OneBeacon argues that the *Lamar Homes*' interpretation of the term "first party claim" is limited to claims brought under the Texas Insurance Code and does not apply to claims for breach of the common law duty of good faith and fair dealing. Dkt. 99. The court agrees. As this court reads *Lamar Homes*, the Texas Supreme Court was construing what the Texas Legislature meant for the statute to cover, not re-writing all of its prior caselaw relating to insurers' common law duties. *See Lamar Homes*, 242 S.W.3d at 20 ("[W]e conclude that the Legislature did not intend to limit the prompt-payment statute to first-party insurance, but rather intended that it apply to claims personal to the insured . . . [and that the insured's] right to a defense benefit under a liability insurance policy is a 'first-party claim' within the statute's meaning."). Here, we are not addressing the statute. Texas courts hold that an insured has no *common law* duty based on a failure to defend or "mishandling of the defense of a third party claim." *Taylor*, 356 S.W.3d at 97-99 (collecting cases). The Welch Litigants' breach of good faith and fair dealing claims all involve the alleged failure to defend or mishandling of the claim of a third party. It is unnecessary to impose a common law duty of good faith and fair dealing for such claims because "an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights." *Head*,

11

938 S.W.2d at 28-29.  Accordingly, OneBeacon's motion to dismiss the Welch Litigants' claim for breach of the duty of good faith and fair dealing (Count II) is GRANTED.

### D.      Fraud Claims – Counts II, III and VI

Several of the Welch Litigants' counterclaims sound in fraud.  In Count II, the Welch Litigants allege that OneBeacon breached its duty of good faith and fair dealing by, among other things, misrepresenting policy coverages and exclusions in its improper reservations of rights letters.  Dkt. 61.  They further allege that OneBeacon investigated the EchoStar claim in a fraudulent fashion.  *Id.* Count III alleges unfair insurance practices in violation of Texas Insurance Code section 541, and part of the claim involves an alleged misrepresentation of material facts relating to the coverage at issue. *Id.*  Count VI alleges various violations of the Texas Deceptive Trade Practices Act, including alleged misrepresentations of the terms of the agreement.  *Id.*  OneBeacon argues that these claims, to the extent they rely upon alleged fraud, should be dismissed because the Welch Litigants fail to meet the heightened pleading standard for fraud claims.  Dkt. 76-1.  The Welch Litigants argue that they meet the heightened pleading standard because they have pled sufficient facts as to the who, what, where, and how of OneBeacon's alleged misrepresentations.  Dkt. 92.

First, the court need not address the argument that the claims sounding in fraud within Count II are not stated with particularity because the court is dismissing those claims on other grounds. With regard to the Counts III and VI, OneBeacon argues that the Welch Litigants have not adequately pled their claims that OneBeacon misrepresented material facts relating to the coverage at issue.  Dkt. 76-1.  The Welch Litigants allege that OneBeacon misrepresented the policy coverages and exclusions in a reservation of rights letters, and they state who sent the letter, when it was sent, and what the alleged misrepresentation in the letter is.  *See* Dkt. 61 ¶ 65.  The court finds that these facts are

sufficient to meet the Rule 9(b) pleading standard.  Accordingly, OneBeacon's motion to dismiss Counts III and VI for failure to plead fraud with particularity is DENIED.

**E.**     **Violation of Texas Insurance Code Section 541.060(a)(4) – Count III**

Count III of the Welch Litigants' counterclaim alleges violations of various sections of chapter 541 of the Texas Insurance Code.  Dkt. 61.  OneBeacon seeks dismissal of the claim contained within Count III that it violated section 541.060(a)(4), which alleges that OneBeacon's unfair settlement practices or failure to timely affirm or deny coverage of the DISH claim constitutes an unfair method of competition and an unfair and deceptive practice in the business of insurance.  Dkts. 61, 76-1. OneBeacon argues that this claim is based on conduct that occurred before there was any judgment or settlement of the underlying claim and that, as a matter of law, the obligations under section 541.060(a)(4) are only triggered once there is a judgment or settlement.  Dkt. 76-1.  OneBeacon relies on *Columbia Casualty Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106 (5th Cir. 2008), to support this claim.  The Welch Litigants argue that *Columbia Casualty Co.* is not on point.

In *Columbia Casualty Co.*, a former employee of Georgia and Florida RailNet, Inc. ("GFR") brought a claim in state court against GFR for alleged respiratory damage caused by exhaust fumes, and GFR sought coverage for this claim from Columbia Casualty Co. ("Columbia") under its claims-made policy.  542 F.3d at 107.  Columbia associated with GFR in the defense of the state court case, but it did not defend GFR.  *Id.* at 109.  Before the underlying state court claims were resolved, Columbia brought an action in federal court seeking a declaratory judgment that it had no duty to defend and indemnify, among other claims.  *Id.*  GFR filed a counterclaim alleging, among other things, that Columbia's delay in denying coverage while associating itself with the defense in the underlying action was a violation of section 541.060(a)(4) of the Texas Insurance Code.  *Id.*  Section 541.060(a)(4) states that it "is an unfair method of competition or an unfair or deceptive act or

practice . . . to fail[] within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder." Tex. Ins. Code § 541.060(a)(4). The Fifth Circuit determined that (1) the district court did not err in finding that GFR failed to prove that a reservation-of-rights letter was not sent well before Columbia denied GFR's claim, so there was no issue as to the reasonableness of the timing of the reservation of rights letter; and (2) Columbia's letter denying coverage was sent before the underlying case had started, so the district court did not err in finding against GFR on the timeliness of the denial of coverage, as the insurer's duty to indemnify is based on facts proven at trial and thus must be decided "'within a reasonable time after judgment or settlement.'" *Columbia*, 542 F.3d at 114 (quoting *Comsys Tech. Servs., Inc. v. Twin City Fire Ins.Co.*, 130 S.W.3d 181, 190 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)).

The Welch Litigants argue that *Columbia* in inapposite because here, unlike in Columbia, OneBeacon rescinded the insurance contract and because *Columbia* related to the duty to indemnify, not the duty to defend. Dkt. 92. OneBeacon argues that Count III does not involve a breach of the duty to defend, anyway, it involves settlement practices and the denial of "coverage" for a claim; as such, since the case has not settled or reached final judgment, *Columbia* is directly on point. Dkt. 99.

The portion of Count III dealing with an alleged violation of section 541.060(a)(4) states:

> Counter-Defendant OneBeacon's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the EchoStar claim to Counter-Plaintiffs, or to submit a reservation of rights to Counter-Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(4).

Dkt. 61 ¶ 113. Thus, the two allegations are that OneBeacon (1) failed to affirm or deny coverage within a reasonable time; and (2) failed to submit a reservation of rights letter within a reasonable time. *Id.* To the extent "coverage" means indemnification, *Columbia* is on point. Since there has

14

been no settlement or final judgment in the underlying action, and OneBeacon clearly denied coverage as of August 19, 2011, there can be no violation of section 541.060(a)(4) with regard to a denial of indemnification.  It makes no difference that OneBeacon rescinded its policy, as the statute deals with timeliness of the denial of coverage, and here coverage was clearly denied, like in *Columbia*, *before* the underlying case reached settlement or final judgment.

This case is, however, different that *Columbia* with regard to the alleged failure to timely affirm or deny the duty to defend and to timely submit a reservation of rights letter.  With regard to the duty to defend, the *Columbia* court did not even address the timeliness of affirming or denying the duty to defend because there was no duty to defend contained within the *Columbia* policy. *Columbia*, 542 F.3d at 108.  Here, the counterclaim alleges that OneBeacon elevated the claim relating to the *Russian Media Group* litigation to a "claim" in March 2010, but did "nothing to defend" for almost a full calendar year after that, and did not retain an attorney for the Welch Litigants pursuant to its duty to defend until February 2011.  Dkt. 61.  With regard to the reservation of rights issue, in *Columbia*, the trial court found that the insured had not met its burden of proof with regard to the reservation of rights issue, and the Fifth Circuit sustained that finding.  *Columbia*, 542 F.3d at 114.  Here, the Welch Litigants assert that OneBeacon did not send a reservation of rights letter until March 11, 2011—a year after allegedly recognizing that the *Russian Media Group* litigation was a "claim."  Dkt. 61.  The court must take these allegations as true at the motion to dismiss stage.  The court finds therefore that the Welch Litigants have stated a claim under section 541.060(a)(4) with regard to the allegation that OneBeacon did not affirm or deny its duty to defend in a timely manner and failed to timely submit a reservation of rights letter.  OneBeacon's motion to dismiss Count III is GRANTED to the extent that it claims that OneBeacon failed to timely affirm or deny its duty to

indemnify, but it is DENIED to the extent that it claims that OneBeacon failed to timely affirm or deny its duty to defend and failed to timely submit a reservation of rights letter.

## IV. CONCLUSION

OneBeacon's motion to dismiss (Dkt. 76) the Welch Litigants' counterclaim is GRANTED IN PART AND DENIED IN PART.  It is GRANTED with regard to Count I to the extent Count I relies on the 2006 policy; it is GRANTED with regard to Counts II and V; and it is GRANTED with regard to Count III to the extent that Count III asserts that OneBeacon failed to timely affirm or deny its duty to indemnify.  Count I, to the extent it relies on the 2006 policy, is DISMISSED WITH PREJUDICE.  Counts II and V are DISMISSED WITH PREJUDICE.  Count III, to the extent it asserts a failure to timely affirm or deny OneBeacon's duty to indemnify is DISMISSED WITH PREJUDICE.  OneBeacon's motion to dismiss is DENIED in all other respects.

Signed at Houston, Texas on June 25, 2012.

_____
Gray H. Miller
United States District Judge

16