UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, | § | |
| ROSS W. WOOTEN, T. WADE WELCH, | § | |
| AND JOSEPH H. BOYLE, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are defendants and counter-plaintiffs T. Wade Welch & Associates (the "Welch Firm") and T. Wade Welch's (collectively, the "Welch Defendants") motion for clarification or reconsideration of the court's order addressing the Welch Defendants' motion to dismiss. Dkt. 103. The Welch Defendants move, alternatively, for leave to amend. *Id.* After considering the motion, response, reply, and applicable law, as well as other relevant documents in the record, the court is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

On June 25, 2012, the court granted in part and denied in part plaintiff and counter-defendant OneBeacon Insurance Company's ("OneBeacon") motion to dismiss. Dkt. 101. Among other rulings, the court granted the motion with regard to claims relying on a policy issued by OneBeacon for 2006, the *Stowers* duty, the duty of good faith and fair dealing, and failure to timely deny coverage. *Id.* The Welch Defendants now move for reconsideration or clarification with regards to each of these rulings. Dkt. 103.

## II. Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). However, motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Here, the motion was filed within 28 days, so the court considers it pursuant to Rule 59(e). A "motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and "cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## III. Analysis

The court will consider each of the four issues raised by the Welch Defendants in turn. With regard to the dismissal of the claim relating to the 2006 policy, the Welch Defendants argue that the innocent insured clause applied to the entire section entitled Reporting of Claims and Wrongful Acts and that it appears from the order that the court did not consider the applicability of this clause. Dkt. 106. However, the court found that the policy was inapplicable because it is a claims-made policy and there were no claims made within the policy period. *See* Dkt. 101. Whether the Welch Defendants were relieved from reporting potential claims during the policy period under the innocent insureds clause has nothing to do with the fact that there was no actual claim made–by a third party–during the policy period. Thus, the 2006 policy does not apply. The Welch Defendants' motion, as it relates to court's order dismissing the claim for breach of the 2006 policy is DENIED.

With regard to the *Stowers* duty, the Welch Defendants argue that the court should not have dismissed their *Stowers* claim with prejudice because it merely found that the claim was not ripe; with the prejudicial dismissal, the Welch Defendants will be unable to replead when the claim does become ripe. Dkt. 103. OneBeacon points out that the count implicating *Stowers* that was dismissed was styled as a negligence claim, not a *Stowers* claim. Dkt. 104. The court finds that whether it is framed as a negligence claim or a *Stowers* claim is a matter of semantics and that this claim should have been dismissed without prejudice. Accordingly, the Welch Defendants' motion to reconsider this aspect of the court's June 25, 2012, order is GRANTED. That order is hereby AMENDED to reflect that Count V is DISMISSED WITHOUT PREJUDICE.

The Welch Defendants next take issue with the court's ruling on the duty of good faith and fair dealing. Dkt. 103. The Welch Defendants assert that their claims for breach of the duty of good faith and fair dealing are first-party claims, not third-party claims, and that, as such, they should not have been dismissed. *Id.* Under Texas law, "a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract." *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). "In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Id.* "A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay." *Id.* Additionally, "a cause of action for breach of good faith and fair dealing exists when the insurer wrongfully cancels an insurance policy without a reasonable basis. A cause of action is stated by alleging that the insurer had no reasonable basis for

3

the cancellation of the policy and that the insurer knew or should have known of that fact." *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994).

Here, the counterclaim alleges that OneBeacon breached its duty of good faith and fair dealing when it "refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle . . . ." Dkt. 61. The court construed this claim as involving the alleged failure to defend or the mishandling of the claim of a third party. Dkt. 101. The court has re-reviewed the counterclaim and notes that the Welch Defendants also specifically allege that OneBeacon breached its duty by "its attempted rescission of the 2007 and 2008 policies in its August 19, 2011 letter." The allegations with regard to that letter indicate that it was issued nearly two-and-a-half years after OneBeacon was notified of the incident giving rise to EchoStar's claim, which was also the Friday before mediation, and that the letter alleged that OneBeacon had discovered the 2005 *Dominion* attorneys' fees order no earlier than May 31, 2011, when in reality OneBeacon had knowledge of that order before that date. Dkt. 61. The court finds that these allegations are sufficient to plausibly state that OneBeacon wrongfully rescinded the policy without a reasonable basis. Thus, the Welch Defendants' motion to reconsider is GRANTED. The breach of the duty of good faith and fair dealing claim—as it relates to the alleged wrongful rescission of the policies—is still a viable claim. The remainder of the allegations under this claim, however, as noted in the original order, all relate to the third-party claims and are DISMISSED.

Finally, the Welch Defendants request the court to reconsider its dismissal of the failure to timely deny coverage claim. Dkt. 103. The court dismissed this claim to the extent that it relates to OneBeacon's alleged failure to timely affirm or deny its duty to indemnify, but denied it to the extent that it related to OneBeacon's failure to timely affirm or deny its duty to defend and failure to timely submit a reservation of rights letter. Dkt. 101. The Welch Defendants note that they

received new information via discovery in June 2012 indicating that OneBeacon knew of the alleged falsity of Question 42 no later than June 21, 2011. Dkt. 103. The Welch Defendants thus request leave to amend their counterclaim to add an allegation that there has been a failure by OneBeacon to affirm or deny coverage within a reasonable period of time. *Id.* OneBeacon argues that an amendment would be futile because there is still no judgment or settlement of the underlying case, and thus the claims relating to denial of indemnification cannot be untimely. Dkt. 104. The court agrees. The Welch Defendants' new arguments relate to OneBeacon's alleged failure to respond to the *Stowers* demand before it lapsed despite knowing about the 2005 *Dominion* attorneys' fees order during the *Stowers* period. *See* Dkt. 103 at 6. Under Texas Insurance Code subsection 541.060(a)(4), which is the subsection under which the Welch Defendants assert this claim, it is deceptive practice to fail to affirm or deny coverage of a claim within a reasonable time; the cases interpreting this section indicate that a denial of indemnification made before the final judgment or settlement is considered reasonable. *See* Dkt. 101 (considering subsection 541.060(a)(4) and Texas caselaw interpreting it). While the court understands the Welch Defendants' assertions that the timing of the denial of indemnification was unreasonable given the *Stowers* deadline, that has little to do with subsection 541.060(a)(4). The Welch Defendants' motion to reconsider or amend with regard to the alleged failure to timely affirm or deny a request to indemnify is DENIED.

5

## IV. Conclusion

The Welch Defendants' motion for clarification, reconsideration, or alternatively to amend (Dkt. 103) is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED with respect to the motion to reconsider the dismissal with prejudice of the negligence/*Stowers* claim.  This claim should have been and is hereby DISMISSED WITHOUT PREJUDICE.  It is also GRANTED with respect to the breach of the duty of good faith and fair dealing claim as it relates to the alleged wrongful rescission of the policies.  This portion of the claim should not have been dismissed and is hereby REINSTATED.  The motion for clarification, reconsideration, or to amend is DENIED in all other respects.

It is so ORDERED.

Signed at Houston, Texas on November 7, 2012.

_____
Gray H. Miller
United States District Judge