UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, | § | |
| ROSS W. WOOTEN, T. WADE WELCH, | § | |
| AND JOSEPH H. BOYLE, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is defendants T. Wade Welch & Associates (the "Welch Firm") and T. Wade Welch's (collectively, the "Welch Defendants") motion for reconsideration in light of a recent Fifth Circuit decision or, alternatively, renewed and supplemental motion for partial summary judgment on plaintiff OneBeacon Insurance Company's ("OneBeacon") duty to defend. Dkts. 120, 122.[1] Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion, which it will treat as a renewed motion for summary judgment, should be GRANTED.

**I. BACKGROUND**

The Welch Defendants previously moved for partial summary judgment on OneBeacon's duty to defend. Dkt. 73. On August 20, 2012, the court issued an order denying the motion without prejudice. Dkt. 110. The court noted that OneBeacon's duty to defend cannot be suspended by filing

---

[1] The motion is at docket entry 120. Docket entry 122 is an addendum to the motion, which adds the declaration of T. Wade Welch because it was inadvertently not filed with the motion. *See* Dkt. 122. However, the parties docketed the addendum as a "corrected motion for reconsideration." *Id.*

a declaratory judgment action, but it found that it was unable to make a final determination on the duty to defend on the record as it then stood. *Id.* At that time, it was unclear whether an arbitration had actually been initiated, so the court was unable to examine a complaint or an arbitration demand to determine if a duty to defend arose with the filing of the demand. The Welch Defendants have now filed a motion to reconsider or, alternatively a renewed and supplemental motion for summary judgment. Dkt. 120. As far as their motion for reconsideration, the Welch Defendants point to a new Fifth Circuit case that they argue clarifies that the eight-corners rule applies where an insurer denies its duty to defend based on a known-loss exclusion. The court does not find that this opinion changes its analysis, as it simply restates the law as it stood at the time the court originally considered the Welch Defendants' motion. However, the Welch Defendants also note that the court may have "been uncertain as to whether formal legal action had been initiated." *Id.* Indeed, OneBeacon noted in its response brief to the original motion for summary judgment that "DISH has not filed any formal legal action against the Welch Firm. Thus, there exists no pleading that can be compared to an insurance policy in order to conclude that a duty to defend exists." Dkt. 80. With the current motion, the Welch Defendants have provided the court with an amended demand for arbitration executed on June 1, 2012—after the briefing was complete for the original motion for summary judgment. *See* Dkt. 120, Ex. 31. OneBeacon does not dispute that an arbitration proceeding has been initiated by the Welch Firm's former client, DISH Network Corporation ("DISH"). *See* Dkt. 120, Ex. 31 (amended arbitration demand). Now that an arbitration is pending, the court may examine the "pleading" in the arbitration—the amended arbitration demand—and the insurance policies to determine if, under the eight corners of these documents, OneBeacon has a duty

to defend that it breached by refusing to do so.[2] The court will treat the Welch Defendants' motion as a renewed motion for summary judgment rather than a motion for reconsideration.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant

---

[2] To the extent OneBeacon restates its argument that it does not have a duty to defend because the policies were void *ab initio*, the court incorporates its finding in the order on the original motion for summary judgment that OneBeacon cannot suspend its duty to defend by filing a declaratory judgment action. *See* Dkt. 110.

would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Under the three policies OneBeacon issued to the Welch Firm,[3] OneBeacon has "the right and duty to defend any claim against [the Welch Defendants] seeking damages to which [the] insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent. . . ." Dkt. 73, Ex. 1, § IV.A, Ex. 2, § IV.A, Ex. 3, § IV.A. However, under the prior knowledge exclusion, which is contained in each policy, the policies do not apply to "any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the *first* Lawyers' Professional Liability Insurance Policy issued by [OneBeacon] to [the Welch Firm] and continuously renewed and maintained in effect to the inception of this policy period . . . you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; . . . [or] you could foresee a claim would be made against you . . . ." *Id.* § VII (emphasis added). The first Lawyers' Professional Liability Insurance Policy was the 2006 Policy, which was issued on December 20, 2006. *See* Dkt. 73, Ex. 1.

OneBeacon argues that DISH's malpractice claim is excluded under the prior knowledge exclusion because the alleged professional negligence claimed by DISH is a claim that arises from a wrongful act or series of related wrongful acts that occurred prior to the inception date of the 2006 Policy, December 20, 2006, and the alleged facts known to defendant Ross Wooten prior to

---

[3] The term of the first Lawyers' Professional Liability Policy OneBeacon issued to the Welch Firm was December 20, 2006 through December 20, 2007 ("2006 Policy"). Dkt. 73, Ex. 1. The term of the second policy was from December 20, 2007 through December 20, 2008 ("2007 Policy"). Dkt. 73, Ex. 2. The term of the last policy issued was from December 20, 2008 through December 20, 2009 ("2008 Policy"). Each of these policies contain essentially the same terms and conditions. *Compare* Dkt. 73, Exs. 1, 2, and 3. The court has already dismissed the counterclaim for breach of the 2006 Policy because the policies are claims made policies, and the Welch Defendants did not plead that they became aware of potential claims during the 2006 policy period or reported any potential claims during that policy period. Dkt. 101.

5

December 20, 2006, establish that Wooten had a reasonable basis to believe there had been a violation of the disciplinary rules and/or a wrongful act prior to December 20, 2006. Dkt. 126. The Welch Defendants argue that the amended arbitration demand does not provide information about Wooten's subjective knowledge and cannot therefore conclusively establish that the prior knowledge exclusion applies. Dkt. 129. Moreover, the Welch Defendants assert that OneBeacon's attempt to tie pre-policy acts to acts committed after the inception of the 2006 Policy is incorrect because while *some* acts alleged in the amended arbitration demand *might* be excluded at some point in these proceedings, this uncertainty does not excuse the insurer from its duty to defend. *Id.*

Under Texas law, courts apply the eight-corners rule to determine whether an insurer has a duty to defend. *Zurich Am. Ins. Co. v. Nokia,* Inc., 268 S.W.3d 487, 491 (Tex. 2008). This rule provides that "'an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). "The duty to defend analysis is not influenced by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 552 (5th Cir. 2004). All doubts with regard to the duty to defend are resolved in favor of the duty. *Zurich Am. Ins. Co.*, 368 S.W.3d at 491. "'Where the complaint does not state facts sufficient to clearly bring the case within or without coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy.'" *Id.* (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)).

The insured has the initial burden of establishing that the facts alleged in the pleadings state a claim that is potentially within the policy's coverage. *Canutillo Indep. Sch. Dist. v. Nat'l Union*

*Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996) (applying Texas law).  The burden then shifts to the insurer, which "bears the burden of establishing that an exclusion in the policy constitutes an avoidance of or affirmative defense to coverage." *Id.*  Courts "must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977).

The Welch Defendants have met their burden of demonstrating that the amended arbitration demand states a claim that is potentially within the coverage of the 2007 Policy.  Under the 2007 Policy, a "claim" is "a demand received by you for money or services, including service of a lawsuit or institution of arbitration proceedings or filing of any other claim against you, alleging a wrongful act as defined in this policy;" "a written request by you to toll or waive a statute of limitations relating to a potential claim" or "a disciplinary proceeding." Dkt. 73, Ex. 2 § B.  A "potential claim" is defined as "any wrongful act which might reasonably be expected to give rise to a claims against you under the policy" or "any breach of duty to a client or third party, which has not resulted in a claim against any of you." *Id.* § J.  The 2007 Policy is triggered if the Welch Firm reported potential claims during the policy period even if the actual claim was made subsequent to the policy. *Id.* § IX.B.  The Welch Defendants provided the first notice of a potential claim relating to the handling of the *Russian Media Group* litigation on April 7, 2008—during the 2007 Policy term.  Dkt. 73, Ex. 4.  The amended arbitration demand asserts claims relating to the handling of the *Russian Media Group* litigation.  Dkt. 120 (citing Dkt. 120, Ex. 31).  The claim is thus potentially within the coverage of the 2007 Policy.

The burden therefore shifts to OneBeacon to show that the prior knowledge exclusion applies, relying solely on the eight corners of the policy and amended arbitration demand.

7

OneBeacon asserts that the facts alleged by DISH in the amended arbitration demand clearly establish that Wooten had a reasonable basis to believe that there had been a violation of the disciplinary rules and/or a wrongful act prior to the date of inception date of the first policy—December 20, 2006. Dkt. 126. The amended arbitration demand indicates that Wooten failed to respond to deposition notices and discovery served in August and September of 2005, the plaintiff in the underlying case filed a motion for a discovery order in December 2005 and a hearing was held in February 2006, Wooten failed to advise DISH about the motion or hearing, Wooten agreed to a discovery order requiring DISH to respond by March 16, 2006, without consulting DISH, the discovery order indicated that failure to respond would deem the claims at issue in the unanswered discovery established, and Wooten responded to discovery in March and September 2006, but the responses were deemed inadequate by the plaintiff. Dkt. 126 (citing amended arbitration demand). OneBeacon alleges that this pre-policy conduct was a clear violation of the Connecticut Rules of Professional Conduct, which require competence, diligence, and communication with client, among other things. *Id.* (citing Conn. Rules of Prof'l Conduct 1.1, 1.2, 1.3, 1.4, 5.1, 5.2).

OneBeacon acknowledges that the amended arbitration demand also asserts acts or omissions after the inception of the 2006 Policy on the part of Wooten and/or the Welch Defendants, but it argues that these acts or omissions are all part of a series of related wrongful acts predating the inception of the 2006 Policy. *Id.* Specifically, OneBeacon claims that all of the acts relate to a failure by Wooten or the Welch Firm to consult with and keep DISH informed concerning discovery in the underlying litigation, which ultimately resulted in sanctions against DISH. *Id.* The Welch Defendants assert that the July 2007 discovery order, which occurred during the 2006 Policy term, is the origin of DISH's damages. Dkt. 129. The Welch Defendants note that any acts or omissions

prior to the entry of the February 2007 discovery motion and July 2007 discovery order were readily curable and could not, on their own, support DISH's claim. *Id.*

The crux of DISH's claim—the February 2007 motion for sanctions and the July 2007 hearing and order on the motion—occurred during the 2006 Policy term. While all of the events outlined in the amended arbitration demand are necessarily related, Wooten or the Welch Firm allegedly committed independent wrongful acts, violated a disciplinary rules, or engaged in professional misconduct after the inception date of the 2006 Policy when they allegedly failed to advise DISH about the motion or hearing, missed repeated opportunities to correct the purported deficiencies in discovery, failed to provide adequate briefing relating to the motion for sanctions, failed to prevent the entry of the sanctions order that deemed all the allegations in the underlying plaintiff's complaint established, and failed to take adequate steps to overturn the sanctions order or advise DISH of developments in the case. These alleged actions, committed during the 2006 Policy term, give rise to OneBeacon's duty to defend under section IV of the 2007 Policy.[4]

OneBeacon, however, argues that these alleged wrongful acts trigger the prior knowledge exclusion because they all relate back to the pre-policy wrongful acts. In support of its argument that all of the acts in the amended arbitration demand should be strung together as a series of acts predating the insurance policies, OneBeacon cites *Columbia Casualty Co. v. CP National, Inc.*, 175 S.W.3d 339, 348 (Tex. App.—Houston [1st Dist.] 2004, no pet.), *Madison Materials Co. v. St. Paul Fire & Marine Insurance Co.*, 523 F.3d 541, 544-45 (5th Cir. 2008), *Commercial Underwriters Insurance Co. v. Royal Surplus Lines Insurance Co.*, 345 F. Supp. 2d 652, 667, 671 (S.D. Tex.

---

[4] The 2007 Policy is a claims made policy that applies to claims that "are caused by a wrongful act which takes place *before* or during the policy period and after the retroactive date shown on the Declarations." Dkt. 73, Ex. 2 (emphasis added). The retroactive date is January 4, 1995. *Id.*

9

2004), *Gregory v. Home Insurance Co.*, 876 F.2d 602, 605-06 (9th Cir. 1989), *Westport Insurance Corp. v. Coffman*, No. C2-05-1152, 2009 WL 243096 (S.D. Ohio Jan. 29, 2009), *Westport Insurance Corp. v. Key West Insurance, Inc.*, 259 Fed. App'x 298, 300 (11th Cir. 2007), *Continental Casualty Co. v. Wendt*, 205 F.3d 1258, 1264 (2000), and *Pacific Employees Insurance v. Ott*, 545 So.2d 462 (Fla. App. 3 Dist. 1989). But, these cases do not involve relating independent wrongful acts back to the initial wrongful act so that all the wrongful acts fall within a prior knowledge exclusion. Rather, they all deal with whether alleged wrongful acts are related for *limits of liability* purposes. Thus, they are not on point.

OneBeacon also argues that the terms and conditions of the policies support its argument that the pre-policy alleged wrongful acts and the alleged wrongful acts occurring after the inception of the first policy should be linked together and considered to have all occurred pre-policy, citing the following text from the policies:

> Each **wrongful act**, in a series of related **wrongful acts**, will be deemed to have occurred on the date of the first such **wrongful act**. A series of related **wrongful acts** includes **wrongful acts** which are logically or causally connected by common facts, circumstances, situations, events, transactions or decisions and which may involve the same person or organization or class of persons or organizations.
>
> Two or more claims arising out of or attributable to the same or related **wrongful acts** will be treated as a single **claim** for purposes of determining the applicable limits of liability and deductible, regardless of whether made against one or more than one of you or made by more than one person or organization. All such **claims**, whenever made, will be considered first made on the date of the earliest **claim** arising out of such **wrongful acts** was first made, and all such claims will be subject to the same limits of liability.

Dkt. 73, Ex. 1 § X.H, Ex. 2 § X.H, Ex. 3 § X.H. This language is found in section X of the policies, which is captioned "Conditions," and subsection H, which is titled "Multiple Insureds, Claims or Claimants." *Id.* The Welch Defendants argue that this language does not apply to the exclusions

as it is found only in the conditions section of the policies and is designed to limit the insurer's exposure to multiple claims. Dkt. 129. The Welch Defendants further argue that even if OneBeacon's construction of the provision as applying to the exclusions section were a reasonable construction, the court must adopt the Welch Defendants' construction—that this section does not apply to the exclusions—because it is not unreasonable and the policies must be construed liberally against the insurer. *Id.*

The court agrees with the Welch Defendants. Under Texas law, "[w]hen the words of [an insurance] policy are unambiguous, they are to be given their plain, ordinary, and generally accepted meaning, unless the policy clearly indicates that the contractual terms have been used in a different or technical sense." *Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993). "However, when the language of a policy is susceptible to more than one construction, the 'polic[y] should be construed strictly against the insurer and liberally in favor of the insured.'" *Id.* (quoting *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex. 1987)). If the question of interpretation involves an exception on the insurer's liability, "'an even more stringent construction is required.'" *Id.* (quoting *Barnett*, 723 S.W.2d at 666)). Here, the language linking related wrongful acts is in a completely different section of the policies than the exclusions. While the court does not find OneBeacon's construction that this language should apply to the exclusions unreasonable, perhaps even more reasonable than that urged by the Welch Defendants, the Welch Defendants' construction that it should not apply because it is in a different section and headed "Multiple Insureds, Claims and Claimants is not itself unreasonable. Thus, the court must construe the policy against OneBeacon. The court therefore declines to link all of wrongful acts alleged in the arbitration demand to the initial pre-policy wrongful acts. The exclusion does not apply to the wrongful acts that allegedly occurred *after* the December 20, 2006 inception date of the

2006 Policy. OneBeacon thus has a duty to defend the Welch Defendants in the DISH arbitration based on the alleged wrongful acts occurring after December 20, 2006, pursuant to section IV.A of the 2007 Policy.

## IV. CONCLUSION

Since there are multiple wrongful acts alleged in the arbitration demand, some of which occurred after the inception of the 2006 Policy, OneBeacon has a duty, under section IV.A of the 2007 Policy, to defend the Welch Defendants in the arbitration initiated by DISH. The Welch Defendants' motion for summary judgment on its claim for breach of the duty to defend under the 2007 Policy (Dkts. 120, 122) is therefore GRANTED.[5]

Signed at Houston, Texas on December 18, 2012.

_____
Gray H. Miller
United States District Judge

---

[5] The Welch Defendants' original motion for summary judgment requested judgment in their favor for the breach of contract claim and claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"). Dkt. 73. The Welch Defendants however note that they are not requesting relief beyond their breach of contract claim in the current motion. Dkt. 120.