UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 4:11-cv-03061-GHM |
| | : | |
| V. | : | |
| | : | |
| T. WADE WELCH & ASSOCIATES ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | JANUARY 25, 2013 |

### ONEBEACON INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

The plaintiff and counterclaim defendant, OneBeacon Insurance Company ("OneBeacon"), through its undersigned counsel, hereby answers the counterclaim (the "Counterclaim") contained within *Defendants T. Wade Welch & Associates and T. Wade Welch's First Amended Answer, Affirmateive Defenses and Counterclaim to OneBeacon Insurance Company's Amended Complaint for Declaratory Judgment*, dated February 1, 2012, and asserts the following affirmative defenses:

### ANSWER TO COUNTERCLAIM

1.      OneBeacon admits the allegations of paragraph 1 of the Counterclaim.

2.      OneBeacon admits the allegations of paragraph 2 of the Counterclaim.

3.      OneBeacon admits the allegations of paragraph 3 of the Counterclaim.

4.      OneBeacon admits that, to the extent the counterclaims are asserted against it only, there is complete diversity as between the T. Wade Welch & Associates (the "Welch Firm") and T. Wade Welch ("Welch"), on the one hand, and OneBeacon, on the other hand.  OneBeacon further admits that the amount in controversy with respect to

one or more of the counterclaims exceeds $75,000, exclusive of interest and costs. The remaining allegations of paragraph 4 of the Counterclaim state a legal conclusion and, therefore, OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

5.      OneBeacon admits the allegations of paragraph 5 of the Counterclaim.

6.      OneBeacon admits that the Welch Firm previously represented DISH Network Corporation f/k/a Echostar Communications Corporation ("DISH") and certain of its predecessors and/or affiliates.   OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6 of the Counterclaim.

7.      OneBeacon admits the allegations of paragraph 7 of the Counterclaim.

8.      OneBeacon admits that Ross Wooten ("Wooten") was an Associate of the Welch Firm who was an attorney of record for Echostar Communications Corporation ("Echostar") and Kelly Broadcasting Systems, Inc. ("Kelly") in the matter captioned *Russian Media Group, LLC v. Echostar Communications Corp. et al.*, Civil Action No. 3:03-cv-01263-WWE, pending in the United States District Court for the District of Connecticut (the "Russian Media Litigation").   OneBeacon further admits that Wooten had responsibility for handling certain day-to-day activities in connection with, and for monitoring the status of, the Russian Media Litigation on behalf of Echostar and Kelly. OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 of the Counterclaim.

9.      OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the Counterclaim.

10. OneBeacon admits that Joseph H. Boyle ("Boyle") was another Associate of the Welch Firm who was an attorney of record on behalf of Echostar and Kelly in the Russian Media Litigation, but denies that Boyle and Wooten were the only attorneys of record for Echostar and Kelly in that lawsuit.

11. OneBeacon admits that Boyle is currently a member of the firm Hagan, Noll & Boyle. OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 of the Counterclaim.

12. OneBeacon admits the allegations of paragraph 12 of the Counterclaim.

13. OneBeacon admits that portion of paragraph 13 of the Counterclaim that alleges that "Welch was involved in . . . *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation*, No. 1:03-cv-00607-JLK (D. Colo.)." OneBeacon further admits that the Court in *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation*, No. 1:03-cv-00607-JLK (D. Colo.) (the "Dominion Litigation") issued an order on January 18, 2005 levying personal sanctions on Welch, Wooten, and another lawyer pursuant to 28 *U.S.C.* § 1927 for unreasonably and vexatiously multiplying the proceedings in that case. OneBeacon admits that the United States Court of Appeals for the Tenth Circuit upheld the sanctions award issued by the trial court in the Dominion Litigation. OneBeacon lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 13 of the Counterclaim.

14. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 14 of the Counterclaim.

15. OneBeacon admits that a Westport Insurance Corporation application for insurance appearing to have been signed by Welch on November 20, 2006 (the "Westport

Application") was submitted to it. OneBeacon lacks knowledge or information sufficient to form a belief as to the truth of that portion of paragraph 15 of the Counterclaim that alleges: "On November 20, 2006, Welch filled out a Westport-prepared policy application . . . ." (emphasis omitted). OneBeacon denies the remaining allegations of paragraph 15 of the Counterclaim.

16.     OneBeacon lacks knowledge or information sufficient to form a belief as to that portion of paragraph 16 of the Counterclaim that alleges that the Westport Application was "filled out by Welch on November 20, 2006 . . ." OneBeacon denies the remaining allegations of paragraph 16 of the Counterclaim.

17.     OneBeacon denies the allegations of paragraph 17 of the Counterclaim.

18.     OneBeacon admits the allegations of paragraph 18 of the Counterclaim.

19.     OneBeacon admits that it issued a certain Lawyers Professional Liability Policy No. LAP-0290-06 to the Welch Firm for the policy period December 20, 2006 to December 20, 2007 (the "2006 Policy"). OneBeacon denies the remaining allegations of paragraph 19 of the Counterclaim.

20.     OneBeacon denies that portion of paragraph 20 of the Counterclaim that alleges: "Counter-Plaintiffs paid all premiums under the 2006-07 policy, the policy was in force and effect for the entire time period, and Counter-Plaintiffs performed all conditions precedent." Inasmuch as the Court has dismissed the Welch Parties' breach of contract claim as it relates to the 2006 Policy, OneBeacon is not required to respond to allegations concerning its obligations under the 2006 Policy. To the extent a response concerning its obligations under the 2006 Policy is required, OneBeacon states that the 2006 Policy speaks for itself.

21.     OneBeacon admits that the 2006 Policy was set to expire at 12:01 a.m. Standard Time on December 20, 2007 at the Welch Firm's address. OneBeacon further admits that an application for insurance appearing to have been signed by Welch on December 6, 2007 (the "2007 Application") was submitted to it for consideration of whether to issue another policy of insurance to the Welch Firm and, if so, the terms and conditions thereof.  OneBeacon denies the remaining allegations of paragraph 21 of the Counterclaim.

22.     OneBeacon admits that the 2007 Application contained the question set forth in paragraph 22 of the Counterclaim, but OneBeacon denies that the language set forth constitutes the entirety of the question containing that language.

23.     OneBeacon admits that the Welch Parties answered "no" to the questions on the 2007 Application containing the language set forth in paragraph 22 of the Counterclaim, but OneBeacon denies that the Welch Parties' answers to those questions weres accurate.

24.     OneBeacon admits that it issued Lawyers Professional Liability Policy No. LAP-0978-07 to the Welch Firm for the policy period December 20, 2007 to December 20, 2008 (the "2007 Policy").  OneBeacon denies the remaining allegations of paragraph 24 of the Counterclaim.

25.     OneBeacon denies that portion of paragraph 25 of the Counterclaim that alleges: "Counter-Plaintiffs paid all premiums under the 2007-08 policy, the policy was in force and effect for the entire time period, and Counter-Plaintiffs performed all conditions precedent."  OneBeacon admits that the written document that was the 2007 Policy contained the following language: "**We** agree to pay on **your** behalf all **damages**

in excess of the deductible amount and up to the limits of liability stated in the Declarations." (bold in original). OneBeacon admits that the written document that was the 2007 Policy also contained the following language: "**We** have the right and duty to defend any **claim** against **you** seeking **damages** to which this insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent." (bold in original). OneBeacon denies that it is bound by the aforementioned quoted language and/or that said language has or had any legal effect.

26.     OneBeacon admits that the 2007 Policy was set to expire at 12:01 a.m. Standard Time on December 20, 2008 at the Welch Firm's address. OneBeacon further admits that an application for insurance appearing to have been signed by Welch on December 19, 2008 (the "2008 Application") was submitted to it for consideration of whether to issue another policy of insurance to the Welch Firm and, if so, the terms and conditions thereof.  OneBeacon denies the remaining allegations of paragraph 26 of the Counterclaim.

27.     OneBeacon admits that it issued Lawyers Professional Liability Policy No. LAP-1734-08 to the Welch Firm for the policy period December 20, 2008 to December 20, 2009 (the "2008 Policy").  OneBeacon denies the remaining allegations of paragraph 27 of the Counterclaim.

28.     OneBeacon denies that portion of paragraph 28 of the Counterclaim that alleges: "Counter-Plaintiffs paid all premiums under the 2008-09 policy, the policy was in force and effect for the entire time period, and Counter-Plaintiffs performed all conditions precedent."  OneBeacon admits that the written document that was the 2008 Policy contained the following language: "**We** agree to pay on **your** behalf all **damages**

in excess of the deductible amount and up to the limits of liability stated in the Declarations." (bold in original).  OneBeacon admits that the written document that was the 2008 Policy also contained the following language: "**We** have the right and duty to defend any **claim** against **you** seeking **damages** to which this insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent." (bold in original).  OneBeacon denies that it is bound by the aforementioned quoted language and/or that said language has or had any legal effect.

29.     OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of that portion of paragraph 29 that states: "During the course of the events set forth above, . . ."  OneBeacon admits the remaining allegations of paragraph 29 of the Counterclaim.

30.     OneBeacon admits that portion of paragraph 30 that alleges: "Although Wooten and Boyle were aware of the order, . . ."  One Beacon lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 30 of the Counterclaim.

31.     OneBeacon admits that portion of paragraph 31 that alleges: "The matter was referred by the district court to a magistrate judge . . . ."  OneBeacon lacks sufficient knowledge or information to form a belief concerning that portion of paragraph 31 that alleges: "Wooten produced documents and sent discovery responses in response to the court's order.   Wooten again supplemented those responses in September 2006." OneBeacon denies the remaining allegations of 31 of the Counterclaim.

32.     OneBeacon admits that Wooten and Boyle were aware of the court's issuance of the February 23, 2006 discovery order and further admits that Wooten was

aware of the filing of a motion for discovery orders against Echostar and Kelly. OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of the Counterclaim.

33.     OneBeacon admits that on March 14, 2007, Wooten filed a tardy opposition to the motion for discovery orders filed by Russian Media Group, LLC ("RMG") on February 20, 2007.  OneBeacon further admits that the magistrate judge held a hearing on RMG's motion for discovery orders on July 12, 2007 and issued an order on that motion on July 20, 2007.  The July 20, 2007 order issued by the court speaks for itself, and reference thereto should be made for the exact language contained therein.   OneBeacon denies the remaining allegations of paragraph 33 of the Counterclaim.

34.     OneBeacon admits that Wooten and Boyle were aware of the tardy filing of the opposition to the motion for discovery orders, that they were aware of the hearing on July 12, 2007, that they were aware that the magistrate held a hearing on RMG's motion for discovery orders on July 12, 2007, and that they were aware that the magistrate judge issued an order on the motion for discovery orders on July 20, 2007. OneBeacon further admits that Wooten and Boyle were aware of the contents of the July 20, 2007 order.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 34 of the Counterclaim.

35.     OneBeacon admits that Wooten filed an untimely objection to the magistrate judge's July 20, 2007 ruling.

36.     OneBeacon admits that, on February 12, 2008, Judge Warren Eginton entered an order adopting, ratifying, and affirming the magistrate judge's July 20, 2007

order.  The February 12, 2008 order speaks for itself and reference thereto should be made for the specific contents thereof.

37.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 37 of the Counterclaim.

38.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 38 of the Counterclaim.

39.    OneBeacon admits that Welch provided notice to OneBeacon concerning the order by letter dated April 7, 2008.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 39 of the Counterclaim.

40.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 40 of the Counterclaim.

41.    OneBeacon admits that, by letter dated April 7, 2008, Joseph Nistico, counsel for the Welch Firm provided notice of a potential claim relating to the Russian Media Litigation to OneBeacon.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaim.

42.    OneBeacon admits that Kerry M. Evensen wrote a letter dated April 8, 2008 to Joseph Nistico, to which reference should be made for the specific contents thereof.

43.    OneBeacon admits that Steward Schmella of Attorney Nistico's law firm sent a letter to Kerry Evenson dated May 22, 2008, to which reference should be made

for the specific contents thereof.   OneBeacon denies the remaining allegations of paragraph 43 of the Counterclaim.

44.   OneBeacon denies the allegations of paragraph 44 of the Counterclaim.

45.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 45 of the Counterclaim.

46.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaim.

47.   OneBeacon admits that, by letter dated July 24, 2008, Anne M. Jaskula, Claims Counsel for OneBeacon, indicated that, on April 7, 2008, she had received correspondence from Joseph F. Nistico.  Reference should be made to the July 24, 2008 letter for the specific contents thereof.

48.   OneBeacon admits that on December 8, 2009, Echostar and Kelly filed a motion in the Russian Media Litigation to set aside the court's February 12, 2007 order adopting the magistrate judge's order imposing discovery sanctions on Echostar and Kelly.  OneBeacon denies the remaining allegations of paragraph 48 of the Counterclaim.

49.   OneBeacon admits the allegations of paragraph 49 of the Counterclaim.

50.   OneBeacon denies the allegations of paragraph 50 of the Counterclaim.

51.   OneBeacon admits that Welch, Boyle, and Wooten signed tolling agreements the contents of which speak for themselves.  OneBeacon further admits that, at some time after their execution, the aforementioned signed tolling agreements were sent to OneBeacon.  OneBeacon denies that the signing of said tolling agreements were done with its "acquiescence."  OneBeacon denies the remaining allegations of paragraph 51 of the Counterclaim.

52.     OneBeacon admits that in or about March of 2010 the potential claim by DISH against the Welch Firm became a claim under the 2007 Policy.

53.     OneBeacon admits that Joseph F. Nistico, Jr. sent and OneBeacon received a letter dated April 7, 2008, the content of which speaks for itself.   OneBeacon denies the remaining allegations of paragraph 53 of the Counterclaim.

54.     OneBeacon denies the allegations of paragraph 54 of the Counterclaim.

55.     OneBeacon admits that, on April 7, 2010, RMG filed an opposition to the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon denies the remaining allegations of paragraph 55 of the Counterclaim.

56.     The content of document referred to in paragraph 56 of the Counterclaim speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 56 of the Counterclaim.

57.     OneBeacon admits that Echostar and Kelly filed a brief in reply to the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon further admits that the court in the Russian Media Litigation scheduled a hearing on the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 57 of the Counterclaim.

58.     OneBeacon admits that portion of paragraph 58 of the Counterclaim that alleges that OneBeacon was aware of Echostar's motion to set aside in 2010.  OneBeacon denies the remaining allegations of paragraph 58 of the Counterclaim.

59.     OneBeacon admits that on or about May 10, 2011, OneBeacon's understanding was that the court in the Russian Medial Litigation held a hearing on the December 22, 2009 amended motion to set aside sanctions and that the court was temporarily withholding ruling on that motion while the parties to that action discussed the possibility of mediation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 59 of the Counterclaim.

60.     OneBeacon admits that, subject to the other terms and conditions of the 2007 Policy, which OneBeacon has rescinded, the 2007 Policy had a $5,000,000 aggregate limit of liability and a limit of liability for each claim of $5,000,000, subject to the payment of a $15,000 deductible applicable to each claim and in the aggregate, which limits of liability were subject to erosion as a result of the payment of any costs of defense.  The content of December 22, 2010 and June 14, 2011 documents referred to in paragraph 60 speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegation that any FTP file site contained "all the relevant pleading[s] . . . including . . . Russian Media Group's Response . . . ."  OneBeacon denies the remaining allegations of paragraph 60 of the Counterclaim.

61.     OneBeacon admits that Welch sent a letter to OneBeacon dated April 20, 2011 "request[ing] that OneBeacon take all steps necessary to protect [him] and the firm

from being defendants in any future litigation and to take all steps necessary to protect our interests, up to and including tendering policy limits in exchange for a full and final release of all claims against [himself] or the firm." OneBeacon admits that it was informed prior to January 26, 2011 that the court in the Russian Media Litigation had entered certain sanctions against Echostar and Kelly. OneBeacon denies the remaining allegations of paragraph 61 of the Counterclaim.

62.     OneBeacon admits that it retained Hermes Sargent Bates LLP as coverage and/or monitoring counsel after it received a copy of the a December 22, 2010 letter from counsel for Echostar and Kelly, the content of which speaks for itself. OneBeacon denies the remaining allegations of paragraph 62 of the Counterclaim.

63.     OneBeacon denies the allegations of paragraph 63 of the Counterclaim.

64.     OneBeacon admits that, in February 2011, it retained an attorney to act on behalf of Welch and the Welch Firm in connection with the claim asserted by DISH. pursuant to the terms of the 2007 Policy. OneBeacon denies the remaining allegations of paragraph 64 of the Counterclaim.

65.     OneBeacon admits that its claims counsel, Annamarie Haught, sent a letter to Welch and the Welch Firm dated March 11, 2011, the content of which speaks for itself. OneBeacon denies the remaining allegations of paragraph 65 of the Counterclaim.

66.     OneBeacon denies that portion of paragraph 66 of the Counterclaim that alleges that "OneBeacon consciously avoided taking advantage of" access to any documents or information. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 66 of the Counterclaim.

67.     OneBeacon denies the allegations of paragraph 67 of the Counterclaim.

68.     The content of the documents referred to in paragraph 68 of the Counterclaim speaks for itself.

69.     OneBeacon admits that no notice of rescission was provided to Welch and/or the Welch Firm prior to May 19, 2011.

70.     OneBeacon admits that its counsel was permitted to conduct brief telephonic interviews of Boyle and Rick Olsen in 2011 after those two at first refused an in person interview and only after receiving permission from counsel for DISH and contingent upon the interviews be conducted telephonically in the presence of DISH's counsel.  OneBeacon admits that Wooten has refused OneBeacon's attempts to interview him and has not cooperated in OneBeacon's investigation.

71.     OneBeacon denies the allegations of paragraph 71 of the Counterclaim.

72.     OneBeacon admits that on April 15, 2011, Attorney James Brawley, the counsel it retained to represent Welch and the Welch Firm in connection with the claim asserted by DISH, sent a letter to OneBeacon regarding the Russian Media Litigation, the content of which letter speaks for itself.

73.     OneBeacon denies the allegations of paragraph 73 of the Counterclaim.

74.     OneBeacon admits that, on or about May 10, 2011, it sent a letter to Welch and the Welch Firm, the content of which speaks for itself.  OneBeacon admits that the aforementioned letter contained no mention of the misrepresentations by Welch and the Welch Firm on the 2007 Application and the 2008 Application.  OneBeacon denies that it "provide[d] a defense" but admits that it continued to pay for Attorney

James Brawley ("Attorney Brawley") to represent Welch and the Welch firm in connection with the claim asserted by DISH.

75.    OneBeacon denies that portion of paragraph 75 that alleges: "Echostar reiterated its *Stowers* demand to OneBeacon on June 14, 2011." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 75 of the Counterclaim.

76.    OneBeacon admits that a settlement conference was held in the Russian Media Litigation on August 26, 2011 and that a representative of OneBeacon and counsel for OneBeacon attended that settlement conference. OneBeacon denies the remaining allegations of paragraph 76 of the Counterclaim.

77.    OneBeacon admits that certain of its employees met with Attorney Brawley within a few weeks before the August 26, 2011 mediation between DISH and RMG. OneBeacon denies the remaining allegations of paragraph 77 of the Counterclaim.

78.    OneBeacon admits that Attorney Brawley discussed the claim asserted by DISH against Welch and the Welch Firm (the "Dish Claim") with its employees at the 2001 meeting. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 78 of the Counterclaim.

79.    OneBeacon denies the allegations of paragraph 79 of the Counterclaim.

80.    OneBeacon admits that, by letter dated August 19, 2011, it informed Welch and the Welch Firm that it refused to be bound by the 2007 Policy and the 2008 Policy and referred to Texas Insurance Code § 705.005. The remaining allegations of paragraph 80 are argumentative and, therefore, OneBeacon lacks sufficient knowledge or

information upon which to form a belief as to the truth of the remaining allegations of paragraph 80 of the Counterclaim.

81.     OneBeacon admits that in the August 19, 2011 rescission letter it informed the Welch Defendants that it became aware on or after May 31, 2011 that, sometime during or before 2005, the United States District Court for the District of Colorado levied personal monetary sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation.*

82.     OneBeacon denies the allegations of paragraph 82 of the Counterclaim.

83.     OneBeacon admits that it filed the complaint in the above-captioned lawsuit on August 22, 2011.  OneBeacon denies the remaining allegations of paragraph 83 of the Counterclaim.

84.     The complaint filed by OneBeacon on August 22, 2011 and the letter sent by OneBeacon on August 19, 2011 speak for themselves, and reference should be made to them for the exact contents thereof.   To the extent further response is required, OneBeacon denies the remaining allegations of paragraph 84 of the Counterclaim.

85.     OneBeacon denies the allegations of paragraph 85 of the Counterclaim.

86.     OneBeacon denies the allegations of paragraph 86 of the Counterclaim.

87.     OneBeacon admits that it never made a formal offer to Dish to settle the Dish Claim.

88.     OneBeacon admits it sent a letter dated October 19, 2011 to counsel for Welch and the Welch Firm providing notice that, *inter alia*, OneBeacon would no longer

provide Welch and the Welch Firm with a defense for the Dish Claim, which letter speaks for itself.

89.     OneBeacon denies that its conduct was "knowing and intentional." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 89 of the Counterclaim.

90.     OneBeacon denies that its conduct was "knowing and intentional." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 90 of the Counterclaim.

91.     OneBeacon denies the allegations of paragraph 91 of the Counterclaim.

92.     OneBeacon admits that counsel for Welch and the Welch Firm sent a letter to OneBeacon dated December 14, 2011, the content of which speaks for itself, and that the letter enclosed a copy of a December 9, 2011 demand from DISH to the Welch Firm.

93.     OneBeacon denies the allegations of paragraph 93 of the Counterclaim.

94.     OneBeacon denies the allegations of paragraph 94 of the Counterclaim.

**COUNT I: BREACH OF CONTRACT**

95.     OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 94 above as if said responses were set forth fully herein.

96.     Inasmuch as the Court has dismissed the claim of Welch and the Welch Firm as it relates to the 2006 Policy, OneBeacon is not required to respond to allegations concerning the 2006 Policy. OneBeacon admits that the 2007 Policy and the 2008 Policy would have provided insurance coverage under certain terms, conditions, and circumstances, but OneBeacon denies that the 2007 Policy and the 2008 Policy had any effect whatsoever, since they have been rescinded, are void *ab initio* or otherwise of no

effect due to misrepresentations made by Welch and the Welch Firm in the insurance applications, as is pled more particularly in OneBeacon's January 19, 2012 amended complaint.

97.     OneBeacon denies the allegations of paragraph 97 of the Counterclaim.

98.     OneBeacon denies that portion of paragraph 98 that alleges: "Counter-Plaintiffs complied with all conditions precedent."   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 98 of the Counterclaim.

99.     OneBeacon denies the allegations of paragraph 99 of the Counterclaim.

100.    OneBeacon denies the allegations of paragraph 100 of the Counterclaim.

101.    OneBeacon denies the allegations of paragraph 101 of the Counterclaim.

102.    OneBeacon denies that portion of paragraph 102 that alleges that OneBeacon breached any contract.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 102 of the Counterclaim.

**COUNT II: BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING.**

103.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 102 above as if said responses were set forth fully herein.

104.    OneBeacon denies the allegations of paragraph 104 of the Counterclaim.

105.    To the extent paragraph 105 relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed this count to the extent it relies upon allegations concerning duty to indemnify.   To the extent further

response is required, OneBeacon denies the allegations of paragraph 105 of the Counterclaim.

106.    To the extent paragraph 106 relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed this count to the extent it relies upon allegations concerning duty to indemnify.  Therefore, no response is required with respect to subparagraphs a through h.  One Beacon denies the allegations of subparagraph i of paragraph 106 of the Counterclaim.  To the extent any further response is required, OneBeacon denies the remaining allegations of paragraph 106 of the Counterclaim.

107.    To the extent paragraph 107 relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed this count to the extent it relies upon allegations concerning duty to indemnify.  Therefore, no response is required with respect to allegations relating to OneBeacon's purported investigation and adjustment of the Dish Claim.  One Beacon denies the remaining allegations of paragraph 107 of the Counterclaim.

**COUNT III: UNFAIR INSURANCE PRACTICES, TEX. INS. CODE 541**

108.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 107 above as if said responses were set forth fully herein.

109.    OneBeacon denies the allegations of paragraph 109 of the Counterclaim.

110.    OneBeacon denies the allegations of paragraph 110 of the Counterclaim.

111.    OneBeacon denies the allegations of paragraph 111 of the Counterclaim.

112.    OneBeacon denies the allegations of paragraph 112 of the Counterclaim.

113.    To the extent the allegations of this paragraph relate to the duty to indemnify, the Court has dismissed this claim as it relates to any alleged failure of OneBeacon to comply with Tex. Ins. Code 541.060(a)(4).  Thus, no response is required to this paragraph as it relates to the duty to indemnify.  OneBeacon denies the remaining allegations of paragraph 113 of the Counterclaim.

114.    OneBeacon denies the allegations of paragraph 114 of the Counterclaim.

## COUNT IV: PROMPT PAYMENT OF CLAIMS

115.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 114 above as if said responses were set forth fully herein.

116.    OneBeacon denies the allegations of paragraph 116 of the Counterclaim.

117.    OneBeacon denies the allegations of paragraph 117 of the Counterclaim.

118.    OneBeacon denies the allegations of paragraph 118 of the Counterclaim.

## COUNT V: STOWERS

119.-124. The Court has dismissed Count V of the Counterclaim for lack of ripeness.   Therefore, OneBeacon is not required to respond to the allegations of paragraphs 119 through 124 of the Counterclaim.

## COUNT VI: TEXAS DECEPTIVE TRADE PRACTICES ACT

125.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 124 above as if said responses were set forth fully herein.

126.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 126 of the Counterclaim.

127.    OneBeacon denies the allegations of paragraph 127 of the Counterclaim, including any and all subparagraphs thereto.

128.    OneBeacon denies that portion of paragraph 128 that alleges that it engaged in "deceptive acts and practices" and/or made engaged in "false, misleading and deceptive acts and practices."   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 128 of the Counterclaim.

129.    OneBeacon denies paragraph 129 of the Counterclaim.

130.    OneBeacon denies paragraph 130 of the Counterclaim.

**Knowledge.**

131.    OneBeacon denies paragraph 131 of the Counterclaim.

**Damages.**

132.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 131 above as if said responses were set forth fully herein.

133.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the allegations of paragraph 133 of the Counterclaim.

134.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the allegations of paragraph 134 of the Counterclaim.

135.    OneBeacon denies the allegations of paragraph 135 of the Counterclaim.

136.    OneBeacon denies the allegations of paragraph 136 of the Counterclaim.

137.    OneBeacon denies the allegations of paragraph 137 of the Counterclaim.

138.    OneBeacon denies the allegations of paragraph 138 of the Counterclaim.

139.    OneBeacon denies the allegations of paragraph 139 of the Counterclaim.

140.    No response to the jury demand in paragraph 140 is necessary.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      The 2007 Policy and the 2008 Policy are void *ab initio* due to material representations made by Welch and/or the Welch Firm on the applications Welch and/or the Welch Firm submitted in order to obtain the 2007 Policy and the 2008 Policy.

2.      Particularly, Welch and/or the Welch Firm answered "No" to the following question in both the application for the 2007 Policy and the application for the 2008 Policy, which were dated December 6, 2007 and December 19, 2008, respectively:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

3.      OneBeacon relied upon the answer to the above question in issuing both the 2007 Policy and the 2008 Policy, and the answer to said question was material to OneBeacon's decision to issue said policies.  In fact, by accepting the 2007 Policy and 2008 Policy, Welch and/or the Welch Firm acknowledged and agreed "that the statements made in the application[s] are personal representations, that they are material and that [the policies are] issued in reliance upon such representations."

4.      The representations made by Welch and/or the Welch firm in the applications for the 2007 Policy and the 2008 Policy that neither Welch nor any members of his firm had been fined, sanctioned, reprimanded, or subject to a grievance was false, and, upon information and belief, Welch knew said representations were false when they were made.

5.      Particularly, Welch knew that a court had determined that the actions of Welch and Wooten in the matter captioned *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, Civil Action No. 03-K-607 (D. Colo) were unreasonable and vexatious and ordered personal sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 *U.S.C. § 1927. See Dominion Satellite, Inc. v. EchostarSatellite, L.L.C.*, 430 F.3d 1269 (10th Cir. 2005).   Yet, Welch and/or the Welch Firm failed to disclose the aforementioned sanctions in response to the questions set forth above on the applications for the 2007 Policy and the 2008 Policy.

6.      By making the aforementioned representations, Welch and/or the Welch Firm intended to deceive OneBeacon.

7.      OneBeacon discovered the falsity of the aforementioned representations in the applications for the 2007 Policy and 2008 Policy no earlier than June 21, 2011.

8.      Pursuant to *Tex. Ins. Code* § 705.005, OneBeacon provided timely notice to Welch and the Welch Firm of its intention to rely upon the aforementioned misrepresentations, its rescission of and refusal to be bound by the 2007 Policy and 2008 Policy by letter dated August 19, 2011.   Said letter was issued before the 91st day after the date OneBeacon discovered the falsity of the aforementioned representations.

9.      As a result of the aforementioned misrepresentations made by Welch and/or the Welch Firm, OneBeacon is not bound by the 2007 Policy or the 2008 Policy, and said policies are rescinded, void *ab initio*, or otherwise of no force and effect.

## SECOND AFFIRMATIVE DEFENSE

1.      The 2007 Policy contains the following language:

**VII.    EXCLUSIONS** – This policy does not apply to:

A.      any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the first Lawyers' Professional Liability Insurance Policy issued by us to the named insured and continuously renewed and maintained in effect to the inception of this policy period:

* * *

2.      you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; [or]

3.      you could foresee that a claim would be made against you;

* * *

2.   The term "You" is defined in the 2007 Policy as follows:

P.   **You** means:

1.      the **named insured** and any **predecessor** of such entity;

2.      any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured**, but only while performing **professional legal services** on behalf of it;

3.      **your** lawful spouse, but only with respect to loss resulting from **professional legal services** of the **named insured;**

4.      any lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured;**

5.      any lawyer listed in the **named insured's**  Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made, but only as respects **professional legal services** rendered by such lawyer while associated with a prior firm;

6.      any non-lawyer employee of independent contractor of the **named insured,** but only as respects **professional legal services** rendered on behalf of the **named insured**; and

7.      the estate, heirs, executors, administrators, assigns and representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent

that **you** would otherwise be provided coverage under this policy.

(boldface in original).

3.      Prior to the effective date of the first policy issued by OneBeacon to the Welch Firm and continuously renewed and maintained in effect to the inception of the 2008 Policy, Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct in connection with the handling of the Russian Media Litigation.  Additionally, Wooten could foresee that a claim would be made against him and/or the Welch Firm as a result of Wooten's handling of the Connecticut Litigation.

4.      Therefore, the exclusions set forth above preclude coverage for the DISH Claim under the 2007 Policy.

**THIRD AFFIRMATIVE DEFENSE**

1.      The 2007 Policy contains the following language:

C.      Your Assistance and Cooperation

1.      **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim.  Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us**.  **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have.  **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

(boldface in original).

2.      Wooten has not cooperated with OneBeacon in its investigation and/or defense of the DISH Claim.

3.      Particularly, but not by way of any limitation, Wooten has failed and refused to (a) submit to examination and/or interrogation by OneBeacon's investigator; and (b) meet with OneBeacon's investigator for the purpose of investigating the DISH Claim.

4.      The foregoing failure and refusal of Wooten to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

5.      Therefore, OneBeacon does not have any duty to defend or indemnify Wooten in connection with the DISH claim.

## FOURTH AFFIRMATIVE DEFENSE

1.      The 2007 Policy contains the following language:

C.      Your Assistance and Cooperation

> 1.      **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim.  Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us**.  **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have.  **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

26

(boldface in original).

2.       The 2007 Policy also requires that you "immediately" forward "every demand, notice, summons, complaint or other process" received by you.

3.       Welch and/or the Welch Firm have not cooperated with OneBeacon in its investigation and/or defense of the DISH Claim.

4.       Particularly, despite repeated informal requests, demands, and formal discovery requests, Welch and/or the Welch Firm have failed and refused to provide OneBeacon with documents and information concerning the arbitration between Welch, the Welch Firm and DISH, including but not limited to pleadings, discovery materials, expert witness reports, deposition transcripts, motions, and briefs.

5.       The foregoing failure and refusal of Welch and the Welch Firm to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

6.       Therefore, OneBeacon does not have any duty to defend or indemnify Welch or the Welch Firm in connection with the DISH claim.

## FOURTH AFFIRMATIVE DEFENSE

1.       OneBeacon has no duty to defend or indemnify Welch and/or the Welch Firm because neither of said parties has paid the deductible required under the policy within the required time period, which deductible is a condition precedent to OneBeacon's obligations under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

1.       The Counterclaim is barred, in whole or in part, to the extent Welch and the Welch Firm have failed to mitigate any damages they seek in connection with their Counterclaims.

## SIXTH AFFIRMATIVE DEFENSE

1.  The Counterclaim is barred, in whole or in part, because Welch and/or the Welch Firm have unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

1.  The Counterclaim is barred, in whole or in part, as a result of the prior breach of the applicable policies of insurance by Welch and/or the Welch Firm.

## EIGHTH AFFIRMATIVE DEFENSE

1.  The Counterclaim fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

1.  To the extent the Counterclaim seeks damages in connection with OneBeacon's filing of certain documents in this litigation, any such damages are not properly recoverable, because the filing made in this case are privileged.

## TENTH AFFIRMATIVE DEFENSE

1.  Any amounts to which Welch and/or the Welch Firm are found to be entitled under the policy should be reduced by the amount of claim expenses, including but not limited to attorneys' fees and costs, OneBeacon has paid in connection with the defense of the claims asserted by DISH.


**JURY DEMAND – ONEBEACON HEREBY DEMANDS A TRIAL BY JURY AS TO ALL OF ITS CLAIMS AND THE COUNTERCLAIMS THAT ARE SO TRIABLE.**

Dated at Glastonbury, Connecticut, this 25th day of January, 2013.

THE PLAINTIFF,
ONEBEACON INSURANCE COMPANY

BY _____

William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com

Barry G. Flynn
Gordon & Rees LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Phone: (713) 961-3366
Fax: (713) 961-3938
Email: bflynn@gordonrees.com

## CERTIFICATION OF SERVICE

I hereby certify that on January 25, 2013, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System.

William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com