UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

The order relates to a discovery dispute between Plaintiff OneBeacon Insurance Company ("OneBeacon") and intervenor DISH Network Corporation ("DISH"). OneBeacon objected to special interrogatories propounded by DISH requesting the number of insurance applications in which a law firm applicant stated "yes" to the question concerning previous reprimands, sanctions or fines, how often OneBeacon declined the applications when they contained a "yes" answer, and how many applications OneBeacon declined because the applicant was ordered to pay an opposing party's attorney fees. Dkt. 174. Pursuant to this court's procedures, the parties submitted letter briefs to the court about their discovery dispute, and the court conducted a discovery conference regarding the dispute on May 17, 2013. Dkts. 170, 173. The court ordered the parties to submit short briefs on the issues of relevance and materiality by noon on May 24, 2013. Dkt. 173.

OneBeacon and DISH both submitted short briefs on May 24, 2013. Dkts. 174-76. None of the defendants submitted briefs by this date. On June 3, 2013, OneBeacon and DISH both filed replies to each other's briefs. Dkts. 181-82. Defendants T. Wade Welch and T. Wade Welch & Associates (collectively, the "Welch Firm") also filed a reply to OneBeacon's briefing. Dkt. 180. OneBeacon objected to the Welch Firm's reply and moved to strike it because the Welch Firm did

not file an initial brief by May 24, 2013. Dkt. 190. The court agrees that the Welch Firm waived its argument by failing to file a brief as ordered by May 24. Accordingly, the Welch Firm's reply brief (Dkt. 180) is hereby **STRICKEN**.

As for the requested discovery, the court finds that the information DISH seeks is discoverable pursuant to Federal Rule of Civil Procedure 26. However, the interrogatories are overly broad and unduly burdensome and should thus be geographically and temporally confined. DISH has agreed to narrow the time period to the years 2006 through 2009 (*see* Dkt. 175), which the court finds reasonable. As far as geographic scope, since this case involves the Texas Insurance Code, the court finds that limiting the request to Texas—as opposed to nationwide—is appropriate. Therefore, OneBeacon is hereby **ORDERED** to answer the interrogatories as propounded, except that it may limit the time period of the requests to the years 2006 through 2009 and the geographic scope of the response to Texas.

It is so ORDERED.

Signed at Houston, Texas on June 27, 2013.

_____
Gray H. Miller
United States District Judge