UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONE BEACON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the court are (1) a motion for the alteration and reconsideration of ruling granting partial summary judgment (Dkt. 143) ("motion to reconsider") filed by plaintiff/counterdefendant OneBeacon Insurance Company ("OneBeacon"); (2) an opposed request for leave to file supplemental authority in support of their response in opposition to OneBeacon's motion to reconsider (Dkt. 156) filed by defendants/counterplaintiffs T. Wade Welch & Associates and T. Wade Welch (collectively, the "Welch Litigants"); and (3) a notice of supplemental authority in support of its motion to reconsider (Dkt. 167), which the court will treat as a motion to file supplemental authority, filed by OneBeacon. Having considered the motions, related filings, and applicable law, the court is of the opinion that all three motions should be DENIED.

### I. MOTIONS TO SUPPLEMENT

Both the Welch Litigants and OneBeacon request to supplement the record relating to OneBeacon's motion to reconsider. Dkts. 156, 167. The Welch Litigants rquest that the court consider a December 22, 2011, order from the Northern District of New York. Dkt. 156. This order was available when the Welch Litigants filed their original motion, and the Welch Litigants offer no reason why they did not provide the authority at that time. OneBeacon requests to supplement the

record with the arbitration award in the underlying arbitration, which became available after the motion to reconsider was fully briefed. Dkt. 167. OneBeacon argues that the award is "authority" that the court should consider. *Id.* Intervenor DISH Network Corporation ("DISH") is opposed to the court considering the award, and the Welch Litigants join in DISH's opposition. Dkts. 171, 172. DISH argues that the award is not new "authority" but rather "evidence" that should not be considered when determining whether OneBeacon has a duty to defend. Dkt. 171. The court agrees with DISH. "The duty to defend analysis is not influenced by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 552 (5th Cir. 2004). Rather, it is determined by examining the eight corners of the pleadings and the policy. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). The arbitration award, while certainly a development in this case, is not within the eight corners, and the court thus will not consider it with regard to the duty to defend. Both OneBeacon's and the Welch Litigants' requests to supplement the record (Dkts. 156, 167) are DENIED.

## II.  MOTION TO RECONSIDER

With regard to the motion to reconsider, OneBeacon asserts that the court misconstrued certain policy language when ruling on the Welch Litigants' motion for reconsideration and granting the Welch Litigants' motion for partial summary judgment. Dkt. 143-1. However, there is nothing new about the policy language upon which OneBeacon now relies, and it cites to no new authority. A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). OneBeacon's motion to reconsider (Dkt. 143) is therefore DENIED.

### III. CONCLUSION

OneBeacon's and the Welch Litigants' motions to file supplemental authority (Dkts. 156, 167) are DENIED.  OneBeacon's motion to reconsider (Dkt. 143) is DENIED.  OneBeacon's motion for oral hearing (Dkt. 144) is DENIED as moot.

Signed at Houston, Texas on July 10, 2013.

_____
Gray H. Miller
United States District Judge