UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 4:11-cv-03061-GHM |
| | : | |
| V. | : | |
| | : | |
| T. WADE WELCH & ASSOCIATES ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | OCTOBER 23, 2013 |

## ONEBEACON INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO T. WADE WELCH & ASSOCIATES AND T. WADE WELCH'S AMENDED COUNTERCLAIMS AGAINST ONEBEACON INSURANCE COMPANY

The plaintiff and counterclaim defendant, OneBeacon Insurance Company ("OneBeacon"), through its undersigned counsel, hereby answers the counterclaims (the "Counterclaims") contained within *Defendants T. Wade Welch & Associates and T. Wade Welch's Second Amended Answer, Affirmative Defenses and Counterclaims to OneBeacon Insurance Company's Amended Complaint for Declaratory Judgment*, dated August 5, 2013, and asserts the following affirmative defenses:

## ANSWER TO COUNTERCLAIM

1.      OneBeacon admits the allegations of paragraph 1 of the Counterclaims.

2.      OneBeacon admits the allegations of paragraph 2 of the Counterclaims.

3.      OneBeacon admits the allegations of paragraph 3 of the Counterclaims.

4.      OneBeacon admits that, to the extent the Counterclaims are asserted against it only, there is complete diversity as between the T. Wade Welch & Associates (the "Welch Firm") and T. Wade Welch ("Welch") (collectively, the "Welch Litigants"),

on the one hand, and OneBeacon, on the other hand.  OneBeacon further admits that the amount in controversy with respect to one or more of the counterclaims exceeds $75,000, exclusive of interest and costs.   The remaining allegations of paragraph 4 of the Counterclaims state a legal conclusion and, therefore, do not require a response.

5.      OneBeacon admits the allegations of paragraph 5 of the Counterclaims.

6.      OneBeacon admits that the Welch Firm previously represented DISH Network Corporation f/k/a Echostar Communications Corporation ("DISH") and certain of its predecessors, subsidiaries and/or affiliates.  OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6 of the Counterclaims.

7.      OneBeacon admits the allegations of paragraph 7 of the Counterclaims.

8.      OneBeacon admits that Ross Wooten ("Wooten") was an Associate of the Welch Firm who was an attorney of record for Echostar Communications Corporation ("Echostar") and Kelly Broadcasting Systems, Inc. ("Kelly") in the matter captioned *Russian Media Group, LLC v. Echostar Communications Corp. et al.*, Civil Action No. 3:03-cv-01263-WWE, pending in the United States District Court for the District of Connecticut (the "Russian Media Litigation").  OneBeacon further admits that Wooten had responsibility for handling certain day-to-day activities in connection with, and for monitoring the status of, the Russian Media Litigation on behalf of Echostar and Kelly. OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 of the Counterclaims.

9.      OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the Counterclaims.

10.     OneBeacon admits that Joseph H. Boyle ("Boyle") was another Associate of the Welch Firm who was an attorney of record on behalf of Echostar and Kelly in the Russian Media Litigation, but denies that Boyle and Wooten were the only attorneys of record for Echostar and Kelly in that lawsuit.

11.     OneBeacon admits that Boyle is currently a member of the firm Hagan, Noll & Boyle.  OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11 of the Counterclaims.

12.     OneBeacon admits that Welch was not an attorney of record in the Russian Media Litigation.  OneBeacon lacks sufficient knowledge or information to form a belief to the truth of the remaining allegations of paragraph 12 of the Counterclaims.

13.     OneBeacon admits that portion of paragraph 13 of the Counterclaims that alleges that "Welch was involved in . . . *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation*, No. 1:03-cv-00607-JLK (D. Colo.)."   (emphasis omitted) OneBeacon further admits that the Court in *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation*, No. 1:03-cv-00607-JLK (D. Colo.) (the "Dominion Litigation") issued an order on January 18, 2005 levying personal sanctions on Welch, Wooten, and another lawyer pursuant to 28 *U.S.C.* § 1927 for unreasonably and vexatiously multiplying the proceedings in that case.  OneBeacon admits that the United States Court of Appeals for the Tenth Circuit upheld the sanctions award issued by the trial court in the Dominion Litigation.  OneBeacon lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 13 of the Counterclaims.

14.     OneBeacon denies that portion of paragraph 14 of the Counterclaims that alleges: "Westport's professional liability program was run by Kim Philstrom."

3

OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 14 of the Counterclaims.

15.     OneBeacon denies that portion of paragraph 15 of the Counterclaims that alleges: "The Westport applications did not contain any questions that would require the disclosure of the Dominion Attorneys' Fees Order during the application process." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 15 of the Counterclaims.

16.     OneBeacon admits that in or about 2005 or 2006 OneBeacon offered Lawyers' Professional Liability ("LPL") insurance, during which time Kim Pihlstrom joined OneBeacon.  OneBeacon lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 16 of the Counterclaims.

17.     OneBeacon admits that it sold its LPL insurance through Pat Moore Insurance Agency, Inc. ("Pat Moore"), but denies that Pat Moore was the only agent in Texas through which OneBeacon's LPL insurance was sold.  OneBeacon lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 17 of the Counterclaims.

18.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaims.

19.     OneBeacon admits that a Westport Insurance Corporation application for insurance appears to have been signed by Welch on November 20, 2006 (the "Westport Application").  One Beacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegation that "the pre-completed Westport policy

application was reviewed . . . by Welch on or about November 20, 2006." OneBeacon denies the remaining allegations of paragraph 19 of the Counterclaims.

20.     OneBeacon denies the allegations of paragraph 20 of the Counterclaims.

21.     OneBeacon admits that the Westport Application does not contain the terms "sanction" or "sanctions."  OneBeacon denies the remaining allegations of paragraph 21 of the Counterclaims.

22.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 22 of the Counterclaims.

23.     OneBeacon admits that in or about 2006, OneBeacon began offered LPL insurance.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 23 of the Counterclaims.

24.     OneBeacon admits that a December 5, 2006 email listing Pat Moore as sender addressed to Beth M. DaBaere provides an insurance policy quote and states that "[t]here are no claims.  If we could get a quote soon on this one I bet it would move to you."  That email, assuming its authenticity, speaks for itself, and reference should be made to it for the complete and specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 24 of the Counterclaims.

25.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 25 of the Counterclaims.

26.     OneBeacon admits that, prior to issuing the first policy it issued to the Welch Firm, OneBeacon's underwriter reviewed the Welch Firm's publicly available website as listed on the application submitted at the time.  OneBeacon lacks sufficient

knowledge or information upon which to form a belief as to the truth of that portion of paragraph 26 of the Counterclaims that alleges: "At the time, the Dominion Attorneys' Fees Order had been in the public record and was readily available on both Westlaw and PACER and through a simple Google search of the Firm on the Internet."  OneBeacon denies the remaining allegations of paragraph 26 of the Counterclaims.

27.     OneBeacon admits that it provided a quotation (subject to a number of conditions, including but not limited to the Welch Firm's submission of the full OneBeacon application upon renewal the following year) for LPL coverage for the Welch Firm to Pat Moore on or about December 6, 2006.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 27 of the Counterclaims.

28.     OneBeacon admits that it issued a certain Lawyers Professional Liability Policy No. LAP-0290-06 to the Welch Firm for the policy period December 20, 2006 to December 20, 2007 (the "2006 Policy").  OneBeacon further admits that the 2006 Policy had a retroactive date of January 4, 1995 and a policy premium of $54,691.00. OneBeacon denies that portion of paragraph 28 of the Counterclaims that alleges "OneBeacon requested no additional information . . . other than the execution of a warranty letter."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 28 of the Counterclaims.

29.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 29 of the Counterclaims.

30.     OneBeacon denies the allegations of paragraph 30 of the Counterclaims.

31.     To the extent a response concerning its obligations under the 2006 Policy is required, OneBeacon states that the 2006 Policy speaks for itself and reference to the language of the 2006 Policy and its terms, conditions, and exclusions should be made. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 31 of the Counterclaims.

32.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 32 of the Counterclaims.

33.     OneBeacon denies that portion of paragraph 33 of the Counterclaims that alleges: "Counter-Plaintiffs paid all premiums under the 2006-07 policy, the policy was in force and effect for the entire time period, and Counter-Plaintiffs performed all conditions precedent."  Inasmuch as the Court has dismissed the Welch Parties' breach of contract claim as it relates to the 2006 Policy, OneBeacon is not required to respond to allegations concerning its obligations under the 2006 Policy.  To the extent a response concerning its obligations under the 2006 Policy is required, OneBeacon states that the 2006 Policy speaks for itself and reference to the language of the 2006 Policy and its terms, conditions, and exclusions should be made.

34.     OneBeacon admits that on or about September 12, 2007, OneBeacon emailed Pat Moore transmitting a renewal packet (the "Renewal Packet") concerning the expiring 2006 Policy, which email and Renewal Packet speak for themselves. OneBeacon further admits that the 2006 Policy was set to expire at 12:01 a.m. Standard Time on December 20, 2007 at the Welch Firm's address. OneBeacon further admits that OneBeacon's full application for insurance appearing to have been signed by Welch on December 6, 2007 (the "2007 Application") was submitted to it for consideration of

whether to issue another policy of insurance to the Welch Firm and, if so, the terms and conditions thereof, as such full application was required by OneBeacon's policies and procedures and by the quote provided for the 2006 Policy.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 34 of the Counterclaims.

35.     OneBeacon denies the allegations of paragraph 35 of the Counterclaims.

36.     The content of the document referred to in paragraph 36 of the Counterclaims speaks for itself and reference to that document should be mad for the contents thereof.

37.     The content of the document referred to in paragraph 37 of the Counterclaims speaks for itself and reference to that document should be made for the contents thereof.

38.     OneBeacon denies that portion of paragraph 38 of the Counterclaims that alleges: "[t]here is no question in the 2007 renewal application that encompassed the 2005 Dominion Attorneys' Fees Order."  OneBeacon denies the remaining allegations of paragraph 38 of the Counterclaims.

39.     OneBeacon admits that portion of paragraph 39 of the Counterclaims that alleges that OneBeacon contacted Pat Moore on or about November 8, 2007 via email and stated in relevant part, "I am following up on the above captioned insured's renewal packet."  To the extent further response is required, OneBeacon states that the November 8, 2007 email speaks for itself, and reference should be made to it for the specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to

form a belief as to the truth of the remaining allegations of paragraph 39 of the Counterclaims.

40.      OneBeacon admits that portion of paragraph 40 of the Counterclaims that alleges that OneBeacon contacted Pat Moore on or about November 21, 2007 via email and stated, in part: "[a]nother follow up on that renewal that was sent to Traci.  Again, we hope to have the opportunity to provide renewal terms and retain this account."  To the extent further response is required, OneBeacon states that the November 21, 2007 email speaks for itself, and reference thereto should be made for the specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 40 of the Counterclaims.

41.       OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaims.

42.      OneBeacon admits that the 2007 Application contained the question set forth in paragraph 42 of the Counterclaims, but OneBeacon denies that the language set forth constitutes the entirety of the question containing that language.  OneBeacon further admits that the scope of the question identified in paragraph 42 of the Counterclaims is discussed in OneBeacon's underwriting guidelines, which provide in relevant part the language set forth in paragraph 42 of the Counterclaims, but OneBeacon denies that the language set forth constitutes the entirety of the underwriting guidelines.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 42 of the Counterclaims.

43.      OneBeacon denies the allegations of paragraph 43 of the Counterclaims.

44.     OneBeacon admits that the documents identified in paragraph 44 of the Counterclaims appear to be reproductions of certain certificates for Welch from the State Bar of Texas, The Colorado Supreme Court Attorney Regulation Counsel, the State of Colorado Supreme Court, the United States District Court for the District of Colorado and the United States Court of Appeals for the Tenth Circuit.  OneBeacon further admits that the Dominion Attorneys' Fees Order emanated from the United States District Court for the District of Colorado, which Order was affirmed by the United States Court of Appeals for the Tenth Circuit.  OneBeacon denies the remaining allegations of paragraph 44 of the Counterclaims.

45.     OneBeacon denies that portion of paragraph 45 of the Counterclaims that alleges: "there was no reason to hide the Dominion Attorneys' Fees Order."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 45 of the Counterclaims.

46.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaims, as it does not know specifically to which document this paragraph refers.  To the extent it refers to the OneBeacon Insurance Company Countrywide Rating Manual, it is denied.

47.     OneBeacon admits that portion of footnote 1 to paragraph 47 of the Counterclaims that this Court entered an Order on June 27, 2013 (Doc. No. 191) and further admits that it has complied with that Order. OneBeacon denies the remaining allegations of paragraph 47 of the Counterclaims.

48.     OneBeacon admits that portion of paragraph 48 of the Counterclaims that alleges "OneBeacon … would have not renewed Counter-Plaintiffs' policy had it known

of the Dominion Attorneys' Fees Order or based on the amount of the award ($63,000)," and denies that portion of paragraph 48 of the Counterclaims alleging that OneBeacon's position is undermined by its handling of similar instances.  As to the balance of the remaining allegations of paragraph 48 of the Counterclaims, and without waiving any rights to further respond, OneBeacon hereby objects to such allegations and states that such allegations should be stricken from the Counterclaims as irrelevant and immaterial and as violating Fed. R. Civ. P. 8.  The objectionable allegations are irrelevant and immaterial given the Court's recent Order finding only underwriting files relating to Texas insureds for the period of time from 2006 through 2009 material to claims and defenses in this case and, thus, so limiting discovery of OneBeacon underwriting materials geographically and temporally to the State of Texas for the time period 2006 through 2009.  *See* Order (Doc. No. 191).    The allegations also are immaterial, impertinent, and scandalous under Rule 12(f) and violate Rule 8 insofar as (1) they do not constitute a short and plain statement of the claim and (2) they are not simple, concise and direct.  *See* Fed. R. Civ. P. 8(a)(2) and (d)(1).  For these reasons, the objectionable allegations do not require a response and should be stricken.  *See* Fed. R. Civ. P. 12(f). To the extent the objectionable allegations are not stricken, OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 48 of the Counterclaims.

49.    The document referred to in paragraph 29 of the Counterclaims speaks for itself, and reference should be made thereto for the specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 49 of the Counterclaims.

50.     OneBeacon admits that portion of paragraph 50 of the Counterclaims alleging the existence of an email between OneBeacon and Pat Moore wherein the Welch Firm identified two clients (Nagraster and DISH) in the 2007 Application. Reference to that email should be made for the specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 50 of the Counterclaims.

51.     OneBeacon denies the allegations of paragraph 51 of the Counterclaims.

52.     OneBeacon admits that it issued Lawyers Professional Liability Policy No. LAP-0978-07 to the Welch Firm for the policy period December 20, 2007 to December 20, 2008 (the "2007 Policy").  OneBeacon denies the remaining allegations of paragraph 52 of the Counterclaims.

53.     OneBeacon denies that portion of paragraph 53 of the Counterclaims that alleges: "Counter-Plaintiffs paid all premiums under the 2007-08 policy, the policy was in force and effect for the entire time period, and Counter-Plaintiffs performed all conditions precedent."  OneBeacon admits that the written document that was the 2007 Policy contained the following language: "**We** agree to pay on **your** behalf all **damages** in excess of the deductible amount and up to the limits of liability stated in the Declarations." (bold in original).  OneBeacon admits that the written document that was the 2007 Policy also contained the following language: "**We** have the right and duty to defend any **claim** against **you** seeking **damages** to which this insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent." (bold in original). The document referred to in paragraph 53 of the Counterclaims speaks for itself, and reference should be made thereto for the specific and complete contents thereof.

54.     OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of that portion of paragraph 54 of the Counterclaims that states: "During the course of the events set forth above, . . . ."  OneBeacon admits the remaining allegations of paragraph 54 of the Counterclaims.

55.     OneBeacon admits that portion of paragraph 55 of the Counterclaims that alleges: "Although Wooten and Boyle were aware of the order[.]"  One Beacon lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 55 of the Counterclaims.

56.     OneBeacon admits that portion of paragraph 56 of the Counterclaims that alleges: "The matter was referred by the district court to a magistrate judge for handling."  OneBeacon lacks sufficient knowledge or information to form a belief concerning that portion of paragraph 56 of the Counterclaims that alleges: "Wooten produced documents and sent discovery responses in response to the court's order.   Wooten again supplemented those responses in September 2006."  OneBeacon denies the remaining allegations of paragraph 56 of the Counterclaims.

57.     OneBeacon admits that Wooten and Boyle were aware of the court's issuance of the February 23, 2006 discovery order and further admits that Wooten was aware of the filing of a motion for discovery orders against Echostar and Kelly.  OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 57 of the Counterclaims.

58.     OneBeacon admits that portion of paragraph 58 of the Counterclaims that alleges that on March 14, 2007, Wooten filed a tardy opposition to the motion for discovery orders filed by Russian Media Group, LLC ("RMG") on February 20, 2007.

OneBeacon further admits that the magistrate judge held a hearing on RMG's motion for discovery orders on July 12, 2007 and issued an order on that motion on July 20, 2007. The July 20, 2007 order issued by the court speaks for itself, and reference thereto should be made for the exact language contained therein. One Beacon lacks sufficient knowledge or information to form a belief as to that portion of paragraph 58 of the Counterclaims alleging that "Wooten also provided supplemental discovery responses." .OneBeacon denies the remaining allegations of paragraph 58 of the Counterclaims.

59.     OneBeacon admits that Wooten and Boyle were aware of the tardy filing of the opposition to the motion for discovery orders, that they were aware of the hearing on July 12, 2007, that they were aware that the magistrate held a hearing on RMG's motion for discovery orders on July 12, 2007, and that they were aware that the magistrate judge issued an order on the motion for discovery orders on July 20, 2007. OneBeacon further admits that Wooten and Boyle were aware of the contents of the July 20, 2007 order. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 59 of the Counterclaims.

60.     OneBeacon admits that Wooten filed an untimely objection to the magistrate judge's July 20, 2007 ruling.

61.     OneBeacon admits that, on February 12, 2008, Judge Warren Eginton entered an order adopting, ratifying, and affirming the magistrate judge's July 20, 2007 order. The February 12, 2008 order speaks for itself and reference thereto should be made for the specific contents thereof.

62.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 62 of the Counterclaims.

63.     OneBeacon admits that portion of paragraph 63 of the Counterclaims alleging that Welch provided notice to OneBeacon concerning the order by letter dated April 7, 2008.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 63 of the Counterclaims.

64.     OneBeacon admits that, by letter dated April 7, 2008, Joseph Nistico, counsel for the Welch Firm provided notice of a potential claim relating to the Russian Media Litigation to OneBeacon.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 64 of the Counterclaims.

65.     OneBeacon admits that Kerry M. Evensen wrote a letter dated April 8, 2008 to Joseph Nistico, to which reference should be made for the specific contents thereof.

66.     OneBeacon admits that Steward Schmella of Attorney Nistico's law firm sent a letter to Kerry Evensen dated May 22, 2008, to which reference should be made for the specific contents thereof.  OneBeacon denies the remaining allegations of paragraph 66 of the Counterclaims.

67.     OneBeacon denies the allegations of paragraph 67 of the Counterclaims.

68.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 68 of the Counterclaims.

69.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 69 of the Counterclaims.

70.     OneBeacon admits that, by letter dated July 24, 2008, Anne M. Jaskula, Claims Counsel for OneBeacon, indicated that, on April 7, 2008, she had received

correspondence from Joseph F. Nistico.  Reference should be made to the July 24, 2008 letter for the specific contents thereof.

71.     OneBeacon denies the allegations of paragraph 71 of the Counterclaims.

72.     OneBeacon denies that portion of paragraph 72 of the Counterclaims that alleges: "OneBeacon internally incorrectly noted the incident . . ."  The documents referred to in paragraph 72 of the Counterclaims speak for themselves, and reference should be made to those documents for the specific contents thereof.

73.     OneBeacon denies that portion of paragraph 73 of the Counterclaims that alleges that "OneBeacon also incorrectly noted . . ." OneBeacon admits that the quoted language appears in its claims notes, but denies that the language quoted is the complete language from the particular note referenced. The claims notes are documents that speak for themselves, and reference should be made to those documents for the specific contents thereof.

74.     OneBeacon denies that portion of paragraph 74 of the Counterclaims that alleges that "OneBeacon again incorrectly wrote . . ." OneBeacon admits that the quoted language appears in its claims notes, but denies that the language quoted is the complete language from the particular note referenced. The claims notes are documents that speak for themselves, and reference should be made to those documents for the specific contents thereof.

75.     OneBeacon admits that portion of paragraph 75 of the Counterclaims alleging that the 2007 Policy was set to expire at 12:01 a.m. Standard Time on December 20, 2008 at the Welch Firm's address.  OneBeacon further admits that an application for insurance appearing to have been signed by Welch on December 19, 2008 (the "2008

Application") was submitted to it for consideration of whether to issue another policy of insurance to the Welch Firm and, if so, the terms and conditions thereof. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 75 of the Counterclaims.

76.     OneBeacon admits that the 2008 Application contained the question set forth in paragraph 76 of the Counterclaims, but OneBeacon denies that the language set forth constitutes the entirety of the question containing that language.

77.     OneBeacon denies the allegations of paragraph 77 of the Counterclaims.

78.     OneBeacon admits that it reviewed the 2008 Application. OneBeacon denies the remaining allegations of paragraph 78 of the Counterclaims.

79.     OneBeacon admits that its underwriting documents are documents that speak for themselves. Reference should be made to OneBeacon underwriting documents for the specific contents thereof. OneBeacon denies the remaining allegations of paragraph 79 of the Counterclaims.

80.     OneBeacon admits that it issued Lawyers Professional Liability Policy No. LAP-1734-08 to the Welch Firm for the policy period December 20, 2008 to December 20, 2009 (the "2008 Policy"). OneBeacon denies the remaining allegations of paragraph 80 of the Counterclaims.

81.     OneBeacon denies the allegations of paragraph 81 of the Counterclaims.

82.     OneBeacon denies that portion of paragraph 82 of the Counterclaims that alleges: "Counter-Plaintiffs paid all premiums in the amount of $55,947.00 for the 2008-2009 policy, the policy was in force and effect for the entire term, and Counter-Plaintiffs performed all conditions precedent." OneBeacon admits that the written document that

was the 2008 Policy contained the following language: "**We** agree to pay on **your** behalf all **damages** in excess of the deductible amount and up to the limits of liability stated in the Declarations." (bold in original).  OneBeacon admits that the written document that was the 2008 Policy also contained the following language: "**We** have the right and duty to defend any **claim** against **you** seeking **damages** to which this insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent." (bold in original). The document referred to in paragraph 82 of the Counterclaims speaks for itself, and reference should be made thereto for the specific and complete contents thereof.

83.    OneBeacon denies the allegations of paragraph 83 of the Counterclaims.

84.    OneBeacon admits that on December 8, 2009, Echostar and Kelly filed a motion in the Russian Media Litigation to set aside the court's February 12, 2007 order adopting the magistrate judge's order imposing discovery sanctions on Echostar and Kelly.  OneBeacon denies the remaining allegations of paragraph 84 of the Counterclaims.

85.    OneBeacon admits the allegations of paragraph 85 of the Counterclaims.

86.    OneBeacon admits that it offered to renew the Welch Firm's policy for the period from December 20, 2009 to December 20, 2010 at significantly reduced limits and on different terms.  OneBeacon denies that portion of paragraph 86 of the Counterclaims that alleges: "OneBeacon's reason for offering reduced limits had nothing to do with [the] Russian Media Group Litigation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 86 of the Counterclaims.

87.    OneBeacon denies the allegations of paragraph 87 of the Counterclaims.

88.     OneBeacon admits that Welch, Boyle, and Wooten signed tolling agreements, the contents of which speak for themselves.  OneBeacon further admits that, at some time after their execution, the aforementioned signed tolling agreements were sent to OneBeacon.  OneBeacon denies the remaining allegations of paragraph 88 of the Counterclaims.

89.     OneBeacon admits that in or about March of 2010 the potential claim by DISH against the Welch Firm became a claim under the 2007 Policy.

90.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 90 of the Counterclaims.

91.     OneBeacon denies that it indicate that it would accept coverage subject to a reservation of rights in the correspondence referred to in paragraph 91 of the Counterclaims. The document referred to in paragraph 91 of the Counterclaims speaks for itself, and reference thereto should be made for the specific and complete contents thereof.

92.     OneBeacon denies the allegations of paragraph 92 of the Counterclaims.

93.     OneBeacon admits that, on April 7, 2010, RMG filed an opposition to the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon denies the remaining allegations of paragraph 93 of the Counterclaims.

94.     The contents of document referred to in paragraph 94 of the Counterclaim speaks for itself.  OneBeacon denies that portion of paragraph 94 of the Counterclaims alleging that "OneBeacon knew or should have known about the Dominion Attorneys' Fees Order no later than April 2010."   OneBeacon lacks sufficient knowledge or

information upon which to form a belief as to the truth of the remaining allegations of paragraph 94 of the Counterclaim.

95.     OneBeacon admits that Echostar and Kelly filed a brief in response to the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon further admits that the court in the Russian Media Litigation scheduled a hearing on the December 22, 2009 amended motion to set aside sanctions filed by Echostar and Kelly in the Russian Media Litigation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 95 of the Counterclaims.

96.     OneBeacon admits that portion of paragraph 96 of the Counterclaims that alleges that OneBeacon was aware of Echostar's motion to set aside in 2010.  OneBeacon denies the remaining allegations of paragraph 96 of the Counterclaims.

97.     OneBeacon admits that on or about May 10, 2011, OneBeacon's understanding was that the court in the Russian Media Litigation held a hearing on the December 22, 2009 amended motion to set aside sanctions and that the court was temporarily withholding ruling on that motion while the parties to that action discussed the possibility of mediation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 97 of the Counterclaims.

98.     OneBeacon denies the allegations of paragraph 98 of the Counterclaims.

99.     OneBeacon admits that, subject to the other terms and conditions of the 2007 Policy, which OneBeacon has rescinded, the 2007 Policy had a $5,000,000 aggregate limit of liability and a limit of liability for each claim of $5,000,000, subject to

the payment of a $15,000 deductible applicable to each claim and in the aggregate, which limits of liability were subject to erosion as a result of the payment of any costs of defense.  The contents of December 22, 2010 and June 14, 2011 documents referred to in paragraph 99 speaks for themselves, and reference should be made to them for the specific contents thereof.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegation that any FTP file site contained "all the relevant pleadings . . . including . . . Russian Media Group's Response (Dkt. 169) . . ." OneBeacon denies the remaining allegations of paragraph 99 of the Counterclaims.

100.    OneBeacon admits that it retained Hermes Sargent Bates LLP as coverage and/or monitoring counsel after it received a copy of the a December 22, 2010 letter from counsel for Echostar and Kelly, the content of which speaks for itself, and subsequently retained Gordon & Rees LLP as coverage counsel.  OneBeacon denies the remaining allegations of paragraph 100 of the Counterclaims.

101.    OneBeacon admits that Welch sent a letter to OneBeacon dated April 20, 2011 "request[ing] that OneBeacon take all steps necessary to protect [him] and the firm from being defendants in any future litigation and to take all steps necessary to protect our interests, up to and including tendering policy limits in exchange for a full and final release of all claims against [himself] or the firm."  OneBeacon admits that it was informed prior to January 26, 2011 that the court in the Russian Media Litigation had entered certain sanctions against Echostar and Kelly in that litigation.  OneBeacon denies the remaining allegations of paragraph 101 of the Counterclaims.

102.    OneBeacon denies the allegations of paragraph 102 of the Counterclaims.

103.    OneBeacon admits that, in February 2011, it retained an attorney (Mr. James Brawley) to act on behalf of Welch and the Welch Firm in connection with the claim asserted by DISH pursuant to the terms of the 2007 Policy.  OneBeacon denies the remaining allegations of paragraph 103 of the Counterclaims.

104.    OneBeacon denies the allegations of paragraph 104 of the Counterclaims.

105.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 105 of the Counterclaims.

106.    OneBeacon admits that its claims counsel, Annamarie Haught, sent a letter to Welch and the Welch Firm dated March 11, 2011, the content of which speaks for itself.   OneBeacon   denies   the   remaining   allegations   of   paragraph   106   of   the Counterclaims.

107.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 107 of the Counterclaims.

108.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 108 of the Counterclaims.

109.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 109 of the Counterclaims.

110.    OneBeacon admits that on April 15, 2011, Attorney James Brawley, the counsel it retained to represent Welch and the Welch Firm in connection with the claim asserted by DISH, sent a letter to OneBeacon regarding the Russian Media Litigation, the content of which letter speaks for itself.

111.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 111 of the Counterclaims.

112.     OneBeacon admits that Welch wrote to it on or about April 20, 2011, the content of which writing speaks for itself.

113.     The content of the document referred to in paragraph 113 of the Counterclaims speaks for itself.

114.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 114 of the Counterclaims.

115.     OneBeacon denies the allegations of paragraph 115 of the Counterclaims.

116.     OneBeacon denies the allegations of paragraph 116 of the Counterclaims.

117.     OneBeacon admits that on or about May 10, 2011 it issued supplemental reservation of rights letters to Wooten, Boyle, Welch and the Welch Firm, the content of which documents speak for themselves.  OneBeacon admits that aforementioned letters do not specifically mention a possible rescission, the response to Question 42, or the Dominion Attorneys' Fees Order.

118.     OneBeacon admits that the document(s) identified in paragraph 118 of the Counterclaims are documents that speak for themselves.  OneBeacon denies that portion of paragraph 118 alleging that "OneBeacon continued to exercise complete control over defense and settlement of the DISH claim."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 118 of the Counterclaims.

119.     The content of the document referred to in paragraph 119 of the Counterclaims speaks for itself.

120.     OneBeacon admits that no notice of rescission was provided to Welch and/or the Welch Firm prior to May 19, 2011.

121.    OneBeacon admits that it retained Edwards Wildman Palmer & Dodge LLP in late May 2011.  As to that portion of paragraph 121 of the Counterclaims alleging that "[i]n discovery responses, OneBeacon claims that its current coverage counsel . . .," OneBeacon states that the discovery responses are documents that speak for themselves. OneBeacon denies the remaining allegations of paragraph 121 of the Counterclaims.

122.    OneBeacon denies the allegations of paragraph 122 of the Counterclaims.

123.    OneBeacon admits the allegations of paragraph 123 of the Counterclaims.

124.    OneBeacon denies the allegations of paragraph 124 of the Counterclaims.

125.    OneBeacon denies the allegation that the June 14, 2011 communication referred to in paragraph 125 of the Counterclaims was a valid "Stowers" demand.  The content of the document referred to in paragraph 125 of the Counterclaims speaks for itself, and reference to said document should be made for the specific contents thereof.

126.    The content of the document referred to in paragraphs 125 and 126 of the Counterclaims speaks for itself.

127.    The content of the documents referred to in paragraph 127 of the Counterclaims speaks for itself.

128.    The content of the documents referred to in paragraph 128 of the Counterclaims speaks for itself.

129.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 129 of the Counterclaims.

130.    The content of the document referred to in paragraph 130 of the Counterclaims speaks for itself.

131.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 131 of the Counterclaims.

132.    OneBeacon admits that its counsel was permitted to conduct brief telephonic interviews of Boyle and Rick Olsen in 2011 only after those two at first refused an in person interview, after receiving permission from counsel for DISH, and contingent upon the interviews be conducted telephonically in the presence of DISH's counsel.

133.    OneBeacon denies the allegations of paragraph 133 of the Counterclaims.

134.    OneBeacon admits that it never requested an examination under oath of Welch, the Welch Firm, or its attorneys.  OneBeacon denies that portion of paragraph 134 of the Counterclaims alleging that "OneBeacon never made any inquiry …."  As to the remaining allegations, OneBeacon states that the "policy" referenced in paragraph 134 of the Counterclaims is a document that speaks for itself.

135.    OneBeacon denies the allegations of paragraph 135 of the Counterclaims.

136.    OneBeacon denies the allegations of paragraph 136 of the Counterclaims.

137.    OneBeacon denies the allegations of paragraph 137 of the Counterclaims.

138.    The content of the documents referred to in paragraph 138 of the Counterclaims speaks for themselves.

139.    OneBeacon denies the allegations of paragraph 139 of the Counterclaims.

140.    OneBeacon admits that it had discovered the falsity of the Welch Firm's response to Question 42 on or about June 25, 2011.  OneBeacon denies the remaining allegations of paragraph 140 of the Counterclaims.

141.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegation that the "Dominion Attorneys' Fees Order was also public record since early 2005 and available on the internet at the time OneBeacon initially wrote Counterplaintiffs' policy in December 2006."   OneBeacon denies the remaining allegations of paragraph 141 of the Counterclaims.

142.    The content of the document referred to in paragraph 142 of the Counterclaims speaks for itself.

143.    OneBeacon admits that certain of its employees met with Attorney Brawley within a few weeks before the August 26, 2011 mediation between DISH and RMG.    OneBeacon denies the remaining allegations of paragraph 143 of the Counterclaims.

144.    OneBeacon admits that Attorney Brawley discussed with OneBeacon employees the claim asserted by DISH against Welch and the Welch Firm (the "DISH Claim") as well as the potential negligence of Wooten at the 2011 meeting referred to in paragraph 144 of the Counterclaims.   OneBeacon admits that, as of August 17, 2011, it indicated that it would attend the August 26, 2011 mediation.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the belief of the unidentified "all involved" individuals referred to in paragraph 144 of the Counterclaims.

145.    OneBeacon admits that it did not discuss the potential rescission of the 2007 Policy with Attorney Brawley at the 2011 meeting mentioned in paragraphs 143 and 144 above.   OneBeacon admits that it indicated that it would attend the August 26, 2011 mediation in good faith and further admits that it did attend said mediation in good

faith.   OneBeacon denies the remaining allegations of paragraph 145 of the Counterclaims.

146.    OneBeacon denies the allegations of paragraph 146 of the Counterclaims.

147.    OneBeacon admits that, by letter dated August 19, 2011, it informed Welch and the Welch Firm that it refused to be bound by the 2007 Policy and the 2008 Policy and referred to Texas Insurance Code § 705.005.   The remaining allegations of paragraph 147 are argumentative and, therefore, OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 147 of the Counterclaims.

148.    OneBeacon admits that in the August 19, 2011 rescission letter it informed the Welch Defendants that it became aware on or after May 31, 2011 that, sometime during or before 2005, the United States District Court for the District of Colorado levied personal monetary sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in *Dominion Video Satellite, Inc. v. EchoStar Satellite Corporation*.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 148 of the Counterclaims.

149.    OneBeacon denies the allegations of paragraph 149 of the Counterclaims.

150.    OneBeacon denies the allegations of paragraph 150 of the Counterclaims.

151.    The content of the document referred to in paragraph 151 of the Counterclaims speaks for itself.

152.     The content of the document referred to in paragraph 152 of the Counterclaims speaks for itself.

153.    The content of the document referred to in paragraph 153 of the Counterclaims speaks for itself.

154.    OneBeacon denies that portion of paragraph 154 of the Counterclaims alleging that "OneBeacon's decision was pre-textual in nature."   As to the remaining allegations of paragraph 154 of the Counterclaims, OneBeacon states that the content of the document referred to in paragraph 154 speaks for itself.   To the extent further response is required, OneBeacon denies the remaining allegations of paragraph 154 of the Counterclaims.

155.    OneBeacon admits that it filed the initial complaint in the above-captioned lawsuit on August 22, 2011.  OneBeacon denies the remaining allegations of paragraph 155 of the Counterclaims.

156.    OneBeacon denies the allegations of paragraph 156 of the Counterclaims.

157.    OneBeacon admits that it the Welch Litigants requested OneBeacon to pay its policy limits to settle the claim of DISH against the Welch Litigants.   OneBeacon further admits that it did not pay its policy limits to settle the threatened claim of DISH against the Welch Litigants. OneBeacon denies the remaining allegations of paragraph 157 of the Counterclaims.

158.    OneBeacon denies the allegations of paragraph 158 of the Counterclaims.

159.    OneBeacon admits that a settlement conference was held in the Russian Media Litigation on August 26, 2011 and that a representative of OneBeacon and counsel for OneBeacon attended that settlement conference along with defense counsel retained by OneBeacon for the Welch Litigants.   OneBeacon denies the remaining allegations of paragraph 159 of the Counterclaims.

160.    The content of the document referred to in paragraph 160 of the Counterclaims speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 160 of the Counterclaims.

161.    OneBeacon admits that, at the August 26, 2011 mediation, it did not make a formal offer to contribute to DISH's settlement with the plaintiff in the Russian Media Litigation and it did not make a formal offer to settle DISH's claims against the Welch Litigants, but OneBeacon denies that it was ever provided a good faith opportunity to do so.  OneBeacon admits that, at the very beginning of the August 26, 2011 mediation, counsel for DISH withdrew its request to settle its claims against the Welch Litigants for the remainder of OneBeacon's $5 million policy limits and, thereafter, demanded no less than $12 million to settle its claims against the Welch Litigants.  OneBeacon denies that portion of paragraph 161 that alleges: "OneBeacon admits it never provided DISH any offer of settlement."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 161 of the Counterclaims.

162.    OneBeacon admits that on or about September 23, 2011, Attorney David Miller returned the check for both premiums associated with the 2007 Policy and the 2008 Policy.

163.    OneBeacon admits it sent a letter dated October 19, 2011 to counsel for Welch and the Welch Firm providing notice that, *inter alia*, OneBeacon would no longer provide Welch and the Welch Firm with a defense for the claim asserted against them by DISH, which letter speaks for itself.

164.     OneBeacon denies that its conduct was "knowing and intentional." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 164 of the Counterclaims.

165.     OneBeacon denies that its conduct was "knowing and intentional." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 165 of the Counterclaims.

166.     OneBeacon denies the allegations of paragraph 166 of the Counterclaim.

167.     OneBeacon admits that counsel for Welch and the Welch Firm sent a letter to OneBeacon dated December 14, 2011, the content of which speaks for itself, and that the letter enclosed a copy of a December 9, 2011 demand from DISH to the Welch Firm.

168.     OneBeacon admits that in or about February of 2009, it filed a lawsuit styled *OneBeacon Insurance Company v. Parker, Kern, Nard & Wenzel*, No. 1:09-cv-00257-AWI-GSA (E.D. Cal. 2009), which complaint and related filings in that matter are documents, the contents of which speak for themselves.  OneBeacon objects to the allegations of paragraph 168 of the Counterclaims as irrelevant, improper, and argumentative.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 168 of the Counterclaims.

169.     OneBeacon denies the allegations of paragraph 169 of the Counterclaims. OneBeacon further responds that the allegations of paragraph 169 are irrelevant, improper, argumentative, and inadmissible in the present litigation.

170.     OneBeacon denies that portion of paragraph 170 alleging: "That order put OneBeacon on notice that until a 'prior knowledge exclusion' was adjudicated as a matter

of law, it had a duty to defend."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 161 of the Counterclaims.

171.    OneBeacon admits that on or about December 22, 2011 its counsel sent a letter to Attorney David Miller providing notice that it would not agree to defend or indemnify the Welch and the Welch Firm in connection with the DISH Claim or, alternatively, settle the DISH Claim for the amount set forth in Attorney Miller's December 14, 2011 letter.  The letter is a document, the content of which speaks for itself.

172.    OneBeacon admits that Attorney David Miller responded to OneBeacon's December 22, 2011 letter on or about January 17, 2012, the content of which speaks for itself.

173.    OneBeacon admits that Attorney David Miller transmitted a second letter to OneBeacon on or about January 17, 2012, the content of which speaks for itself.

174.    OneBeacon admits that on February 1, 2012 DISH transmitted its Demand for Arbitration in the arbitration styled *DISH Network Corp. f/k/a EchoStar Communications Corp. and Kelly Broadcasting Systems, Inc. v. T. Wade Welch & Associates* the "DISH Arbitration"), the content of which speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 174 of the Counterclaims.

175.    OneBeacon admits that Attorney David Miller wrote to OneBeacon on or about February 23, 2012, the content of which speaks for itself.   OneBeacon lacks

sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 175 of the Counterclaims.

176.    OneBeacon admits that by letter dated on or about February 21, 2012 it declined the request to provide a defense to Welch and the Welch Firm in connection with the arbitration demand by DISH.  The letter is a document, the content of which speaks for itself.  OneBeacon denies that portion of paragraph 176 that alleges: " . . . despite being on notice of the position it took in *Parker* and the *Schlather* summary judgment order.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 176 of the Counterclaims.

177.    OneBeacon admits that the Attorney David Miller wrote to OneBeacon on or about February 23, 2012, the content of which speaks for itself.  OneBeacon denies the remaining allegations of paragraph 177 of the Counterclaims.

178.    The content of the document referred to in paragraph 178 of the Counterclaims speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 178 of the Counterclaims.

179.    OneBeacon admits that former Judge Harlan A. Martin served as the arbitrator in the DISH Arbitration.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 179 of the Counterclaims.

180.    The content of the document referred to in paragraph 180 of the Counterclaims speaks for itself.

181.    The content of the document referred to in paragraph 181 of the Counterclaims speaks for itself.

182.    OneBeacon denies that portion of paragraph 182 of the Counterclaims alleging that OneBeacon made "unconscionable demands," and further denies paragraph 182 of the Counterclaims to the extent it alleges OneBeacon "required" the production of his federal income tax returns.  As to the remaining allegations of paragraph 182 of the Counterclaims, OneBeacon states they are a legal conclusion and do not require an answer.  To the extent further response is required, paragraph 182 is denied.

183.    OneBeacon denies that portion of paragraph 183 of the Counterclaims alleging that "[o]n March 28, 2012 OneBeacon offered yet another novel, pre-textual reason for rescission . . . ."  OneBeacon admits that it sent a letter to Attorney Miller concerning, *inter alia*, the Welch Firm's misrepresentations as to Question No. 37 in the 2007 Application and the 2008 Application, which letter is a document, the content of which speaks for itself.  OneBeacon further admits that Attorney David Miller sent a letter to OneBeacon on or about May 18, 2013, the content of which letter speaks for itself.  OneBeacon further admits that it issued premium refunds to Welch and the Welch Firm for the 2007 Policy and the 2008 Policy.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 183 of the Counterclaims.

184.    The content of the document referred to in paragraph 184 of the Counterclaims speaks for itself.

185.    The content of the document referred to in paragraph 185 of the Counterclaims speaks for itself.    OneBeacon denies the remaining allegations of paragraph 185 of the Counterclaims.

186.    The content of the document referred to in paragraph 186 of the Counterclaims speaks for itself. OneBeacon admits that it has not provided a supplemental response to Interrogatory No. 25 propounded by Welch and the Welch Firm, but denies that is obligated to do so, as it has asserted valid objections to that interrogatory and the Welch Litigants have failed to seek to compel further response, thereby waiving any ability to rely on the claimed inadequacy of OneBeacon's response thereto.  Moreover, OneBeacon's access to and use of information that could be used to respond to said interrogatory has been blocked by the Welch Litigants and DISH.  As a result, both parties are estopped from using OneBeacon's lack of complete information to support their claims or arguments in this litigation.

187.    OneBeacon admits that DISH filed an Amended Demand for Arbitration in the DISH Arbitration on or about June 1, 2012, the contents of which speak for itself. OneBeacon further admits that Attorney David Miller transmitted DISH's Amended Demand for Arbitration to OneBeacon by letter dated on or about June 5, 2012, the content of which also speaks for itself.

188.    The content of the document referred to in paragraph 188 of the Counterclaims speaks for itself.    OneBeacon denies the remaining allegations of paragraph 188 of the Counterclaims.

189.    OneBeacon admits that the Court entered an Order (Doc. No. 110) in this action on or about August 20, 2012, the content of which speaks for itself.

190.     OneBeacon denies the allegations of paragraph 190 of the Counterclaims.

191.     OneBeacon denies the allegations of paragraph 191 of the Counterclaims.

192.     OneBeacon admits the existence of Welch Firm Invoice No. 6836, dated August 24, 2012, the content of which speaks for itself.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 192 of the Counterclaims.

193.     The content of the document referred to in paragraph 193 of the Counterclaims speaks for itself, to which document reference should be made for the complete contents thereof.

194.     OneBeacon admits that it declined the Welch Litigant's request for a defense.   OneBeacon denies the remaining allegations of paragraph 194 of the Counterclaims.

195.     OneBeacon denies the allegations of paragraph 195 insofar as it alleges OneBeacon had a duty to provide "assistance, financial or otherwise."   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 195 of the Counterclaims.

196.     OneBeacon admits that portion of paragraph 196 that alleges that the Welch Litigants transmitted Welch Firm Invoice #6872 to Attorney William Murray by email dated October 31, 2012 and that said invoice was redacted and did not contain any detail of the tasks allegedly performed by the Welch Firm as purportedly set forth therein. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 196 of the Counterclaims.

197.     OneBeacon denies the allegations of paragraph 197 of the Counterclaims.

198.    The content of the document referred to in paragraph 198 of the Counterclaims speaks for itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 198 of the Counterclaims.

199.    OneBeacon admits that the Court entered an Order (Dkt. 136) in this action on or about December 18, 2012, the content of which speaks for itself. OneBeacon denies that portion of footnote 2 of paragraph 199 of the Counterclaims alleging that "OneBeacon had previously mislead [sic] the Court . . . ."  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 199 of the Counterclaims.

200.    OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 200 of the Counterclaims.

201.    The content of the document referred to in paragraph 201 of the Counterclaims speaks for itself, and reference should be made to that document for the specific and complete content thereof. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 201 of the Counterclaims.

202.    OneBeacon admits that portion of paragraph 202 that alleges that, by email dated December 24, 2012, Welch delivered unredacted versions of Welch Firm Invoice #6836 and Invoice #6872 to Attorney William Murray.  OneBeacon denies the remaining allegations of paragraph 202 of the Counterclaims.

203.    OneBeacon admits that Welch wrote to OneBeacon by letter dated on or about December 26, 2012, the content of which speaks for itself.  OneBeacon denies the remaining allegations of paragraph 203 of the Counterclaims.

204.    OneBeacon admits that it wrote to Welch and the Welch Firm on or about December 28, 2012, the content of which writing speaks for itself, and reference should be made to that document for the specific and complete content thereof.

205.    OneBeacon admits that Welch wrote to OneBeacon on or about December 31, 2012, the content of which writing speaks for itself, and reference should be made to that document for the specific and complete content thereof.  OneBeacon denies the remaining allegations of paragraph 205 of the Counterclaims.

206.    The content of the document referred to in paragraph 206 of the Counterclaims speaks for itself, and reference should be made to that document for the specific and complete content thereof.  OneBeacon denies that portion of paragraph 206 of the Counterclaims alleging that "On January 7, 2013, OneBeacon again refused to pay legitimate defense costs."

207.    The content of the documents referred to in paragraph 207 of the Counterclaims speaks for themselves.

208.    To the extent paragraph 208 alleges that OneBeacon was obligated to accept or reject Welch Firm Invoice #6945 "within fifteen business days of February 1, 2003, it is denied.  One Beacon denies the remaining portion of paragraph 208 of the Counterclaims.

209.    OneBeacon admits that Welch sent a letter to Attorney William Murray and Attorney Barry Flynn on or about March 4, 2013, the content of which speaks for

itself.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 209 of the Counterclaims.

210.    OneBeacon admits that its coverage attorney, Mr. Barry Flynn, attended the DISH Arbitration, which took place, in part from March 5, 2013 through March 8, 2013, as monitoring counsel for OneBeacon.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 210 of the Counterclaims.

211.    OneBeacon admits that it responded to Welch's February 8, 2013 email and March 4, 2013 letter by letter dated on or about March 7, 2013, the content of which speaks for itself.  OneBeacon further states that paragraph 211 of the Counterclaims is argumentative and thus objectionable.  OneBeacon denies the remaining allegations of paragraph 211 of the Counterclaims.

212.    OneBeacon denies the allegations of paragraph 212 of the Counterclaims.

213.    OneBeacon admits that Welch and the Welch Firm filed a Motion for Partial Summary Judgment in this action on or about April 9, 2013 (Doc. No. 160). OneBeacon denies that portion of paragraph 213 of the Counterclaims alleging: "OneBeacon's refusal to pay proper defense costs despite this Court's December 18, 2013 Order forced Counter-Plaintiffs to seek relief from this Court through an April 9, 2013 Motion for Summary Judgment."   As to footnote 3 of paragraph 213 of the Counterclaims, OneBeacon incorporates by reference as if stated more fully herein all counter statements and briefing related to Doc. No. 160 in this litigation.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 213 of the Counterclaims.

214.    OneBeacon admits that arbitrator Harlan A. Martin issued the Final Award in the DISH Arbitration on or about April 17, 2013 (the "DISH Award"), the content of which speaks for itself.   OneBeacon denies that portion of paragraph 214 of the Counterclaims alleging that "[a]lthough the Arbitrator's award fully exonerates Mr. Welch and the Firm . . . ."

215.    OneBeacon admits that arbitrator Harlan A. Martin issued the DISH Award on or about April 17, 2013, the content of which speaks for itself.   OneBeacon further admits that Arbitrator Harlan A. Martin ruled in favor of DISH and against the Welch Firm, of which Welch is the sole proprietor, in the amount of $12,561,123.00 and post-judgment interest in the amount of $1,720.70 per day until the award is fully paid. OneBeacon denies the remaining allegations of paragraph 215 of the Counterclaims.

216.    OneBeacon admits that Welch transmitted the DISH Award by letter dated on or about April 17, 2013, the content of which speak for themselves.

217.    OneBeacon admits that it transmitted a letter dated on or about April 19, 2013 to Welch responding to the April 17, 2013 Welch Letter, the contents of which speak for themselves.   OneBeacon denies the remaining allegations of paragraph 217 of the Counterclaims.

218.    The content of the document referred to in paragraph 218 of the Counterclaims speaks for itself.

219.    OneBeacon admits that Welch sent a letter to OneBeacon dated on or about May 7, 2013, the content of which speaks for itself.   OneBeacon further admits that it responded to Welch's April 17, 2013 letter and further supplemented its April 19, 2013 letter to Welch on or about May 8, 2013, the contents of which speak for themselves.

OneBeacon further admits that it has paid certain defense invoices in this litigation under a full reservation of rights.  OneBeacon denies the remaining allegations of paragraph 219 of the Counterclaims.

220.    OneBeacon admits that defense costs under the 2007 Policy and the 2008 Policy are within the policy limits and erode the amount of coverage under those policies. OneBeacon denies the remaining allegations of paragraph 220 of the Counterclaims.

221.    OneBeacon denies that portion of paragraph 221 of the Counterclaims that alleges: "In an effort to delay the matter and increase the injury to Counter-Plaintiffs, OneBeacon demanded that DISH file a public suit to confirm the award."  As to that portion of paragraph 221 of the Counterclaims alleging that "OneBeacon made those alleged demands despite clear caselaw that an arbitration award is equivalent to a judgment from a court of last resort," OneBeacon states that such allegations are a legal conclusion that does not require a response.  To the extent said allegations require a response, they are denied.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 221 of the Counterclaims.

222.    OneBeacon admits that DISH filed suit to confirm the DISH Award, which award was confirmed and entered on June 17, 2013 as an Order Confirming Arbitration Award and Final Judgment in the matter styled *DISH Network Corporation f/k/a EchoStar Communications Corporation and Kelly Broadcasting Systems, Inc. v. T. Wade Welch & Associates*, No. 2013-33599 (District Court, Harris County, Texas, 133rd Judicial District) (the "Final Judgment"), the content of which speaks for itself.  As to the allegations set forth in footnote 5, the documents referred to therein speak for themselves

OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 222 of the Counterclaims.

223.    OneBeacon admits that Welch sent a letter transmitting the Final Judgment to Attorney William Murray on or about June 18, 2013, the content of which speaks for itself.  OneBeacon further admits that Attorney William Murray responded to Welch's June 18, 2013 letter by letter dated June 21, 2013, the content of which speaks for itself.

224.    OneBeacon admits that it supplemented its June 21, 2013 letter by way of letter to Welch dated on or about July 2, 2013, the contents of which speak for themselves.

225.    OneBeacon denies the allegations of paragraph 225 of the Counterclaim.

226.    OneBeacon denies the allegations of paragraph 226 of the Counterclaims.

227.    The allegations of paragraph 227 state legal conclusions to which no response is required.  To the extent a response is required, OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 227 of the Counterclaims.

228.    Without waiving any rights, OneBeacon hereby objects to such allegations as irrelevant and immaterial, and as violating Fed. R. Civ. P. 8.  The allegations are scandalous and self-serving, and violate Rule 8 insofar as they (1) do not constitute a short and plain statement of the claim and (2) they are not simple, concise and direct.  *See* Fed. R. Civ. P. 8(a)(2) and (d)(1).  For these reasons, the objectionable allegations do not require a response and should be stricken. To the extent the objectionable allegations are not stricken, OneBeacon denies the allegations of paragraph 228 of the Counterclaims.

229.    OneBeacon denies the allegations of paragraph 229 of the Counterclaims.

230.    OneBeacon denies the allegations of paragraph 230 of the Counterclaims.

231.    OneBeacon states that the allegations of paragraph 231 of the Counterclaims is a legal conclusion and thus does not require an answer.  To the extent paragraph 231 does require an answer, OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of said allegations.

232.     OneBeacon states that paragraph 232 of the Counterclaims is a legal conclusion and thus does not require an answer.

233.    Inasmuch as the Court has dismissed the claim of Welch and the Welch Firm as it relates to the 2006 Policy, OneBeacon is not required to respond to allegations concerning the 2006 Policy, including those allegations set forth in footnote 6 of paragraph 233 of the Counterclaims.  To the extent a response to said allegations is required, OneBeacon denies said allegations and the remaining allegations of paragraph 233 of the Counterclaims.

234.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 233 above as if said responses were set forth fully herein.

235.    Inasmuch as the Court has dismissed the claim of Welch and the Welch Firm as it relates to the 2006 Policy, OneBeacon is not required to respond to allegations concerning the 2006 Policy.  OneBeacon admits that the 2007 Policy and the 2008 Policy would have provided insurance coverage under certain terms, conditions, and circumstances, but OneBeacon denies that the 2007 Policy and the 2008 Policy had any effect whatsoever, since they have been rescinded, are void *ab initio* or otherwise of no effect due to misrepresentations made by Welch and the Welch Firm in the insurance

applications, as is pled more particularly in OneBeacon's January 19, 2012 amended complaint.   OneBeacon denies the remaining allegations of paragraph 235 of the Counterclaims.

236.   OneBeacon denies the allegations of paragraph 236 of the Counterclaim.

237.   OneBeacon denies that portion of paragraph 237 of the Counterclaims alleging that "Counter-Plaintiffs complied with all conditions precedent" and "Counter-Plaintiffs are innocent insureds under the policies."   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 237 of the Counterclaims.

238.   OneBeacon denies the allegations of paragraph 238 of the Counterclaims.

239.   OneBeacon denies the allegations of paragraph 239 of the Counterclaims.

240.   OneBeacon denies the allegations of paragraph 240 of the Counterclaims.

241.   OneBeacon denies the allegations of paragraph 241 of the Counterclaims.

242.   OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 241 above as if said responses were set forth fully herein.

243.   OneBeacon denies the allegations of paragraph 243 of the Counterclaims.

244.   To the extent paragraph 244 of the Counterclaims relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed this count to the extent it relies upon allegations concerning duty to indemnify.   To the extent further response is required, OneBeacon denies the allegations of paragraph 244 of the Counterclaims.

245.   To the extent paragraph 245 of the Counterclaims relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed

this count to the extent it relies upon allegations concerning duty to indemnify. Therefore, no response is required with respect to subparagraphs a.i. through a.vii. OneBeacon admits that the Court entered Orders in this action on or about June 25, 2012 (Dkt. 101) and November 7, 2012 (Dkt. 130).   OneBeacon denies the remaining allegations of paragraph 245 of the Counterclaims, including any and all subparagraphs thereto.

246.    OneBeacon denies the allegations of paragraph 246 of the Counterclaims.

247.    To the extent paragraph 247 of the Counterclaims relies upon allegations concerning duty to indemnify, no response is required because the Court has dismissed this count to the extent it relies upon allegations concerning duty to indemnify. Therefore, no response is required with respect to allegations relating to OneBeacon's purported investigation and adjustment of the DISH Claim.   One Beacon denies the remaining allegations of paragraph 247 of the Counterclaims.

248.    OneBeacon denies the allegations of paragraph 248 of the Counterclaims.

249.    OneBeacon denies the allegations of paragraph 249 of the Counterclaims.

250.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 249 above as if said responses were set forth fully herein.

251.    OneBeacon denies the allegations of paragraph 251 of the Counterclaims.

252.    To the extent the allegations of this paragraph 252 of the Counterclaims relate to the duty to indemnify, the Court has dismissed this claim as it relates to any alleged failure of OneBeacon to comply with Tex. Ins. Code § 541.060(a)(4).   Thus, no response is required to this paragraph 252 of the Counterclaims as it relates to the duty to

indemnify.   OneBeacon denies the remaining allegations of paragraph 252 of the Counterclaims, including any and all subparagraphs thereto.

253.    OneBeacon denies the allegations of paragraph 253 of the Counterclaims.

254.    OneBeacon denies that allegations of paragraph 254 of the Counterclaims.

255.    OneBeacon denies the allegations of paragraph 255 of the Counterclaims.

256.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 255 above as if said responses were set forth fully herein.

257.    OneBeacon denies the allegations of paragraph 257 of the Counterclaims.

258.    OneBeacon denies the allegations of paragraph 258 of the Counterclaims, including any and all subparagraphs thereto.

259.    OneBeacon denies the allegations of paragraph 259 of the Counterclaims.

260.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 259 above as if said responses were set forth fully herein.

261.    The allegations of paragraph 261 of the Counterclaims state a legal conclusion to which no response is required.  To the extent a response is required, OneBeacon denies the allegations of paragraph 261 of the Counterclaims.

262.    OneBeacon denies the allegations of paragraph 262 of the Counterclaims.

263.    OneBeacon admits that Echostar claims to have settled the underlying claim with Russian Media Group $12,000,000 and that such a settlement would exceed the policy limits of the subject policy of insurance.   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 263 of the Counterclaims.

264.     OneBeacon admits that Echostar demanded $12,000,000 from the Welch Litigants and that the Welch Litigants demanded that OneBeacon pay Echostar. OneBeacon denies the remaining allegations of paragraph 264 of the Counterclaims.

265.     OneBeacon admits that on or about June 25, 2012 the Court in this action entered an Order granting in part and denying in part OneBeacon's motion to dismiss (Dkt. 101), the content of which speaks for itself.

266.     OneBeacon admits that on or about November 7, 2012 the Court in this action entered an Order granting in part and denying in part Welch and the Welch Firm's motion for clarification or reconsideration (Dkt. 130), the content of which speaks for itself.

267.     OneBeacon admits that a hearing was held in Houston in the DISH Arbitration on March 5-8 and 22, 2013 before Judge Martin wherein a Final Award was entered on or about April 17, 2013.

268.     OneBeacon admits that Welch transmitted the Final Award via letter to Attorney William Murray on or about April 17, 2013, the content of which speaks for itself.   OneBeacon denies the remaining allegations of paragraph 268 of the Counterclaims.

269.     OneBeacon admits that Attorney William Murray transmitted a letter dated April 19, 2013 to Welch responding to the April 17, 2013 Welch letter, the contents of which speak for themselves.   OneBeacon further admits that Welch sent a letter to OneBeacon dated on or about May 7, 2013, the content of which speaks for itself. OneBeacon denies the remaining allegations of paragraph 269 of the Counterclaims.

270.    The content of the document referred to in paragraph 270 of the Counterclaims speaks for itself.

271.    OneBeacon admits that it responded to Welch's April 17, 2013 letter and further supplemented its April 19, 2013 letter to Welch on or about May 8, 2013, the content of which speaks for itself.

272.    OneBeacon admits that in a letter dated on or about May 28, 2013 it responded to Welch's May 6, 2013 letter, the contents of which speak for themselves. OneBeacon denies the remaining allegations of paragraph 272 of the Counterclaims.

273.    OneBeacon admits that the Final Judgment was entered on or about June 17, 2013, the content of which speak for itself.

274.    OneBeacon admits that Welch sent a letter transmitting the Final Judgment to OneBeacon on or about June 18, 2013, the content of which speaks for itself. OneBeacon further admits that it responded to Welch's June 18, 2013 letter on or about June 21, 2013, the content of which speaks for itself.

275.    OneBeacon admits that it supplemented its June 21, 2013 letter by way of letter to Welch dated on or about July 2, 2013, the content of which speaks for itself.

276.    OneBeacon denies the allegations of paragraph 276 of the Counterclaims.

277.    OneBeacon denies the allegations of paragraph 277 of the Counterclaims.

278.    OneBeacon denies the allegations of paragraph 278 of the Counterclaims.

279.    OneBeacon denies the allegations of paragraph 279 of the Counterclaims.

280.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 279 above as if said responses were set forth fully herein.

281.     OneBeacon lacks sufficient knowledge or information upon which to form a belief as to that portion of paragraph 281 of the Counterclaims that alleges that the Welch Litigants "did not have more than $25,000,000 in assets."   The remainder of paragraph 281 of the Counterclaims states a legal conclusion to which no response is required.

282.     OneBeacon denies the allegations of paragraph 282 of the Counterclaims.

283.     OneBeacon denies the allegations of paragraph 283 of the Counterclaims, including any and all subparagraphs thereto.

284.     OneBeacon denies that portion of paragraph 284 of the Counterclaims that alleges that it engaged in "deceptive acts and practices" and/or made engaged in "false, misleading and deceptive acts and practices."   OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 284 of the Counterclaims.

285.     OneBeacon denies the allegations of paragraph 285 of the Counterclaims.

286.     OneBeacon denies that portion of paragraph 286 of the Counterclaims alleging that "OneBeacon failed to respond to Counter-Plaintiffs' DTPA demand letter." OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 286 of the Counterclaims.

287.     OneBeacon admits that the Welch Litigants "seek treble damages pursuant to DTPA § 17.50(b)(1)," but denies that they are entitled to any such damages. OneBeacon denies the remaining allegations of paragraph 287 of the Counterclaims.

288.    OneBeacon admits that the Welch Litigants "seek treble damages pursuant to DTPA § 17.50(b)(1)," but denies that they are entitled to any such damages. OneBeacon denies the remaining allegations of paragraph 288 of the Counterclaims.

289.    OneBeacon denies the allegations of paragraph 289 of the Counterclaims.

290.    OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 289 above as if said responses were set forth fully herein.

291.    OneBeacon denies that any of the alleged acts, either taken together or singularly, constitute the producing and/or proximate causes of any damages claimed by the Welch Litigants. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 291 of the Counterclaims.

292.    OneBeacon denies that it caused the Welch Litigants any damages and further denies that the Welch Litigants are entitled to any such damages. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 292 of the Counterclaims.

293.    OneBeacon denies the allegations of paragraph 293 of the Counterclaims.

294.    No response to the jury demand in paragraph 294 is necessary.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      The 2007 Policy and the 2008 Policy are void *ab initio* due to material representations made by Welch and/or the Welch Firm on the applications Welch and/or the Welch Firm submitted in order to obtain the 2007 Policy and the 2008 Policy.

2.      Particularly, Welch and/or the Welch Firm answered "No" to the following question in both the application for the 2007 Policy and the application for the 2008 Policy, which were dated December 6, 2007 and December 19, 2008, respectively:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

3.      OneBeacon relied upon the answer to the above question in issuing both the 2007 Policy and the 2008 Policy, and the answer to said question was material to OneBeacon's decision to issue said policies.  In fact, by accepting the 2007 Policy and 2008 Policy, Welch and/or the Welch Firm acknowledged and agreed "that the statements made in the application[s] are personal representations, that they are material and that [the policies are] issued in reliance upon such representations."

4.      The representations made by Welch and/or the Welch firm in the applications for the 2007 Policy and the 2008 Policy that neither Welch nor any members of his firm had been fined, sanctioned, reprimanded, or subject to a grievance was false, and, upon information and belief, Welch knew said representations were false when they were made.

5.      Particularly, Welch knew that a court had determined that the actions of Welch and Wooten in the matter captioned *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, Civil Action No. 03-K-607 (D. Colo) were unreasonable and vexatious and ordered personal sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 *U.S.C.* § 1927. *See Dominion Satellite, Inc. v. EchostarSatellite, L.L.C.*, 430 F.3d 1269 (10th Cir. 2005).   Yet, Welch and/or the Welch Firm failed to disclose the aforementioned sanctions in response to the questions set forth above on the applications for the 2007 Policy and the 2008 Policy.

6.      By making the aforementioned representations, Welch and/or the Welch Firm intended to deceive OneBeacon.

7.      OneBeacon discovered the falsity of the aforementioned representations in the applications for the 2007 Policy and 2008 Policy no earlier than June 21, 2011.

8.      Pursuant to *Tex. Ins. Code* § 705.005, OneBeacon provided timely notice to Welch and the Welch Firm of its intention to rely upon the aforementioned misrepresentations, its rescission of and refusal to be bound by the 2007 Policy and 2008 Policy by letter dated August 19, 2011.   Said letter was issued before the 91st day after the date OneBeacon discovered the falsity of the aforementioned representations.

9.      As a result of the aforementioned misrepresentations made by Welch and/or the Welch Firm, OneBeacon is not bound by the 2007 Policy or the 2008 Policy, and said policies are rescinded, void *ab initio*, or otherwise of no force and effect.

**SECOND AFFIRMATIVE DEFENSE**

1.      The 2007 Policy contains the following language:

**VII.    EXCLUSIONS** – This policy does not apply to:

A.     any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the first Lawyers' Professional Liability Insurance Policy issued by us to the named insured and continuously renewed and maintained in effect to the inception of this policy period:

* * *

2.     you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; [or]

3.     you could foresee that a claim would be made against you;

* * *

2.     The term "You" is defined in the 2007 Policy as follows:

P.    **You** means:

1.     the **named insured** and any **predecessor** of such entity;

2.     any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured**, but only while performing **professional legal services** on behalf of it;

3.     **your** lawful spouse, but only with respect to loss resulting from **professional legal services** of the **named insured;**

4.     any lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured;**

5.     any lawyer listed in the **named insured's** Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made, but only as respects **professional legal services** rendered by such lawyer while associated with a prior firm;

6.     any non-lawyer employee of independent contractor of the **named insured,** but only as respects **professional legal services** rendered on behalf of the **named insured**; and

7.     the estate, heirs, executors, administrators, assigns and representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent

that **you** would otherwise be provided coverage under this policy.

(boldface in original).

3.    Prior to the effective date of the first policy issued by OneBeacon to the Welch Firm and continuously renewed and maintained in effect to the inception of the 2008 Policy, Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct in connection with the handling of the Russian Media Litigation.  Additionally, Wooten could foresee that a claim would be made against him and/or the Welch Firm as a result of Wooten's handling of the Connecticut Litigation.

4.    Therefore, the exclusions set forth above preclude coverage for the DISH Claim under the 2007 Policy.

**THIRD AFFIRMATIVE DEFENSE**

1.    The 2007 Policy contains the following language:

C.    Your Assistance and Cooperation

    1.    **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim.  Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us**.  **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have.  **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

(boldface in original).

2.      Wooten did not cooperate with OneBeacon in its investigation and/or defense of the DISH Claim.

3.      Particularly, but not by way of any limitation, Wooten failed and refused to (a) submit to examination and/or interrogation by OneBeacon's investigator; and (b) meet with OneBeacon's investigator for the purpose of investigating the DISH Claim.

4.      The foregoing failure and refusal of Wooten to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

5.      Therefore, OneBeacon does not have any duty to defend or indemnify Wooten in connection with the DISH Claim.

## FOURTH AFFIRMATIVE DEFENSE

1.      The 2007 Policy contains the following language:

C.      Your Assistance and Cooperation

1.      **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim.  Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us.  You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have.  **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

(boldface in original).

2.     The 2007 Policy also requires that you "immediately" forward "every demand, notice, summons, complaint or other process" received by you.

3.     Welch and/or the Welch Firm did not cooperate with OneBeacon in its investigation and/or defense of the DISH Claim.

4.     Particularly, despite repeated informal requests, demands, and/or formal discovery requests, Welch and/or the Welch Firm failed and refused to provide OneBeacon with documents and information concerning the arbitration between Welch, the Welch Firm and DISH, including but not limited to pleadings, discovery materials, expert witness reports, deposition transcripts, motions, and briefs, as well as documents and information concerning OneBeacon's investigation of the malpractice action arising from the Welch's Firm's defense of DISH in the Russian Media Litigation.

5.     The foregoing failure and refusal of Welch and the Welch Firm to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

6.     Therefore, OneBeacon does not have any duty to defend or indemnify Welch or the Welch Firm in connection with the DISH Claim.

## FOURTH AFFIRMATIVE DEFENSE

1.     OneBeacon has no duty to defend or indemnify Welch and/or the Welch Firm because neither of said parties has paid the deductible required under the policy within the required time period, which deductible is a condition precedent to OneBeacon's obligations under the policy.

## FIFTH AFFIRMATIVE DEFENSE

1.      The Counterclaims are barred, in whole or in part, to the extent Welch and the Welch Firm have failed to mitigate any damages they seek in connection with their Counterclaims.

**SIXTH AFFIRMATIVE DEFENSE**

1.      The Counterclaims are barred, in whole or in part, because Welch and/or the Welch Firm have unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

1.      The Counterclaims are barred, in whole or in part, as a result of the prior breach of the applicable policies of insurance by Welch and/or the Welch Firm.

**EIGHTH AFFIRMATIVE DEFENSE**

1.      The Counterclaims fail to state a claim upon which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

1.      To the extent the Counterclaims seek damages in connection with OneBeacon's filing of certain documents in this litigation, any such damages are not properly recoverable, because the filings made in this case are privileged.

**TENTH AFFIRMATIVE DEFENSE**

1.      Any amounts to which Welch and/or the Welch Firm are found to be entitled under the policy should be reduced by the amount of claim expenses, including but not limited to attorneys' fees and costs, OneBeacon has paid in connection with the defense of the claims asserted by DISH.

**ELEVENTH AFFIRMATIVE DEFENSE**

1.      Certain of the statements made in the Counterclaims, including but not limited to certain of the section headings therein are immaterial, impertinent, and

scandalous under Rule 12(f) and violate Rule 8 insofar as (1) they do not constitute a short and plain statement of the claim and (2) they are not simple, concise and direct. *See* Fed. R. Civ. P. 8(a)(2) and (d)(1).  Thus, said allegations are objectionable, are not properly put before any finder of fact in this case, do not require a response, and should be stricken.

**JURY DEMAND – ONEBEACON HEREBY DEMANDS A TRIAL BY JURY AS TO ALL OF ITS CLAIMS AND THE COUNTERCLAIMS THAT ARE SO TRIABLE.**

Dated at Glastonbury, Connecticut, this 23rd day of October, 2013.

THE PLAINTIFF,
ONEBEACON INSURANCE COMPANY

BY _____
William E. Murray, Esq. (*Pro Hac Vice)*
Thomas C. Blatchley, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com
Email: tblatchley@gordonrees.com

Barry G. Flynn, Esq.
Gordon & Rees LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Phone: (713) 961-3366
Fax: (713) 961-3938
Email: bflynn@gordonrees.com

## CERTIFICATION OF SERVICE

       I hereby certify that on October 23, 2013, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System.

 

       _____
       William E. Murray, Esq. (*Pro Hac Vice)*
       Gordon & Rees LLP
       95 Glastonbury Boulevard
       Glastonbury, CT 06033
       Phone: (860) 278-7448
       Fax: (860) 560-0185
       Email: wmurray@gordonrees.com