UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-11-3061 |
| § | | |
| T. WADE WELCH & ASSOCIATES, *et al.*, § | | |
| *Defendants*. § | | |

### ORDER

Pending before the court is plaintiff OneBeacon Insurance Company's ("OneBeacon") motion to strike the motions for summary judgment filed by defendants T. Wade Welch and T. Wade Welch & Associates (the "Welch Litigants") and intervenor DISH Network Corporation ("DISH"). Dkt. 245. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

The Welch Litigants and DISH filed five separate motions for summary judgment totaling 98 pages. OneBeacon argues that these filings are a clear attempt to evade the court's procedures, which cap all memoranda, absent leave of court, to twenty-five pages. Dkt. 245. OneBeacon argues that the Welch Litigants and DISH should be limited to one memorandum or that the combined memoranda should be limited to twenty-five pages in total. *Id.* The Welch Litigants and DISH argue that neither the Federal Rules of Civil Procedure nor this court's procedures limit a party to filing only one motion for summary judgment and that each of the motions filed address distinct claims that warrant separate briefing. Dkt. 264. Morever, the Welch Litigants and OneBeacon point out that even though OneBeacon filed only one motion for summary judgment, which was limited to twenty-five pages, it supplemented the motion with a ten-page statement of undisputed facts. *See* Dkt. 237-1. OneBeacon has filed responses to the Welch Litigants' and DISH's motions, and its

response briefs total 94 pages. *See* Dkts. 247–251. Clearly, there is a lot to be said by all parties on the issues in this case.

Most parties combine their arguments into one motion for summary judgment that addresses all of the reasons that party believes summary judgment should be granted in its favor. The court agrees with the Welch Litigants and DISH, however, that its procedures do not specifically state that each party is limited to one motion for summary judgment. While the court generally prefers to receive only one motion and definitely prefers parties to be succinct rather than verbose, the court finds that striking the multiple motions that were filed here after they are fully briefed would be extremely inefficient. Accordingly, OneBeacon's motion to strike is DENIED.

Signed at Houston, Texas on April 22, 2014.

_____
Gray H. Miller
United States District Judge