UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 4:11-cv-03061-GHM |
| V. | : | |
| T. WADE WELCH & ASSOCIATES ET AL., | : | |
| Defendants. | : | |
| DISH NETWORK CORPORATION, | : | |
| Intervenor. | : | AUGUST 25, 2014 |

**ONEBEACON INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO DISH
NETWORK CORPORATION'S COUNTERCLAIMS**

The plaintiff and counterclaim defendant, OneBeacon Insurance Company ("OneBeacon"), through its undersigned counsel, hereby answers *Intervenor and Counterclaimant DISH Network Corporation's Counterclaim to OneBeacon Insurance Company's Amended Complaint for Declaratory Judgment* dated July 31, 2014 (the "Counterclaim") and asserts the following affirmative defenses:

**ANSWER TO COUNTERCLAIM**

**I.      THE PARTIES**

1.      OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim.

2.      OneBeacon admits the allegations of paragraph 2 of the Counterclaim.

**II.     JURISDICTION**

3. OneBeacon admits the allegations of paragraph 3 of the Counterclaim.

## III.   VENUE

4. OneBeacon admits the allegations of paragraph 4 of the Counterclaim.

## IV.   GENERAL ALLEGATIONS

5. OneBeacon admits that in or about July of 2003, Russian Media Group, LLC ("RMG") initiated a lawsuit bearing Civil Action Number 3:03-cv-01263-WWE in the United States District Court for the District of Connecticut (the "RMG Lawsuit").  OneBeacon denies that, at the time of commencement the RMG Lawsuit, the title of the RMG Lawsuit is as stated and that the RMG Lawsuit was against Kelly Broadcasting Systems, Inc.  OneBeacon lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 5 of the Counterclaim.

6. OneBeacon admits that sometime in 2003, DISH Network Corporation ("DISH") engaged T. Wade Welch & Associates (the "Welch Firm") to represent it in the RMG Lawsuit. OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6 of the Counterclaim.

7. OneBeacon admits that Ross W. Wooten ("Wooten") was an attorney employed by the Welch Firm and that he acted as the lead attorney for the RMG Lawsuit.  OneBeacon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7 of the Counterclaim.

8. OneBeacon admits that it issued a certain Lawyers' Professional Liability Policy bearing policy number LAP-0978-07 for the policy period of December 20, 2007 to December 20, 2008 (the "2007 Policy") and further admits that a copy of the 2007 Policy is attached to the Counterclaim as Exhibit A.

9. OneBeacon lacks sufficient knowledge or information as to what DISH was informed and believes. OneBeacon denies the remaining allegations of paragraph 9 of the Counterclaim.

10. OneBeacon admits that the 2007 Policy states, *inter alia*, as follows:

**We** agree to pay on **your** behalf all **damages** in excess of the deductible amount and up to the limits of liability stated in the Declarations provided such **damages**:
    1.    result from **claims**:
        a)    first made against **you** during the **policy period** and reported to **us** in writing during the **policy period** or within sixty (60) days thereafter; or
        b)    first made against **you** and reported to **us** in writing during any applicable Extended Reporting Period; and
    2.    are caused by a **wrongful act** which takes place before or during the **policy period** and after the retroactive date shown on the Declarations.

(bold in original). OneBeacon further admits that the 2007 Policy states, *inter alia*, as follows:

If **you** first become aware during the **policy period** or any Extended Reporting Period, if applicable, of a **wrongful act** or **potential claim** for which coverage is otherwise provided hereunder, and if **you**, during the policy period or any Extended Reporting Period, if applicable, give written notice to **us** of:
    1.    the specific **wrongful act**; and
    2.    the injury or **damage** which has resulted from such **wrongful act**;
then any **claim** that may subsequently be made against **you** arising out of such **wrongful act** will be deemed for the purposes of this insurance to have been made the **policy period** or any Extended Reporting Period, if applicable.

(bold in original). OneBeacon admits that, among other terms, the terms "your," "damage(s)," "you," "policy period," "us," "claim," and "wrongful act" are defined in the 2007 Policy. OneBeacon denies the remaining allegations of paragraph 10 of the Counterclaim.

11. OneBeacon admits the limits of liability under the 2007 Policy are $5,000,000 per claim and $5,000,000 in the aggregate, subject to reduction or erosion of said limits by any "claim expenses" (as that term is defined in the 2007 Policy). OneBeacon admits the remaining allegations of paragraph 11 of the Counterclaim.

12. OneBeacon admits that, in February of 2007, RMG filed a motion for discovery orders in the RMG Lawsuit seeking certain sanctions as described in that motion. OneBeacon further admits that, on July 20, 2007, Magistrate Judge Holly Fitzsimmons issued an order (the "Order") entering certain sanctions against DISH and Kelly Broadcasting Corporation ("Kelly"), which was also a defendant in the RMG Lawsuit. OneBeacon admits that the Order deems established certain allegations and facts, all as set forth in the Order, which is attached as Exhibit B to the Counterclaim and is incorporated herein by reference. OneBeacon further admits that the Order made certain findings of fact, all of which are set forth in the Order. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 12 of the Counterclaim.

13. OneBeacon admits that Wooten filed an objection to the Order in the RMG Lawsuit and further admits that, on February 12, 2008, the Honorable Warren G. Eginton entered an order that adopted the Order. OneBeacon denies the remaining allegations of paragraph 13 of the Counterclaim.

14. OneBeacon admits that DISH and Kelly retained the firm of Levitt Rockwood P.C. to replace the Welch firm as their counsel in the RMG Lawsuit and that Levitt Rockwood P.C. filed a motion to dismiss for lack of subject matter jurisdiction, filed a motion to set aside the Order, and eventually served amended responses to RMG's discovery requests. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 14.

15. OneBeacon admits that by letter dated April 7, 2008, during the period of the 2007 Policy (if the 2007 Policy is not determined to be void *ab initio*), the Welch firm provided it with notice of a potential claim by Echostar Communications Corporation ("Echostar") and

4

Kelly related, in part, to the Order and other conduct described in said letter. OneBeacon admits that, on April 8, 2008, OneBeacon acknowledged receipt of the aforementioned April 7, 2008 letter. OneBeacon further admits that, by letter dated July 24, 2008, OneBeacon informed the Welch Firm that, based on the information then available to it, it did not appear that any "claim" had been made against the Welch Firm such that coverage under the 2007 Policy would be triggered. OneBeacon denies the remaining allegations of paragraph 15 of the Counterclaim.

16. OneBeacon admits that, on or about March 17, 2010, Echostar, Kelly, the Welch Firm, and T. Wade Welch ("Welch") signed a tolling agreement that suspended any statute of limitations, statute of repose, and time-based defense (including the equitable defense of laches) applicable to any claim or causes of action Echostar, Kelly, Dish Network Corporation, or DISH Network L.L.C. had against the Welch Firm or Welch for legal advice and services provided in connection with the RMG Lawsuit. OneBeacon further admits that the aforementioned tolling agreement was sent to it in March of 2010, in or about which time the potential claim by Echostar and Kelly became a "claim" under the 2007 Policy. OneBeacon denies the remaining allegations of paragraph 16 of the Counterclaim.

17. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 17 of the Counterclaim.

18. OneBeacon admits that DISH and RMG agreed to settle the claims asserted by RMG in the RMG Lawsuit, and that DISH paid $12,000,000 to RMG in connection with that agreement, which included a release of claims by RMG against DISH and Kelly and an agreement to dismiss the RMG Lawsuit. OneBeacon further admits that, on December 16, 2011, the RMG Lawsuit was dismissed with prejudice. OneBeacon lacks sufficient knowledge or

5

information upon which to form a belief as to the truth of the remaining allegations of paragraph 18 of the Counterclaim.

19. OneBeacon admits that, on or about February 1, 2012, DISH, Kelly, and the Welch Firm entered into an arbitration agreement, the terms of which included an agreement to arbitrate all claims, disputes, or controversies between said parties.

20. OneBeacon admits that, on or about February 1, 2012, DISH and Kelly made a demand for arbitration against the Welch Firm. OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 20 of the Counterclaim.

21. OneBeacon admits that hearings on the merits of the arbitration demand made by DISH and Kelly against the Welch Firm were held on March 5, 6, 7, 8, and 22, 2013 before JAMS Arbitrator, the Honorable Harlan A. Martin (Ret.). OneBeacon further admits that it retained and/or paid for certain counsel from two different firms to defend the Welch Firm during the aforementioned arbitration hearings. OneBeacon admits that its coverage counsel attended the arbitration hearings. OneBeacon lacks sufficient knowledge or information upon which to for a belief as to the truth of the remaining allegations of paragraph 21 of the Counterclaim.

22. OneBeacon admits that, on April 17, 2013, Arbitrator Martin issued a "Final Award" in the aforementioned arbitration in favor of DISH and Kelly in the amount of $12,561,123.00 and awarded post-judgment interest in the amount of $1,720.70 per day thereafter. OneBeacon denies the remaining allegations of paragraph 22 of the Counterclaim.

23. OneBeacon admits that, on June 17, 2013, judgment was entered by the District Court for Harris County Texas, Case No. 2013-33599 and that a copy of that judgment (the

"Malpractice Judgment") is attached to the Counterclaim as Exhibit C.  OneBeacon lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of paragraph 23 of the Counterclaim.

### V.     FIRST CAUSE OF ACTION BREACH OF CONTRACT

24.     . OneBeacon hereby incorporates by reference its responses to paragraphs 1 through 23 above.

25.     OneBeacon admits that, subject to any applicable exclusions, conditions, or other terms therein, and only if it is determined not to be *void ab initio*, the 2007 Policy would obligate OneBeacon to indemnify the Welch Firm in accordance with the insuring agreement.  The insuring agreement provides as follows:

> **We** agree to pay on **your** behalf all **damages** in excess of the deductible amount and up to the limits of liability stated in the Declarations provided such **damages**:
> 1. result from **claims**:
>    a) first made against **you** during the **policy period** and reported to **us** in writing during the **policy period** or within sixty (60) days thereafter; or
>    b) first made against **you** and reported to **us** in writing during any applicable Extended Reporting Period; and
> 2. are caused by a **wrongful act** which takes place before or during the **policy period** and after the retroactive date shown on the Declarations.

(bold in original).  OneBeacon denies the remaining allegations of paragraph 25 of the Counterclaim.

26.     OneBeacon admits that the Malpractice Judgment was caused by the Welch Firm's and Wooten's negligence in the course of providing legal services to DISH and Kelly in the RMG Lawsuit.  OneBeacon admits that, by letter dated April 7, 2008, during the period of the 2007 Policy (if the 2007 Policy is not determined to be void *ab initio*), the Welch firm

provided it with notice of a potential claim by Echostar and Kelly related, in part, to the Order and other conduct described in said letter.

27. OneBeacon admits that the Welch Firm has a legal obligation to pay DISH and Kelly the amount set forth in the Malpractice Judgment and that said amount is in excess of the limits of liability set forth in the 2007 Policy. OneBeacon denies the remaining allegations of paragraph 27 of the Counterclaim.

28. The allegations of paragraph 28 of the Counterclaim state legal conclusions to which no response is required. To the extent any response is required, OneBeacon denies the allegations of paragraph 28 of the Counterclaim.

29. OneBeacon denies the allegations of paragraph 29 of the Counterclaim.

30. OneBeacon admits that DISH demands a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. The 2007 Policy and the 2008 Policy are void *ab initio* due to material representations made by Welch and/or the Welch Firm on the applications Welch and/or the Welch Firm submitted in order to obtain the 2007 Policy and the 2008 Policy.

2. Particularly, Welch and/or the Welch Firm answered "No" to the following question in both the application for the 2007 Policy and the application for the 2008 Policy, which were dated December 6, 2007 and December 19, 2008, respectively:

> Have you or any member of your firm ever been disbarred, refused admission to practice law, suspended, reprimanded, sanctioned, fined, placed on probation, held in contempt or the subject of any complaint, grievance or action by any court, administrative agency or regulatory body?

3. OneBeacon relied upon the answer to the above question in issuing both the 2007 Policy and the 2008 Policy, and the answer to said question was material to OneBeacon's

8

decision to issue said policies. In fact, by accepting the 2007 Policy and 2008 Policy, Welch and/or the Welch Firm acknowledged and agreed "that the statements made in the application[s] are personal representations, that they are material and that [the policies are] issued in reliance upon such representations."

4.  The representations made by Welch and/or the Welch firm in the applications for the 2007 Policy and the 2008 Policy that neither Welch nor any members of his firm had been fined, sanctioned, reprimanded, or subject to a grievance was false, and, upon information and belief, Welch knew said representations were false when they were made.

5.  Particularly, Welch knew that a court had determined that the actions of Welch and Wooten in the matter captioned *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, Civil Action No. 03-K-607 (D. Colo) were unreasonable and vexatious and ordered personal sanctions in excess of $62,000 against Welch and Wooten pursuant to 28 *U.S.C.* § 1927. *See Dominion Satellite, Inc. v. EchostarSatellite, L.L.C.*, 430 F.3d 1269 (10th Cir. 2005). Yet, Welch and/or the Welch Firm failed to disclose the aforementioned sanctions in response to the questions set forth above on the applications for the 2007 Policy and the 2008 Policy.

6.  By making the aforementioned representations, Welch and/or the Welch Firm intended to deceive OneBeacon.

7.  OneBeacon discovered the falsity of the aforementioned representations in the applications for the 2007 Policy and 2008 Policy no earlier than June 21, 2011.

8.  Pursuant to *Tex. Ins. Code* § 705.005, OneBeacon provided timely notice to Welch and the Welch Firm of its intention to rely upon the aforementioned misrepresentations, its rescission of and refusal to be bound by the 2007 Policy and 2008 Policy by letter dated

August 19, 2011.  Said letter was issued before the 91st day after the date OneBeacon discovered the falsity of the aforementioned representations.

9. As a result of the aforementioned misrepresentations made by Welch and/or the Welch Firm, OneBeacon is not bound by the 2007 Policy or the 2008 Policy, and said policies are rescinded, void *ab initio*, or otherwise of no force and effect.  Accordingly, OneBeacon is not liable to DISH, as a claimed third party beneficiary to the 2007 Policy.

**SECOND AFFIRMATIVE DEFENSE**

1. The 2007 Policy contains the following language:

**VII.   EXCLUSIONS** – This policy does not apply to:

    A. any claim arising out of a wrongful act occurring prior to the policy period if, prior to the effective date of the first Lawyers' Professional Liability Insurance Policy issued by us to the named insured and continuously renewed and maintained in effect to the inception of this policy period:

\* \* \*

    2. you had a reasonable basis to believe that you had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct; [or]

    3. you could foresee that a claim would be made against you;

\* \* \*

2. The term "You" is defined in the 2007 Policy as follows:

**P.   You** means:

    1. the **named insured** and any **predecessor** of such entity;

    2. any lawyer who is or becomes a past or present partner, officer, director, stockholder, shareholder or employee of the **named insured**, but only while performing **professional legal services** on behalf of it;

    3. **your** lawful spouse, but only with respect to loss resulting from **professional legal services** of the **named insured;**

    4.     any lawyer acting as "of counsel" but only while performing **professional legal services** on behalf of the **named insured;**

    5.     any lawyer listed in the **named insured's** Prior Acts Schedule who is a partner, officer, director, stockholder, shareholder or employee of the **named insured** at the time the **claim** is made, but only as respects **professional legal services** rendered by such lawyer while associated with a prior firm;

    6.     any non-lawyer employee of independent contractor of the **named insured,** but only as respects **professional legal services** rendered on behalf of the **named insured**; and

    7.     the estate, heirs, executors, administrators, assigns and representatives of each of **you** in the event of **your** death, incapacity, insolvency or bankruptcy, but only to the extent that **you** would otherwise be provided coverage under this policy.

(boldface in original).

    3.     Prior to the effective date of the first policy issued by OneBeacon to the Welch Firm and continuously renewed and maintained in effect to the inception of the 2008 Policy, Wooten had a reasonable basis to believe that he had committed a wrongful act, violated a disciplinary rule, or engaged in professional misconduct in connection with the handling of the Russian Media Litigation.  Additionally, Wooten could foresee that a claim would be made against him and/or the Welch Firm as a result of Wooten's handling of the Connecticut Litigation.

    4.     Therefore, the exclusions set forth above preclude coverage for the DISH Claim under the 2007 Policy.  Accordingly, OneBeacon is not liable to DISH, as a claimed third party beneficiary to the 2007 Policy.

**THIRD AFFIRMATIVE DEFENSE**

    1.     The 2007 Policy contains the following language:

    C.     Your Assistance and Cooperation

11

> 1. **You** must cooperate with **us** and assist **us** in investigating and defending any claim or potential claim. Upon **our** request, **you** must submit to examination and interrogation by **our** representatives, under oath if required, and **you** must attend hearings, depositions and trials, and assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and other proceedings, as well as in the giving of a written statement or statements to **our** representatives including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation including the investigation of coverage issues and/or defense, all without charge to **us. You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment which **you** may have. **You** must not, except at **your** own cost, make payment, admit any liability, settle any **claims**, assume any obligation or incur any expense, without **our** prior written consent.

(boldface in original).

2. Wooten has not cooperated with OneBeacon in its investigation and/or defense of the DISH Claim.

3. Particularly, but not by way of any limitation, Wooten has failed and refused to (a) submit to examination and/or interrogation by OneBeacon's investigator; and (b) meet with OneBeacon's investigator for the purpose of investigating the DISH Claim.

4. The foregoing failure and refusal of Wooten to cooperate with OneBeacon as required by the 2007 Policy has prejudiced OneBeacon.

5. Therefore, OneBeacon does not have any duty to defend or indemnify Wooten in connection with the DISH claim.

6. Thus, DISH's claim is barred, in whole or in part, to the extent it is based on conduct of Wooten that is not covered under the 2007 Policy.

**FOURTH AFFIRMATIVE DEFENSE**

1. OneBeacon had no duty to indemnify Welch and/or the Welch Firm prior to the payment of the deductible required under the policy within the required time period, which

deductible was a condition precedent to OneBeacon's obligations under the Policy. Accordingly, any obligation OneBeacon may have to DISH, as a claimed third party beneficiary to the 2007 Policy, should be reduced in the amount of any interest that accrued on the Malpractice Judgment during the period of time prior to the payment of the deductible.

**FIFTH AFFIRMATIVE DEFENSE**

1. The Counterclaim is barred, in whole or in part, to the extent Welch, the Welch Firm and/or DISH have failed to mitigate any damages sought in connection with their Counterclaims.

2. Particularly, but not by way of any limitation, despite having obtained a final judgment against the Welch Firm, DISH has failed and refused to execute on said judgment against the Welch Firm and/or Welch, allowing post-judgment interest to accrue in amounts in excess of the amounts that would accrue if DISH executed on said judgment and obtained satisfaction or partial satisfaction of said judgment.

3. As a result of the foregoing, any amounts DISH may recover against OneBeacon as a claimed third party beneficiary must be reduced in an amount equal to those amounts that have accrued as interest since the entry of the Malpractice Judgment.

**SIXTH AFFIRMATIVE DEFENSE**

1. The Counterclaim is barred, in whole or in part, because Welch, the Welch Firm and/or DISH have unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

1. The Counterclaim is barred, in whole or in part, as a result of the prior breach of the applicable policies of insurance by Welch and/or the Welch Firm.

**EIGHTH AFFIRMATIVE DEFENSE**

1. The Counterclaim fails to state a claim upon which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

1. Any amounts to which Welch, the Welch Firm and/or DISH are found to be entitled under the policy should be reduced by the amount of claim expenses, including but not limited to attorneys' fees and costs, OneBeacon has paid in connection with the defense of the claims asserted by DISH.

**TENTH AFFIRMATIVE DEFENSE**

1. DISH should be precluded from obtaining any recovery as a third party beneficiary to the 2007 Policy because it has hindered, obstructed, and hampered OneBeacon's investigation of DISH's claim against the Welch Firm by failing and refusing to produce relevant documents and information and failing to make certain documents and information it has provided to OneBeacon available for use at the trial of this matter.

**JURY DEMAND – ONEBEACON HEREBY DEMANDS A TRIAL BY JURY AS TO ALL OF ITS CLAIMS AND THE COUNTERCLAIMS THAT ARE SO TRIABLE.**

Dated at Glastonbury, Connecticut, this 25th day of August, 2014.

THE PLAINTIFF,
ONEBEACON INSURANCE COMPANY

BY _____
William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com

        Barry G. Flynn
        Gordon & Rees LLP
        3D/International Tower
        1900 West Loop South, Suite 1000
        Houston, TX 77027
        Phone: (713) 961-3366
        Fax: (713) 961-3938
        Email: bflynn@gordonrees.com

## CERTIFICATION OF SERVICE

I hereby certify that on August 25, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

_____
William E. Murray, Esq. (*Pro Hac Vice*)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: wmurray@gordonrees.com

1072626/20473101v.3