UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al*., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion for reconsideration filed by plaintiff OneBeacon Insurance Company ("OneBeacon"). Dkt. 284. OneBeacon asks the court to reconsider a June 24, 2014 order (Dkt. 276) in which the court denied OneBeacon's motion for summary judgment. *Id.* The court has considered the motion, response, and applicable law, and finds that the motion for reconsideration should be DENIED.

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996). However, motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Here, OneBeacon did not file its motion within 28 days of the court's order on its motion for summary judgment, so OneBeacon makes its motion pursuant to Rule 60(b).

Rule 60(b) outlines six different scenarios in which a party may obtain relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged . . . .; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions must be made within a "reasonable time," and a Rule 60(b) motion relating, specifically, to subsections (1) through (3) must be made within a "reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "[A]lthough the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the case." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). However, "the desire for a judicial process that is predictable mandates caution in reopening judgments." *Baily v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990).

It is unclear whether OneBeacon is requesting reconsideration under subsections (1), (2), or (6). Under subsection (1), if the "judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). To prevail on a motion under Rule 60(b)(2), "the

2

movant must demonstrate among other things that it exercised due diligence in obtaining the information." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (quotations and citations omitted). Rule 60(b)(6) relief is only available in extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 199-200, 71 S. Ct. 209 (1950). A district court's equitable powers to relieve a party from a final judgment under Rule 60(b)(6) "do not extend to considering evidence that could have been presented at trial." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).

Courts in the Fifth Circuit considering whether to grant a Rule 60(b) motion consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether-if the judgment was a default or a dismissal in which there was no consideration of the merits-the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402.

## II. ANALYSIS

OneBeacon contends that the court's order denying its motion for summary judgment is "neither legally nor factually correct." Dkt. 284-1. First, OneBeacon asserts that coverage is not illusory as a matter of law because, even if there is no coverage here, there are instances in which a pre-inception wrongful act would be covered. Next, OneBeacon asserts that there is no unintended gap in coverage because T. Wade Welch & Associates was required to report a known loss to Westport under the Westport policy and failed to do so.

**A.     Illusory**

OneBeacon asserts first that it was an error of law to hold that the insurance contract was illusory because, under Texas law, an insurance policy "'is illusory only when the obligations of a party cannot be triggered under any circumstances.'" *Id.* (quoting *Shell Chem. L.P. v. Discover Prop. & Cas. Ins. Co.*, No. H-09-2583, 2010 WL 1338068 (S.D. Tex. Mar. 29, 2010)). OneBeacon then informs the court that "there are clearly circumstances where pre-inception conduct of the insured would not be excluded by condition 2 of the 2007 Policy." *Id.* OneBeacon provides two examples of pre-inception conduct that it asserts would not be excluded because the insured allegedly did not have a reasonable basis to believe that the conduct was a mistake or improper. *Id.* These examples are (1) if an attorney did not know that he or she had misinterpreted legal precedent and given incorrect legal advice to a client the caused a client to take a position resulting in damages, then the lawyer did not have a reasonable basis to know he or she misinterpreted the law and a later claim based on the bad advice would not be excluded; and (2) if an attorney failed to file a suit within the applicable statute of limitations but did not have a reasonable basis to believe that the statute was expiring or did expire, then coverage would not be excluded. *Id.*

First, the court notes that OneBeacon did not propose this argument or the cases it now cites in its initial briefing, and it offers no excuse for failing to do so. Thus, the alleged judicial error was not apparent on the record. Second, even if it were apparent on the record, there is no indication that any errors were fundamental errors of the law. While indeed OneBeacon cites some cases that seem to indicate that an insurance contract cannot be illusory if there is any circumstance under which coverage would be triggered, there are also cases that seem to suggest the opposite. *Compare Shell Chem. L.P.*, 2010 WL 1338068, at *3 ("A contract, for insurance or otherwise, is illusory only if the

obligations of a party cannot be triggered under any circumstances." (citing *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006)), *Cont'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 172 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (reasoning that coverage is not illusory if there is coverage in circumstances other than those in the current case), *and Primary Plumbing Servs., Inc. v. Certain Underwriters at Lloyd's London*, No. 01-05-00135-CV, 2006 WL 181402 (Tex. App.—Houston [1st Dist.] Jan. 26, 2006, pet. denied) (noting that there were "multiple other circumstances when the Policy would apply," so coverage was not illusory), *with Great Am. Ins. Co. v. Fed. Ins.* Co., No. 3:04-CV-2267-H, 2006 WL 2263312, at *7 (N.D. Tex. Aug. 8, 2006) ("[R]eading the exclusions as Federal asks the court to do would rener Xtera's coverage under the Federla policies *largely* illusory." (emphasis added)), *ATOFINA Petrochems., Inc. v. Cont'l Cas. Co.*, 185 S.W.3d 440, 445 (Tex. 2005) (adopting the insured construction of an insurance contract because the insurer's construction "would render coverage under the endorsement *largely* illusory" (emphasis added)), *and Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex. 1997) (finding that adopting the insurer's approach "would render insurance coverage illusory for *many of the things for which insureds commonly purchase insurance*" (emphasis added)). Thus, even if OneBeacon had raised this argument and the court erred in not considering other possible scenarios that would not render coverage illusory, the alleged error of law was certainly not an "obvious error of law." *See Halicki*, 151 F.3d at 471 n.7 ("A rule 60(b) challenge [relating to an allegedly incorrect legal standard] is usually thought to encompass 'an obvious error of law.'" (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)).

Moreover, the court is not convinced, even if OneBeacon had raised these arguments and the court had determined that coverage must be wholly illusory, that OneBeacon would have prevailed.

OneBeacon basically asserts that if the attorney did not know his or her pre-inception act was wrongful, then any resulting malpractice would have been covered. However, the policy excludes claims if the insured had a reasonable basis to believe he or she had committed a wrongful act. As noted in the original order, this is an objective, not subjective, standard. With both the statute of limitations and the misinterpretation of the law examples (which were not presented to the court until after the order entered), they could not reasonably result in damages unless it was malpractice, and if it was malpractice, then a reasonable attorney would have known it was wrongful.

**B.     Unintended Gap**

OneBeacon points to the Westport policy that was in place immediately prior to the OneBeacon policy at issue, and argues that this Westport policy required T. Wade Welch & Associates to provide notice to Westport of any "Potential Claim" and that it provided coverage for any claim eventually arising out of a reported "Potential Claim." Dkt. 284-1. There are two problems with this argument. First, OneBeacon did not assert this argument or rely on the Westport policy in its summary judgment briefing. The policy was available, and OneBeacon has offered no excuse for failing to present the court with this evidence when the court was considering the original motion. Second, even if the policy and this argument had been part of the original summary judgment record, they do not support a finding that there was no unintended gap.

The policy specifically requires reporting of a "potential claim," which is defined as:

> 1.      any act, error, omission, circumstance or PERSONAL INJURY which might reasonably be expected to give rise to a CLAIM against any INSURED under the POLICY; or
> 2.      any breach of duty to a client or third party which has not resulted in a CLAIM against any INSURED.

Dkt. 284-6, Ex. 1 ¶ VII.E (Professional Liability Coverage Unit). OneBeacon argues that the second definition does not require that the insured have a reasonable basis to believe that the breach of duty may result in a claim. Dkt. 284-1. "In determining the scope of coverage, [courts applying Texas law] examine the policy as a whole to ascertain the true intent of the parties." *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004). Interpreting the second portion of the definition of "potential claim" to include any breach of duty, even those that would not reasonably lead to a claim, does not make sense when one considers the portion of the policy that sets forth the contents of the notice the insured must provide:

> The INSURED(S) shall include within any notice of CLAIM or POTENTIAL CLAIM a description of the CLAIM or POTENTIAL CLAIM, the alleged WRONGFUL ACT including date(s) it was committed, a summary of the facts upon which the CLAIM or POTENTIAL CLAIM is based, ***the alleged or potential damage that may result***, the names of actual or potential claimants, the names of INSURED(S) against whom the CLAIM was or may be made, and the date and circumstances by which the INSURED(S) first became aware of the CLAIM or POTENTIAL CLAIM.

Dkt. 284-6, Ex. 1 ¶ III (Professional Liability Coverage Unit) (emphasis added). In order to report the "alleged or potential damage that may result," one would have to reasonably foresee that a claim would result. This creates an ambiguity, and the court is thus permitted to consider evidence outside of the four corners of the policy. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998) ("'Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation, and admit extraneous evidence to determine the true meaning of the contract.'" (quoting *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). DISH and the Welch Litigants point out that OneBeacon's underwriting expert testified that for a firm to report a potential claim or circumstance there needs to be a reasonably likely claim, including

7

an error and foreseeable damages. Dkt. 288 & Dkt. 288-3 at 67–69. The court agrees that the parties likely contemplated that a potential claim would include reasonably foreseeable damages. Thus, even if the court were to consider the Westport policy at this late date, it would not reconsider its ruling.

### III. CONCLUSION

OneBeacon's motion for reconsideration (Dkt. 284) is DENIED.

Signed at Houston, Texas on September 17, 2014.

_____
Gray H. Miller
United States District Judge