UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, ET AL., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court are motions in limine filed by OneBeacon Insurance Company ("OneBeacon") (Dkts. 299, 299-3, 299-5, 299-7), T. Wade Welch & Associates and T. Wade Welch (collectively, the "Welch Litigants") (Dkt. 299-13), DISH Network Corporation ("DISH") (Dkt. 299-11), and DISH's motion to strike portions of OneBeacon's opposition to DISH's motions in limine (Dkt. 345). After a careful review of the motions and responses, the court issues the following rulings:

**I. ONEBEACON'S MOTIONS IN LIMINE**

**A.     Motion to Exclude Documents and Testimony from Jana Contreras**

The court finds that DISH properly supplemented its disclosures when it realized that, even after court intervention, Hermes Sargent Bates ("HSB"), OneBeacon's former counsel, would not be able to testify about receiving the documents Contreras provided. As far as the failure to produce Contreras's notes, since OneBeacon has had the notes for more than six months, the court finds that any error in not officially producing them when it became clear the evidence was relevant and necessary is harmless. Accordingly, OneBeacon's motion to exclude Contreras's testimony and notes is DENIED. However, if OneBeacon wishes to depose Contreras for one hour over the phone,

this short deposition for the limited purpose of asking Contreras about her notes and recollections regarding the provision of documents to HSB is hereby AUTHORIZED.

**B.     Motion to Exclude Certain Testimony of David Golub**

OneBeacon's motion to exclude portions of Golub's testimony is GRANTED IN PART AND DENIED IN PART.  The court does not believe a limiting instruction will cure the prejudicial effect of the state-of-mind testimony contained at page 139, lines 1 through 9 of Golub's deposition. OneBeacon's motion as it relates to that portion of testimony is therefore GRANTED, and that portion of testimony is EXCLUDED. OneBeacon's motion to exclude portions of Golub's testimony is otherwise DENIED.

**C.     Motion to Exclude Evidence or Testimony Concerning Internet Searches**

The court agrees with OneBeacon that the internet searches cannot be used to show that OneBeacon should not have relied on the representations in the Welch Firm's application.  The searches may be probative as to intent or materiality, but any printouts from 2011 are not probative as to what would have been found in 2006.  Moreover, the search in 2011 was performed *after* OneBeacon sent notice rescinding the policy.  Accordingly, OneBeacon's motion to exclude evidence and testimony about the internet searches is GRANTED IN PART AND DENIED IN PART.  It is GRANTED to the extent that any printouts of the searches are hereby EXCLUDED and any testimony about the 2011 search is EXCLUDED.  It is DENIED in that the Welch may testify about the 2006 search.

**D.     Motion to Exclude Evidence That DISH Would Have Continued to Retain the Welch Litigants**

The court finds that any concerns that OneBeacon has about the reliability of the Welch

Litigants' expert Herbert Lyon's opinions regarding whether DISH would have continued to retain the Welch Firm if OneBeacon had settled can easily be remedied by cross examination. Moreover, the deadline for *Daubert* motions has passed. As such, OneBeacon's motion to exclude is DENIED.

## II. WELCH LITIGANTS' MOTIONS IN LIMINE

**A.    Motion to Exclude Evidence of the Welch Firm's Previous Non-Payment of Its Deductible**

The court agrees that the timing of the deductible payment is relevant. Accordingly, the Welch Litigants' motion is DENIED in that OneBeacon may offer evidence as to when the deductible was paid.

**B.    Motion to Exclude Evidence of Testimony Related to Welch's Alcohol and Drug Use**

The court does not believe that evidence of alcohol or over-the-counter drug use is necessarily probative of a general lack of veracity. *See U.S. v. Samples*, 897 F.2d 193, 197 (5th Cir. 1990) ("As the magistrate pointed out, general questions relating to drug use would be irrelevant."). Moreover, it is highly prejudicial. Accordingly, the Welch Litigants' motion to exclude testimony and evidence about Welch's alleged alcohol or over-the-counter drug use is GRANTED.[1]

**C.    Motion to Exclude Evidence or Inference of the Welch Litigants' Direct Liability for the Conduct of Ross Wooten**

The motion to exclude evidence of direct liability is GRANTED.

---

[1] If OneBeacon has evidence of alcohol or drugs potentially impacting specific decisions made by Welch, the court is willing to revisit this ruling.

### III.  DISH's Motions in Limine

**A.     Motion to Exclude Evidence Inconsistent with the Court's Ruling Interpreting the Prior Knowledge Exclusion, Including the Text of the Prior Knowledge Exclusion**

DISH's motion to exclude the text of the exclusion is GRANTED.  As to the remainder of DISH's request, the court will rule on the issues as they arise at trial.

**B.     Motion to Exclude the Arbitrator's April 17, 2013 Decision**

DISH's motion in limine to exclude the arbitration award is DENIED.

**C.     Motion to Exclude Evidence of an Alleged Misrepresentation Other Than the Sole Misrepresentation Pled in the First Amended Complaint and Identified in the Proposed Jury Charge**

The court agrees that the evidence of other cases of misrepresentation are relevant to the Welch Litigants' intent.  However, the court needs more information about the alleged misrepresentation in the *LaVergne* matter before deciding if its probative value outweighs the prejudice.  Thus, the court will defer ruling on the admissibility of the *LaVergne* matter until the pretrial conference.  The *RMG* matter, though, is admissible, so DISH's motion is DENIED with respect to *RMG*.

**D.     Motion to Exclude Testimony from Attorney Wright that Welch's Non-Disclosure of the *Dominion* Order Was Intentional and How a Reasonable Attorney Would Have Answered the Application Question About Sanctions**

OneBeacon points out that all *Daubert* motions were supposed to be filed by June 24, 2013. Dkt. 311 (citing Dkt. 189 – scheduling order).  OneBeacon argues that, moreover, DISH's substantive arguments as to why Wright's opinion should be excluded are incorrect, as Wright's

4

opinions are reliably based on his skill, knowledge, and experience. *Id.* The court agrees. DISH's chance to make these arguments passed long ago, and, even if it had not, Wright is qualified. Any issues DISH has with Wright's testimony can be addressed via cross examination. Accordingly, DISH's motion to exclude Wright is DENIED; however Wright's testimony that Welch's actions were intentional is EXCLUDED.

**E.     Motion to Exclude Testimony from Beth DeBaere as to what She Would Have Done if the Welch Firm Had Disclosed the *Dominion* Order**

DISH's motion to exclude DeBaere's testimony about her potential actions if the Welch Firm had disclosed the *Dominion* order is DENIED.

**F.     Motion to Exclude Testimony from Attorney Huddleston Regarding Whether OneBeacon Could Consider Its Policy Defenses in Evaluating the Reasonableness of DISH's *Stowers* Demand**

DISH's motion in limine to exclude testimony regarding this issue of law is GRANTED. No witness may testify regarding legal issues. It is the duty of the court to instruct the jury on the law.

**G.     Motion to Preclude OneBeacon from Asking About Sanctions or Discovery Rulings Against DISH in Cases Other Than *Dominion* and *RMG***

The court defers ruling on this motion until the pretrial conference.

## IV. Motion to Strike OneBeacon's Opposition

DISH's motion to strike portions of OneBeacon's motions in limine (Dkt. 345) is hereby DENIED.

Signed at Houston, Texas on September 30, 2014.

_____
Gray H. Miller
United States District Judge