**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY, | **CIVIL ACTION NO.** |
| Plaintiff/Counter Defendant, | 4:11-cv-03061-GHM |
| v. | |
| T. WADE WELCH & ASSOCIATES, *et.al.* | |
| Defendants/Counter Plaintiffs. | |
| DISH NETWORK CORPORATION, | |
| Intervenor and Counter Claimant, | |
| v. | |
| ONEBEACON INSURANCE COMPANY, | |
| Counter Defendant. | |

**OPPOSED MOTION FOR ENTRY OF JUDGMENT OF DISH NETWORK**
**CORPORATION, T. WADE WELCH, AND T. WADE WELCH & ASSOCIATES**

## TABLE OF CONTENTS

Page

MOTION...........................................................................................................................1

THE JURY VERDICT .....................................................................................................2

ADDITIONAL UNDISPUTED FACTS ..........................................................................3

DISCUSSION ...................................................................................................................5

    I.      THE WELCH LITIGANTS ARE ENTITLED TO BOTH ADDITIONAL AND EXEMPLARY DAMAGES BECAUSE THEY SUFFERED SEPARATE AND DISTINCT ACTUAL DAMAGES. .........................................5

    II.     THE WELCH LITIGANTS ALSO ARE ENTITLED TO ADDITIONAL AND EXEMPLARY DAMAGES BECAUSE ONEBEACON VIOLATED TWO SEPARATE CAUSES OF ACTION WITH SEPARATE ACTS. ....................................................................................8

    III.    ONEBEACON CANNOT OBJECT TO A JUDGMENT AWARDING BOTH EXEMPLARY AND ADDITIONAL DAMAGES BECAUSE *ONEBEACON* INSISTED ON THOSE SEPARATE AWARDS. ........................12

    IV.    DISH AND THE WELCH LITIGANTS ARE ENTITLED TO PREJUDGMENT INTEREST............................................................................14

    V.     DISH AND THE WELCH LITIGANTS ARE ENTITLED TO POST-JUDGMENT INTEREST. ..................................................................................15

CONCLUSION................................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arthur Andersen & Co. v. Perry Equip. Corp.*,
    945 S.W.2d 812 (Tex. 1997)....................................................................7

*Berry Prop. Mgmt., Inc. v. Bliskey*,
    850 S.W.2d 644 (Tex. App. – Corpus Christi 1993), *writ granted (Sept. 10,*
    *1993), writ dismissed by agreement (Jan. 12, 1994), writ withdrawn (Jan. 12,*
    *1994)* ..............................................................................................8, 9

*Birchfield v. Texarkana Mem'l Hosp.*,
    747 S.W.2d 361 (Tex. 1987)................................................................6, 8

*Brewer & Pritchard, P.C. v. AMKO Res. Int'l, LLC*,
    No. 14-13-00113-CV, 2014 WL 3512836 (Tex. App. – Houston [14th Dist.]
    July 15, 2014)....................................................................................6

*Brown v. Petrolite Corp.*,
    965 F.2d 38 (5th Cir. 1992) ...............................................................16

*Cont'l Holdings, Ltd. v. Leahy*,
    132 S.W.3d 471 (Tex. App. - Eastland 2003. no pet.)..............................7

*Copper Liquor, Inc. v. Adolph Coors Co.*,
    701 F.2d 542 (5th Cir. 1983) .............................................................16

*Fuchs v. Lifetime Doors, Inc.*,
    939 F.2d 1275 (5th Cir. 1991) ...........................................................16

*Harris v. Mickel*,
    15 F.3d 428 (5th Cir. 1994) ..............................................................14

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*,
    962 S.W.2d 507 (Tex. 1998)........................................................14, 15

*Louisiana-Pac. Corp. v. Andrade*,
    19 S.W.3d 245 (Tex. 1999)...............................................................11

*Meaux Surface Prot., Inc. v. Fogleman*,
    607 F.3d 161 (5th Cir. 2010) ......................................................14, 15

*Minnesota Life Ins. Co. v. Vasquez*,
    192 S.W.3d 774 (Tex. 2006)..............................................................10

*Munoz v. State Farm Lloyds of Texas*,
 522 F.3d 568 (5th Cir. 2008) .................................................................. 13

*Ratner v. Sioux Natural Gas Corp.*,
 719 F.2d 801 (5th Cir. 1983) .................................................................... 6

*Robbins v. Reliance Ins. Co.*,
 102 S.W.3d 739 (Tex. App.—Corpus Christi 2001), *judgment but not opinion*
 *withdrawn*, 2003 WL 1847115 (Tex. App.—Corpus Christi 2003) ........................................... 4

*St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*,
 974 S.W.2d 51, 54 (Tex. 1998) ................................................................ 10

*State Farm Fire & Cas. Ins. Co. v. Vandiver*,
 970 S.W.2d 731 (Tex. App. – Waco 1998. no pet.) .................................................. 9

*State Farm Life Ins. Co. v. Beaston*,
 907 S.W.2d 430 (Tex. 1995) ..................................................................... 7

*Texas Mun. League v. Hartford Life & Accident Ins. Co.*,
 234 F.3d 705 (5th Cir. 2000) .................................................................. 10

*Thompson and Wallace of Memphis, Inc. v. Falconwood Corp.*,
 100 F.3d 429 (5th Cir. 1996) ............................................................... 12, 13

*Tompkins v. Cyr*,
 202 F.3d 770 (5th Cir. 2000) ................................................................... 9

*U-Haul Int'l, Inc. v. Waldrip*,
 380 S.W.3d 118 (Tex. 2012) ................................................................... 11

*United States v. Baytank (Houston), Inc.*,
 934 F.2d 599 (5th Cir. 1991) .............................................................. 13, 14

*W. Co. of N. Am. v. United States*,
 699 F.2d 264 (5th Cir. 1983) ................................................................. 12

*Yorkshire Ins. Co. v. Seger*,
 279 S.W.3d 755, 772 (Tex. App. – Amarillo 2007) ............................................... 4

*Yorkshire Ins. Co. v. Seger*,
 407 S.W.3d 435 (Tex. App. – Amarillo 2013), *pet. denied (Feb. 14, 2014),*
 *order withdrawn (Aug. 29, 2014), pet. reinstated (Aug. 29, 2014) (Seger II)* ..................... 4, 7

## Statutes

28 U.S.C. § 1920 .......................................................................... 18, 19

28 U.S.C. § 1924 .......................................................................... 18, 19

28 U.S.C. § 1961 ................................................................................................1, 16, 19

28 U.S.C. § 1961(a) ................................................................................................15, 16

28 U.S.C. § 1961(b) ........................................................................................................16

Deceptive Trade Practices Act ....................................................................................6, 8, 9

Texas Civil Practice and Remedies Code Chapter 38 ........................................................18

Texas Civil Practice and Remedies Code Chapter 41 ..........................................................2

Texas Civil Practice and Remedies Code Section 38.001(8) ................................1, 18, 19

Texas Civil Practice and Remedies Code Section 41.003 ................................................17

Texas Finance Code Sections 304.001 *et seq.* ................................................................15

Texas Finance Code Section 304.003 ..............................................................................1

Texas Finance Code Section 304.003(b) ........................................................................15

Texas Insurance Code Chapter 541 ................................................................................18

Texas Insurance Code Chapter 542 ................................................................................18

Texas Insurance Code Section 541.002 ......................................................................2, 17

Texas Insurance Code Section 541.060(a)(2) ................................................................17

Texas Insurance Code Section 541.060(a)(2)(A) ..................................................... *passim*

Texas Insurance Code Section 541.152 ...................................................................1, 7, 18

Texas Insurance Code Section 541.152(a)(1) ................................................................18

Texas Insurance Code Section 541.152(b) ....................................................................17

Texas Insurance Code Section 542.060 ..........................................................................18

**Other Authorities**

Federal Rule of Civil Procedure 51 ................................................................................12

Federal Rule of Civil Procedure 54(d) ............................................................................1

Federal Rule of Civil Procedure 54(d)(1) ................................................................18, 19

Federal Rule of Civil Procedure 54(d)(2) ................................................................17, 18, 19

Federal Rule of Civil Procedure 58(e) ........................................................................................20

Local Rule 54.2 .................................................................................................................18, 19

## MOTION

Intervenor and Counter Claimant DISH Network Corporation ("DISH") and Defendants and Counter Plaintiffs T. Wade Welch and T. Wade Welch & Associates (collectively, the "Welch Litigants") hereby respectfully request, and so move, that the Court enter final judgment in favor of DISH and the Welch Litigants and against Plaintiff OneBeacon Insurance Company ("OneBeacon"). Specifically, DISH and the Welch Litigants request that the Court award the following to DISH and the Welch Litigants and order that OneBeacon is liable to pay the following to DISH and the Welch Litigants:

1.      Monetary damages resulting from OneBeacon's breach of the December 2007 Insurance Policy issued by OneBeacon to the Welch Litigants; OneBeacon's violation of Texas Insurance Code 541.060(a)(2)(A); and OneBeacon's violation of its common law *Stowers* duty;

2.      Additional damages resulting from OneBeacon's knowing violation of Texas Insurance Code 541.060(a)(2)(A);

3.      Exemplary damages resulting from OneBeacon's gross negligence;

4.      Prejudgment interest on certain of the damages at the rate of 5.00% per annum pursuant to Texas Finance Code Section 304.003;

5.      Attorney's fees and costs pursuant to Texas Insurance Code Section 541.152 and (for the Welch Litigants) 542.060, and also Texas Civil Practice and Remedies Code Section 38.001(8);[1]

6.      Post-judgment interest on the total of the foregoing (i.e., damages, prejudgment interest, and attorney's fees) pursuant to 28 U.S.C. § 1961; and

---

[1] Once final judgment is entered, DISH and the Welch Litigants will establish the amount of recoverable attorney's fees, related non-taxable expenses, and costs in a separate motion filed pursuant to Federal Rule of Civil Procedure 54(d).

7.      Taxable costs.

DISH and the Welch Litigants further request that the Court deny all relief requested by OneBeacon in this action.

## THE JURY VERDICT

The jury returned a unanimous verdict on October 17, 2014, which resolved all remaining issues necessary for the Court to enter final judgment granting the relief requested by this motion.  *See* Dkt. 392.

In answering Question No. 1 in the negative, the jury found that the prior knowledge exclusion in the December 2007 Policy did not apply so as to exclude coverage of DISH's claim against the Welch Litigants.  *See* Dkt. 392, at 8-9.

In answering Question Nos. 2 and 3 in the negative, the jury found that OneBeacon was not entitled to rescind the December 2007 Policy.  *See* Dkt. 392, at 9-11.

In answering Question Nos. 6 and 7 in the affirmative, the jury found that OneBeacon violated Texas Insurance Code Section 541.060(a)(2)(A), and that it did so "knowingly" as defined in Texas Insurance Code Section 541.002.  *See* Dkt. 392, at 12-13.

In answering Question Nos. 8 and 9 in the affirmative, the jury found that OneBeacon violated its common law *Stowers* duty, and that it was grossly negligent pursuant to Texas Civil Practice and Remedies Code Chapter 41.  *See* Dkt. 392, at 14-15.

In answering Damages Question No. 1, the jury found that, pursuant to the violation of Texas Insurance Code Section 541.060(a)(2)(A), in addition to the damages fixed as a matter of law, the Welch Litigants suffered damages in the amount of $3,000,000 in lost profits sustained in the past, and $5,000,000 in lost profits that, in reasonable probability, they will sustain in the future.  *See* Dkt. 392, at 18-19.

In answering Damages Question No. 2, the jury found that the Welch Litigants also are entitled to exemplary damages in the amount of $5,000,000 for OneBeacon's gross negligence. *See* Dkt. 392, at 19-20.

Finally, in answering Damages Question No. 3, the jury found that the Welch Litigants are entitled to additional damages in the amount of $7,500,000 for OneBeacon's knowing violation of Texas Insurance Code Section 541.060(a)(2)(A). *See* Dkt. 392, at 20.

## ADDITIONAL UNDISPUTED FACTS

OneBeacon issued the December 2007 and December 2008 Policies in favor of the Welch Litigants.  On August 19, 2011, OneBeacon repudiated the December 2007 and 2008 Policies.  On August 22, 2011, OneBeacon filed this lawsuit.

On October 16, 2014, during the jury charge conference, the parties stipulated that the jury's findings with respect to rescission of the December 2007 Policy would apply with equal force to the rescission claim regarding the December 2008 Policy.  *See* Declaration Of Rees F. Morgan In Support Of Dish Network Corporation's Notice Of Motion For Entry Of Judgment ("Morgan Decl."), Exhibit A pp. 49-50.[2]  Thus, the jury's finding that OneBeacon was not entitled to rescind the December 2007 Policy similarly precludes OneBeacon from rescinding the December 2008 Policy.

The parties further agreed that the breach of contract claims asserted by the Welch Litigants, and by DISH as a third-party beneficiary of the December 2007 Policy and judgment creditor of the Welch Firm, would be determined solely by the jury's findings on OneBeacon's affirmative claims – the prior knowledge exclusion and the attempted rescission – and without a

---

[2] All references are to a rough draft of the trial transcript. We understand that the final transcript has not been completed at this time.

separate breach of contract question.  *See* Morgan Decl., Exhibit A, p. 48 ln. 4-11.[3]  Because the jury found against OneBeacon on those affirmative claims, the breach of contract claims are established and DISH and the Welch Litigants are jointly entitled to the policy limit in the amount of $5,000,000.[4]

The parties also agreed that the damages resulting from a jury finding of a common law *Stowers* violation were set as a matter of law as "the amount of the excess of the judgment rendered in the underlying suit in favor of the plaintiff over the applicable limits of the policy." *See Yorkshire Ins. Co. v. Seger*, 407 S.W.3d 435, 439 (Tex. App. – Amarillo 2013), *pet. denied (Feb. 14, 2014), order withdrawn (Aug. 29, 2014), pet. reinstated (Aug. 29, 2014)* (*Seger II*) (quoting *Yorkshire Ins. Co. v. Seger*, 279 S.W.3d 755, 772 (Tex. App. – Amarillo 2007) (*Seger I*), *pet. denied*); *see* Morgan Decl., Exhibit A, pp. 72-73; Dkt. 390 [Agreed Response to Jury Question #1].  The Welch Litigants thus were damaged, as a matter of law, in the amount of the excess judgment over the $5,000,000 policy limit of the December 2007 Policy: namely, $8,607,308.60 as of December 15, 2014.[5]  The parties further agreed, as set out in the jury charge

---

[3] Mr. Flynn's objection in this excerpt is to the Court's ruling that the policy was not a declining limits policy (discussed below), and not to the parties' stipulation that the breach of contract issue would be decided solely by the prior knowledge exclusion and rescission questions.

[4] The Court ruled that the December 2007 Policy did not have declining limits because a clear conflict exists between the terms of the policy application and the December 2007 Policy itself, which incorporated the application.  *See* Morgan Decl., Exhibit A, p. 47-48.  Given this conflict, the Court properly concluded that, under Texas law, it must adopt the provision more favorable to the insured.  *See Robbins v. Reliance Ins. Co.*, 102 S.W.3d 739, 748 (Tex. App.—Corpus Christi 2001), *judgment but not opinion withdrawn*, 2003 WL 1847115 (Tex. App.—Corpus Christi 2003) ("Where there is a direct conflict between clauses in the policy, or between the application and the policy, the provisions more favorable to the insured will control.").  The entire $5,000,000 policy limit is, therefore, available.

[5] On April 17, 2013, DISH was awarded $12,561,123.00 in damages sustained due to the legal malpractice committed by Ross Wooten, an attorney employed by the Welch Litigants.  *See* Morgan Decl., Ex. B – Tr. Ex. 50 [April 17, 2013 Arbitration Award].  By its terms, the award has accrued additional damages in the amount of $1720.70 per day since April 17, 2013.  *See Id.* (footnote continued)

instruction, that the same category of damages also was fixed as a matter of law for a violation of Insurance Code Section 541.060(a)(2)(A). *See* Dkt. 392, at 18-19. In addition to the damages based upon the excess judgment, the jury charge permitted the jury to award separate damages based upon any past and future profits lost by the Welch Litigants due to OneBeacon's violation of Insurance Code Section 541.060(a)(2)(A).

## DISCUSSION

### I. THE WELCH LITIGANTS ARE ENTITLED TO BOTH ADDITIONAL AND EXEMPLARY DAMAGES BECAUSE THEY SUFFERED SEPARATE AND DISTINCT ACTUAL DAMAGES.

The Welch Litigants are entitled to both the additional damages awarded by the jury for OneBeacon's knowing violation of Texas Insurance Code Section 541.060(a)(2)(A), and the exemplary damages awarded for OneBeacon's gross negligence. Both additional and exemplary damages are recoverable here because the jury awarded separate and distinct actual damages founded upon separate and distinct findings of liability against OneBeacon. The separate and distinct awards of actual damages support the award of both additional damages and exemplary damages.

No case that we have identified has dealt with precisely the situation presented here – a jury's award of both exemplary damages for gross negligence and additional damages for a knowing violation of Insurance Code Section 541.060(a)(2)(A). More generally, however, the leading case on whether a party may recover both exemplary and additional damages is

---

As of December 15, 2014, the amount of damages is $12,561.123.00 + (608 days x $1720.70) = $13,607,308.60. The excess judgment suffered by the Welch Firm is, therefore, the difference between the award of $13,607,308.60 and the $5,000,000 policy limits: $8,607,308.60 (as of December 15, 2014). Until DISH's judgment against the Welch Firm is satisfied, the Welch Litigants' excess judgment – and their damages pursuant to the common law *Stowers* doctrine and Section 541 – increases by $1720.70 per day from December 16, 2014 onwards.

*Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361 (Tex. 1987).  In *Birchfield*, the jury awarded treble damages for a "knowing" violation of the Deceptive Trade Practices Act ("DTPA"), and also exemplary damages for gross negligence.  *Birchfield*, 747 S.W.2d at 367. The trial court in *Birchfield* concluded that the jury's award of both treble damages and exemplary damages constituted an inappropriate double recovery, and refused to enter judgment as to the treble damages awarded by the jury pursuant to the DTPA, instead only entering judgment for the exemplary damages based upon the defendant's gross negligence.  *Id.*

On appeal, the Texas Supreme Court affirmed the trial court's decision not to award both exemplary damages for gross negligence and treble damages under the DTPA.  *Id.*  In doing so, however, the Supreme Court identified certain circumstances where an award of two types of punitive damages *would* be appropriate.  The Court noted "that the jury found that [the defendant's] deceptive act or practice, as well as each defendants' acts of negligence, were the proximate or producing cause of the *same damages.*"  *Id.* (emphasis added).  The Court concluded that "*[i]n the absence of separate and distinct findings of actual damages on both the acts of negligence and the deceptive acts or practices*, an award of exemplary damages *and* statutory treble damages would be necessarily predicated upon the same findings of actual damages and would amount to a double recovery of punitive damages."  *Id.* (emphasis added).[6]

---

[6] *Birchfield*'s focus on the "separate and distinct findings of actual damages" is consistent with the "one satisfaction" rule, which generally provides that a party is entitled to one satisfaction for a single injury.  *See Ratner v. Sioux Natural Gas Corp.*, 719 F.2d 801, 803 (5th Cir. 1983). However, the "one satisfaction" rule is not applicable to punitive damages awards.  *See Ratner*, 719 F.2d at 804; *see also Brewer & Pritchard, P.C. v. AMKO Res. Int'l, LLC*, No. 14-13-00113-CV, 2014 WL 3512836, at *7 (Tex. App. – Houston [14th Dist.] July 15, 2014).  This is because punitive damages are not intended as compensation but instead are meant to deter wrongdoing and to punish the wrongdoer.  *Brewer*, 2014 WL 3512836, at *7.

The analysis here, then, must focus on whether the jury rendered "separate and distinct findings of actual damages," some related only to OneBeacon's violation of its common law *Stowers* duty, and others to its violation of Texas Insurance Code Section 541.060(a)(2)(A). They unquestionably did.  Having found that OneBeacon violated its common law *Stowers* duty, the jury awarded actual damages that are set, as a matter of law, at "the amount of the excess of the judgment rendered in the underlying suit in favor of the plaintiff over the applicable limits of the policy."  *See Seger I*, 407 S.W.3d at 439.  Importantly, damages based upon the underlying excess judgment are the *only* actual or compensatory damages available in a common law *Stowers* action.  *Id.*  The jury's award of past and future lost profits thus cannot, as a matter of law, have been awarded pursuant to OneBeacon's common law *Stowers* violation.

With respect to OneBeacon's violation of Insurance Code Section 541.060(a)(2)(A), however, past and future lost profits *are* recoverable as actual damages.  Insurance Code Section 541.152 provides generally that a "plaintiff who prevails in an action under this subchapter may obtain…actual damages[.]"  "Actual damages" are those damages recoverable at common law, including "consequential" damages.  *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997); *see also State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 435 (Tex. 1995) ("actual damages" under Texas Insurance Code are "those damages recoverable at common law").  Consequential damages include lost profits that result from the misconduct at issue.  *See Cont'l Holdings, Ltd. v. Leahy*, 132 S.W.3d 471, 475 (Tex. App. - Eastland 2003. no pet.).

The jury found that the Welch Litigants had proven at trial that OneBeacon's violation of Texas Insurance Code Section 541.060(a)(2)(A) proximately caused the Firm to lose certain past and future profits.  Dkt. 392 at 18-19.  Accordingly, in addition to actual damages consisting of

the excess judgment, the Welch Litigants also are entitled to recover – and the jury awarded – *separate* actual damages consisting of their lost past and future profits, which flow *solely* from the jury's finding that OneBeacon violated Insurance Code Section 541.060(a)(2)(A).

Under *Birchfield*, these are "separate and distinct findings of actual damages on both the acts of negligence" and on the Insurance Code violation.  Such separate and distinct findings of actual damages entitle the Welch Litigants to recover both exemplary damages and additional damages.  The Court should enter judgment in favor of the Welch Litigants that includes, *inter alia*, both exemplary damages in the amount of $5,000,000 for OneBeacon's grossly negligent misconduct, and additional damages in the amount of $7,500,000 for OneBeacon's knowing violation of Texas Insurance Code Section 541.060(a)(2)(A).

## II.    THE WELCH LITIGANTS ALSO ARE ENTITLED TO ADDITIONAL AND EXEMPLARY DAMAGES BECAUSE ONEBEACON VIOLATED TWO SEPARATE CAUSES OF ACTION WITH SEPARATE ACTS.

The Welch Litigants also are entitled to both the additional damages and the exemplary damages because these two awards addressed separate and distinct violations.  Both additional and exemplary damages are, therefore, recoverable by the Welch Litigants.

As OneBeacon itself argued, because the *Stowers* and Section 541 actions are "two separate claims," and "two different causes of action" with "different standards," the jury's separate findings that OneBeacon violated *each* claim support the separate additional and exemplary damage awards.  *See* Morgan Decl., Exhibit A at 82-83; *see also Berry Prop. Mgmt., Inc. v. Bliskey*, 850 S.W.2d 644, 665 (Tex. App. – Corpus Christi 1993), *writ granted (Sept. 10, 1993), writ dismissed by agreement (Jan. 12, 1994), writ withdrawn (Jan. 12, 1994)*.  In *Berry*, the jury had found that the defendant violated both the DTPA and separately acted with gross negligence.  *Berry*, 850 S.W.2d at 664.  Based on these separate findings, the jury awarded $3,000,000 as "additional" DTPA damages *and* $5,000,000 in exemplary damages for the gross

negligence.  *Id*.  While the trial court required the plaintiff to elect to recover her *actual* damages under a single cause of action – she chose the DTPA – the court awarded *both* the exemplary and additional damages.  *Id*.  The defendant appealed, citing *Birchfield* for the proposition that an award of both categories of punitive damages amounted to an impermissible double recovery. *Id*.

The court of appeals rejected this argument.  *Berry* reasoned that, although the plaintiff could only recover her actual damages once, the jury had found that the defendant engaged in "two different acts" – a violation of the DTPA *and* negligence.  *Id*.  The court concluded that, "[s]ince the awards of additional damages and punitive damages were based upon separate jury findings and upon different acts, we find no error in the trial court's judgment granting [the plaintiff] both DTPA additional damages and common law punitive damages."  *Berry*, 850 S.W.2d at 665-66.  In other words, "[w]here the jury has found the defendants engaged in two different tortious acts, it may award damages beyond actual damages for each of those two acts." *Tompkins v. Cyr*, 202 F.3d 770, 787 fn. 11 (5th Cir. 2000) (citing *Berry*, 850 S.W.2d at 665).

In this case, as in *Berry*, the jury awarded "additional damages and punitive damages…based upon separate jury findings" – a result sought by OneBeacon itself.  *Berry*, 850 S.W.2d at 655-66; Morgan Decl., Exhibit A at 82-83.  OneBeacon engaged, moreover, in two different acts, one violating Texas Insurance Code Section 541.060(a)(2)(A) and another its common law Stowers duty.

As DISH and the Welch Litigants argued at trial, to find a "knowing" violation of Section 541, the Welch Litigants need only have proved a heightened mental state by OneBeacon – to establish that OneBeacon had "actual awareness" of the conduct prohibited by Section 541.  *See State Farm Fire & Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 741 (Tex. App. – Waco 1998. no

pet.); *see also Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 775 (Tex. 2006) ("such damages are reserved for cases in which an insurer knew its actions were false, deceptive, or unfair").  As the Texas Supreme Court and the Fifth Circuit have characterized it, "a person must think to himself at some point, 'Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway.'"  *Texas Mun. League v. Hartford Life & Accident Ins. Co.*, 234 F.3d 705 (5th Cir. 2000) (quoting *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.,* 974 S.W.2d 51, 54 (Tex. 1998) (per curiam)).

OneBeacon did just that.  In its August 5, 2011 letter – a central exhibit at trial – OneBeacon rejected DISH's *Stowers* demand on the purported ground that "it is uncertain whether any damages were actually caused by the TWW firm."  *See* Morgan Decl., Ex. C – Tr. Ex. 80 [August 5, 2011 Haught Letter] at 1.  The vast weight of the evidence at trial indicated that this statement was false, and knowingly so.  Indeed, OneBeacon made this misrepresentation *within weeks* of receiving a report by its own experts that concluded those damages actually totaled *$25 million or more.  See* Morgan Decl., Ex. D – Tr. Ex. 84 [Draft CBIZ Tofias Report]; Ex. E [Haught Test.] at pp. 85-86; Ex. F [Davidson Test.] at p. 65.  In determining that OneBeacon knowingly violated Section 541, the jury was instructed to focus on whether OneBeacon knew its August 5, 2011 rejection of DISH's *Stowers* demand was "false, deceptive or unfair."  Dkt. 392 at 13.  In other words, in finding a "knowing" violation of Section 541, the jury necessarily concluded that OneBeacon was not just mistaken, in August 2011, regarding whether the Welch Firm would suffer an excess judgment – the jury *must* have found that OneBeacon *knew* that the Welch Firm would suffer damages in excess of the policy limits, and therefore that its August 5 rejection was knowingly false or deceptive.  *Id*.  Importantly, *only*

such a finding would support the imposition of additional damages for a "knowing" violation of Section 541.

Conversely, the jury's finding that OneBeacon was grossly negligent readily could have been based upon other misconduct by OneBeacon. "Gross negligence consists of both objective and subjective elements." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). The first, objective element requires that, when viewed objectively from the wrongdoer's standpoint, the act or omission involved an extreme degree of risk – i.e., the likelihood of the victim's serious injury. *See U-Haul*, 380 S.W.3d at 137. The second, subjective element requires that the wrongdoer had "actual, subjective awareness of the *risk* involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *U-Haul*, 380 S.W.3d at 137 (emphasis added). The "plaintiff must show that the defendant knew about the *peril*, but his acts or omissions demonstrate that he did not care." *Louisiana-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246-47 (Tex. 1999) (emphasis added). In other words, the gross negligence inquiry focuses on a different act than the question of whether the insurer acted "knowingly." The "knowingly" standard focuses only on the *conduct* at issue – the insurer's knowledge that its actions were false or deceptive – while a finding of gross negligence addresses the insurer's awareness of the *harm* that will result from its conduct.

OneBeacon clearly was aware of the severe repercussions that would follow from its rejection of the *Stowers* demand. OneBeacon knew, based upon several years of policy applications, that DISH and its affiliated companies were, for all practical purposes, the Welch Firm's only clients and, further, that if OneBeacon rejected the *Stowers* demand, the Welch Firm would likely lose those clients. *See* Morgan Decl., Ex. G – Tr. Ex. 4 [2006 Application]; Ex. H – Tr. Ex. 11 [2007 Application]; and Ex. I – Tr. Ex. 71 [April 28, 2011 Letter from Ms. Haught to

Mr. Welch] at 1 ("OneBeacon does appreciate the frustration and disruption of your firm's operations this claim has caused.").  OneBeacon knew, therefore, that its rejection of the *Stowers* demand would lead to serious, if not irreparable, injury to the Welch Firm.  It did not care. Proceeding with its rejection of the Stowers demand and its purported rescission based upon blatant post-claim underwriting – knowing all along the extreme consequences likely to befall the Welch Firm – is misconduct separate and apart from OneBeacon's "knowing" violation of Section 541.

While it is true that the substance of the jury's deliberations is unknown, absent "facts and inferences [that] point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary," the verdict must stand.  *See W. Co. of N. Am. v. United States*, 699 F.2d 264, 276 (5th Cir. 1983).  Because the jury found separate violations of the *Stowers* doctrine and the Insurance Code – as urged by OneBeacon – and the award of exemplary and additional damages for each violation could easily have been based upon separate misconduct, the Court cannot disturb the jury's decision that OneBeacon's misconduct merited separate additional and exemplary damage awards.

## III.   ONEBEACON CANNOT OBJECT TO A JUDGMENT AWARDING BOTH EXEMPLARY AND ADDITIONAL DAMAGES BECAUSE *ONEBEACON* INSISTED ON THOSE SEPARATE AWARDS.

Beyond the Welch Litigants' legal entitlement to both the exemplary and additional damages awarded by the jury, OneBeacon waived its right to challenge these separate awards.  Where a party fails to timely object to a proposed instruction or verdict form, it waives its right to appeal that issue.  *See* Fed. Rule Civ. P. 51; *Thompson and Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996).  In *Thompson and Wallace*, the Fifth Circuit found that a party had waived appellate review of the district court's "separation of goodwill and lost profits as damages elements" by failing to object to the separate charges at the

time of trial. 100 F.3d at 433. Like here, the District Court in *Thompson and Wallace* had offered the jury the opportunity to award two separate damages, which the jury then awarded. The Fifth Circuit concluded that because the appellant had failed to object sufficiently to the two separate, potential damage awards during the jury charge conference, it could not challenge the separate awards on appeal. *Id.*

The situation here even more strongly supports waiver. It was, after all, *OneBeacon* that urged the Court to offer two instructions, and two verdict questions, regarding the common law *Stowers* claim and the Section 541 claim. During the jury charge conference, counsel for OneBeacon argued that two questions were necessary because the *Stowers* and Section 541 actions were "two separate claims" – "two different causes of actions" analyzed under "different standards." *See* Morgan Decl., Exhibit A, pp. 82-83. DISH and the Welch Litigants, on the other hand, argued that the charge for these two claims should be unified. *See* Dkt. 376 at 43.

Indeed, *OneBeacon* submitted the proposed jury charge that allowed the jury to award *both* exemplary damages for OneBeacon's gross negligence *and* additional damages for its knowing violation of Section 541. Dkt. 376 at 63-64. And OneBeacon itself argued during the jury charge conference that two separate standards applied specifically to the tests for exemplary versus additional damages: "It's less confusing when you're dealing with the two standards gross negligence and knowingly." *See* Morgan Decl., Exhibit A, p. 82, ln. 19-20.

OneBeacon cannot now object to the very verdict form that it created, even if (unlike here) the verdict form was legally defective: "The invited error doctrine provides that a party may not complain on appeal of errors that he himself invited or provoked the court ... to commit." *Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 573 (5th Cir. 2008) (internal quotes omitted). The "invited error doctrine" applies to jury instructions. *United States v.*

*Baytank (Houston), Inc.*, 934 F.2d 599, 606-07 (5th Cir. 1991) (collecting cases).  In *Baytank*, the defendant was convicted for a crime not charged in the indictment.  *Id*.  The Fifth Circuit, however, determined that the "invited error doctrine" applied and precluded appellate review because the defendant had requested the precise language in the jury charge that resulted in the conviction.  *Id*.  Similarly, *OneBeacon* drafted and submitted a jury charge that provided the jury with the opportunity to award both exemplary and additional damages.  The Court adopted OneBeacon's proposed charge.  Dkt. 392 at 12-14.  Having successfully argued for separate questions, OneBeacon has waived any challenge to the separate awards.

OneBeacon's opposition to the award of both exemplary and additional damages is contrary not just to the law, but also to equity.  Had there been a single "*Stowers*" charge – and thus a single question for additional/exemplary damages – the jury presumably would have awarded $12.5 million in additional/exemplary damages.  They certainly believed that *total* amount was necessary to punish OneBeacon for its misbehavior.  It would be a strange (and unjust) result for OneBeacon to stubbornly insist that the jury answer separate questions regarding additional and exemplary damages, but then turnaround and argue that the Court is legally prohibited from awarding both.

## IV.    DISH AND THE WELCH LITIGANTS ARE ENTITLED TO PREJUDGMENT INTEREST.

"State law governs the award of prejudgment interest in diversity cases [in federal court]."  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010) (*Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994)).  In Texas, common law prejudgment interest rules apply in cases not involving wrongful death, personal injury, and property damage.  *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998), *superseded by statute on other grounds as stated in Durham Trans. Co. v. Beettner*, 201 S.W.3d 859 (Tex.

App. – Waco 2006).   In *Kenneco*, the Texas Supreme Court adopted the Texas Legislature's approach to prejudgment interest, as codified in what is now Texas Finance Code Sections 304.001 *et seq.*, and concluded "that, under the common law, prejudgment interest begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed."  *Kenneco*, 962 S.W.2d at 531.  Prejudgment interest is computed as simple interest and accrues at the rate of post-judgment interest. *Kenneco*, 962 S.W.2d at 532.

Pursuant to Texas Finance Code Section 304.003(b), the post-judgment interest rate (and therefore the prejudgment interest rate) is the rate determined by the Texas Office of the Consumer Credit Commissioner.  For money judgments rendered during the month of October 2014, that rate was 5.00% per year.  *See* Morgan Decl., Ex. J.

This case was filed on August 22, 2011.  *See* Dkt. 1.  Thus, prejudgment interest accrues beginning on August 22, 2011, and continuing until the date of judgment, at the rate of 5.00% per year on damages in the amount of $3,000,000.00 in past lost profits.[7]

## V.    DISH AND THE WELCH LITIGANTS ARE ENTITLED TO POST-JUDGMENT INTEREST.

Federal law governs the award of post-judgment interest, which is awarded as a matter of course.  *See Meaux*, 607 F.3d at 173; 28 U.S.C. § 1961(a).  The interest is calculated from the date of entry of the judgment, "at a rate equal to the weekly average 1-year constant maturity

---

[7] The Welch Litigants seek prejudgment interest only on the $3,000,000.00 in past lost profits awarded by the jury.  As of December 15, 2014, this will total $498,081.17 ($3,000,000 x .05 x 365 x 1212 days).  The Welch Litigants and DISH do not seek prejudgment interest on the $5,000,000.00 in damages for the breach of the December 2007 Policy or the $8,607,308.60 in damages for the breach of the OneBeacon's common law and statutory *Stowers* duties, as those amounts already include the additional damages of $1720.70 a day awarded by Judge Harlan for each day the arbitration award is not paid after April 17, 2013.  The $1720.70 is the daily damages amount of an annual 5% interest on the underlying arbitration award.  Nor do the Welch Litigants seek prejudgment interest on their future lost profits or the additional and exemplary damages.

Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment."  28 U.S.C. § 1961(a).  Interest is calculated daily and compounded annually.  28 U.S.C. § 1961(b).

The Fifth Circuit has concluded that 28 U.S.C. § 1961 authorizes post-judgment interest on punitive damages.  *See Brown v. Petrolite Corp.*, 965 F.2d 38, 51 (5th Cir. 1992).  The Fifth Circuit also has determined that attorney's fees accrue post-judgment interest.  *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544 (5th Cir. 1983), *overruled in part on other grounds, J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193, 1195 (5th Cir. 1986).  Finally, post-judgment interest accrues on the prejudgment interest.  *See Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991).

## <u>CONCLUSION</u>

The Court should direct entry of a final judgment in favor of DISH and the Welch Litigants, and against OneBeacon, and award the following to DISH and the Welch Litigants, and order that OneBeacon is liable to the pay the following to DISH and/or the Welch Litigants:

A.     The Welch Litigants and DISH, jointly, shall have and recover from OneBeacon and OneBeacon shall pay to the Welch Litigants and DISH, jointly:

(1)     $5,000,000.00 for monetary damages resulting from OneBeacon's breach of the December 2007 policy;

B.     The Welch Litigants shall also have and recover from OneBeacon and OneBeacon shall pay to the Welch Litigants:

(1)     (a)  $8,607,308.60, for OneBeacon's breach of its common law *Stowers* and statutory Texas Insurance Code 541.060(a)(2)(A) duties based on the jury's answers to Question Nos. 6 and 8; plus

(b)  $1720.70 a day in additional damages from December 16, 2014 until

paid in full;

(2)    For OneBeacon's violation of § 541.060(a)(2) of the Texas Insurance Code, based on the jury's answers to Question No. 6 and Damages Question No. 1;

      (a) $3,000,000.00 in past lost profits; plus

      (b) $498,081.17 in prejudgment interest at the rate of 5.00 percent per year on the past lost profits plus an additional $410.96 for each day after December 15, 2014 until the day judgment is entered; plus

      (c) $5,000,000.00 in future lost profits; plus

(3)    $7,500,000.00 as additional damages under § 541.152(b) of the Texas Insurance Code, as a result of OneBeacon's knowing violation of Texas Insurance Code Section 541.060(a)(2)(A), as defined in § 541.002 of the Texas Insurance Code, based on the jury's answers to Question Nos. 6 and 7 and Damages Question No. 3; plus

(4)    $5,000,000.00 in exemplary damages, under § 41.003 of the Texas Civil Practice and Remedies Code, awarded by the jury for OneBeacon's gross negligence, based on the jury's answers to Question No. 9 and Damages Question No. 2; plus

(5)    The Welch Litigants' reasonable attorney's fees, which amount shall subsequently be found by the Court in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) or subsequent order of the Court, pursuant to:

(a) Chapter 38 of the Texas Civil Practice and Remedies Code as a result of OneBeacon's breach of contract;

(b) § 542.060 of The Texas Insurance Code as a result of OneBeacon's breach of the duty to defend as set forth in this Court's December 18, 2012 Order (Dkt. 136) and failure to comply with subchapter B of Chapter 542 of the Texas Insurance Code; and

(c) § 541.152(a)(1) of the Texas Insurance Code as a result of OneBeacon's failure to comply with subchapter B of Chapter 541 of the Texas Insurance Code; plus

(6)     Nontaxable expenses related to the Welch Litigants' attorney's fees pursuant to Texas Insurance Code Section 541.152 and Texas Civil Practice and Remedies Code Section 38.001(8), which amount shall subsequently be found by the Court in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) or subsequent order of the Court; plus

(7)     The Welch Litigants' costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), which amount shall subsequently be taxed in accordance with the procedures set forth in 28 U.S.C. § 1924, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 54.2 of the United States District Court for the Southern District of Texas or subsequent order of the Court;

C.     DISH shall also have and recover from OneBeacon and OneBeacon shall pay to DISH;

(1)     Reasonable attorney's fees pursuant to Texas Civil Practice and Remedies Code Section 38.001(8), which amount shall subsequently be found by the Court

in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) or subsequent order of the Court; plus

(2)     Nontaxable expenses related to attorney's fees pursuant to Texas Civil Practice and Remedies Code Section 38.001(8), which amount shall subsequently be found by the Court in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) or subsequent order of the Court; plus

(3)     DISH's costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), which amount shall subsequently be taxed in accordance with the procedures set forth in 28 U.S.C. § 1924, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 54.2 of the United States District Court for the Southern District of Texas or subsequent order of the Court;

D.     Post-judgment interest on the total sum of each of the foregoing items (A-C) pursuant to 28 U.S.C. § 1961 at the rate of 0.12 percent a year, the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, at http://www.txs.uscourts.gov/interest, for the calendar week preceding the day judgment is entered, compounded annually;

E.     OneBeacon shall take nothing in this action, and all relief requested by OneBeacon is denied;

F.     The Clerk of the Court shall issue each and every writ subsequently requested by the Welch Litigants and/or DISH to enforce the judgment against OneBeacon; and

G.  As the judgment adjudicates each and every claim, right and liability of each and every party with respect to this action (except with respect to the exact amounts of costs, reasonable attorney's fees, and nontaxable costs related to attorney's fees that the Welch Litigants and/or DISH are entitled to recover from OneBeacon, which shall subsequently be taxed and/or found, as is discussed above in the judgment), and, as the Court has determined in accordance with Federal Rule of Civil Procedure 58(e) that there is no just reason for delay with respect to the entry of judgment (except with respect to those exact amounts), this judgment is final.

Finally, the Court should grant such further relief, both special and general, at law and in equity, to which DISH and the Welch Litigants are justly entitled.

Dated:  November 24, 2014                  Respectfully submitted,


By:  */s/ Rees F. Morgan*
_____
Richard R. Patch (*admitted pro hac vice*)
Howard A. Slavitt (*admitted pro hac vice*)
Rees F. Morgan (*admitted pro hac vice*)
Mark L. Hejinian (*admitted pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111
Telephone:      415.391.4800
Facsimile:      415.989.1663
Email:          ef-rrp@cpdb.com
                ef-has@cpdb.com
                ef-rfm@cpdb.com
                ef-mlh@cpdb.com

J. James Cooper, Esq.
State Bar No. 04780010
GARDERE WYNNE SEWELL LLP
Wells Fargo Plaza, Suite 3400
1000 Louisiana
Houston, Texas  77002
Telephone:      713.276.5884

Facsimile: 713.276.6884
Email: jcooper@gardere.com

Attorneys for Intervenor and Counter Claimant DISH NETWORK CORPORATION


MILLER, SCAMARDI & CARRABBA, P.C.



By: */s/ David L. Miller*

David Miller, Attorney-in-Charge
State Bar No. 14067300
Diane F. Burgess, Esq.
6525 Washington Avenue
Houston, Texas 77007-2112
Telephone: 713.861.3595
Facsimile 713.861.3596
Email: dmiller@msc-lawyer.com
    dburgess@msc-lawyer.com


Attorneys for Defendants/Counter Plaintiffs T. WADE WELCH & ASSOCIATES and T. WADE WELCH

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have communicated with counsel for all of the parties who remain in this action about the foregoing motion.

The Welch Litigants join in this motion.  OneBeacon opposes it.

*/s/ Rees F. Morgan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of November, 2014, a true and correct copy of the above and foregoing instrument has been served on all counsel of record via the CM/ECF system, or by United States First Class Mail, as follows:

**Attorneys for Plaintiff**
**OneBeacon Insurance Company:**

Barry G. Flynn, Esq.
Gordon & Rees LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone:      713.961-3366
Facsimile:      713.961.3938
Email:          bflynn@gordonrees.com

William E. Murray, Esq.
Thomas C. Blatchley, Esq.
Gordon &Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT  06033
Telephone:      860.278.7448
Email:          wmurray@gordonrees.com
                tblatchley@gordonrees.com

Carla C. Crapster
Michael Keeley
P. Michael Jung
Strasburger Price LLP
901 Main Street
Suite 4400
Dallas, TX  75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330
Email:          carla.crapster@strasburger.com
                michael.keeley@strasburger.com
                michael.jung@strasburger.com

*/s/ Rees F. Morgan*
Rees F. Morgan