**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY,<br><br>  Plaintiff/Counter Defendant,<br><br>v.<br><br>T. WADE WELCH & ASSOCIATES, *et.al.*<br><br>  Defendants/Counter Plaintiffs.<br><br>DISH NETWORK CORPORATION,<br><br>  Intervenor and Counter Claimant,<br><br>v.<br><br>ONEBEACON INSURANCE COMPANY,<br><br>  Counter Defendant. | **CIVIL ACTION NO.**<br>4:11-cv-03061-GHM |

**DISH NETWORK CORPORATION AND T. WADE WELCH AND T. WADE WELCH
AND ASSOCIATES' JOINT MOTION FOR RECONSIDERATION OF A PORTION OF
THE COURT'S JANUARY 13, 2015 ORDER**

Pursuant to Federal Rule of Civil Procedure 60(b) and the Court's inherent power, DISH Network Corporation ("DISH") and T. Wade Welch and T. Wade Welch & Associates (the "Welch Litigants") hereby respectfully move the Court to reconsider a portion of its January 13, 2015 Order Granting in Part and Denying in Part the Opposed Motion for Entry of Final Judgment. Dkt. 401 (the "Order").

## INTRODUCTION

DISH and the Welch Litigants ask the Court to reconsider a single ruling from the Order – the ruling that addresses the $1720.70 that continues to accrue each day against the Welch Litigants pursuant to DISH's underlying state court malpractice judgment. Dkt. 401 at 10-11.[1] Respectfully, DISH and the Welch Litigants submit that the Court's decision not to award, as damages to the Welch Litigants, that daily accrual following final judgment in this case suffers from at least two errors.

First, the $1720.70 accruing each day against the Welch Litigants is not post-judgment interest in *this* action – it is, instead, part and parcel of the state court excess judgment against the Welch Litigants for which the jury found OneBeacon responsible. The arbitration award against the Welch Litigants totaled $12,561,123 *plus* interest accruing at $1720.70 per day until the award is paid. DISH confirmed the arbitration award as a formal judgment issued by a Texas state court. The Court's entry of final judgment here cannot, as a matter of law, have any impact on that state court judgment against the Welch Litigants. The underlying state court judgment against the Welch Litigants will, therefore, continue to accrue the $1720.70 per day even after entry of final judgment in *this* action.

---

[1] We reserve all rights to challenge, via appeal or in post-judgment motions, any and all aspects of the Order. For purposes of this motion for reconsideration, however, we address only one issue.

The effect (unintended, we believe) of the Court's decision not to award the $1720.70 per day after final judgment in this case will be to relieve OneBeacon of liability for a portion of the state court excess judgment – potentially a significant portion, in light of OneBeacon's stated intention to appeal the judgment in this case. This would upend nearly 100 years of Texas jurisprudence by allowing an insurance company that has violated the *Stowers* doctrine to pay only the principal amount of the underlying judgment – whenever it sees fit or exhausts its appeal – while subjecting its insured to much of the post-judgment interest running on that judgment. Texas courts have held, often and consistently, that an insurer in violation of its *Stowers* duty is responsible for the *entire* excess judgment against its insured, including any post-judgment interest. Pursuant to the jury's verdict that OneBeacon violated its *Stowers* duty and Section 541.060(a)(2)(A), the post-judgment interest that is accruing – and will continue to accrue – on the underlying state court judgment is recoverable as damages in this action.

Second, the Court's ruling also conflicts with the plain terms of the policy. The policy specifically provides that OneBeacon will pay "claim expenses" related to covered claims, including "all interest which accrues after the entry of any judgment and before we have paid [such judgment.]" With the policy in full force and effect given the jury's verdict, OneBeacon is responsible under the explicit terms of its contract for the $1720.70 accruing each day as interest on the underlying judgment against the Welch Litigants. The Court, moreover, has determined that OneBeacon's policy is non-eroding, and therefore claim expenses like post-judgment interest must be added to – not subtracted from – OneBeacon's contractual liability. The interest accruing on the underlying state court malpractice judgment should be incorporated into the Court's final judgment against OneBeacon as further damages arising from OneBeacon's breach of contract.

**ARGUMENT**

A district court has considerable discretion to grant or deny a motion for reconsideration under Rule 60(b); the Fifth Circuit reviews such a decision only for abuse of discretion. *Halicki v. La Casino Cruisers, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998), *cert denied*, 526 U.S. 1005 (1999). Rule 60(b)(1) provides that a court may grant relief pursuant to Rule 60(b) when an obvious error of law is apparent on the record. *See In re Grimland*, 243 F.3d 228, 233 (5th Cir. 2001) ("The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate"). Rule 60(b) relief also is available pursuant to a "catch-all" provision that allows the district court to alter its prior orders for "any other reason that justifies relief." Fed. Rule Civ. P. 60(b)(6). A federal district court also has the inherent power to reconsider or modify any of its orders "for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

**I.     As a Matter of Law, the Welch Litigants' Excess Judgment Includes the $1720 Accruing Each Day On DISH's Malpractice Judgment, and OneBeacon Is Liable For the Entire Excess Judgment.**

After arbitration of DISH's malpractice claim against the Welch Firm, the arbitrator issued an award in favor of DISH on April 17, 2013 for $12,561,123 plus post-judgment interest accruing at the rate of $1720.70 per day until fully paid. *See* Declaration of Rees Morgan ("Morgan Dec."), Ex. A [Tr. Ex. 50]. On June 17, 2013, DISH confirmed the arbitration award as a final state court judgment in the 133rd Judicial District of the District Court for Harris County, Texas. Morgan Dec., Ex. B [Tr. Ex. 562]. The Texas court's final judgment likewise confirmed that DISH is entitled to recover from the Welch Firm the total sum of $12,561,123

"plus post-judgment interest in the amount of $1,720.70 per day for each day after April 17, 2013, until fully paid." *Id.*[2]

In the Order, this Court wrote that "once the court has signed the final judgment in this matter, the $1720.70 per day that has been accruing on the arbitration award will discontinue[.]" Dkt. 401 at 11. With all due respect, we believe that statement is incorrect. The Court has no jurisdiction over the underlying state court judgment against the Welch Firm. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (only the U.S. Supreme Court has jurisdiction to review state court judgments). Accordingly, the Court cannot disturb the Harris County court's final judgment, and $1720.70 per day will continue to accrue on the underlying state court judgment even after final judgment is entered here, including while the parties litigate post-judgment motions *and* over the course of OneBeacon's anticipated appeal of this case. *Id.*; *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or alter final determinations of state courts). State court judgments also are protected by the federal Full Faith and Credit Act. *See* 28 U.S.C. § 1738.

Since interest on the underlying state court judgment will continue to accrue going forward, the question, then, is who, between OneBeacon and the Welch Litigants, should be and

---

[2] We note, again, that the Welch Litigants do not seek post-judgment interest under 28 U.S.C. § 1961(a) on the amount of the state court malpractice judgment, so OneBeacon's concern – discussed briefly by the Court in the Order – about "double-counting" post-judgment interest is unfounded. Dkt. 397 [Motion for Entry of Judgment] at 15, n. 7. We note also, in case the Court believed that awarding federal post-judgment interest would "balance out" the interest accruing on the malpractice judgment, that post-judgment interest under Texas law and accruing on the malpractice judgment is 5%, which far exceeds the rate allowable under Section 1961 (currently, 0.18%). Obviously, awarding the Welch Litigants post-judgment interest under Section 1961 will leave them with a significant shortfall vis-à-vis the interest accruing against them on the malpractice judgment.

is ultimately responsible for that interest? The answer, as a matter of law, *must* be OneBeacon. The Court already recognized this: "The jury reached a verdict indicating that the Welch Litigants were entitled to recover the excess judgment, *and that excess includes the interest awarded by the arbitrator*." Dkt. 401 at 11 (emphasis added). The Court's decision that OneBeacon is responsible for the entirety of the excess judgment, including the interest accruing on the underlying judgment, comports with well-established Texas law. *See Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 610-11 (Tex. App.—Tyler 1984, writ refused n.r.e.) (opining, in a *Stowers* case, that post-judgment interest on insured's underlying judgment constituted actual damages under the Texas Insurance Code); *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009) (an "insurer is liable under the *Stowers* Doctrine for the *entire* amount of the judgment including that part exceeding the insured's policy limits") (emphasis added); *Yorkshire Ins. Co. v. Seger*, 407 S.W.3d 435, 439 (Tex. App. – Amarillo 2013, pet. filed) (*Stowers* damages are "the amount of the excess of the judgment rendered in the underlying suit in favor of the plaintiff over the applicable limits of the policy.") (quoting *Yorkshire Ins. Co. v. Seger*, 279 S.W.3d 755, 772 (Tex. App. – Amarillo 2007) (*pet. denied*).

OneBeacon itself has conceded that *Stowers* damages are, as a matter of law, "the difference between the amount for which DISH offered to settle the DISH Malpractice Claim and the amount for which the Welch Firm was ultimately held liable to pay to DISH as a result of the DISH Malpractice Claim." *See* Dkt. 392 [Verdict Form] at 18; Morgan Dec., Ex. C [Tr. Trans. 2166:18 – 2167:13]; Dkt. 390 [Agreed Response to Jury Question #1]. Indeed, at the time of the jury charge conference, counsel for the Welch Litigants raised *precisely* the issue of the continuing accrual of interest, and neither the Court nor OneBeacon voiced any objection to the

concept that interest on the underlying judgment would continue to run even after a final judgment was entered against OneBeacon:

> THE COURT:  There's no question about the 5 million-dollar policy limits, and the difference between 5 million and the amount of the judgment.
>
> MR. MILLER:  Right.  So it goes – the same amount would go in?  We'd instruct them what the number is?  The reason I'm asking you that is because let's say they do appeal by – assume we do get a judgment, *we are getting $1,700 a day in interest, and so, we would like the number to be whatever the number is, plus $1,700 a day.  So if it goes up, they'll understand that the jury not only awarded the amount that is today, but includes the $1,700 a day that my client owes every day that it's not paid.*
>
> MR. MURRAY:  Then I was going to say, Your Honor, I think that even though we can agree what the number would be and we've taken out that section of the difference between the judgment –
>
> THE COURT:  *Everybody agrees that that's accruing interest, certain amount?*
>
> MR. MURRAY:  *Yeah. …*

Morgan Dec., Ex. D [Tr. Trans. at 2168:7-25] (emphasis added).

In sum, the jury found that OneBeacon violated both its statutory and common law *Stowers* duties (Dkt. 392 at 12-15), and OneBeacon therefore is liable for the entire "excess judgment" against the Welch Firm.  The Court's decision not to award the interest accruing on the underlying judgment after final judgment in *this* action will allow OneBeacon to escape responsibility for a portion – potentially a significant portion – of the excess judgment suffered by the Welch Litigants.  That is not only incorrect as a matter of law; it violates the equitable principle enshrined in the *Stowers* doctrine that the risk of liability for the *entire* excess judgment shifts to the insurer once it rejects an opportunity to settle within limits.  *See American Physicians Ins. Exchange v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994) (insurer rejecting policy limits demand bears risk of "liability for *any* excess judgment") (emphasis added).

When the jury's verdict is upheld following OneBeacon's expected (and likely protracted) appeal, the Welch Firm must be made whole on the entire excess judgment amount.  *See Matter*

*of Swift*, 129 F.3d 792, 796 (5th Cir. 1997) (quoting *Deloitte & Touche v. Weller*, 1997 WL 572530 (Tex. App.—Amarillo 1997)) ("[A] prevailing plaintiff is entitled to actual damages that will most nearly put him in the position that he would have been, but for the defendant's negligence."); *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting, LTD.*, 729 F. Supp. 2d 814, 837 (N.D. Tex. 2010) ("In the tort or contractual damages context, the court's intent is to make the injured party whole."). If, instead, the Welch Litigants remain saddled with potentially hundreds of thousands of dollars (or more) of interest that accrued on the underlying judgment during the course of OneBeacon's appeal, the very purpose of the *Stowers* doctrine and Chapter 541 will be thwarted.

## II. As a Matter of Contract, OneBeacon Is Responsible for the Interest Accruing on the Underlying Judgment.

The jury rejected OneBeacon's attempt to both rescind the policy it issued to the Welch Litigants and to exclude DISH's claim from coverage under that policy. Dkt. 392 at 9-11. As the parties agreed, those challenges comprised OneBeacon's sole defense to the breach of contract claims. *See* Morgan Dec., Ex. E [Tr. Trans. at 2140:7-22]. Because the jury found against OneBeacon on those affirmative claims, the Welch Litigants and DISH prevailed on their claims for breach of contract, and the policy remains in full force and effect subject to this Court's prior rulings with respect to the policy.

Pursuant to the policy, OneBeacon agreed to pay for "claim expenses" incurred by its insureds related to covered claims. *See* Morgan Dec., Ex. F [Tr. Ex. 527- December 2007 Policy] at 2 ("The most we will pay for damages *and/or claim expenses* for each claim covered by this policy is specified as 'each claim' in the limits of liability section[.]") (emphasis added). Claim expenses specifically include "all costs allocated to you in suits or proceedings *and all interest which accrues after the entry of any judgment and before we have paid [such*

*judgment]*." *Id.* at 4 (emphasis added). Accordingly, based on the jury's affirmation of the policy, OneBeacon is contractually obligated to pay the $1720.70 accruing each day on DISH's malpractice judgment against the Welch Firm.

The Texas Supreme Court addressed a nearly identical insurance provision in *Plasky v. Gulf Insurance Co.*, 335 S.W.2d 581 (Tex.1960). The insured in *Plasky* was subject to a judgment that exceeded the policy limits and included post-judgment interest. The trial court entered judgment in favor of the insured for the full amount of the judgment, including interest, but the Court of Appeals reformed the trial court's judgment to include only the policy limits and interest accruing on the policy limits.

The policy at issue in *Plasky* contained the following language:

> As respects the insurance afforded by other terms of this policy under coverages A and B the company shall:
>
> (c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid tendered or deposited in court such part of the judgment as does not exceed the limit of the company's liability thereon.

*Id.* at 582. The Texas Supreme Court interpreted this provision to obligate the insurer to pay any interest accruing on the *entirety* of the judgment, even the amount exceeding the limits of liability, until the insurer tendered the policy limits. *Id.* at 581. The *Plasky* court reasoned:

> By the terms of the policy the insurer undertakes to pay all interest accruing after entry of judgment until it has paid, tendered, or deposited in court that part of the judgment which does not exceed the limit of its liability thereon. The contract thus recognizes that a judgment in excess of the policy limits may be taken against the insured and shows that those that drafted the instrument knew how to differentiate between such a judgment and the company's portion thereof. We think that in the context the agreement to pay all interest accruing after entry of judgment plainly and unequivocally obligates the insurer to pay interest on the entire judgment until its part of the same has been paid, tendered or

> deposited in court. As pointed out in *Underwood v. Buxby*, supra, this construction is not unnatural in view of the company's right to control the conduct of the suit and its power to escape liability for interest through payment of its part of the judgment into the court.

*Id.* at 583. Since the limits of liability no longer apply in this *Stowers* action, OneBeacon is contractually liable for post-judgment interest accruing on the underlying state court judgment until OneBeacon pays the entirety of that judgment, including all amounts in excess of the policy limits.

The Court also correctly ruled that, based on the clear conflict between the OneBeacon application and the policy ultimately issued, the policy is not a "declining limits" policy. *See* Morgan Dec., Ex. G [Tr. Trans. at 2140:1-8]; *Robbins v. Reliance Ins. Co.*, 102 S.W.3d 739, 748 (Tex. App.—Corpus Christi 2001), *judgment but not opinion withdrawn*, 2003 WL 1847115 (Tex. App.—Corpus Christi 2003) ("Where there is a direct conflict between clauses in the policy, or between the application and the policy, the provisions more favorable to the insured will control."). Unlike the policy, the application explicitly provided that "[t]his policy contains a provision placing claim expenses *outside* of the limits of liability." *See* Morgan Dec., Ex. H [Tr. Ex. 11- 2007 Application] at 1 (emphasis added). Given this conflict, the Court properly adopted the provision more favorable to the insured and thus, pursuant to the application, "claim expenses" do not erode the policy limits. *Id.* Claim expenses, including the interest running on DISH's malpractice judgment, are therefore recoverable under the policy *in addition to* the $5,000,000 policy limit.

## CONCLUSION

For the foregoing reasons, DISH and the Welch Litigants respectfully request that the Court reconsider its ruling in the Order relating to the $1720.70 accruing each day on the

underlying state court judgment, and award that amount going forward to the Welch Litigants in its final judgment consistent with *Stowers* and the language of the policy.

Dated: January 20, 2015                Respectfully submitted,

By: */s/ Rees F. Morgan*
Richard R. Patch (*admitted pro hac vice*)
Howard A. Slavitt (*admitted pro hac vice*)
Rees F. Morgan (*admitted pro hac vice*)
Mark L. Hejinian (*admitted pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:    ef-rrp@cpdb.com
          ef-has@cpdb.com
          ef-rfm@cpdb.com
          ef-mlh@cpdb.com

J. James Cooper, Esq.
State Bar No. 04780010
GARDERE WYNNE SEWELL LLP
Wells Fargo Plaza, Suite 3400
1000 Louisiana
Houston, Texas 77002
Telephone:  713.276.5884
Facsimile:  713.276.6884
Email:    jcooper@gardere.com

Attorneys for Intervenor and Counter Claimant
DISH NETWORK CORPORATION

By: */s/ David L. Miller*
David L. Miller, Esq.
Blake Gipson, Esq.
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston TX 77007-2112
Telephone:  713.861.3595
Facsimile:  713.861.3596
Email:    dmiller@msc-lawyer.com
          bgipson@msc-lawyer.com

Attorneys for Defendant
T. WADE WELCH & ASSOCIATES and
T. WADE WELCH

# CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of January, 2015, a true and correct copy of the above and foregoing instrument has been served on all counsel of record via the CM/ECF system as follows:

| **Attorneys for Plaintiff**<br>**OneBeacon Insurance Company:** | **Attorneys for Defendants**<br>**T. Wade Welch & Associates and**<br>**T. Wade Welch:** |
|---|---|
| Barry G. Flynn, Esq.<br>Gordon & Rees LLP<br>3D/International Tower<br>1900 West Loop South, Suite 1000<br>Houston, TX  77027<br>Telephone:     713.961-3366<br>Facsimile:       713.961.3938<br>Email:              bflynn@gordonrees.com | David L. Miller, Esq.<br>Diane F. Burgess, Esq.<br>Miller, Scamardi & Carrabba, P.C.<br>6525 Washington Avenue<br>Houston TX  77007-2112<br>Telephone:     713.861.3595<br>Facsimile:       713.861.3596<br>Email:              dmiller@msc-lawyer.com<br>                       dburgess@msc-lawyer.com |
| William E. Murray, Esq.<br>Thomas C. Blatchley, Esq.<br>Gordon &Rees LLP<br>95 Glastonbury Boulevard, Suite 206<br>Glastonbury, CT  06033<br>Telephone:     860.278.7448<br>Email:              wmurray@gordonrees.com<br>                       tblatchley@gordonrees.com | T. Wade Welch, Esq.<br>T. Wade Welch & Associates<br>2401 Fountain View Drive, Suite 700<br>Seventh Floor<br>Houston, TX  77057<br>Telephone:     713.952.4334<br>Facsimile:       713.952.4994<br>Email:              wwelch@twwlaw.com |
| Carla C. Crapster<br>Michael Keeley<br>P. Michael Jung<br>Strasburger Price LLP<br>901 Main Street<br>Suite 4400<br>Dallas, TX  75202<br>Telephone: (214) 651-4300<br>Facsimile: (214) 651-4330<br>Email:       carla.crapster@strasburger.com<br>                michael.keeley@strasburger.com<br>                michael.jung@strasburger.com | |

 

                                                */s/ Rees F. Morgan*
                                                Rees F. Morgan