**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY, | |
| Plaintiff/Counter Defendant, | **CIVIL ACTION NO.** |
| v. | 4:11-cv-03061-GHM |
| T. WADE WELCH & ASSOCIATES, *et.al.* | |
| Defendants/Counter Plaintiffs. | |
| DISH NETWORK CORPORATION, | |
| Intervenor and Counter Claimant, | |
| v. | |
| ONEBEACON INSURANCE COMPANY, | |
| Counter Defendant. | |

**REPLY IN SUPPORT OF DISH NETWORK CORPORATION AND T. WADE WELCH
AND T. WADE WELCH AND ASSOCIATES' JOINT MOTION FOR
RECONSIDERATION OF A PORTION OF THE COURT'S JANUARY 13, 2015 ORDER**

OneBeacon ignores the arguments raised by DISH and the Welch Litigants in the motion for reconsideration (the "Motion"). The Welch Litigants' *Stowers* damages comprise the entirety of the underlying excess state court judgment, including interest. The policy at issue, moreover, specifically provides that OneBeacon is liable for any interest accruing on covered judgments against its insureds. OneBeacon either misses these arguments, or lacks any serious response.

OneBeacon instead argues that the Motion is procedurally improper. But the Court can, of course, reconsider its own orders under either Rule 60 or its inherent power. OneBeacon also suggests that the Court cannot add the $1720 accruing per day on the malpractice judgment to the judgment here because it would result in excessive post-judgment interest. That ignores the Motion's primary point. The $1720 accruing each day on the underlying judgment is *not* post-judgment interest in *this* action. It is, instead, a component of the underlying excess judgment that, pursuant to *Stowers*, constitutes the Welch Litigants' *damages* in this case. Even if the $1720 accruing each day could be construed as interest in this action, OneBeacon is obligated to pay it pursuant to the underlying state court judgment and its own insurance policy. OneBeacon is simply wrong that post-judgment interest under Section 1961 must be imposed instead.

I.      **The Motion For Reconsideration Is Procedurally Proper.**

OneBeacon complains that the Motion is inappropriate under Rule 60. As an initial point, irrespective of Rule 60, OneBeacon ignores the Court's *inherent* power to reconsider its own rulings for any reason it sees fit. *See* Mot. at 3. In any event, Rule 60 supports the Motion as well. OneBeacon recognizes that a Rule 60 motion is proper where the party believes a prior order suffers from a "fundamental misconception of the law." Resp. at 3. But then OneBeacon mischaracterizes the Motion – as it does throughout its Response – by painting the "misconception of the law" as the Court's decision to apply post-judgment interest under Section 1961. *Id.* That was not the problem highlighted by the Motion. The Welch Litigants pointed

out, instead, that while OneBeacon's breach of its *Stowers* duty rendered it liable for the *entirety* of the excess judgment, including interest, the Court's current ruling would relieve OneBeacon from some of that liability. Mot. at 3-5. It is entirely appropriate and practical to raise this issue through a Rule 60 motion now, before the Court enters judgment. OneBeacon's final suggestion that Rule 60 relief is unavailable because this issue could have been raised earlier ignores that it *was* addressed in the briefing on the motion for entry of judgment. *See, e.g.,* Dkt. 399 at 5.

**II.     The Entire Underlying Excess Judgment, Including The $1,720 Accruing Each Day, Constitutes The Welch Litigants' Actual Damages Under *Stowers*.**

OneBeacon fails to mention, much less challenge, the primary point in bringing the Motion – that the entire underlying state court judgment, including interest, constitutes the Welch Litigants' *damages* – and not interest – in *this* case. The point is indisputable. The plain terms of the state court judgment confirming the arbitration award against the Welch Firm expressly includes interest accruing "in the amount of $1,720.70 per day[.]" Mot. at 4. As the Court already recognized, OneBeacon is liable under *Stowers* for the underlying excess judgment, "and that excess includes the interest awarded by the arbitrator." Dkt. 401 at 11; *see also* Mot. at 5 *and cases cited therein*. Respectfully, this Court has no authority to alter the underlying state court judgment – a point OneBeacon also never mentions – so interest on that judgment will continue to run long after judgment is entered in *this* case. Mot. at 4-5.

The Welch Firm is liable to DISH for that interest, now and going forward, but with the jury's verdict that responsibility shifted, as a matter of law, to OneBeacon. Indeed, the Court told the jury just that in response to Jury Question #2, which asked the Court to "confirm that Damages Question #1: [] 'matter of law damages' *completely* addresses DISH's lawsuit against Welch without the jury needing to list these values anywhere within the jury charge document." Dkt. 391 (emphasis added). The answer, to which OneBeacon specifically agreed, was "Yes."

*Id.*; Supp. Dec, of Rees Morgan, Ex. A [Tr. Trans. ("TT") 2351-52]. In light of long-established Texas law, the parties' stipulation, and the jury's verdict, the Court's judgment in this action must resolve *all* of the Welch Firm's liability to DISH. The Court's current ruling would fall short.

OneBeacon attempts to address this issue indirectly by misconstruing the decision in *Texas Farmers Ins. Co. v. Miller*, No. 03-97-00233-CV, 1997 WL 746027 (Tex. App. Dec. 4, 1997) *pet. denied*. According to OneBeacon, *Miller* refused to award the interest accruing on the underlying judgment even though the insurer "was held liable under *Stowers*." Resp. at 4-5. That is false. In *Miller*, the *insurer* prevailed on the *Stowers* claim. *Miller*, 1997 WL 746027 at *2. *Miller* is, therefore, completely inapposite, since OneBeacon *is* liable under *Stowers* and thereby responsible for the excess judgment against the Welch Litigants, including interest.

### III. As A Matter Of Law And Contract, The Court Should Impose The $1,720 Accruing Daily On The Underlying Judgment.

Even assuming, *arguendo*, that the post-judgment interest running on the underlying excess judgment could be construed as post-judgment interest in *this* action, the $1720 accruing daily should properly be assessed against OneBeacon in the Court's final judgment. OneBeacon contends, however, that the Court *must* instead impose post-judgment interest under Section 1961. OneBeacon ignores a critical exception to this general rule: Parties can obligate themselves to pay post-judgment interest at a rate different than that mandated by Section 1961. *See, e.g., Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 457 (5th Cir. 2013) (parties may contract around the interest rate provided in Section 1961). Put another way, a party's legal obligation to pay more than the interest rate mandated by Section 1961 is enforceable.

OneBeacon has shouldered such a legal obligation in two ways. First, the jury's verdict against OneBeacon on the *Stowers* claims rendered *it* – not the Welch Firm – legally responsible for satisfying the excess judgment, including, as discussed above, the post-judgment interest. If

a contractual obligation can trump the Section 1961 interest rate (*Tricon*, 718 F.3d at 457), then surely a court mandate – the state court judgment here – has at least the same effect. Second, OneBeacon unambiguously agreed in its insurance policy to pay *whatever* interest applies to a covered judgment. *See* Dkt. 402-1, Ex. F at 2, 4.[1] OneBeacon could have limited its contractual duty to the Section 1961 interest rate. It did not. OneBeacon's contractual obligation to pay the post-judgment interest accruing daily on the underlying judgment, regardless of rate, trumps the statutory rate available under Section 1961. *Hymel v. UNC, Inc.,* 994 F.2d 260, 266 (5th Cir. 1993). OneBeacon is simply wrong that the Section 1961 rate is "mandatory" or "exclusive."

OneBeacon's suggestion that the Welch Litigants cannot forgo or waive Section 1961 post-judgment interest is similarly incorrect. While the issue here is not a matter of waiver, it is clear that a party is free to waive its statutory rights. *See, e.g., United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). Here, the Welch Litigants have waived (and hereby waive again) post-judgment interest under Section 1961 with respect to the *Stowers* damages component of the final judgment. *See* Dkt. 402 at 4. No "double-counting" of post-judgment interest will occur.

In short, whether the $1720 accruing each day is construed as *damages* or *interest*, the Court should apply that amount to the *Stowers* component of the final judgment of this case.[2]

### IV. It Is Absurd For OneBeacon To Suggest That The Jury Should Have "Estimated" The Total Amount Of Interest That Would Accrue On The Underlying Judgment.

OneBeacon argues that, even if the $1720 accruing each day on the underlying judgment is recoverable, the Welch Litigants waived it by not asking the jury to "estimate" what that

---

[1] OneBeacon did not contest its clear contractual duty under the policy to pay for "all interest which accrues after the entry of any judgment[.]" Mot. at 7-9. OneBeacon's failure to rebut this argument concedes its contractual liability for interest accruing on the underlying malpractice judgment.

[2] To the extent the proposed judgment submitted by DISH and the Welch Litigants is not clear, it should be reformed to reflect that Section 1961 interest will not run on the *Stowers* damages portion of the final judgment, provided the $1720 amount continues to accrue on those damages.

interest will ultimately total once OneBeacon gets around to paying it. Resp. at 5-6. OneBeacon's change in counsel does not entitle it to change its prior position. The parties and the Court agreed that, since *Stowers* damages – including interest – are set as a matter of law as the total excess judgment, the jury did not need to determine a fixed number for such damages. *See* Dkt. 391 [Response To Jury Question 2]; Dkt. 392 [Verdict] at 18; Dkt. 402-1, Ex. C [TT 2166:18 – 2167:13], Ex. D [TT at 2168:7-25]; Supp. Morgan Dec., Ex. B [TT 2170:3 – 2175:12]. OneBeacon's revisionist suggestion that the amount of "future interest" should have been submitted to the jury flies in the face of its prior position on the record.

It also is simply false. Asking the jury to determine when OneBeacon would satisfy the underlying malpractice judgment would be like asking them to pick a number between one and infinity. OneBeacon might have paid the judgment immediately after the verdict was rendered, or it could, as threatened, appeal the verdict to the Supreme Court, in which case *years* of interest will accrue on the underlying judgment before it is finally satisfied. In such a vacuum, the jury's decision to set an end-point for the running of interest on the *Stowers* damages would be entirely arbitrary. In contrast, every case cited by OneBeacon addresses a situation where the jury *rationally* can (and must) set an end-point for the running of some aspect of future damages, such as determining the appropriate amount of lost future wages or expected future medical expenses. Resp. at 5-6.[3] No such question is presented here. The Welch Litigants' *Stowers* damages *are* fixed, increasing by $1720.70 each day, and they will be whatever they will be on the day OneBeacon finally satisfies the state court judgment.

---

[3] OneBeacon also cites Tex. Civ. Prac. & Rem. Code § 75.503, a code section that does not exist. OneBeacon presumably meant to refer to § 7*4*.503, which allows for payment of future damages in medical liability cases. That statute is irrelevant here. Indeed, the Court is empowered pursuant to Texas Insurance Code § 541.152(a)(3) to award "any other relief the court determines is proper," and should construe the provisions "liberally" to prohibit unfair acts by insurers. Tex. Ins. Code Ann. § 541.008.

Dated:  February 10, 2015	Respectfully submitted,


By:	*/s/ Rees F. Morgan*
Richard R. Patch (*admitted pro hac vice*)
Howard A. Slavitt (*admitted pro hac vice*)
Rees F. Morgan (*admitted pro hac vice*)
Mark L. Hejinian (*admitted pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111
Telephone:	415.391.4800
Facsimile:	415.989.1663
Email:	ef-rrp@cpdb.com
	ef-has@cpdb.com
	ef-rfm@cpdb.com
	ef-mlh@cpdb.com

J. James Cooper, Esq.
State Bar No. 04780010
GARDERE WYNNE SEWELL LLP
Wells Fargo Plaza, Suite 3400
1000 Louisiana
Houston, Texas  77002
Telephone:	713.276.5884
Facsimile:	713.276.6884
Email:	jcooper@gardere.com

Attorneys for Intervenor and Counter Claimant DISH NETWORK CORPORATION

By:	*/s/ David L. Miller*
David L. Miller, Esq.
Blake Gipson, Esq.
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston TX  77007-2112
Telephone:	713.861.3595
Facsimile:	713.861.3596
Email:	dmiller@msc-lawyer.com
	bgipson@msc-lawyer.com

Attorneys for Defendant
T. WADE WELCH & ASSOCIATES and
T. WADE WELCH

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of February, 2015, a true and correct copy of the above and foregoing instrument has been served on all counsel of record via the CM/ECF system as follows:

**Attorneys for Plaintiff**
**OneBeacon Insurance Company:**

Barry G. Flynn, Esq.
Gordon & Rees LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone:      713.961-3366
Facsimile:       713.961.3938
Email:            bflynn@gordonrees.com

William E. Murray, Esq.
Thomas C. Blatchley, Esq.
Gordon &Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT  06033
Telephone:      860.278.7448
Email:            wmurray@gordonrees.com
                  tblatchley@gordonrees.com

Carla C. Crapster
Michael Keeley
P. Michael Jung
Strasburger Price LLP
901 Main Street
Suite 4400
Dallas, TX  75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330
Email:           carla.crapster@strasburger.com
                  michael.keeley@strasburger.com
                  michael.jung@strasburger.com

**Attorneys for Defendants**
**T. Wade Welch & Associates and**
**T. Wade Welch:**

David L. Miller, Esq.
Diane F. Burgess, Esq.
Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston TX  77007-2112
Telephone:      713.861.3595
Facsimile:       713.861.3596
Email:            dmiller@msc-lawyer.com
                  dburgess@msc-lawyer.com

T. Wade Welch, Esq.
T. Wade Welch & Associates
2401 Fountain View Drive, Suite 700
Seventh Floor
Houston, TX  77057
Telephone:      713.952.4334
Facsimile:       713.952.4994
Email:            wwelch@twwlaw.com

 

*/s/ Rees F. Morgan*
Rees F. Morgan