## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is a motion for reconsideration filed by DISH Network Corporation ("DISH"), T. Wade Welch and T. Wade Welch and Associates (the "Welch Firm") (collectively, the "Welch Litigants").  Dkt. 402.  DISH and the Welch Litigants request that the court reconsider a portion of its January 13, 2015 order in which the court ruled that, for the purposes of the award in this case, the $1,720.20 per day in interest accruing against the Welch Litigants pursuant to a state-court final judgment would no longer accrue after final judgment is entered in this case because the statutory post-judgment interest rate kicks in.  *Id.*  After considering the motion to reconsider, response, reply, briefing on the original motion, and applicable law, the court is of the opinion that the motion to reconsider (Dkt. 402) should be GRANTED.

### I. BACKGROUND

This is an insurance dispute relating to the arbitration of a malpractice claim initiated by DISH against the Welch Firm.  The award in the arbitration, which was in favor of DISH, included "the total sum of Twelve Million Five Hundred Sixty One Thousand One Hundred Twenty Three Dollars and No/100 ($12,561,123.00)," and the arbitrator awarded "post-judgment interest in the

amount of $1,720.70 per day for each day hereafter, *until fully paid*." Dkt. 402, Morgan Dec. Ex. A (emphasis added). This arbitration was confirmed in state court, and the final judgment included "the total sum of Twelve Million Five Hundred Sixty One Thousand One Hundred Twenty three Dollars and No/100 ($12,561,123.00), plus post-judgment interest in the amount of $1,720.70 per day for each day after April 17, 2013, *until fully paid*." Dkt. 402, Morgan Dec. Ex. B (emphasis added).

The Welch Firm's insurance company, OneBeacon Insurance Company ("OneBeacon") initiated this action in federal court against the Welch Litigants, seeking a determination as to whether the malpractice insurance policy it issued to the Welch Firm was void ab initio, properly rescinded, or an exclusion in the policy precluded coverage. Dkt. 298. DISH intervened. *Id.* The Welch Litigants filed counterclaims for breach of contract, breach of the duty of good faith and fair dealing, unfair insurance practices under the Texas Insurance Code, failing to comply with the prompt payment of claims portion of the Texas Insurance Code, failing to settle within policy limits, and violating the Texas Deceptive Trade Practices Act. *Id.*

The case went to trial from October 3 through 17, 2014. On October 17, 2014, the jury entered a verdict in favor of the Welch Litigants and DISH. Dkt. 392. After the verdict, the Welch Litigants and DISH moved for entry of final judgment and provided a proposed final judgment. Dkt. 397. OneBeacon objected to several aspects of the proposed final judgment. Dkt. 398. The court issued an order on the motion for final judgment on January 13, 2015, and addressed all of the objections. Dkt. 401. In that order, the court stated that the $1,720.70 per day interest awarded by the arbitrator and state court would discontinue accruing, with regard to the judgment in this case, when the court enters its final judgment. *Id.* Instead, post-judgment interest pursuant to 28 U.S.C.

§ 1961 would apply to the entire award in this case. *Id.* The court reasoned that allowing the $1,720.70 to continue to accrue would result in double interest. *Id.*

The Welch Litigants and DISH now file a motion to reconsider that aspect of the order. Dkt. 402. They argue that the court's order with regard to the daily interest is contrary to Texas law because it would allow an insurance company that has violated the *Stowers* doctrine to pay only the principal amount of the underlying judgment and subject the insured to a substantial portion of the post-judgment interest running on the underlying judgment. *Id.* They urge the court to require OneBeacon to pay the entire excess judgment, including the $1,720.70 per day interest awarded by the state court. *Id.*

OneBeacon contends that the court cannot reconsider its decision with regard to the interest in the absence of extraordinary circumstances, and there are no extraordinary circumstances here. Dkt. 405. Additionally, OneBeacon argues that DISH and the Welch Litigants' substantive arguments are flawed. *Id.* OneBeacon argues that the court's original decision was sound, as the court must apply the federal post-judgment interest rate. *Id.*

## II. LEGAL STANDARD

DISH and the Welch Litigants move for reconsideration under Federal Rule of Civil Procedure 60(b). Dkt. 402 at 3. Rule 60(b) outlines six different scenarios in which a party may obtain relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

3

      (5) the judgment has been satisfied, released or discharged . . . .; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b) motions must be made within a "reasonable time," and a Rule 60(b) motion relating to subsections (1) through (3) must be made within a "reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

      "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).  "[A]lthough the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the case."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).  However, "the desire for a judicial process that is predictable mandates caution in reopening judgments."  *Baily v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990).

      DISH and the Welch Litigants cite to subsections (1) and (6) as providing grounds for reconsideration.  Dkt. 402 at 3.  Under subsection (1), if the "judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b).  The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate."  *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001).  Rule 60(b)(6) relief is only available in extraordinary circumstances.  *Ackermann v. United States*, 340 U.S. 193, 199-200, 71 S. Ct. 209 (1950).  A district court's equitable powers to relieve a party from a final

judgment under Rule 60(b)(6) "do not extend to considering evidence that could have been presented at trial." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).

Courts in the Fifth Circuit considering whether to grant a Rule 60(b) motion consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether-if the judgment was a default or a dismissal in which there was no consideration of the merits-the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402.

### III. ANALYSIS

The court notes at the outset that DISH and the Welch Litigants' motion to reconsider presents a difficult issue. The court has carefully considered the arguments of the parties and has determined that reconsideration is warranted. The court cannot grant the motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b)(1), as there is no *obvious* error of law. Instead, the issue appears to be an issue of first impression, as the parties have not cited any cases on point, and the court has found none. The court, however, GRANTS the motion to reconsider pursuant to its equitable powers under Rule 60(b)(6). The court recognizes that Rule 60(b)(6) should only be used in extraordinary circumstances. The court finds that the inequities involved in not reconsidering, particularly in light of the jury verdict, render this an extraordinary circumstance and that justice thus requires reconsideration.

The state court's final judgment included interest of $1,720.70 per day until fully paid, and this court's judgment with regard to OneBeacon's liability for the award cannot disturb the components of that award.  If the court's original order allowing only statutory interest were to stand, the Welch Litigants would be unable to recover a sizable portion of the excess judgment from OneBeacon and still remain liable to DISH for that portion of the underlying judgment.  Such an outcome would contravene the jury's verdict, as OneBeacon is liable for the entire excess judgment under the verdict.

However, if the court does not disturb the state court's award of interest of $1,720.70 per day until paid, the court is left with a quandary, because an award of federal post-judgment interest under 28 U.S.C. § 1961, at the rate described by that statute—a rate that after calculated is substantially lower than $1,720.70 per day—is not discretionary.  *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . ." and "shall be calculated at a rate . . . published by the Board of Governors of the Federal Reserve System . . . .").  If the court honors the verdict that OneBeacon is liable for the entire excess judgment (and thus liable for interest at a rate of $1720.70 per day until paid), and the court also complies with the federal statutory requirement to award statutory post-judgment interest on the money judgment, then the court, as it noted in its original order, will be awarding interest on interest.

DISH and the Welch Litigants attempt to alleviate this concern by stating that they "do not seek post-judgment interest under 28 U.S.C. § 1961(a) on the amount of the state court malpractice judgment." Dkt. 402 at 4 n.2.  The court, however, is not free to simply award a different rate than required by the statute.  If the court were to award only the $1,720.70 a day and not award the statutory post-judgment interest, then the court would be contravening the requirements of 28 U.S.C.

6

§ 1961 and numerous cases interpreting it, that indicate that the statutory post-judgment interest is mandatory and the only exception is a stipulation between the parties.  *See Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (holding that "[p]ost-judgment interest is awarded as a matter of course," it is "not discretionary," and "failure to brief the matter is treated as 'oversight, not waiver'"); *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1017 (5th Cir. 1987); *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983) (noting that "interest was allowable of right, not as a matter of discretion").

The court finds that it must allow recovery of the $1,720.70 per day interest until paid as required by the state court judgment, since this is part of the excess judgment that may be recovered due to OneBeacon's breach of its duty to settle within policy limits.  The entire amount of the excess judgment, including the interest accruable by day until paid in full, is part of the damages in this case.[1]  It would contravene the jury's verdict against OneBeacon, which was intended to cover the entire excess judgment, to award only statutory post-judgment interest under § 1961.  Section 1961 interest is substantially lower, and limiting the award to only this interest would leave the Welch Litigants liable for $1720.70 per day post-judgment minus whatever statutory interest they would receive.  This outcome would not be just.

Additionally, since § 1961 requires the court to award statutory post-judgment interest on the damages, the final award will include statutory post-judgment interest on the entire award, including the $1720.70 per day.  While the court notes that the Welch Litigants offered to waive the statutory

---

[1] OneBeacon, in fact, acknowledged during the charge conference that there was no question about what the difference between the policy limits and the underlying judgment was and that the award included daily interest.  Dkt. 402, Ex. D at 2168 (trial transcript).

post-judgment interest, since there has been no agreement amongst the parties stipulating to this waiver, the court must also award interest under section 1961.

## IV. Conclusion

DISH and the Welch Litigants' motion to reconsider is GRANTED.  The portion of the court's  January 13, 2015 order indicating that the final judgment would not include $1,720.70 per day interest until paid post-judgment is hereby STRICKEN.  The $1,720.70 per day interest awarded by the state court will continue to accrue until the state court judgment is paid, and OneBeacon is liable for that state-court imposed interest as part of the damages awarded in that case.  The final judgment in this case will also include statutory post-judgment interest.

DISH and the Welch Litigants are ORDERED to draft a proposed final judgment incorporating the jury's verdict, the applicable rulings from the court's January 13, 2015 order, and this order, and to submit the draft to OneBeacon for approval as to form only.  The parties are ORDERED to file a joint proposed final judgment within ten (10) days of the date of this order.

Signed at Houston, Texas on March 4, 2015.

_____
Gray H. Miller
United States District Judge

8