IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>T. WADE WELCH & ASSOCIATES, ROSS W. WOOTEN, T. WADE WELCH, JOSEPH H. BOYLE, CHAD HAGAN, and DAVID NOLL,<br><br>  Defendants.<br><br>DISH NETWORK CORPORATION,<br><br>  Intervenor and Counter Claimant,<br><br>v.<br><br>ONEBEACON INSURANCE COMPANY,<br><br>  Counter Defendant. | CIVIL ACTION NO.<br>4:11-cv-03061-GHM |

**MOTION FOR STAY OF JUDGMENT PENDING RESOLUTION OF POST-JUDGMENT MOTIONS AND FOR APPROVAL OF SUPERSEDEAS BOND**

**I.  INTRODUCTION**

This Court rendered a final judgment in favor of T. Wade Welch & Associates, T. Wade Welch (together, "Welch"), and DISH Network Corporation ("DISH") on March 17, 2015. OneBeacon America Insurance Company ("OneBeacon") intends to file post-judgment motions under Federal Rules of Civil Procedure 50 and 59. Therefore, OneBeacon respectfully requests that the Court, in accordance with Federal Rule of Civil Procedure 62(b), stay the execution of its March 17, 2015 judgment pending the disposition of the post-judgment motions. In addition, OneBeacon has already obtained a supersedeas bond that will protect the interest of DISH and

Welch during the pendency of any appeal, should an appeal become necessary. Thus, OneBeacon asks that the Court approve that supersedeas bond.

## II.   ARGUMENT AND AUTHORITIES

### A. Request for a Stay Pursuant to Rule 62(b) Pending Disposition of Post-judgment Motions

Federal Rule of Civil Procedure 62(b) provides:

On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:

(1)   under Rule 50, for judgment as a matter of law;
(2)   under Rule 52(b), to amend the findings or for additional findings;
(3)   under Rule 59, for a new trial or to alter or amend a judgment; or
(4)   under Rule 60, for relief from a judgment or order.

Here, OneBeacon intends to file motions under Rules 50 and 59, which are two of the post-judgment motions mentioned in Rule 62(b). Pursuant to those rules, those motions will be due 28 days after the entry of judgment, on April 14, 2015. OneBeacon intends to file post-judgment motions by that deadline. OneBeacon has obtained a supersedeas bond for the full amount of the judgment, plus additional damages and post-judgment interest that may accrue during the pendency of the motions under Rules 50 and 59. The supersedeas bond includes post-judgment interest for one year after the entry of judgment. The bond also includes damages that will continue to accrue until the judgment is paid, as set forth in Paragraph B(1)(b) of the judgment (Doc. 409). A copy of the supersedeas bond is attached hereto as **Exhibit 1**. The bond provides adequate security for DISH and Welch for the amount that OneBeacon will owe if its post-judgment motions are not successful.[1] OneBeacon therefore respectfully requests that the Court

---

[1] OneBeacon has not yet obtained a supersedeas bond for the amount of any costs or attorney's fees that may be owed in this case because there is not yet a judgment reflecting an award of such fees. OneBeacon represents, however, that if or when this Court renders judgment awarding attorney's fees and costs in favor of DISH or Welch

enter a stay pending the disposition of any post-judgment motions, in accordance with Rule 62(b).

### B. Request for Approval of the Supersedeas Bond

If OneBeacon's post-judgment motions are unsuccessful, it intends to appeal the judgment rendered on March 17, 2015. In that event, the supersedeas bond attached as **Exhibit 1** will provide adequate security for the amount that OneBeacon will owe if its appeal is unsuccessful. As noted above, the bond is for the full amount of the judgment plus one year of post-judgment interest and one year of the damages that will continue to accrue in the future, as set forth in Paragraph B(1)(b) of the judgment (Doc. 409). The Fifth Circuit publishes a Practitioner's Guide to the United States Court of Appeals for the Fifth Circuit, which includes the following information about the length of time of appeals: "Administrative Office of the U. S. Courts statistics showed the median time from filing the notice of appeal to issuance of the court's opinion was 8.9 months."[2] Thus, the supersedeas bond attached as **Exhibit 1** will more than "secure the opposing party's rights," as required by Rule 62(d). The bond ensures that DISH and Welch will be able to collect the amount that will become due if OneBeacon's appeal is unsuccessful.

OneBeacon respectfully requests that the Court approve this bond as adequate to protect the interest of DISH and Welch in the event of an appeal of the judgment rendered on March 17, 2015. If it becomes necessary, OneBeacon will file a notice of appeal and thereby obtain a stay pursuant to Rule 62(d) after the Court disposes of the post-judgment motions that OneBeacon intends to file.

---

or both, OneBeacon will obtain another supersedeas bond in the amount of that judgment to protect the interests of DISH and Welch during the pendency of any appeal or post-judgment motions.

[2] Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit 2 (January 2015), http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf.

### III.   CONCLUSION

In light of the foregoing, OneBeacon America Insurance Company requests that the Court stay the execution of the judgment dated March 17, 2015, pursuant to Rule 62(b), until the disposition of post-judgment motions. OneBeacon further requests that the Court approve the supersedeas bond attached as **Exhibit 1** as adequate for purposes of obtaining a stay under Rule 62(d), which OneBeacon will seek upon disposition of the post-judgment motions.

Dated March 30, 2015

>Respectfully Submitted By:
>
>THE PLAINTIFF,
>ONEBEACON INSURANCE COMPANY (NOW
>KNOWN AS BEDIVERE INSURANCE COMPANY)
>
>BY:   */s/ Michael Keeley*
>      Michael Keeley
>      Attorney-in-Charge
>      Texas Bar No. 11157800
>      Southern District of Texas Bar No. 10511
>      P. Michael Jung
>      Texas Bar No. 11054600
>      Southern District of Texas Bar No. 11170
>      Carla C. Crapster
>      Texas Bar No. 24065094
>      Southern District of Texas Bar No. 1742183
>      STRASBURGER & PRICE, LLP
>      901 Main Street, Suite 4400
>      Dallas, TX  75202
>      Telephone:  (214) 651-4300
>      E-mail:  michael.keeley@strasburger.com
>      E-mail:  michael.jung@strasburger.com
>      E-mail:  carla.crapster@strasburger.com
>
>      William E. Murray, Esq. (Pro Hac Vice)
>      Thomas C. Blatchley, Esq. (Pro Hac Vice)
>      Gordon & Rees LLP
>      95 Glastonbury Boulevard, Suite 206
>      Glastonbury, CT 06033
>      Phone:  (860) 278-7448
>      Fax:  (860) 560-0185
>      Email:  wmurray@gordonrees.com
>      Email:  tblatchley@gordonrees.com

Barry G. Flynn, Esq.<br>
Gordon & Rees LLP<br>
3D/International Tower<br>
1900 West Loop South, Suite 1000<br>
Houston, TX 77027<br>
Phone: (713) 961-3366<br>
Fax: (713) 961-3938<br>
Email: bflynn@gordonrees.com

## CERTIFICATE OF CONFERENCE

This is to certify that on March 30, 2015, I, Carla Crapster, counsel for OneBeacon Insurance Company, conferred with Rees Morgan, counsel for DISH Network Corporation, and David Miler, counsel for T. Wade Welch & Associates and T. Wade Welch, individually. David Miller represented that his clients do not oppose this motion. Rees Morgan represented that his client may not oppose this motion, but that he needs to confer with his client's representatives, who were not immediately available. Counsel for either OneBeacon or DISH Network Corporation will inform the court as soon as possible whether DISH Network Corporation opposes this motion.

                                              */s/ Carla C. Crapster*
                                              Carla C. Crapster

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　*/s/ Carla C. Crapster*
　　　　　　　　　　　　　　　　　　　Carla C. Crapster