IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3061 |
| | § | |
| T. WADE WELCH & ASSOCIATES, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

Pending before the court is a renewed motion for judgment as a matter of law or to alter or amend the judgment or for a new trial filed by plaintiff OneBeacon Insurance Company ("OneBeacon").[1] Dkt. 425. Having considered the motion, response, reply, and applicable law, the court is of the opinion that OneBeacon's motion should be DENIED.

## I. BACKGROUND AND ANALYSIS

OneBeacon makes the following arguments: (1) there was not sufficient evidence presented at trial to support the award of additional damages under Section 541.152 of the Texas Insurance Code; (2) there was not sufficient evidence presented to the jury to support the award of lost profits; (3) the prior-knowledge exclusion was triggered as a matter of law; (4) there was never a true *Stowers* demand; and (5) the award of $1,720.70 per day of interest going forward was erroneous. Dkt 425. The court has addressed arguments (3) and (4) numerous times, and it has addressed

---

[1] OneBeacon points out in its motion that it is now known as the Bedivere Insurance Company. Dkt. 425.

argument (5) twice post-trial. The motion as it relates to those arguments is DENIED for the same reasons the court has previously stated when ruling on these issues.

As far as the sufficiency of evidence to submit a knowing violation of section 541.152 to the jury, while the argument is posed as a "sufficiency of evidence" argument, OneBeacon actually rehashes arguments made during pretrial proceedings and when the court and parties were working on the jury charge relating to OneBeacon's belief about coverage. The court thoroughly reviewed all the authorities OneBeacon and DISH and the Welch Litigants present now prior to and during trial, and the court believes the final jury charge correctly states Texas law. Accordingly, OneBeacon's motion with regard to argument (1) is DENIED.

With regard to the argument that there was insufficient evidence for the jury to award lost profits, OneBeacon asserts that the evidence cannot support the jury's award of either past or future lost profits. Dkt. 425. It asserts that the "only explanation offered that is even slightly plausible" for DISH to chose not to hire Welch again is the public nature of the judgment, which occurred three years after DISH discontinued giving its business to the Welch Firm, and DISH and the Welch Litigants' explanation that DISH abandoned Welch because OneBeacon refused to settle the case is "nonsensical." Dkt. 443. However, DISH and the Welch Litigants point out that DISH's deputy general counsel testified, "I think that's right," when asked if "it was more likely than not that Mr. Welch could have repaired the relationship with DISH" if OneBeacon had paid the *Stowers* demand. Dkt. 432, Ex. A at 1641:16–19. And Welch testified that OneBeacon's "failure to settle in August of 2011 caused or created a situation where DISH has to sue [him] and then had to be become [sic] public. And that prevented [DISH] from using [him as counsel] again." *Id.* at 848:14–17. This testimony supports the jury's lost profits award. It is the jury's province to determine whether

2

testimony is credible, and if it found this testimony credible, then its verdict is certainly not "clearly contrary to the weight of the evidence." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613; *see also Heck v. Triche*, 775 F.3d 265, 273 (5th Cir. 2014) ("'A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)). OneBeacon's motion with regard to argument (2) is also DENIED.

## II. CONCLUSION

OneBeacon's renewed motion for judgment as a matter of law, to alter amend the judgment, or for a new trial (Dkt. 425) is DENIED.

Signed at Houston, Texas on July 17, 2015.

_____
Gray H. Miller
United States District Judge