IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY | § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | H-11-3061 |
| T. WADE WELCH & ASSOCIATES, *et al.* | § § | |
| Defendants. | § § | |

## SUPPLEMENTAL SUPERSEDEAS BOND

**WHEREAS,** on March 17, 2015, judgment was entered in this action in favor of T. Wade Welch & Associates, T. Wade Welch, and DISH Network Corporation, jointly, and against OneBeacon Insurance Company, n/k/a Bedivere Insurance Company ("OneBeacon"), in the amount of $5,000,000.00, plus post-judgment interest; and

**WHEREAS,** said judgment also included a recovery in favor of T. Wade Welch & Associates and T. Wade Welch, and against OneBeacon, in the amount of $24,799,781.79, plus certain additional damages and post-judgment interest; and

**WHEREAS,** on August 24, 2015, an order was entered in this action in favor of T. Wade Welch & Associates and T. Wade Welch, jointly, and against OneBeacon, in the amount of $4,022,303.25 for attorneys' fees, plus post-judgment interest; and

**WHEREAS,** on August 31, 2015, an order was entered in this action in favor of DISH Network Corporation, and against OneBeacon, in the amount of $2,933,984.81 for attorneys' fees and costs, plus post-judgment interest; and

**WHEREAS,** OneBeacon has removed said judgment and orders for revision and correc-

**SUPPLEMENTAL SUPERSEDEAS BOND – Page 1**
SP-#6533053-v3-OB_Supplemental_Supersedeas_Bond.doc

tion to the United States Court of Appeals for the Fifth Circuit; and

**WHEREAS,** OneBeacon desires to suspend execution of said judgment and orders pending determination of said appeal, including any proceedings in the Supreme Court of the United States with respect to said appeal; and

**WHEREAS**, OneBeacon has filed its Supersedeas Bond, numbered SNN4001626, dated March 30, 2015; and

**WHEREAS,** the Court has ordered that the security to stay the judgment pending appeal may include Bond No. SNN4001626; and

**WHEREAS,** the parties have agreed that OneBeacon will increase the security for the judgment by including post-judgment interest and additional damages through September 17, 2016; and

**WHEREAS,** OneBeacon and Nationwide desire to, and do hereby, supplement Bond No. SNN4001626 to provide adequate security for said judgment and orders,

**NOW, THEREFORE,** we, OneBeacon as principal and Nationwide Mutual Insurance Company ("Nationwide") as surety acknowledge ourselves bound to pay to T. Wade Welch & Associates and T. Wade Welch, jointly, the sum of Four Million Thirty-Six Thousand Four Hundred Eighty-Six and No/100 Dollars ($4,036,486.00), said sum being the amount of the order in favor of said parties for attorneys' fees together with postjudgment interest through September 17, 2016, at the rate specified by law.

**AND, THEREFORE,** we, OneBeacon as principal and Nationwide as surety acknowledge ourselves bound to pay to DISH Network Corporation the sum of Two Million Nine Hundred Forty-Four Thousand One Hundred Forty-Four and 44/100 Dollars ($2,944,144.44), said sum being the amount of the order for attorneys' fees and costs in favor of

said party together with postjudgment interest through September 17, 2016, at the rate specified by law;

**AND, THEREFORE,** we, OneBeacon as principal and Nationwide as surety acknowledge ourselves bound to pay to T. Wade Welch & Associates, T. Wade Welch, and DISH Network Corporation, jointly, the sum of Six Thousand Two Hundred Fifty and No/100 Dollars ($6,250.00), said sum being the amount of additional postjudgment interest on the judgment in favor of said parties through September 17, 2016;

**AND, THEREFORE,** we, OneBeacon as principal and Nationwide as surety acknowledge ourselves bound to pay to T. Wade Welch & Associates and T. Wade Welch, jointly, the sum of Three Hundred Forty-Five Thousand Twenty-Seven and 48/100 Dollars ($345,027.48), said sum being the amount of additional accrual of additional damages as set forth in Paragraph B(1)(b) of the judgment and additional post-judgment interest on the judgment in favor of said parties, both through September 17, 2016.

The surety shall be subject to liability for all damages and costs that may be awarded against OneBeacon – up to the amounts of the undertakings set forth above – if (1) OneBeacon does not perfect an appeal or its appeal is dismissed, and OneBeacon does not perform the trial court's judgment, or (2) One Beacon does not perform any adverse judgment final on appeal.

**WITNESS OUR HANDS** this 28th day of September, 2015.

                                        ONEBEACON INSURANCE COMPANY, n/k/A BEDIVERE INSURANCE COMPANY

                                        **Principal**

                                        By: _____
                                                  Authorized Agent

[surety's acceptance appears on attached rider]

## CERTIFICATE OF SERVICE

I hereby certify that this Supplemental Supersedeas Bond has been served on the defendants by electronic service through the Court's ECF system on: Rees F. Morgan, Esq., Attorney for Defendant DISH Network Corporation, at ef-rfm@cpdb.com; J. James Cooper, Esq., Attorney for Defendant DISH Network Corporation, at jcooper@gardere.com; and T. Wade Welch, Esq., Attorney for Defendants T. Wade Welch & Associates and T. Wade Welch, at wwelch@twwlaw.com; all on this 28th day of September, 2015.

> */s/ P. Michael Jung*
> P. MICHAEL JUNG

Bond Number: SNN4001626

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | H-11-3061 |
| T. WADE WELCH & ASSOCIATES, *et al.* | § | |
| | § | |
| Defendants. | § | |

## SUPERSEDEAS BOND

**WHEREAS,** on March 17, 2015, judgment was entered in this action in favor of T. Wade Welch & Associates, T. Wade Welch, and DISH Network Corporation, jointly, and against OneBeacon Insurance Company ("OneBeacon"), in the amount of $5,000,000.00, plus post-judgment interest; and

**WHEREAS,** said judgment also included a recovery in favor of T. Wade Welch & Associates and T. Wade Welch, and against OneBeacon, in the amount of $24,799,781.79, plus certain additional damages and post-judgment interest; and

**WHEREAS,** OneBeacon intends to timely file post-judgment motions for judgment as a matter of law, to vacate or alter said judgment, and for new trial, in accordance with the Federal Rules of Civil Procedure; and

**WHEREAS,** if said motions are not successful, OneBeacon intends to remove the judgment for revision and correction to the United States Court of Appeals for the Fifth

**SUPERSEDEAS BOND – Page 1**
~2341993 (2)

Circuit; and

**WHEREAS,** OneBeacon desires to suspend execution of said judgment pending determination of said motions and said appeal, including any proceedings in the Supreme Court of the United States with respect to said appeal,

**NOW, THEREFORE,** we, OneBeacon Insurance Company as principal and Nationwide Mutual Insurance Company as surety acknowledge ourselves bound to pay to T. Wade Welch & Associates, T. Wade Welch, and DISH Network Corporation, jointly, the sum of Five Million Twelve Thousand Five Hundred Dollars ($5,012,500.00), said sum being the amount of the judgment in favor of said parties together with one year's interest at the rate specified by law.

**AND, THEREFORE,** we, OneBeacon Insurance Company as principal and Nationwide Mutual Insurance Company as surety acknowledge ourselves bound to pay to T. Wade Welch & Associates and T. Wade Welch, jointly, the sum of Twenty-Five Million Four Hundred Eighty-Nine Thousand Eight Hundred Thirty Six and 74/100 Dollars ($25,489,836.74), said sum being the amount of the judgment in favor of said parties together with one year's accrual of additional damages as set forth in Paragraph B(1)(b) of the judgment and one year's interest at the rate specified by law.

The surety shall be subject to liability for all damages and costs that may be awarded against OneBeacon – up to the amounts of the undertakings set forth above – if (1) OneBeacon does not perfect an appeal or its appeal is dismissed, and OneBeacon does not perform the trial court's judgment, or (2) One Beacon does not perform any adverse judgment final on appeal.

**WITNESS OUR HANDS** this 30 day of March, 2015.

                                       **ONEBEACON INSURANCE COM-**
                                       **PANY**
                                       **Principal**

                                       By: _____
                                             Authorized Agent

                                       **Nationwide Mutual Insurance Company**
                                       **Surety**

                                       By: _____
                                             Authorized Agent

## CERTIFICATE OF SERVICE

I hereby certify that this Supersedeas Bond has been served on the defendants by electronic service through the Court's ECF system on: Rees F. Morgan, Esq., Attorney for Defendant DISH Network Corporation, at ef-rfm@cpdb.com; J. James Cooper, Esq., Attorney for Defendant DISH Network Corporation, at jcooper@gardere.com; and T. Wade Welch, Esq., Attorney for Defendants T. Wade Welch & Associates and T. Wade Welch, at wwelch@twwlaw.com; all on this 30 day of March, 2015.

                                                      /s/
                                               P. MICHAEL JUNG

## Power of Attorney

KNOW ALL MEN BY THESE PRESENTS THAT:

Nationwide Mutual Insurance Company, an Ohio corporation hereinafter referred to as the "Company" and does hereby make, constitute and appoint:

Betsey J. Tan, James P. Smith, Tina M. Hinckley

each in their individual capacity, its true and lawful attorney-in-fact, with full power and authority to sign, seal, and execute on its behalf any and all bonds and undertakings, and other obligatory instruments of similar nature, in penalties not exceeding the sum of

Unlimited

and to bind the Company thereby, as fully and to the same extent as if such instruments were signed by the duly authorized officers of the Company; and all acts of said Attorney pursuant to the authority given are hereby ratified and confirmed.

This power of attorney is made and executed pursuant to and by authority of the following resolution duly adopted by the board of directors of the Company:

"RESOLVED, that the president, or any vice president be, and each hereby is, authorized and empowered to appoint attorneys-in-fact of the Company, and to authorize them to execute and deliver on behalf of the Company any and all bonds, forms, applications, memorandums, undertakings, recognizances, transfers, contracts of indemnity, policies, contracts guaranteeing the fidelity of persons holding positions of public or private trust, and other writings obligatory in nature that the business of the Company may require; and to modify or revoke, with or without cause, any such appointment or authority; provided, however, that the authority granted hereby shall in no way limit the authority of other duly authorized agents to sign and countersign any of said documents on behalf of the Company."

"RESOLVED FURTHER, that such attorneys-in-fact shall have full power and authority to execute and deliver any and all such documents and to bind the Company subject to the terms and limitations of the power of attorney issued to them, and to affix the seal of the Company thereto; provided, however, that said seal shall not be necessary for the validity of any such documents."

This power of attorney is signed and sealed under and by the following bylaws duly adopted by the board of directors of the Company.

Execution of Instruments. Any vice president, any assistant secretary or any assistant treasurer shall have the power and authority to sign or attest all approved documents, instruments, contracts, or other papers in connection with the operation of the business of the company in addition to the chairman of the board, the chief executive officer, president, treasurer or secretary; provided, however, the signature of any of them may be printed, engraved, or stamped on any approved document, contract, instrument, or other papers of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be sealed and duly attested by the signature of its officer the 7th day of January, 2014.

Michael D. Miller, Executive Vice President of Nationwide Mutual Insurance Company

### ACKNOWLEDGMENT

STATE OF ARIZONA, COUNTY OF MARICOPA: ss
On this 7th day of January, 2014, before me came the above-named officer for the Company aforesaid, to me personally known to be the officer described in and who executed the preceding instrument, and he acknowledged the execution of the same, and being by me duly sworn, deposes and says, that he is the officer of the Company aforesaid, that the seal affixed hereto is the corporate seal of said Company, and the said corporate seal and his signature were duly affixed and subscribed to said instrument by the authority and direction of said Company.

Notary Public
My Commission Expires
June 9, 2015

### CERTIFICATE

I, Parag H. Shah, Assistant Secretary of the Company, do hereby certify that the foregoing is a full, true and correct copy of the original power of attorney issued by the Company; that the resolution included therein is a true and correct transcript from the minutes of the meetings of the boards of directors and the same has not been revoked or amended in any manner; that said Michael D. Miller was on the date of the execution of the foregoing power of attorney the duly elected officer of the Company, and the corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority of said board of directors; and the foregoing power of attorney is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of said Company this 30 day of March, 2015.

Assistant Secretary

This document is void if VOID appears in the BLUE line on the right, the Nationwide watermark is missing from the center of the page and/or the red consecutive number is missing from the upper right-hand corner. Contact us at 212-329-6900 if this document is void or if you have any questions.

Nationwide Mutual Insurance Company Bond No. SNN4001626

### RIDER

To be attached to and form a part of a SUPERSEDEAS BOND dated the 30th day of March, 2015 issued by Nationwide Mutual Insurance Company as Surety, on behalf of, OneBeacon Insurance Company ("OneBeacon") as Principal in the penal sum of U.S. Dollars $30,502,336.74 and in favor of T. Wade Welch & Associates, T. Wade Welch, and DISH Network Corporation, as set forth in said bond.

WHEREAS on August 24, 2015, in the United States District Court, Southern District of Texas, Civil Action No. H-11-3061, an order for attorneys' fees was entered in favor of T. Wade Welch & Associates and T. Wade Welch, and against OneBeacon, in the amount of $4,022,303.25 U.S. Dollars; and

WHEREAS on August 31, 2015, in the United States District Court, Southern District of Texas, Civil Action No. H-11-3061, an order for attorneys' fees and costs was entered in favor of DISH Network Corporation, and against OneBeacon, in the amount of $2,933,984.81 U.S. Dollars; and

WHEREAS, in addition to the foregoing, the parties to said civil action have agreed to increase the security for the original judgment by $351,277.48 U.S. Dollars; and

WHEREAS the SUPERSEDEAS BOND dated the 30th day of March, 2015 is hereby supplemented in the aggregate amount of $7,331,907.92 U.S. Dollars by agreement of the parties to reflect the August 24, 2015, and August 31, 2015, orders plus $24,342.38 in estimated post-judgment interest, and to provide additional security for the original judgment;

NOW THEREFORE,

in consideration of the premium charged for the attached bond, it is hereby agreed that the bond limit is hereby increased by $7,331,907.92 U.S. Dollars to $37,834,244.66 U.S. Dollars (subject to the individual Surety amendments below);

   1. The maximum amount of liability for the Surety shall be amended to the following amount:

      a. Nationwide Mutual Insurance Company, a Surety, incorporated in the State of Ohio: $37,834,244.66 U.S. Dollars.

PROVIDED, HOWEVER, that the attached bond shall be subject to the condition that the surety shall be subject to liability for all damages and costs that may be awarded against OneBeacon, up to the amount of the undertaking set forth in the attached bond as amended by this rider, if (1) OneBeacon does not perfect an appeal or its appeal is dismissed, and OneBeacon does not perform the trial court's judgment, or (2) OneBeacon does not perform any adverse judgment final on appeal. The liability of the Surety under the attached bond and the attached bond as amended by this rider shall not be cumulative.

Signed, sealed and dated this _____ day of September, 2015.

ONE BEACON INSURANCE COMPANY  
PRINCIPAL  
BY: _____  
AUTHORIZED AGENT  
*attorney-at-law*

NATIONWIDE MUTUAL INSURANCE COMPANY  
SURETY  
By: _____  
AUTHORIZED AGENT